Case Number: 25-40123

# UNITED STATES COURT OF APPEALS *for the* *FIFTH* CIRCUIT

*In re Philip James Emerson, Jr.*,

*Petitioner.*

ORIGINAL PROCEEDING FROM:

THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION, NOS. 6:21-CV-240, 6:25-CV-____, 6:25-CV-____.

## FIRST AMENDED EMERGENCY PETITION FOR WRIT OF MANDAMUS

P J EMERSON

*PRO SE PETITIONER*

112 RED LEAF LANE
HOLLY LAKE RANCH, TEXAS  75765
(512) 763-7775

1

TO THE HONORABLE ALLOTTED CIRCUIT JUSTICE ATTENDING, OR ALTERNATIVELY, THE HONORABLE PANEL OF CIRCUIT JUDGES ASSIGNED IN THE EVENT THE CIRCUIT JUSTICE IS NOT ATTENDING:

I, Philip James Emerson Jr., a.k.a. P J Emerson, come to this Court again requesting relief.  In support, I show the following:

## I.      TABLE OF CONTENTS

II. TABLE OF AUTHORITIES.................................................................................3

III. CERTIFICATE OF INTERESTED PERSONS.................................................6

IV. RELIEF SOUGHT.........................................................................................6

V. ISSUES PRESENTED.....................................................................................6

VI. FACTS NECESSARY TO UNDERSTAND THE RELIEF REQUESTED......7

ISSUE ONE: *WHETHER THE DISTRICT COURT ERRED IN ENTERING ITS FEBRUARY 3, 2025, ORDER?*..................................................................................9

(A) *Denying the January 31 and February 3 motions was a usurpation of judicial power*..................................................................9

(B) *Denying the January 31 and February 3 motions constituted a clear abuse of the district court's discretion under the circumstances producing a patently erroneous result*..........................11

(1) It was an abuse of discretion to deny the January 31 and February 3 motions to proceed in forma pauperis because the district court decided the motions based on factors other than economic criteria.......................11

(2) The district court didn't mention 28 U.S.C. § 1915............................13

CONCLUSIONS...............................................................................................18

(A) *I am entitled to the writ of mandamus*................................................19

(B) *I have no other way to gain the relief requested*..................................21

THE COURT SHOULD EXERCISE ITS DISCRETION TO ISSUE THE WRIT...............21

(A) *Issuing the writ will continue this Court's work to protect the Due Process guarantees declared by the People in United States Constitution*..................................22

(1) The subject matter in the petition filed at the district court January 31 alleges a Due Process violation by state actor.........................................22

(2) The subject matter in the petition filed at the district court February 3 alleges Due Process violations by state actors.........................................23

(3) The subject matter in an un-filed petition alleging that Texas's vexatious litigant statute violates Due Process on its face and as applied.26

TABLE OF ATTACHMENTS..................................................................30

ATTACHMENTS.....................................................................................33

CERTIFICATE OF COMPLIANCE........................................................34

PROOF OF SERVICE..........................................................................35

EXHIBITS............................................................................................36

## II.     TABLE OF AUTHORITIES

### UNITED STATES CONSTITUTION PROVISIONS

Eighth Amendment.................................................................................27

First Amendment....................................................................................29

Fourteenth Amendment.................................................................27, 28, 29, 31

Fourth Amendment.................................................................................17

### CONGRESSIONAL ACTS

Prison Litigation Reform Act, Public Law No. 104-1340 § 804, 110 Stat. 1321-70 (1996)..................................................................................................15

### UNITED STATES CODE

Title 18, Section 3006A..............................................................................22

Title 28, Section 1915.............................2, 7, 12, 14, 15, 16, 17, 19, 20, 21, 22

Title 28, Section 2241......................................................................20, 33, 34

## RULES

Appellate Procedure 21(a)..........................................................................38

Appellate Procedure 21(d)..........................................................................37

Eastern District of Texas CV-10(d)................................................................9

Fifth Circuit 28.2.1....................................................................................6

## UNITED STATES SUPREME COURT CASES

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998)..............................................28

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).........................................26

*Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394 (1976)............................22

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989)............................................12, 20

*Silverman v. United States*, 365 U.S. 505 (1961).......................................16

*Williams v. United States*, 341 U.S. 97 (1951)........................................27

*Willner v. Committee on Character*, 373 U.S. 96 (1963).......................................21

*Wolff v. McDonnell*, 418 U.S. 539 (1974).........................................26, 28

## UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT CASES

*Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561 (2024) (unpublished)..................................................................................15

*Defense Distributed v. Bruck*, 30 F.4th 414 (2022)..............................13, 14, 18, 21

*Flowers v. Turbine Support Division*, 507 F.2d 1242 (1975)..........................12, 21

*Frank v. Blackburn*, 646 F.2d 873 (1980)..............................................27

*Gay v. Texas Dept. of Corrections State Jail*, 117 F.3d 240 (1997)......................17

*Gibbs v. Jackson*, 92 F.4th 566 (2024).......................................12, 13, 20, 21

*Hare v. City of Corinth, Miss.*, 74 F.3d 633 (1996)...............................27

*Haynes v. Scott*, 116 F.3d 137 (1997)......................................15, 19

*Hyatt v. Thomas*, 843 F.3d 172 (2016).........................................27

*In re Space Expl. Techs., Corp.*, 99 F.4th 233 (2024)..............................13

In re Volkswagen of America, 545 F.3d 304 (2008)...........................20, 21

*Newsome v. EEOC*, 301 F.3d 227 (2002)....................................16, 19, 21

*Simpson v. Cisneros*, No. 23-50678, slip (Mar. 4, 2025)...........................27

*Wilson v. Lynaugh*, 878 F.2d 846 (1989).........................................22

## TEXAS CONSTITUTION PROVISIONS

Article I, Section 1.......................................................................30, 31

Article I, Section 13.........................................................................30

Article I, Section 27.........................................................................31

Article I, Section 29.........................................................................31

## TEXAS STATUTES

Civil Practice and Remedies Code, Chapter 11...............................29, 31

Penal Code, Section 42.061.............................................................29

## TEXAS RULES OF COURT

Civil Procedure, Rule 1....................................................................30

## PERSUASIVE AUTHORITIES

16AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE §§ 3970, 3970.1 (5th ed.)................................16

### III.　　CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the persons and entities listed below, as described in the fourth sentence of 5th Cir. R. 28.2.1, have an interest in outcome of this case.  It is unknown whether any of the persons or agency of government listed are in opposition.

- Angela Albers, Brandon Baade, Shauna Key, & Patrick Daley; representatives of the State of Texas

- Texas Board of Law Examiners

### IV.　　RELIEF SOUGHT

1. Issue the writ of mandamus directed to the United States District Court for the Eastern District of Texas requiring the trial court to:

    1.a.　Vacate its February 3 order denying pending motions;

    1.b.　Vacate its February 17 or 18 order imposing sanctions; *and*,

    1.c.　Screen my January 31 and February 3 petitions in accord with Title 28, Section 1915(e), of the United States Code.

### V.　　ISSUES PRESENTED

2. Whether the district court erred in entering its February 3, 2025, order in case number 6:21-CV-240?

## VI.    FACTS NECESSARY TO UNDERSTAND THE RELIEF REQUESTED

3.    On January 31, 2025, I electronically filed a motion for leave to proceed in forma pauperis, civil cover sheet, petition for writ of habeas corpus, motion to be registered as an electronic filing user, and a proposed order for the motion at the district court in case number 6:21-CV-240.[1]  I used this method in the past[2]—albeit, prior to the magistrate judge "ORDER[ing] that the Clerk shall remove Emersons [sic] designation as a Filing User in this case."[3]  I had no other way to file the pleading because of (a) police, the Holly Lake Ranch Association, Inc., and tow truck personnel stealing my vehicle November 2023,[4] and because (b) I used what postage I had left in my possession—together with $5.00 borrowed —to pay for postage of my petition for writ of mandamus sent to the U.S. Supreme Court.[5]

---

[1]  Exhibit Jan-31_IFP; Exhibit Jan-31_Cov; Exhibit Jan-31_Pet; Exhibit Jan-31_Elec; Exhibit Jan-31_Prop.

[2]  *See* Exhibit Dkt_23-cv-453 at *3 (filing "NOTICE of Removal from State Court"); Exhibit Dkt_24-cv-82 at * 1 (showing the clerk docketed the notice as a new case a week after receipt).

[3]  Exhibit Dkt_23-cv-453 at *1.

[4]  On Feb. 28, 2025, complaint was filed against the tow company's licensing authority— the Texas Department of Licensing and Regulation.

[5]  The filing is attached to the petition filed in 25-40110.

4. On February 3, 2025, I electronically filed a motion for leave to proceed in forma pauperis, civil cover sheet, petition for writ of habeas corpus, motion to be registered as an electronic filing user, and a proposed order for the motion at the district court in case number 6:21-CV-240.[6] Later the same day, the district court entered an order denying, what it determined, were pending motions in case number 6:21-CV-240.

5. On February 17 or 18, the district court entered an order imposing sanctions. Exhibit Feb-25_Pet.[7] As discussed in my February 25 petition, I don't believe that an appeal of the February 3 order is authorized because the district court denied the January 31 and February 3 motions to proceed in forma pauperis filed to commence new cases as motions in the case I electronically filed in—6:21-CV-240. If it turns out I am wrong, the date to file a notice of appeal of the February 3 order was yesterday, March 5, 2025.

6. I don't have enough money to mail any papers to any court. I have not had enough money, since my mailing to the Supreme Court January 15, to mail

---

[6] Exhibit Feb-3_IFP; Exhibit Feb-3_Cov; Exhibit Feb-3_Pet; Exhibit Feb-3_Elec; Exhibit Feb-3_Prop.

[7] This petition was tendered to the clerk of the court using the pro se email address on Feb. 25, 2025, but has not been docketed by the clerk. The correct pages to part of the petition are attached to this petition at Exhibit Correct_165-74.

any papers to any court.  I have been unsuccessful at gaining any other person to deliver any papers of mine to the district court.

**ISSUE ONE:**        *WHETHER THE DISTRICT COURT ERRED IN ENTERING ITS FEBRUARY 3, 2025, ORDER?*

(A)    *Denying the January 31 and February 3 motions was a usurpation of judicial power*.

7.    Eastern District of Texas Local Rule CV-10(d) provides that "[t]he clerk shall monitor filed documents for compliance with the federal and local rules as to format and form."  E.D. TEX. LOC. R. CV-10(d).  Had the clerk monitored the filed documents as required by local rule, the motions to proceed in forma pauperis (Exhibit Jan-31_IFP & Exhibit Feb-3_IFP) would have been docketed as new cases—like what happened in case number 6:23-CV-453.[8]  Had the cases been docketed, the judge that signed the February 3 order might not have ever seen the motions.[9]  After all, it is not like the district judge looked into the subject matter of what accompanied the motions.  To this point, somebody at the district court

---

[8]  *See* Exhibit Dkt_23-cv-453 (entering a "Notice of Docket Correction" & starting case number 6:24-CV-82).

[9]  *See* E.D. Tex., General Order No. 23-01 (Jan. 6, 2023) (ordering that "all civil . . . cases filed shall be randomly assigned to individual judges of this district in the proportions" represented in the order; splitting cases between Judge's Barker & Kernodle in the Tyler Division).

On March 1, 2025, the new Chief Judge of the E. Dist. Ct. signed an order stating same.

should have seen that civil cover sheets (Exhibit Jan-31_Cov & Exhibit Feb-3_Cov), form petitions (Exhibit Jan-31_Pet & Exhibit Feb-3_Pet), motions to be registered as a filing user in that court's electronic filing manager (Exhibit Jan-31_Elec & Exhibit Feb-3_Elec), and the proposed orders to the motions to be registered as a filing user in the court's electronic filing manager (Exhibit Jan-31_Prop & Exhibit Feb-3_Prop) all accompanied the motions to proceed in the actions in forma pauperis.

8.     Because the clerk had not yet docketed the cases, there were no cases to assign to the district judge signing the February 3 order.  Because there was no assignment as required by the district court's January General Order (23-01), the district judge had no authority to rule on the January 31 and February 3 motions. By virtue of the district court's general order in effect at the time of the events giving rise to this action, the documents filed instituting new proceedings may not have landed at the order-signing judge's desk.[10]  This exemplifies a district court judge usurping judicial power before the power was authorized by assignment.

9.     Even if the Court were to determine that the district judge's conduct was not a usurpation of judicial power, denying the January 31 and February 3 motions constituted an abuse of discretion.

---

[10]  *Id.*

(B)    *Denying the January 31 and February 3 motions constituted a clear abuse of the district court's discretion under the circumstances producing a patently erroneous result*.

10.    The holding in *Flowers v. Turbine Support Division* that "a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915" has not been disturbed by the Supreme Court or this Court sitting en banc. 507 F.2d 1242, 1244 (5th Cir. 1975); *see Gibbs v. Jackson*, 92 F.4th 566, 568 (5th Cir. 2024) (recognizing the standard of review; citing *id.*).  Section 1915 in Title 28 of the United States Code sets forth Congress's policy statements on the subject of proceeding to final judgment without upfront payment of fees or costs of entry.  28 U.S.C. § 1915, *et seq*.  The Supreme Court has said that Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

(1)    **It was an abuse of discretion to deny the January 31 and February 3 motions to proceed in forma pauperis because the district court decided the motions based on factors other than economic criteria**.

11.    Under the above-stated rubric, the Court reviews a "district court's decision to deny [] leave to proceed in forma pauperis for abuse of discretion." *Gibbs*, 92 F.4th at 568.  A recent panel decision citing to the 1975 *Flowers* Court

11

concluded that a district court abuses its discretion "when the basis for the decision was arbitrary or erroneous." *Id.* An example of such abuse is when a district court "determin[es ]whether a party may proceed in forma pauperis . . . upon [criteria other than] economic criteria." *Id.* at 569; *see id.* (citing published & unpublished cases).

12. Here, the district court based its February 3 decision on the "case [being] closed," that "there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals"—all relating to case number 6:21-CV-240. Exhibit Feb-3_Ord. This district-court decision alone establishes an abuse of discretion because the district court did not base its decision on "economic criteria." *Gibbs*, 92 F.4th at 569.

13. But as the Court remains faithful to, mandamus will not lie for mere ordinary circumstances. *In re Space Expl. Techs., Corp.*, 99 F.4th 233, 237 (5th Cir. 2024); *see id.* (quoting *Defense Distributed v. Bruck*, 30 F.4th 414, 427 (5th Cir. 2022) stating: "Mandamus is an 'extraordinary remedy reserved for really extraordinary cases.'"). An example of a really extraordinary case in this Court's eye is like what occurred in *Defense Distributed v. Bruck*. 30 F.4th 414.[11] In

---

[11] This case was a "combined appeal and motion for mandamus." *Bruck*, 30 F.4th at 421; *cf., e.g.*, MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Appellant, *Philip Emerson v. Jerry Parker, Janae Holland, Angela Albers, & Holly Lake Ranch Association, Inc.*, No. 24-40004 (5th Cir.

*Bruck*, the wrong legal standard was used to evaluate issues before the district court—*plus*, there was one more district court error pushing deference to a standard appeal off to the side.  30 F.4th at 427.[12]  What follows adds the *plus-one* —notwithstanding the usurpation of judicial power argued above—necessarily needed in other similar situations depriving this Court of jurisdiction over a case.

### (2)    The district court didn't mention 28 U.S.C. § 1915.

14.  In relevant part, Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).  The Prison Litigation Reform Act of 1996 ("PLRA") incorporated into the general in-forma-pauperis statute a "prisoner" qualification. Public Law No. 104-1340 § 804(a)(1)(C), 110 Stat. 1321-73 (1996); *see id.* ("striking 'makes affidavit' and inserting 'submits an affidavit that includes a

---

Feb. 16, 2024) (motioning for mandamus relief; docketing motion as separate case (24-40107)), *attached hereto as* "Exhibit Feb-16_Mot."

[12] *See Bruck*, 30 F.4th at 427 ("conclud[ing] that the district court clearly abused its discretion by [(1)] applying the wrong legal standard for evaluating the NJAG's conjoined severance and transfer motions [*plus* (2)] egregiously misinterpreting Defense Distributed's claims").

statement of all assets such prisoner possesses'"").  "As used in [Section 1915 of title 28], 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  PLRA at § 804(e); *id.* (enacting the codification of the definition of prisoner at 28 U.S.C. § 1915(h)).  But as this Court held in *Haynes v. Scott*, "the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p."  116 F.3d 137, 140 (5th Cir. 1997).  And, "[t]he mandatory screening procedures in Section 1915(e)[ ]appl[ies] to prisoners and non-prisoners proceeding IFP alike."  *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561, at *6 (5th Cir. 2024) (unpublished); *see id.* (citing "16AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 3970, 3970.1 (5th ed.[ 2020])"); *see also, e.g.*, *Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002) (applying Section 1915(e)(2) to a nonprisoner).

15.   Here, I qualify as a prisoner within the meaning of Section 1915 because I am detained in a facility—the Holly Lake Ranch development approved of by county officials.  28 U.S.C. § 1915(h).  My vehicle has been stolen, I have no means to make a living without a license to practice law in the profession I chose,

armed personnel drive by my home sporadically, cameras record who comes and goes to my home, I haven't left my home in months except to fetch water, any visitor must meet with, and provide state-issued pictured identification to, security personnel miles away from my home before being granted access to the gated-off easement providing access to my home from the public road system,[13] and I have been "adjudicated delinquent for[] violations of criminal law . . . ." *Id.* But even if I were not found by the Court to be a prisoner within the meaning of Section 1915, the argument that the district court abused its discretion still prevails.[14] How so is explained in the sub-paragraphs that follow.

---

[13] Notwithstanding this fact, the plat maps for the Section III Holly Lake Ranch subdivisions (parts 1 & 2) that were approved for recording under Texas law do not show an obstruction exists—nor does the restrictive covenants written thereon provide for obstructing the expressed easements. Exhibit Sec_III_Plats. Construed otherwise would authorize <u>any</u> lot owner to place an obstruction over part of the fee-simple-owned lot prescribed as an easement. *See* Exhibit Sec_III_Plats at HOLLY LAKE DEVELOPMENT CO., Section III, Part 1, Plat (1971) (giving developer & lot owners same "full, free right and liberty, at all times hereafter, in common with all others who my hereafter have the like right, to have and use the said streets and lanes at all times . . . .").

The Supreme Court recognizes the substantive right to retreat to one's home—something I, and others, are denied each and every day when traveling by vehicle. *See Silverman v. United States*, <u>365 U.S. 505, 511</u> (1961) (reminding that "[a]t the very core [of the Fourth Amend.] stands the right of a man to retreat into his own home . . . .").

The Section III Holly Lake Ranch plats have not been revised since they were recorded in 1971.

[14] This conclusion would invoke the holding in *Gay v. Texas Dept. of Corrections State Jail*; whereby, "the 1915 filing-fee requirement [would] appl[y ]because [I am] a prisoner." <u>117 F.3d 240, 242</u> (5th Cir. 1997).

15.a.   The district court denied the motions to proceed in forma pauperis for reasons other than what is set forth in Section 1915(e).[15]  *See* Exhibit Feb-3_Ord (iterating that the "case is closed, there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals").  In doing so, the district court "cautioned that further attempts to submit exhibits or frivolous motions while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power."  *Id.*  As threatened, the February 17 or 18 order imposed the sanction of ordering the clerk to revoke my electronic filing privilege.  *See* Exhibit Feb-25_Pet (attaching the Feb. 17 or 18 order as Exhibit Feb-17/18_Ord).  *But cf. id.* at **11–26 (arguing that the sanction was not warranted—for, among other things, lack of factual support).  Had the district court

---

[15]  *See* 28 U.S.C. §1915(e) (prescribing:

(1) The court may request an attorney to represent any person unable to afford counsel.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

).

exercised its discretion in screening the petitions accompanying the motions denied, the February 17 or 18 order would not have been issued. *Cf. Bruck*, 30 F.4th at 427 ("applying the wrong legal standard"). This is so because I would not have needed to file the February 6 petition with this Court and the *notices* to the district clerk—the *notices* complained of by the district court in Exhibit Feb-17/18_Ord. It is only because the district court stopped its analysis at the motions to proceed in forma pauperis that the district court's caution and subsequent order sanctioning me did issue. *See* Exhibit Feb-3_Ord (omitting from the order any mention of why "Petitioner's motion to proceed without payment of fees (Docket No. 82) and motion to proceed in forma pauperis (Docket No. 83)" were "[b]efore the Court"); *id.* ("caution[ing] that further attempts to submit exhibits or frivolous motions . . . may result in [sanctions]"); Exhibit Feb-17/18_Ord (stating that the district court "warned Petitioner"); *id.* (ordering "that the Clerk of Court shall revoke Petitioner's electronic filing privileges in this cause").

15.b. Summarizing thus far in this analysis—*on one hand*—the district court dismissed my January 31 and February 3 motions as frivolous because that is what it cautioned against—"attempts to submit . . . frivolous motions . . . ." Exhibit Feb-3_Ord. The problem with this summarized conclusion is—on the other, however—that what was filed spurring the February 17 or 18

order were "notices (Docket Nos. 85–89) and attached exhibits"[16]—*not* "exhibits and frivolous motions."[17]  Either way, the screening procedure set out in Section 1915(e) is mandatory[18] and was obviously not carried out by the district court.  *See* Exhibit Feb-17/18_Ord (omitting any reference to § 1915).

15.c.  The fallout is that the district court can be said to have clearly abused its discretion for failure to screen the petition pursuant to this Court's binding precedents in *Haynes* and *Newsome*[19]—and, it can further be said the district court's abuse of discretion is highly prejudicial.   The abuse of discretion prejudices me because I remain restrained in my liberty to (a) earn a living by practicing law and (b) be free from unlawful convictions.

## CONCLUSIONS

(A)    *I am entitled to the writ of mandamus*.

16.   The district court's erroneous usurpation of power over the motions seeking to proceed in forma pauperis without being assigned the case produced a patently erroneous result—the denial of the motions that should have been assigned new case numbers.  *In re Volkswagen of Am.*, 545 F.3d 304, 310 (5th Cir.

---

[16]  Exhibit Feb-17/18_Ord.

[17]  Exhibit Feb-3_Ord.

[18]  *Supra* ¶14.

[19]  *Haynes*, 116 F.3d at 140; *Newsome*, 301 F.3d at 231–33.

2008) (en banc).  The district court's application of an erroneous legal standard in denying my motions to proceed in forma pauperis—a legal standard based on something other than "economic criteria"—produced a patently erroneous result. *Gibbs*, 92 F.4th at 569.  The patently erroneous result was the denial of the motions that should have been assigned new case numbers—and, the forthwith requirements outlined in Title 28, Section 2241, of the United States Code that should have followed.  *In re Volkswagen of Am.*, 545 F.3d at 310.  The district court's erroneous omission of analysis under Section 1915 failed to ensure "that indigent [and poor] litigants [like me] have meaningful access to the federal courts."  *Neitzke*, 490 U.S. at 324.  This too produced a patently erroneous result because, among other things,[20] I was denied a determination as to whether a licensed attorney should be requested to represent me in either matter presented by petition.  28 U.S.C 1915(e)(1); *In re Volkswagen of Am.*, 545 F.3d at 310.  And by ordering the clerk to revoke my electronic filing privilege, yet another patently erroneous result was produced—the inability to file a motion to proceed in forma

---

[20]  Denial of procedural due process for failure to screen under § 1915(e)(2).  *Newsome*, 301 F.3d at 231–33.

19

pauperis in case numbers 6:23-CV-312[21] and 6:24-CV-82.[22]  All combined, the number of errors catapult what I bring forth from mere ordinary matters to really extraordinary ones.  *Bruck*, 30 F.4th at 427; *see supra* ¶15.c. (continuing liberty deprivations—property right[23] & unlawful convictions).

17.   For these reasons—and for the reasons advocated further above—I am clearly entitled to the writ of mandamus requiring the district court to (a) vacate its February 3 order, (b) vacate its February 17 or 18 order, and (c) order the district court clerk, in ministerial form and fashion, to file my motions, civil cover sheets, petitions, and other papers electronically tendered to the clerk on January 31 and February 3 in case number 6:21-CV-240 under newly assigned case numbers. *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

(B)      *I have no other way to gain the relief requested.*

---

[21]  The filing fee was paid in this, now unsealed, case.  *See Gibbs*, 92 F.4th at 569 (quoting *Flowers*, 507 F.2d at 1245: "a person not a pauper at the commencement of a suit may become one during or prior to its prosecution").

In another qui tam action currently under seal—6:23-CV-682—the magistrate judge granted in forma pauperis status despite not being referred the matter by the district judge.

[22]  No filing fee was asked for in this removal from state court proceeding.

[23]  *Willner v. Committee on Character*, 373 U.S. 96, 106 (1963) ("hold[ing] that petitioner was denied procedural due process when he was denied admission to the Bar by the Appellate Division without a hearing on the charges filed against him").  Here, I have not had the opportunity to gain the vested property right due to no hearing before arbitrary action.

18.   Because I have no money or other means to get the papers to the district court, I have no other alternative way to gain the relief sought other than to seek the writ asked for here.  *Kerr*, 426 U.S. at 403.

### THE COURT SHOULD EXERCISE ITS DISCRETION TO ISSUE THE WRIT

19.   By requiring a district court to exercise its discretion on each subpart of Section 1915, the Court will ensure "§ 1915's dual role of keeping the courtroom doors open to all litigants regardless of financial resources, yet guarding against abuse of this free access by litigants, such as prisoners, who have nothing to lose by flooding courts with suit after suit." *Wilson v. Lynaugh*, 878 F.2d 846, 849–50 (5th Cir. 1989).  The writ will ensure that district court's are reminded of the availability of the option to request counsel to assist a habeas petitioner using funds allocated by Congress.  18 U.S.C. § 3006A(a)(2)(B); 18 U.S.C. § 3006A(d)(2). And in circumstances like here—where no other means of tendering papers to the district court are available except for electronic transmission—exercising discretion to issue the writ will encourage district courts to follow this Court's act of allowing submission by email or similar protocol.

20.   In addition, the writ will ensure the process due to civil and criminal litigants—in both state and federal proceedings—acting within this Court's

jurisdiction is protected.  I'll explain by discussing specific instances relevant to this petition.

(A)    *Issuing the writ will continue this Court's work to protect the Due Process guarantees declared by the People in United States Constitution*.

21.    This Court has a long history of working to protect the guarantee of the process due to a litigant.  The duty isn't easy—and, it must be done.  Likewise, district courts are charged by their creator—Congress—to execute the duties Congress attached, and the duties this Court commands.

**(1)    The subject matter in the petition filed at the district court January 31 alleges a Due Process violation by state actor.**

22.    In *D.C. Court of Appeals v. Feldman*, the Supreme Court said that "[c]hallenges to the constitutionality of state bar rules[ ]do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding."  460 U.S. 462, 486 (1983).  By the same token, challenging a state agency's application of a rule, or non-rule, pursuant to the Due Process Clause's prohibition against arbitrary actions is proper in the federal district court.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  The district court had, and still has, a duty to test the decision of the state agency requiring me to pay money I don't have, and

in addition, go through further screening without sufficient cause or applicable rule. Exhibit Jan-31_Pet.

**(2)** **The subject matter in the petition filed at the district court February 3 alleges Due Process violations by state actors.**

23. This Court said in *Frank v. Blackburn* that "a federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process." 646 F.2d 873, 882 (5th Cir. 1980). To this end, as the Court reminded, "[i]f a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, *without being coerced to do so*, the guilty plea and any concomitant agreement will be upheld on federal review." *Id.* (italics mine). The coercion caveat is the result of a line of cases prohibiting conduct like "where police take matters in their own hands, seize victims, [and] beat and pound them until they confess . . . ." *Williams v. United States*, 341 U.S. 97, 101 (1951). And thus, the Court has emphatically held over time that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees . . . with . . . protection from harm, during their confinement." *see Hyatt v. Thomas*, 843 F.3d

172, 177 (5th Cir. 2016) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)).[24]

24.    The attached petition filed at the district court set forth two specific grounds under the Due Process clause of the Fourteenth Amendment—a failure of the state court to rule on objections and judges acting ultra virus.[25]  The petition also alleged a Fifth Amendment Due Process violation due to, as I alleged, "compelling me to be a witness against myself in criminal cases."[26]  And last, the petition was also grounded in a particular statute violating the "1st Amendment . . . under the facts of the case."[27]  Every one of the grounds touch on a common theme —due process.  Exhibit Feb-3_Pet.  The Supreme Court has emphasized "time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998); *see id.* (quoting *Wolff*, 418 U.S. at 558).  This is true "whether the

---

[24] *Cf. Simpson v. Cisneros*, No. 23-50678, at *6–7 (5th Cir. Mar. 4, 2025) (concluding "'the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive due process under the Fourteenth Amendment. As the Eighth Amendment gives 'an explicit textual source of protection,' the Plaintiffs here have no claim under the Fourteenth Amendment.") (citations to quoted statements omitted).

[25] The file-marking on the page containing the grounds is "Page 6 of 63" of Exhibit Feb-3_Pet.

[26] *Id.*   The stated explanation alleges, and the supporting facts attached to the petition allege, "[t]he plea of 'no contest' was coerced by the jail conditions Sheriff Kelly Cole keeps." "Page 2 of 63" of Exhibit Feb-3_Pet.

[27] "Page 7 of 63" of Exhibit Feb-3_Pet.

fault lies in a denial of fundamental procedural fairness," . . . or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. *Id.*; *see id.* (citing types of due process cases). Local police never provided any sort of notice that my conduct would invoke their authority to charge me with a crime that does not state with enough specificity what conduct is criminal.[28]

25. Like the issue before, and the one that follows, the district court is the proper venue for it to exercise its duty to vindicate my claims of liberty deprivation.

**(3)** **The subject matter in an un-filed petition alleging that Texas's vexatious litigant statute violates Due Process on its face and as applied**.

---

[28] *See* TEX. PEN. CODE § 42.061(b), 42.061(b)(2) (proscribing against "mak[ing] abusive or harassing statements to a PSAP employee); *See* TEX. PEN. CODE § 42.061 (failing to define "abusive statements" or "harassing statements"). *But cf.* U.S. CONST., FIRST AMEND. (protecting individuals' speech).

26.   For two reasons, application of Chapter 11 of the Texas Civil Practice and Remedies Code against me violates the Due Process Clause of the Fourteenth Amendment.  U.S. CONST., FOURTEENTH AMEND.; TEX. CIV. PRAC. REM. CODE ch. 11.

26.a.   The first reason the state enactment violates due process is because a person can be deemed a vexatious litigant for, as is the case here, merely losing in court.[29]

26.b.   The second reason is that the notice provision at Section 11.__ is insufficient.[30]  Notice is insufficient because it punishes a litigant after the

---

[29]  *See* TEX. CIV. PRAC. REM. CODE § 11.054–11.054(1)(A) (providing:

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant *and* that:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

> (A) finally determined adversely to the plaintiff[.]

) (italics mine).

[30]  *See* TEX. CIV. PRAC. & REM. CODE § 11.051–11.051(2) (explaining how to begin the process of a litigant stamping another litigant as vexatious in a subsequent proceeding:

In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:

> (1) determining that the plaintiff is a vexatious litigant; and

> (2) requiring the plaintiff to furnish security.

alleged vexatious acts occurred in a completely different case. In other words, there was no notice that the next action filed by the person will result in a motion that has the effect of abating a case in conflict with Rule 1 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 1. Just as important, Texas's constitution, at Article I, Section 13, provides: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST., ART. I, § 13. At Article I, Section 27, the Texas Constitution commands: "The citizens shall have the right . . . to . . . apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance." TEX. CONST., ART. I, § 27. These mandates are liberty rights created by the people of Texas—and thus, cannot be suspended by the Texas Legislature. The liberty rights cannot be denied because (1) Texas's constitution declares the liberty right to rely on certain state-constitutional provisions where it says at Article I, Section 29:

> To guard against transgressions of the high powers herein delegated, we declare that every thing in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void[;][31]

---

).

[31] TEX. CONST., ART. I, § 29.

and because, (2) the United States Constitution, at the Fourteenth Amendment, protects individuals in our society from the state deprivation of liberty rights created by federal and state constitutions.  U.S. CONST., FOURTEENTH AMEND.; TEX. CONST., ART. I, § 27; *see* TEX. CONST., ART. I, § 1 (recognizing U.S. Constitution's supremacy).  That the statute in question has a savings provision[32]— in that it really does not close the state court—is insufficient because, as is the case here, a state-district judge wearing his or her administrative hat can deny access on the basis that a litigant is has previously been deemed a vexatious litigant by order. Moreover, the very process of the Texas Legislature requires in screening the petition closes the door to the state court against the state's constitution declaring that the door may not be closed—not even for a moment!  Therefore, Texas's vexatious litigant statute fails to provide the requisite notice the United States Constitution requires, and is void under state law.  Because it is void under state law, the United States Constitution will protect a citizen from application of a void state law that is harmful to the citizen.  I am entitled to seek relief in the district court.  But because the district court ordered that my electronic filing privilege be revoked, I have no way to file a petition challenging the state statute.

---

[32] TEX. CIV. PRAC. REM. CODE § 11.102, *et seq.*

27.   For these specific reasons, the Court should be satisfied that issuing the writ asked for will serve purposes beyond the matters underlying this action.

28.   For all of these reasons, I respectfully ask the Court to grant to me the relief requested herein.

Respectfully submitted,

_____

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775
findpjemerson@gmail.com

**TABLE OF ATTACHMENTS**

CERTIFICATE OF COMPLIANCE

PROOF OF SERVICE

| Exhibit | Description |
| --- | --- |
| Exhibit Feb-25_Pet | Unfiled Petition |
| Exhibit Jan-31_IFP | *MOTION TO PROCEED IN FORMA PAUPERIS* of P J Emerson, *Philip James Emerson, Jr., v. Texas Board of Law Examiners*, No. 6:25-cv-____ (E.D. Tex. Jan. 31, 2025) |
| Exhibit Jan-31_Cov | *CIVIL COVER SHEET* of P J Emerson, *Philip James Emerson, Jr., v. Texas Board of Law Examiners*, No. 6:25-cv-____ (E.D. Tex. Jan. 31, 2025) |
| Exhibit Jan-31_Pet | *PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241* of P J Emerson, *Philip James Emerson, Jr., v. Texas Board of Law Examiners*, No. 6:25-cv-____ (E.D. Tex. Jan. 31, 2025) |
| Exhibit Jan-31_Elec | *PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* of P J Emerson, *Philip James Emerson, Jr., v. Texas Board of Law Examiners*, No. 6:25-cv-____ (E.D. Tex. Jan. 31, 2025) |
| Exhibit Jan-31_Prop | *Proposed Order on PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* of P J Emerson, *Philip James Emerson, Jr., v. Texas Board of Law Examiners*, No. 6:25-cv-____ (E.D. Tex. Jan. 31, 2025) |

| Exhibit | Description |
| --- | --- |
| Exhibit Feb-3_IFP | *MOTION TO PROCEED IN FORMA PAUPERIS* of P J Emerson, *Philip James Emerson, Jr., v. State of Texas*, No. 6:25-cv-____ (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-3_Civ | *CIVIL COVER SHEET* of P J Emerson, *Philip James Emerson, Jr., v. State of Texas*, No. 6:25-cv-____ (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-3_Pet | *PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241*of P J Emerson, *Philip James Emerson, Jr., v. State of Texas*, No. 6:25-cv-____ (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-3_Elec | *PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* of P J Emerson, *Philip James Emerson, Jr., v. State of Texas*, No. 6:25-cv-____ (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-3_Prop | *Proposed Order on PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* of P J Emerson, *Philip James Emerson, Jr., v. State of Texas*, No. 6:25-cv-____ (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-3_Ord | *Philip James Emerson, Jr., v. Angela Albers, Holly Lake Ranch Association, Inc., Janae Holland, & Jerry Parker*, No. 6:21-cv-240, *ORDER DENYING PENDING MOTIONS* (E.D. Tex. Feb. 3, 2025) |
| Exhibit Dkt_21-cv-240 | *Philip James Emerson, Jr., v. Angela Albers, Holly Lake Ranch Association, Inc., Janae Holland, & Jerry Parker*, No. 6:21-cv-240, *Docket* (E.D. Tex. Feb. 2025) |

| Exhibit | Description |
|---|---|
| Exhibit Dkt_23-cv-453 | *Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-cv-453, *Docket* (E.D. Tex. Feb. 2025) |
| Exhibit Dkt_24-cv-82 | *Holly Lake Ranch Association, Inc., v. Philip James Emerson, Jr.*, No. 6:24-cv-82, *Docket* (E.D. Tex. Feb. 2025) |
| Exhibit Sec_III_Plats | Holly Lake Development Company, Section III Parts 1 and 2 Plat Maps (1971) |
| Exhibit Feb-16_Mot | *MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, No. 24-40004, PHILIP EMERSON, v. JERRY PARKER, JANAE HOLLAND, ANGELA ALBERS, & HOLLY LAKE RANCH ASSOCIATION, INC.,* |
| Exhibit Correct_165-74 | *In re Philip James Emerson, Jr.*, No. 24-40556, *Pages Attached to Declaration* (5th Cir. 2024) |

# ATTACHMENTS

## CERTIFICATE OF COMPLIANCE

I, P J Emerson, the undersigned, certify that:

1.      This document complies with the type-volume limitation of Rule 21(d) of the Federal Rules of Appellate Procedure because (a) this document contains 5,543 words, not counting the areas exempted by Rule 32(f) of the Federal Rules of Appellate Procedure, as determined by LibreOffice Writer Version: 7.6.6.3 (X86_64), Build ID: d97b2716a9a4a2ce1391dee1765565ea469b0ae7 word processing software, and because (b) this document contains less than 30 pages when considering the portions exempted by Rule 32(f).

2.      This document complies with the typeface requirement of Rule 32(a)(5) of the Federal Rules of Appellate Procedure—and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure—because (a) this document has been prepared in a proportionally spaced typeface using LibreOffice Writer in Times New Roman (14-point), and because (b) case names are italicized.

Signed, by:

_____

P J Emerson – *Petitioner*

## PROOF OF SERVICE

I, P J Emerson, the undersigned, certify that this document was served by electronic means on the Honorable United States District Judge Jeremy Kernodle (Jeremy_D_Kernodle@txed.uscourts.gov) in accord with Rule 21(a)(1) of the Federal Rules of Appellate Procedure.

I further certify that this document was served by electronic means on the parties and potential parties to the underlying proceedings—Ms. Angela Albers, representative of the State of Texas (g.cameron@mywoodcounty.com) & Ms. Ciara Parks, attorney for the Texas Board of Law Examiners (ciara.parks@ble.texas.gov)—because, (1) the manner of service was via EFILETEXAS.gov, and (2) each consented to service through EFILETEXAS.gov when (a) each registered as filing users and (b) each is able to be found using the on the Public Service Contact List on the EFILETEXAS.gov platform.

Signed & Dated: March 10, 2025, by:

P J Emerson – *Petitioner*

# EXHIBITS

# Exhibit Feb-25_Pet

## Unfiled Petition

Case Number: _____

---

# UNITED STATES COURT OF APPEALS *for the* *FIFTH* CIRCUIT

---

*In re Philip James Emerson, Jr.*,

*Petitioner.*

---

ORIGINAL PROCEEDING FROM:

THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION, NOS. 6:21-CV-240 &

THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, NO. 25-4____.

---

## PETITION FOR WRIT OF MANDAMUS

_____

P J EMERSON

*PRO SE PETITIONER*

112 RED LEAF LANE

HOLLY LAKE RANCH, TEXAS  75765

(512) 763-7775

1

TO ANYONE OTHER THAN THE CLERK OF THIS COURT:

I, Philip James Emerson Jr., a.k.a. P J Emerson, come to this Court again requesting relief.  In support, I show the following:

**TABLE OF CONTENTS**

PETITION FOR WRIT OF MANDAMUS............................................................1

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES............................................................................3

CERTIFICATE OF INTERESTED PERSONS....................................................5

RELIEF SOUGHT.........................................................................................5

ISSUES PRESENTED....................................................................................5

FACTS NECESSARY TO UNDERSTAND THE RELIEF REQUESTED............6

    (A) Trial Court Case Number 6:21-CV-240.....................................6

    (B) This Court's Case Number 25-4____.........................................9

    (C) Money, postage, and ability to get paper documents to courts...............10

    (D) The Holly Lake Ranch Association, Inc.................................................10

REASONS TO GRANT RELIEF....................................................................11

ISSUE ONE: *WHETHER DISTRICT JUDGE JEREMY KERNODLE ABUSED HIS DISCRETION WHEN HE IMPOSED SANCTIONS WITHOUT EXTENDING AN OPPORTUNITY TO SHOW CAUSE WHY THE SANCTION SHOULD NOT BE IMPOSED?*...................................................................................................11

    (A) Judge Kernodle erred in sanctioning me pursuant to Rule 11 of the Federal Rules of Civil Procedure.....................................................12

    (B) Judge Kernodle erred in sanctioning me pursuant to the district court's inherent authority.......................................................................19

ISSUE TWO: *WHETHER THE CLERK OF THIS COURT USURPED JUDICIAL POWER WHEN HE REFUSED TO FILE PAPERS TENDERED TO THIS COURT?*........26

THERE EXISTS NO OTHER MEANS TO GAIN THE RELIEF..................................29

THE COURT SHOULD EXERCISE ITS DISCRETION TO ISSUE THE WRIT............30

CONCLUSIONS.........................................................................................................31

TABLE OF ATTACHMENTS.................................................34

ATTACHMENTS.........................................................36

## TABLE OF AUTHORITIES

### UNITED STATES CODE

Title 28, Section 1292.................................................................................37

Title 28, Section 1361.................................................................................19

Title 28, Section 1651.................................................................................19

Title 28, Section 2241...........................................................................20, 29

### RULES

Appellate Procedure 21(a)..........................................................................45

Appellate Procedure 21(d)..........................................................................44

Civil Procedure 11...............................................2, 13, 14, 15, 16, 17, 19, 21, 29

Civil Procedure 83.......................................................................................13

Fifth Circuit 28.2.1........................................................................................5

### UNITED STATES SUPREME COURT CASES

*Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991)..................................................26, 29

*Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004).................................................39

*Cooter Gell v. Hartmarx Corporation*, 496 U.S. 384 (1990)...........................15, 17

*Degen v. United States*, 517 U.S. 820 (1996)........................................................13

*Dietz v. Bouldin*, 136 S. Ct. 1885 (2016)................................................13, 23, 29

*Landis v. North Am. Co.*, 299 U.S. 248 (1936)......................................23, 24, 25

3

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964)................................................37, 38

### UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### CASES

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (2008).........................................32

*Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (2017)..........................................32

*CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791 (1993)...........................15

*Goldin v. Bartholow*, 166 F.3d 710 (1999)..........................................21, 26, 27, 31

*Hardwick v. Brinson*, 523 F.2d 798 (1975)......................................................15, 16

*Hodge v. Zimmerman*, No. 23-11177 (2024) (unpublished)................................40

*In re Equal Employment Opportunity Comm'n*, 709 F.2d 392 (1983)....................37

*In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864 (2002).........................30

*In re JPMorgan Chase & Co.*, 916 F.3d 494 (2019)..............................................38

*In re Occidental Petroleum Corporation*, 217 F.3d 293 (2000)...........................38

*In re Stone*, 986 F.2d 898 (1993)......................................................................37

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (2008) (en banc)...............................38

*Miller v. Thaler*, 434 F. App'x 420 (2011) (unpublished)................................23, 24

*Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533 (1990)...............................19

*Smith Int'l, Inc. v. Texas Commerce Bank*, 844 F.2d 1193 (1988).........................19

*Smith v. Our Lady of the Lake Hospital, Inc.*, 960 F.2d 439 (1992)......15, 17, 18, 19

*Thomas v. Capital Sec. Servs.*, 836 F.2d 866 (1988) (en banc)...............................19

*Tracy v. Lumpkin*, 43 F.4th 473 (2022).................................................................40

*United States v. Colomb*, 419 F.3d 292 (2005)..............................................23, 24

### UNITED STATES COURT OF APPEALS FOR OTHER CIRCUITS

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004).........................32

## CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the persons and entities listed below, as described in the fourth sentence of 5th Cir. R. 28.2.1, have an interest in outcome of this case.

- Jeremy Kernodle

- David O'Toole

- Lyle Cayce

## RELIEF SOUGHT

1.     Issue the writ of mandamus directed to the district judge of the United States District Court for the Eastern District of Texas, the Honorable Jeremy Kernodle, requiring the district judge to vacate his February 17 or 18 order entered into the papers of case number 6:21-CV-240;

2.     Issue the writ of mandamus directed to the clerk of the United States Court of Appeals requiring the clerk to docket the papers tendered via the pro se email this month.

## ISSUES PRESENTED

3. Whether District Judge Jeremy Kernodle abused his discretion when he imposed sanctions without extending an opportunity to show cause why the sanction should not be imposed?

4. Whether the clerk of this Court usurped judicial power when he refused to file papers tendered to this Court?

## FACTS NECESSARY TO UNDERSTAND THE RELIEF REQUESTED

(A)    *Trial Court Case Number 6:21-CV-240*

5. On the 17th day of February, I filed my second amended petition for writ of mandamus with this Court. Attached to it is proof of service. The proof of service certifies to this Court that service was made on the clerk of the district court via that court's electronic filing manager.

6. The same day, an entry was made into the papers of the case at the district court. The entry was an order signed by District Judge Jeremy Kernodle. Judge Kernodle signed the order the following day—the same day I received a notification that the order was entered. A copy of the order is attached to this petition.

7. In the February 17 or 18 order, Judge Kernodle claims that my "repeated filings are abusive and in violation of Federal Rule of Civil Procedure

11."  The repeated filings—apparent from the order disturbing Judge Kernodle into action—are referenced in the first paragraph as "Docket Nos. 85–89."  They are, more specifically, described on the docket as:

7.a.   **Dkt.# 85**: "FIRST NOTICE of Motion for Leave to Proceed IFP at 5th Circuit in Proceeding Seeking Writ of Mandamus by Philip James Emerson, Jr (Emerson, Philip)";

7.b.   **Dkt.# 86**: "FIRST NOTICE of Service of Emergency Petition for Writ of Mandamus by Philip James Emerson, Jr re [85] Notice (Other) (Emerson, Philip)";

7.c.   **Dkt.# 87**: "FIRST NOTICE of Service of Motion for Leave to File 1st Amended Emergency Petition & Amended Emergency Petition by Philip James Emerson, Jr re [86] Notice (Other), [85] Notice (Other), [84] Order on Motion for Miscellaneous Relief, (Attachments: # (1) Exhibit Amended Petition) (Emerson, Philip)";

7.d.   **Dkt.# 88**: "FIRST NOTICE of Service of DECLARATION RELATING TO THE DISTRICT COURTS FEBRUARY 3 ORDER by Philip James Emerson, Jr re [86] Notice (Other), [87] Notice (Other), (Emerson, Philip)"; and,

7.e.    **Dkt.# 89**: "FIRST NOTICE of Service of Motion for Leave to File Amended Petition for Writ of Mandamus & 2nd Amended Petition for Writ of Mandamus by Philip James Emerson, Jr re [84] Order on Motion for Miscellaneous Relief, (Attachments: # (1) Exhibit 2nd Amended Petition for Writ of Mandamus)(Emerson, Philip)."

8.    Judge Kernodle complained that case number 6:21-CV-240 was "dismissed in 2023"; and, that the subsequent motions for relief from the final judgment were "dismissed" also.  Although omitted from the order was the fact that nobody at the courthouse he was appointed to follows Congress's intentions when it comes to a codified common-law writ of habeas corpus, Judge Kernodle did, however, point out that I was "warned . . . further attempts to submit exhibits or frivolous motions while [CV-240] is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and th[e] Court's inherent power." And, because "the Court's orders have not deterred [me]," the February 17 or 18 order instructs "the Clerk of Court [(a)] shall not accept from [me] any further documents, pleadings, motions, or correspondence whatsoever in this case except for one (1) notice of appeal of this order and one (1) application for leave to proceed in forma pauperis connected to such notice of appeal."  Finally, Judge

Kernodle made sure that I could not reach that court for refuge no matter the circumstances by ordering "the Clerk of Court [to] revoke [my] electronic filing privileges in [CV-240]."

9.    As a result of Judge Kernodle's orders,[1] the Holly Lake Ranch Association, Inc., armed personnel were emboldened to step-up their retaliation for speech, intimidation, imposition of fear, seizing, searching, harassing, and stalking by preventing private association and repeatedly slow-rolling by my home.  *See* pic attached.  This, a policy and practice endorsed by Wood County, Texas.

10.   I believe Judge Kernodle wishes for the Holly Lake Ranch Association, Inc., personnel and the Wood County Sheriff's Office personnel to harm me over and beyond how each separately, and both together, have done so in the past. Where I have alleged my former counsel was ineffective for allowing the trial court to sit on a habeas corpus petition for years, I have come to the conclusion that Judge Kernodle took part in the policy to deny me fundamental rights by endorsing the action through Judge Kernodle's orders in CV-240.  The February 17 or 18 order is the latest representation that supports my conclusions and belief.

(B)    *This Court's Case Number 25-4_____*

---

[1]  A preceding order issued on or about February 7 was the apparent warning order.

11.    Earlier this month, I filed a petition for writ of mandamus with this Court using the pro se email address.  Exhibit Feb-6_Email.  Subsequently, I filed a first amended petition and a second amended petition similarly.  Exhibit Feb-8_Email; Exhibit Feb-17_Email.  The clerk of this court emailed me via the pro se email address informing me that no action will be taken on my motion for leave to file my second amended petition "nor the 3 subsequent emails sent 02/17/2025." A printout of the email is attached to this petition.  Exhibit Feb-18_Email. Because of the clerk's conduct, I have not forwarded the motion for leave to file other documents under seal at the district court, and an amended petition, under seal at this Court via the pro se email process.

(C)    *Money, postage, and ability to get paper documents to courts*

12.    I do not have enough money for postage.  I have used every postage stamp that was in my possession prior to using them on my mailing to the Supreme Court of the United States.  I have been unsuccessful gaining postage from anyone else willing to lend to me more postage.  I don't have any way to get paper documents to any court.

(D)    *The Holly Lake Ranch Association, Inc.*

13.    The Holly Lake Ranch Association, Inc., refuses to provide to me the information so that I do not have to talk to its security personnel preventing the

easements to my home to be exercised by my licensees, and its personnel continue to drive by my home slowly. The repeated conduct strikes fear in me given its personnel's conduct in the past—held up at gun point, destruction of business property, assisting the Wood County Sheriff's personnel with stealing my (a) vehicle and (b) personal protection (shotgun), and assisting the Wood County Sheriff with breaking into my home two times to execute misdemeanor arrest warrants. This fear causes me constantly look out the windows to see if the Wood County Sheriff or the Holly Lake Ranch Association, Inc. As I have expressed numerous times in the past, I feel anxious and uncomfortable in my own home.

**REASONS TO GRANT RELIEF**

**ISSUE ONE:** *WHETHER DISTRICT JUDGE JEREMY KERNODLE ABUSED HIS DISCRETION WHEN HE IMPOSED SANCTIONS WITHOUT EXTENDING AN OPPORTUNITY TO SHOW CAUSE WHY THE SANCTION SHOULD NOT BE IMPOSED?*

14. With specific regard to Judge Kernodle's latest act referencing Rule 11 of the Federal Rules of Civil Procedure, Rule 11(c) governs the sanctions imposed in the complained of order. FED. R. CIV. P. 11(c)(1). And with regard to Judge Kernodle relying on the district court's inherent power for imposition of the sanctions imposed in the complained of order, the Supreme Court of the United States requires two things:

11

14.a.  "[T]he exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice";[2] and,

14.b.  "[T]he exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute."[3]

The reasons for granting relief are addressed separately under headings (A) and (B) below.

(A)  *Judge Kernodle erred in sanctioning me pursuant to Rule 11 of the Federal Rules of Civil Procedure*.

15.  At subparagraph (c)(3), Rule 11 of the Federal Rules of Civil Procedure allows a court to order a party to show cause as to "why conduct specifically described in [an] order has not violated Rule 11(b)."  FED. R. CIV. P. 11(c)(3). This provision is designed by the authorS of the Federal Rules, and approved of by Congress, to occur prior to the provision granting power to impose a sanction or sanctions.  *See* FED. R. CIV. P. 11(c)(1) (providing in relevant part that "the court

---

[2] *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see id.* (quoting *Degen v. United States*, 517 U.S. 820, 823–824 (1996)).

[3] *See id.* (citing *Degen*, 517 U.S. at 823); *id.* (referencing FED. RULE CIV. P. 83(b); quoting Rule 83(b) in stating that "districts courts can 'regulate [their] practice in any manner consistent with federal law'").

may impose an appropriate sanction on any . . . party that violated [Rule 11(b)] or is responsible for the violation"). And while "[t]he power of the court to act on its own initiative" is evident, the power is not absolute—instead, it is "condition[ed] . . . through a show cause order . . . provid[ing] the person with notice and an opportunity to respond." FED. R. CIV. P. 11 NOTES OF ADVISORY COMMITTEE ON RULES-1993 AMENDMENT.

16.    As with everything about the underlying habeas case, however, nothing has gone as the Supreme Court and Congress intended. Judge Kernodle's February 3 order didn't order me to show cause. Exhibit Feb-3_Ord. This is unsurprising since Judge Kernodle's August 2024 order—using similar language as his February 3 order—didn't order me to show cause either.[4]

**(1)    <u>Judge Kernodle's error represents a clear abuse of discretion</u>.**

17.    Consistent with (a) the Supreme Court's decision in *Cooter Gell v. Hartmarx Corporation* instructing that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination,"[5] this Court followed suit in "review[ing] [an] imposition of Rule

---

[4] *Compare* Exhibit Aug-5_ Ord (stating: "Petitioner is cautioned that further attempts *to submit exhibits while this case is closed* may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power."), *with* Exhibit Feb-3_Ord (same, except adding "*or frivolous motions*") (emphasis in italics to show difference in language used).

[5] *Cooter Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

11 sanctions for abuse of discretion." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993). "If the district court relied on a materially incorrect view of the law, [this Court] must vacate the sanctions." *Id.*; *see id.* (citing *Cooter Gell*, 496 U.S. 384 & *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439 (5th Cir. 1992)).

18.    Here, Judge Kernodle signed an order on February 18 that was oddly filed-marked February 17. Exhibit Feb-17/18_Ord. Citing to this Court's decision in *Hardwick v. Brinson* for the proposition that "no one, rich or poor, is entitled to abuse the judicial process," Judge Kernodle concluded that "[d]espite multiple warnings, [I] continue[] to file abusive pleadings and exhibits." *Id.*; *see id.* (quoting *Hardwick*, 523 F.2d 798, 800 (5th Cir. 1975)). But the generalized statement of common-judicial sense Judge Kernodle referenced from *Hardwick* doesn't cover up the fact that Judge Kernodle failed to allow me to respond to his bald assertion about the alleged "five notices [] and attached exhibits" or "pleadings and exhibits"—identified on the docket as *notices*—filed as docket entries "85–89." *Id.* Moreover, *Hardwick* represents a case where a litigant like myself had not been heard no matter what venue the litigant went to. 523 F.2d at 800 (enlightening the public: "Despite the several suits and the appellate proceedings described, no court to date has considered appellant's claims on the

14

merits."). Besides for citing a case that supports relief when it comes to me in the grand portrait of all of my cases, had Judge Kernodle followed the established law requiring a show cause order precede sanction, then—and only then—could an order issue imposing sanctions that included factual findings in support thereof. Judge Kernodle made the choice against following the law, however; and instead, did an end around of the procedure outlined in Rule 11. Judge Kernodle's end around constitutes a materially incorrect view of the law because the show-cause proceeding provides the necessary connection to a district judge's bald assertions necessary for an appellate court to review.

19. As the Supreme Court published in *Cooter Gell*, "Rule [11] requires a court to consider issues rooted in factual determinations." 496 U.S. at 401. This, because the district court is "[f]amiliar with the issues and litigants," and thus, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* at 402. The High Court was describing the conceptual design of Rule 11; and how it ensures this Court's position in the modern scheme of American appeals as a court of review; and not a court of first view. *Accord Our Lady*, 960 F.2d at 443–44 (providing trial court's factual findings up for review).

20.   But Judge Kernodle denied this Court of its cherried position in America's judicial scheme.  At the same time, Judge Kernodle denied my right to notice and an opportunity to be heard before condemnation.  Consequently, there is nothing for this Court to review.  *Cf.* Exhibit Feb 17/18_Ord ("except[ing]" from the sanction to outright deny any filing in underlying case "one (1) notice of appeal of this order and one (1) application for leave to proceed in forma pauperis connected to such notice").

**(2)   Contrary to Judge Kernodle's assertions, it is Judge Kernodle's decisions that are the *only* abusive acts this particular action is lodged to purify.**

21.   Where it leads after remedying Judge Kernodle's long line of erroneous decisions is up to this Court.  But sending the case back to Judge Kernodle for a show cause hearing isn't warranted because (a) of the multiple erroneous decisions, and because (b) *notices* to the district court clerk—pursuant to my obligation to serve the Respondent (clerk) by the only means available to me providing me with confirmation (electronic filing via PACER)—are not "exhibits or frivolous motions."[6]  The notices met the "objective standard of reasonableness under the circumstances." *Our Lady*, 960 F.2d at 444.  And, the instance I affixed my signature to the notices, I was not filing "exhibits or frivolous motions" with

---

[6] Exhibit Feb-3_Ord.

16

the district court in that case.  Exhibit Feb-3_Ord; *see Our Lady*, 960 F.2d at 444

(citing *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc)

& *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990)).

Instead, I was serving the clerk, a Respondent to the proceeding after inquiry of the

legal argument that the writ of mandamus may be directed to a clerk of a court.[7]

*See id.* (quoting, *e.g.*, *Smith Int'l, Inc. v. Texas Commerce Bank*, 844 F.2d 1193,

1194 (5th Cir. 1988)).  This conduct can't bring about "the central purpose of Rule

11 [] to deter baseless filings in district court and thus . . . streamline the

administration and procedure of the federal courts."  *Cooter & Gell*, 496 U.S. at

393.  On the flip side, nonetheless, is the lack of a streamlined administration of

justice and procedure in the district court represented by the bulleted list below

showing what I mean by *erroneous decisions* in the underlying case:

● Failure to oversee a magistrate judge administering a Section 2241 habeas

   case where there was no forthwith review of the petition and immediate

   action thereafter.

● Failure to review the entire record after objection to the magistrate judge's

   report and recommendation.

---

[7] *See* 28 U.S.C. § 1361 (granting district courts original—not exclusive—"jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); 28 U.S.C. § 1651 (granting this Court authority to issue writs "agreeable to the usages and principles of law"); *cf.* Exhibit Aug-5_Ord (refusing to issue the writ asked for in Exhibit Jun-6 _ Mot).

- Failure to provide accurate fact—that the underlying action was dismissed with prejudice—in denying a request to proceed on appeal in forma pauperis.

- Stating as fact that "the substantive portion [of my motion to vacate the trial court's June 14, 2023, order and final judgment] essentially attempts to relitigate [my] earlier arguments and cites no specific errors in the Court's findings and determinations" when eighty-five pages of text, and the documents attached thereto, say otherwise.[8]

- Again stating as fact that the underlying action was dismissed with prejudice.[9]

- Stating the case is closed when no procedural requirement occurred and the merits of the case were not reached—twice.[10]

What should occur is getting to the meat of the matters in the underlying habeas action, whether by severing parts thereof or by issuance of the writ, because the merits in my original filing and my amended filing have never been addressed. Whatever the case turns out to be, this Court repeatedly holds "that imposing Rule

---

[8]   Exhibit Aug-5_ Ord; *compare* Exhibit Aug-5_Ord (claiming I relitigated), *with* Exhibit Jun-6 _ Mot (offering several reasons the judgment is void).

[9]   Exhibit Aug-5_Ord.

[10]   *Id.*; Exhibit Feb-17/18_Ord.

11(c)[] sanctions without notice and hearing [] constitute[s] an abuse of discretion by the district court." *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999).[11]

22.   I'll speak to the lack of an adequate appellate remedy further below. Next, I'll address Judge Kernodle's second abuse of discretion—imposition of sanctions under a district court's inherent authority to do so in conflict with binding precedent.

(B)   *Judge Kernodle erred in sanctioning me pursuant to the district court's inherent authority.*

23.   The Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, __, 136 S. Ct. 1885, 1891 (2016) (citations and quotations omitted).  Judge Kernodle alluded to this when he wrote that the court he presides over "has both specific and inherent power to control its own docket and 'to control the disposition of the causes on its docket with economy of time.'" *See* Exhibit Feb-17/18_Ord (citing: "*United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir.

_____

[11] This case was decided when the provision providing for sanctions on the court's own initiative was set out in Rule 11(c)(1)(B).  *Cf.* FED. R. CIV. P. 11(c)(3) (2007).

2011)" (unpublished)).  Just shy of meeting the word-salad threshold, however, Judge Kernodle's citations work against any inherent-authority deference the Court should give when considering the matters underlying this action.

24.   In *Colomb*, for example, this Court reminded that the "control [over the] disposition of the causes on its docket with economy of time"[12] dealt with "plac[ing] reasonable structural limits on the government's case, leaving the prosecution room to operate within them by culling unnecessary evidence, prioritizing witnesses, and streamlining testimony, without sacrificing significantly probative evidence as a result of arbitrary restrictions that unduly constrict its ability to prosecute crimes." *Colomb*, 419 F.3d at 299.  In *Landis*, the Supreme Court was dealing with "the power of a court to stay proceedings in one suit until the decision of another, and upon the propriety of using such a power in a given situation." *Landis*, 299 U.S. at 249.  And in *Miller*—an unpublished opinion—the Court's reference to the "control [over the] disposition of the causes on its docket with economy of time"[13] dealt with the Appellant's "argu[ment] that the district court erred in granting the respondent an extension of time to file its post-hearing brief." 434 F. App'x at 421.

_____

[12] *Landis*, 299 U.S. at 254.

[13] *Id.*

25.   Out of the three cases cited, only *Landis* has any remote relation to the underlying matter in that (a) I asked for a stay of the state-court proceedings—a stay denied by the magistrate judge—that eventually turned into a conviction I sought collateral review of by writ of habeas corpus February 3,[14] and (b) the district court could have been staying the underlying proceeding awaiting another case to complete.  As to the latter remote relation mentioned, this would be doubtful if Judge Kernodle's claim that the underlying case is closed were legally true—but, the case never got heard on the merits.

### (1)   Judge Kernodle didn't point to a single "bad faith" act.

26.   More important, Judge Kernodle cited these cases in the context of his statement that "[my] repeated filings are abusive and in violation of Federal Rule of Civil Procedure 11."  Exhibit Feb-17/18_Ord.  But his statement goes against the Supreme Court's understanding of a district court's use of its inherent authority because "inherent powers must be exercised with restraint and discretion." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991).  As the slight majority in *Chambers* pointed out, "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45.  *Bad faith* being the standard, there are no abuses of the judicial process that Judge Kernodle can point to.  *See Goldin*, 166 F.3d at 723 ("find[ing] that the

---

[14]  *See* Exhibit Feb-3_Ord (failing to mention the writ applications filed).

imposition of sanctions using the court's inherent powers when no bad faith is specifically found and the record does not support the required high level of culpability constitutes an abuse of discretion"). Indeed, "[t]he court must find that the 'very temple of justice has been defiled' by the sanctioned party's conduct." *Goldin*, 166 F.3d at 722–23 (citations omitted). That Judge Kernodle did everything in his power to stymie appellate review[15] is *his* abuse of the judicial process, not mine. That the clerk of this Court erroneously dismissed my appeal of Judge Kernodle's erroneous ruling on my motion seeking relief from the June 2023 final judgment is the *clerk's* abuse of the judicial process, not mine. Case No. 24-40004. So, it strains any legal credibility to fashion a sanction for no abuse of the judicial process. As such, the lack of a specific finding of bad faith forecloses Judge Kernodle's kung-fu grip on *inherent authority* for the source of his power to sanction in the underlying case. *Goldin*, 166 F.3d at 723. What he should have done is exercised his inherent authority to remove the final judgment in the underlying case from the papers of the case.

(2) **Revocation of electronic filing privileges constitutes an illegal injunction.**

---

[15] Denying motion to proceed on appeal of the denial of Rule 60 motion in forma pauperis.

27.   Judge Kernodle's "exercise of an inherent power in the interest of promoting efficiency . . . undermin[ed] other vital interests related to the fair administration of justice"—namely, the vital interest in being discharged from alleged illegal custodies.  *Dietz*, 136 S. Ct. at 1893; *see id.* (citing *Chambers*, 501 U.S., at 44).  And because Rule 11 provides for the procedure in instances where, as here, I filed notices electronically, inherent power to sanction is not the proper source of power.  *Compare Dietz*, 136 S. Ct. at 1892 (reminding that "the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute."), *with* Rule 11 (limiting the district court's ability to sanction for filing a paper into the case).  After all, how is filing into a judge-purported closed case going to hinder the district court's administration of justice?

28.   What should be most disturbing to the Court is Judge Kernodle effectively shutting the courthouse doors by revoking my ability to file at the district court.  *See* Exhibit Feb-17/18_Ord (ordering "the Clerk of Court [to] revoke [my] electronic filing privileges in [CV-240]").  Instead of Judge Kernodle using reason to bridle his passion for contempt of me exposing the Eastern District of Texas District Court's torrid historical administration and understanding of Section 2241 petitions, he used the most restrictive sanction to deter what he

23

clearly doesn't want to come to light for needed disinfecting. *Cf. In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (requiring "the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior"). It is well documented that I have no ability to get papers to the district court. Thus, my only life-line to federal judicial power is by electronically tendering papers to the district court—or as this action represents, to this Court.[16] If I possessed the ability to get papers to the district court, I would not have filed the January 31 and February 3 in CV-240 for the clerk of that court docket the cases separately.[17] But Judge Kernodle doesn't see things the same way —instead, flying off the handle in displeasure to effectively enjoin me from gaining relief the district court has the authority to give. Judge Kernodle's displeasure with me seeking judicial intervention dots throughout his February 17 or 18 order, saying:

>    28.a.  "the Court explained that this case is closed";
>
>    28.b.  "The Court [] warned Petitioner";

---

[16] This Court offers only one way to file pro se electronically to begin a case—and, that procedure does not guarantee that the case will be docketed. *See* Exhibit Feb-17/18_Ord (characterizing "[t]he notices [as] concern[ing] a purported petition for writ of mandamus with the [U.S. CoA] for the Fifth Circuit"; finding as fact that "there are no pending proceedings" even though I filed a petition for writ of mandamus Feb. 6—amending it Feb. 11 & Feb. 17).

[17] There wasn't any notice provided to me that I may not use the electronic filing manager to give notice to the clerk of the district court. FED. R. CIV. P. 83(b).

28.c. "the Court's orders have not deterred Petitioner";

28.d. "the Fifth Circuit warned Petitioner on December 16, 2024, that any future frivolous, repetitive, or otherwise abusive mandamus petitions in the court will invite sanctions, including summary dismissal and monetary sanctions";

28.e. "Petitioner's repeated filings are abusive";

28.f. "both this Court and the Fifth Circuit have warned Petitioner regarding his abusive and frivolous filings";

28.g. "Despite multiple warnings, Petitioner continues to file abusive pleadings and exhibits"; and,

28.h. "Any other documents, pleadings, correspondence, or motions received from the Petitioner in this case shall not be filed on the docket, but shall be returned unfiled or discarded . . . ."

To these ends, there is very little daylight between Judge Kernodle's displeasure with me and the district judge's displeasure with Goldin in *Goldin*. 166 F.3d at 722 n.15. There, this Court noted "the district court found that Goldin's lawsuit was 'abusive,' and made other statements indicating his displeasure with Goldin." *Id.* And further mirroring this case, (a) the litigant in *Goldin* was not afforded notice with an opportunity to be heard, and (b) "the district court merely made general complaints about the sanctioned party." *Id.* But this Court "reverses

25

sanctions awards" under these circumstances. *Id.* This Court also reverses such district court conduct when analysis of the factors in *Baum v. Blue Moon Ventures* is omitted from the order imposing a pre-filing injunction like what is effectively going on here.[18] Because Judge Kernodle failed to go beyond mere general complaints about me, the injunction constitutes another abuse of discretion warranting the Court vacating the February 17 or 18 order.

**ISSUE TWO:** *WHETHER THE CLERK OF THIS COURT USURPED JUDICIAL POWER WHEN HE REFUSED TO FILE PAPERS TENDERED TO THIS COURT?*

29. The clerk of this Court possesses no Article III power. The Office of the Clerk is an Article I created position authorized to be regulated by the appointees to this Court. When the clerk chooses what to file and what not to file,

---

[18] *See Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (reminding: "When considering whether to enjoin future filings, the court must consider the circumstances of the case, including four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

); *id.* (citing *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004))).

the act usurps the judicial power the U.S. Constitution grants to the courts created by Congress.

30.  Here, the clerk of this Court repeatedly chooses what to file and what not to file.  *Accord* Exhibit Feb-18_Email ("advis[ing] that we [(indicating conspirators)] are taking no action on this email, nor the 3 subsequent emails sent on 02/17/2025").  Other than the email printouts in my possession, there is no outside verifiable document showing what was tendered to the Court.  *See* Exhibit Feb-6_Email (showing only proof of tendering pleading to the Court); Exhibit Feb-8_Email (same); Exhibit Feb-17_Email (same).  In the February 18 email, the clerk admonished me stating: "As you have been previously advised, it is your responsibility to properly combine documents into pdf format BEFORE submitting same to this court."  Exhibit Feb-18_Email.  But when one reviews the submissions on February 6 and 8, those petitions were split at or about nineteen megabytes ("MB") to travel through the electronic mail system without being rejected for sending an email containing an attachment sized beyond the limits set by the sender or recipient's email service providers.  Exhibit Feb-6_Email (documenting "2025.2.6 – Petition_Part1.pdf" containing "19277K" & "2025.2.6 – Petition_Part2.pdf" containing "12289K"); Exhibit Feb-8_Email (documenting "2025.2.8 - 1st Amended Petition_Part1.pdf" containing "19327K" & "2025.2.8 -

1st Amended Petition_Part2.pdf" containing "19407K" & "2025.2.8 -1st Amended Petition_Part3.pdf" containing "10322K").  Nothing different was done in my February 17 submission.  But the clerk singled out the February 17 email containing the motion for leave to amend, and "the 3 subsequent emails" containing the petition split at or about the nineteen MB.  There is no consistency within the Office of the Clerk of this Court.  The lack of consistency prejudices me as demonstrated by Judge Kernodle's statements in the February 17 or 18 order informing that no case has been filed at this Court.  Exhibit Feb-17/18_Ord.  The clerk's conduct constitutes an arbitrary denial of access to the Court; and thus, should be corrected through the writ of mandamus requiring the clerk to file the documents tendered through the pro se email address.

### THERE EXISTS NO OTHER MEANS TO GAIN THE RELIEF

31.   I cannot go to the trial court for reconsideration of Judge Kernodle's errors in judging because the clerk of that court followed Judge Kernodle's February 17 or 18 order and revoked my ability to electronically file at that court with confirmation that the filing was received by the clerk.  This includes the inability to amend a petition in 6:23-CV-312 adding facts[19] supporting added

---

[19]  Facts such as: (a) using the mail to demand monies not owed; (b) using a website to distribute information the distributor knows is false; (c) using the internet to collect monies not owed; (d) establishing a policy and practice to engage in unlawful activities; (e) using attorneys in the commission of criminal activity; and among others, (f) conspiring to deny constitutional

allegations of (a) mail and wire fraud, (b) racketeering, and (c) Texas's failure to adhere to Congress's policy of access to clean domestic water.[20]

32.    And, although Judge Kernodle excepted from his injunction the ability to file documents to appeal his order directly to this Court, I have no way to get the documents to the court he presides over.  Besides, based on Judge Kernodle's history with at least one poor litigants—me—approval of a motion to proceed on appeal is going to be denied since there have been no material changes in my financial position since he denied my motion to proceed in forma paupers in late December 2023.

33.    More important, I submit, the order is not a final judgment, and doesn't qualify as an order this Court has jurisdiction over on any sort of appeal pursuant to (a) the collateral order doctrine because "the district court's order did not conclusively resolve disputed issues that are separate from the merits and that could not be reviewed on appeal from a final judgment,"[21] and (b) Title 28, Section, 1292(b) because Judge Kernodle failed to certify "that such order involves

_____

rights.

[20]  The date for me to have filed the amended petition under seal at the trial court has passed—Feb. 18.  Attached is a copy of Texas's administrative findings I sought to add intimating the necessity of class designation.  Exhibit Jan-23_Ord.  Also attached is the government's positions statement dated and supplied prior to the deadline imposed by Exhibit Jan-23_Ord.  Exhibit Feb-20_POS.

[21]  See *Hodge v. Zimmerman*, No. 23-11177, at *2 (5th Cir. Oct. 3, 2024) (unpublished) (citing *Tracy v. Lumpkin*, 43 F.4th 473, 475 (5th Cir. 2022)),

a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

34.   Nor can I go to the trial court for action against the clerk of this Court for the same reasons.

### THE COURT SHOULD EXERCISE ITS DISCRETION TO ISSUE THE WRIT

35.   There is a lot to be said about all those involved in *In re Stone*; a case this Court concluded in 1993.  986 F.2d 898 (5th Cir.).  In it, the Court said:

> Although it is historically reserved for 'extraordinary' cases, we have used the writ of mandamus as a 'one-time-only device to "settle new and important problems" that might have otherwise evaded expeditious review.'  As district courts continue to become more heavily involved in the pretrial process, appellate courts may be asked more often to issue writs of mandamus to protect the asserted rights of litigants. Pretrial orders such as the ones before us raise important issues but are illsuited for review after final judgment.

*Id.* at 901; *see id.* (citing: *In re Equal Employment Opportunity Comm'n*, 709 F.2d 392, 394 (5th Cir. 1983) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104 (1964))). The basis for the Court's decision in *Stone* remains good law today.  For instance, "where the issues implicated have 'importance beyond the immediate case,'" mandamus will lie.  *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir.

2019); *see id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)); *id.* (footnoting the quote from *Schlagenhauf*).

36.   Here, no case on point discusses a poor person's inability to get papers to a court.  When the matters, as what lies below this case, are of liberty, it is necessary for this Court to fashion a rule for the court's within its supervisory jurisdiction to follow.  The fact that the habeas petition was not adjudicated on the merits bolsters the need for this Court to protect the rights proclaimed to be granted outside of the federal government.

## CONCLUSIONS

37.   The reasons above show that the district court and the clerk of this Court erred.  But beyond mere error, the errors identified were clear and indisputable errors relating to (a) the poor's access to the federal courts by electronic submission, (b) usurpation of judicial power, and (c) rules of appellate and civil procedure.  *In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000); *see Schlagenhauf*, 379 U.S. at 111 (finding the petition was properly before the Court "on a substantial allegation of usurpation of power").  That I have demonstrated "no other adequate means to attain the relief [I] desire[]," mandamus is the proper procedural tool to correct the clear and indisputable errors brought to the Court.  *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).  And because my

circumstances are unique in that—for the time being—I possess the capacity to electronically tender papers to a court while not being incarcerated in a penal facility, the Court should be satisfied that I represent a class of litigants having no expressed guideposts to access federal district courts.

Respectfully submitted,

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775
findpjemerson@gmail.com

**TABLE OF ATTACHMENTS**

CERTIFICATE OF COMPLIANCE

PROOF OF SERVICE

| Exhibit | Description |
|---|---|
| Exhibit Jun-6_ Mot | Rules 62.1 & 2nd Rule 60 of Petitioner, *Philip Emerson v. Jerry Parker, et al.*, No. 6:21-CV-240, Document 70-2 (E.D. Tex. Jun. 6, 2024) |
| Exhibit Aug-5_ Ord | *Philip Emerson v. Jerry Parker, et al.*, No. 6:21-CV-240, *Order Denying Rules 62.1 & 2nd Rule 60(b) Motions* Document 81 (E.D. Tex. Aug. 5, 2024) |
| Exhibit Feb-3_Ord | *Philip James Emerson, Jr., v. Jerry Parker, et al.*, No. 6:21-cv-240, *ORDER DENYING PENDING MOTIONS* (E.D. Tex. Feb. 3, 2025) |
| Exhibit Feb-17/18_Ord | *Philip James Emerson, Jr., v. Jerry Parker, et al.*, No. 6:21-cv-240, *ORDER* (E.D. Tex. Feb. 18, 2025) |
| Exhibit Feb-6_Email | Submission of Motion to Proceed In Forma Pauperis & Petition for Writ of Mandamus |
| Exhibit Feb-8_Email | Submission of Motion for Leave to Amend Petition & 1st Amended Petition for Writ of Mandamus |
| Exhibit Feb-17_Email | Submission of Motion for Leave to Amend Petition & 2nd Amended Petition for Writ of Mandamus |
| Exhibit Feb-18_Email | Clerk Email - No Action in response to February 17 Submission |

33

| Exhibit | Description |
|---|---|
| Exhibit Jan-23_Ord | *COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS*, No. 56853, *ORDER NO. 8 GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND SOLICITING MOTION FOR SUMMARY DECISION* (Tex. P.U.C. Jan. 23, 2025) |
| Exhibit Feb-20_POS | COMMISSION STAFF'S RESPONSE TO MOTION FOR SUMMARY DECISION of Texas Public Utility Commission, No. 56853 *COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS* (Tex. P.U.C. Feb. 20, 2025) |

# ATTACHMENTS

## CERTIFICATE OF COMPLIANCE

I, P J Emerson, the undersigned, certify that:

1.      This document complies with the type-volume limitation of Rule 21(d) of the Federal Rules of Appellate Procedure because (a) this document contains 6,246 words, not counting the areas exempted by Rule 32(f) of the Federal Rules of Appellate Procedure, as determined by LibreOffice Writer Version: 7.6.6.3 (X86_64), Build ID: d97b2716a9a4a2ce1391dee1765565ea469b0ae7 word processing software, and because (b) this document contains less than 30 pages when considering the portions exempted by Rule 32(f).

2.      This document complies with the typeface requirement of Rule 32(a)(5) of the Federal Rules of Appellate Procedure—and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure—because (a) this document has been prepared in a proportionally spaced typeface using LibreOffice Writer in Times New Roman (14-point), and because (b) case names are italicized.

Signed, by:

_____

P J Emerson – *Petitioner*

## PROOF OF SERVICE

I, P J Emerson, the undersigned, certify that this document was served by electronic means on the Honorable United States District Judge Jeremy Kernodle (Jeremy_D_Kernodle@txed.uscourts.gov) in accord with Rule 21(a)(1) of the Federal Rules of Appellate Procedure.

I further certify that this document was served by electronic means on the clerk of this court via the pro se email address.

Signed & Dated: February 25, 2025, by:

P J Emerson – *Petitioner*

# EXHIBITS

# Exhibit Jun-6_Mot

*Rules 62.1 & 2nd Rule 60* of Petitioner, *Philip Emerson v. Jerry Parker, et al.*, No. 6:21-CV-240, Document 70-2 (E.D. Tex. Jun. 6, 2024)

Case 6:21-cv-00240-JDK-KNM   Document 70-2   Filed 06/06/24   Page 1 of 85 PageID #:  4155

P J Emerson
*Pro Se Petitioner*
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:          (512) 763–7775
Email:          pj@pjemerson.com

In the

UNITED STATES DISTRICT COURT

for the Eastern District of Texas, Tyler Division.

| | |
|---|---|
| Philip J. Emerson Jr.,<br><br>*Petitioner*,<br>-v-<br>Jerry Parker,<br>Janae Holland,<br>Angela Albers, &<br>Holly Lake Ranch Association, Inc.,<br><br>*Respondents*. | Case No. 6:21-CV-00240-JDK-KNM<br><br><br>**MOTION TO VACATE THE COURT'S JUNE 14, 2023, ORDER & FINAL JUDGMENT** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, JEREMY DANIEL KERNODLE:

Greetings!  Remaining "[u]ndetered,"[1] I reach out to you respectfully, *inter alia*, asking that you take the June 14, 2023, final judgment in this case, and stamp it "VOID."

## I.      TABLE OF CONTENTS

I. TABLE OF CONTENTS............................................................................................1

II. TABLE OF AUTHORITIES...................................................................................4

III. RELIEF SOUGHT...............................................................................................17

IV. FACTS.................................................................................................................20

     (1) STATEMENT & REFERENCES CONCERNING FACTS RELIED ON....................20

     (2) STATEMENT TO OTHER ADJUDICATIVE FACTS..............................................22

---

[1] MAG. J. MITCHELL's remarks in her orders in 6:23-CV-453-JCB-KNM.

1

V. ARGUMENT.................................................................................................23

    THE COURT DENIED ME THE PROCESS DUE TO ME IN ACCORD WITH THE FIFTH
        AMENDMENT OF THE UNITED STATED CONSTITUTION.................................................25

       (1) FAILURE TO FOLLOW THE STATUTORY SCHEME PREJUDICED ME..............................26

       (2) THE COURT ENDORSING MAG J. MITCHELL'S SKYLARKING EXEMPLIFIES
           WHY THE JUDGMENT MUST BE VACATED.............................................................37

       (3) HOLDING ME TO A STANDARD WHERE I AM FORCED TO CHOOSE WAS
           ILLEGAL.............................................................................................................38

       (4) THE COURT'S ABDICATION FROM EXERCISING U.S. POWER SHOULD BE
           ABDICATED........................................................................................................41

       (5) THIS DISTRICT COURT HAS NO DISCRETION IN DECIDING WHETHER THE JUNE
           14, 2023, JUDGMENT IS VOID.............................................................................48

       (6) HABEAS CORPUS HAS TRADITIONALLY BEEN USED TO ENFORCE A RIGHT TO
           SPEEDY TRIAL.....................................................................................................50

       (7) MOVING FORWARD UNDER RULE 60(B)(4) OF THE FEDERAL RULES OF CIVIL
           PROCEDURE........................................................................................................52

    ISSUE THE WRIT OF MANDAMUS DIRECTED AT *MAG. J. MITCHELL*.......................................65

VI. RECORD ON THIS MOTION............................................................................66

VII. TABLE OF EXHIBITS....................................................................................67

II.      TABLE OF AUTHORITIES

UNITED STATES CONSTITUTION

FIRST AMENDMENT.................................................................................................................48

FIRST AMENDMENT.................................................................................................................50

FIRST AMENDMENT.................................................................................................................53

FIRST AMENDMENT.................................................................................................................62

FIFTH AMENDMENT.................................................................................................................16

FIFTH AMENDMENT.................................................................................................................23

FIFTH AMENDMENT.................................................................................................................26

FIFTH AMENDMENT.................................................................................................................34

FIFTH AMENDMENT.................................................................................................................35

FIFTH AMENDMENT.................................................................................................................48

FIFTH AMENDMENT.................................................................................................................55

SIXTH AMENDMENT................................................................................................................35

FOURTEENTH AMENDMENT.....................................................................................................35

FOURTEENTH AMENDMENT.....................................................................................................45

FOURTEENTH AMENDMENT.....................................................................................................54

FOURTEENTH AMENDMENTS...................................................................................................63

ARTICLE I, SECTION 9, CLAUSE 2...........................................................................................27

ARTICLE I, SECTION 8, CLAUSE 3...........................................................................................32

ARTICLE VI, SECTION 2...........................................................................................................32

UNITED STATES CONGRESS - ACTS

FEDERAL MAGISTRATES ACT....................................................................................................39

INTERSTATE LAND SALES FULL DISCLOSURE ACT....................................................................26

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT...............................................26

Pub. L. 112-63, title I, §103(c), Dec. 7, 2011, 125 Stat. 761.................................................31

UNITED STATES CODE

TITLE 18 SECTION 1961..............................................................................................................26

TITLE 28 SECTION 636...............................................................................................................52

TITLE 28 SECTION 636(C).........................................................................................................63

TITLE 28 CHAPTER 153...........................................................................................................35

TITLE 28 CHAPTER 153...........................................................................................................47

TITLE 28 SECTION 2241..................................................................................................21, 24, 25

TITLE 28 SECTION 2241...........................................................................................................52

TITLE 28 SECTION 2242...........................................................................................................27

TITLE 28 SECTION 2242...........................................................................................................34

TITLE 28 SECTION 2243...........................................................................................................27

TITLE 28 SECTION 2243...........................................................................................................39

TITLE 28 SECTION 2255(H).......................................................................................................41

TITLE 42 SECTION 1982...........................................................................................................18

TITLE 42 SECTION 1981......................................................................................................18, 27

TITLE 42 SECTION 1983......................................................................................................18, 27

TITLE 42 SECTION 1985......................................................................................................18, 27

**FEDERAL PROCEDURAL RULES**

Rule 1 .....................................................................................................................................18

Rule 10(c)...............................................................................................................................20

Rule 10(c)...............................................................................................................................20

Rule 10(c)...............................................................................................................21

Rule 22.................................................................................................................19

Rule 42(a)(1)..........................................................................................................18

Rule 42(a)(2)..........................................................................................................18

Rule 42(a)(3)..........................................................................................................18

Rule 42(b)..............................................................................................................18

Rule 60(d)(1).........................................................................................................16

Rule 60(d)(1).........................................................................................................17

Rule 60(b)(4).........................................................................................................16

Rule 60(b)(4).........................................................................................................17

**<u>SUPREME COURT OF THE UNITED STATES OF AMERICA</u>**

*Alabama Public Service Commission v. Southern Railway Company*, <u>341 U.S.</u>

   <u>341, 361</u> (1951) (Frankfurter, J., concurring in result)......................................33

*Alexandru Bittner v. The United States of America*, <u>598 U. S. 85</u> (2023)......................................29

*Bassel Nabih Assaad v. John Ashcroft, United States Attorney General*, <u>378 F.3d</u>

   <u>471</u> (5th Cir. 2004)..................................................................................34

*Board of Regents of State Colleges, et al., v. David Roth*, <u>408 U.S. 564</u> (1972)..........................34

*Boumediene, et al. v. Bush, President of the United States*, <u>553 U.S. 723</u> (2008)........................41

*Charles D. Braden v. 30th Judicial Circuit Court of Kentucky*, <u>410 U.S. 484</u>

   (1973)......................................................................................................27

*Charles D. Braden v. 30th Judicial Circuit Court of Kentucky*, <u>410 U.S. 484</u>

   (1973)......................................................................................................33

*Charles D. Braden v. 30th Judicial Circuit Court of Kentucky*, <u>410 U.S. 484</u>

   (1973)......................................................................................................40

*Chicot County v. Sherwood*, <u>148 U.S. 529</u> (1893)..........................................................31

*Colorado River Water Conservation District v. United States*, <u>424 U.S. 800</u>

   (1976)......................................................................................................33

*Colorado River Water Conservation District v. The United States of America*, 424 U.S. 800 (1976)................................................................................36

*County of Allegheny v. Frank Mashuda Company*, 360 U.S. 185 (1959)....................................33

*District of Columbia Court of Appeals v. Feldman, et al.*, 460 U.S. 462 (1983)..........................55

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426 (2004)..........................................................27

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426 (2004)..........................................................28

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426 (2004)..........................................................29

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426 (2004)..........................................................33

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426 (2004)..........................................................39

*Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, U.S. 426, 454 (2004)..........................................................40

*Estes v. State of Texas*, 381 U.S. 532 (1965)................................................................................35

*Ex parte Mitsuye Endo*, 323 U.S. 283 (1944)..............................................................................40

*Joseph Roell, Petra Garibay, and James Reagan v. Jon Michael Withrow*, 538 U.S. 580 (2003)..........................................................................................................64

*Standard Oil Company of California. v. The United States of America*, 429 U.S. 17 (1976)....................................................................................................................24

*John A. Strait v. Melvin R. Laird, The United States of America: Secretary of Defense*, 406 U.S., at 345..............................................................................................40

*The United States of America v. Frady*, 456 U.S. 152 (1982)......................................................45

*The United States of America v. Will*, 449 U.S. 200 (1980)..........................................................44

*The United States of America, Department of Homeland Security v. Vijayakumar Thuraissigiam*, 140 S. Ct. 1959, 1963 (2020)....................................................................40

*Warren McClesky v. Walter D. Zant, Superintendent, Georgia Diagnostic & Classification Center*, 499 U.S. 467 (1991)......................................................................23

*Warren McClesky v. Walter D. Zant, Superintendent, Georgia Diagnostic and Classification Center*, 499 U.S. 467 (1991)..........................................................................47

*William Marbury v. James Madison*, 1 Cranch 137 (1803)............................................30

## UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

*Adrian Rosales v. Bureau of Immigration and Customs*, 426 F.3d 733 (5th Cir. 2005)............................................................................................................................27

*Dewey F. De Loach, and others v. Crowley's, Inc.*, 128 F.2d 378 (5th Cir. 1942).......................18

*Ellen Jeanette Moreland v. Federal Bureau of Prisons*, 431 F.3d 180 (5th Cir. 2005)............................................................................................................................27

*Hill v. City of Seven Points*, 230 F.3d 167 (5th Cir. 2000)............................................63

*In re Philip Emerson, No. 24-40107 (May 2, 2024)*........................................................23

*Gabriel Investment Group v. Texas Alcoholic Beverage Commission (In re Gabriel Investment Group)*, No. 21-50322 (5th Cir. 2022)..............................................29

*Jaime Varela, individually and on behalf of similarly situated individuals; Yesica Wiegert, individually and on behalf of similarly situated individuals, v. David Benitez Gonzales; Ana Cristina Benitez; Intelligent Mexican Marketing, Incorporated; Marketing and Inventory Management, L.L.C.*, 773 F.3d 704 (5th Cir. 2014)............................................................................................18

*John C. McClellan, James S. McClellan, & William S. McClellan v. John E. Carland*, 217 U.S. 268 (1910)............................................................................................30

*Lance C. Winchester v. The United States Attorney for the Southern District of Texas*, 68 F.3d 947 (5th Cir. 1995)................................................................................23

*Larry Brooks v. Auburn University*, 412 F.2d 1171 (5th Cir. 1969)....51*Mark Johnson v. George Miller, Sr., individual capacity; Donald Mitchell, individual capacity; Clarksdale Public Utilities Commission*, No. 23-60199 (5th Cir. Apr. 10, 2024)............................................................................................................................29

*Maynard Dare Parsell & Melvin West Parsell v. The United States of America*,
218 F.2d 232 (5th Cir. 1955)............................................................21

*Maynard Dare Parsell & Melvin West Parsell v. The United States of America*,
218 F.2d 232 (5th Cir. 1955)............................................................22

*Mendes Jr. International Company v. M/V Sokai Maru*, 978 F.2d 920 (5th Cir. 1992)............................................................63

*Morgan McMillan v. Amazon.com, Incorporated*, 983 F.3d 194 (5th Cir. 2020).........................29

*Ned Comer; Brenda Comer; Eric Haygood, husband of Brenda Haygood; Brenda Haygood; Larry Hunter, husband of Sandra L. Hunter; Sandra L. Hunter; Mitchell Kisielweski, husband of Johanna Kisielweski; Johanna Kisielweski; Elliott Roumain, husband of Rosemary Roumain; Rosemary Roumain; Judy Olson; David Lain v. Murphy Oil USA; Universal Oil Products (UOP); Shell Oil Company; Exxonmobil Corp.; AES Corp.; Allegheny Energy, Inc.; Alliance Resource Partners LP; Alpha Natural Resources, Inc.; Arch Coal, Inc.; BP America Production Company; BP Products North America, Inc.; Cinergy Corp.; ConocoPhillips Company; Consol. Energy, Inc.; The Dow Chemical Company; Duke Energy Corp.; EON AG; E.I. Dupont De Nemours & Co.; Entergy Corp.; Firstenergy Corp.; Foundation Coal Holdings, Inc.; FPL Group, Inc.; Honeywell International, Inc.; International Coal Group, Inc.; Massey Energy Co.; Natural Resource Partners LP; Peabody Energy Corp.; Reliant Energy, Inc.; Tennessee Valley Authority; Westmoreland Coal Co.; Xcel Energy, Inc.; Chevron USA, Inc.; The American Petroleum Institute*, 607 F.3d 1049 (5th Cir. 2010) (en banc)............................................................43

*Netflix, Inc. v. Babin*, 88 F.4th 1080 (5th Cir. 2023)............................................................48

*Nicole Marie Carter, as Administratrix of and the Estate of Vergil Braud; Jacqueline Esteen, individually and as tutrix of the minor child Tahara Braud; Christy Francis v. Kevin Fenner; Joel Tallant; City of New Orleans, Defendants-Appellants; Nicole Marie Carter, Administratrix of and the Estate of Vergil Braud*, 136 F.3d 1000 (5th Cir. 1998)........................................45

*Nicole Marie Carter, as Administratrix of and the Estate of Vergil Braud;*
    *Jacqueline Esteen, individually and as tutrix of the minor child Tahara*
    *Braud; Christy Francis v. Kevin Fenner; Joel Tallant; City of New*
    *Orleans, Defendants-Appellants; Nicole Marie Carter, Administratrix of*
    *and the Estate of Vergil Braud*, 136 F.3d 1000 (5th Cir. 1998)......................................46

*Nicole Marie Carter, as Administratrix of and the Estate of Vergil Braud;*
    *Jacqueline Esteen, individually and as tutrix of the minor child Tahara*
    *Braud; Christy Francis v. Kevin Fenner; Joel Tallant; City of New*
    *Orleans, Defendants-Appellants; Nicole Marie Carter, Administratrix of*
    *and the Estate of Vergil Braud*, 136 F.3d 1000 (5th Cir. 1998)......................................46

*Nicole Marie Carter, as Administratrix of and the Estate of Vergil Braud;*
    *Jacqueline Esteen, individually and as tutrix of the minor child Tahara*
    *Braud; Christy Francis v. Kevin Fenner; Joel Tallant; City of New*
    *Orleans, Defendants-Appellants; Nicole Marie Carter, Administratrix of*
    *and the Estate of Vergil Braud*, 136 F.3d 1000 (5th Cir. 1998)......................................51

*Oless Brumfield v. Louisiana Board of Education*, 806 F.3d 289 (5th Cir. 2015)........................45

*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake*
    *Ranch Association, Inc.*, No. 24-40004 (dismissed by clerk Mar. 12, 2024)....................23

*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake*
    *Ranch Association, Inc.*, No. 24-40009 and, or, 24-40012................................................23

*Port of Corpus Christi Authority of Nueces County v. The Port of Corpus Christi*
    *L.P.*, 57 F.4th 432 (5th Cir. 2023).....................................................................................18

*Reyes-Requena v. The United States of America*, 243 F.3d 893 (5th Cir. 2001)..........................40

*Roberto Beras v. Calvin Johnson, Warden, Oakdale Federal Correctional*
    *Institution*, 978 F.3d 246 (5th Cir. 2020)........................................................................28

*Roberto Beras v. Calvin Johnson, Warden, Oakdale Federal Correctional*
    *Institution*, 978 F.3d 246 (5th Cir. 2020)........................................................................40

*Servando Torres v. Merrick Garland, United States Attorney General*, No. 22-
    60293 (5th Cir. 2023)........................................................................................................33

*The United States of America v. 119.67 Acres of Land, More or Less, Situated in Plaquemines Parish*, 663 F.2d 1328 (5th Cir. Unit A 1981)..............................................21

*The United States of America v. 119.67 Acres of Land, More or Less, Situated in Plaquemines Parish*, 663 F.2d 1328 (5th Cir. Unit A 1981)..............................................46

*The United States of America v. 119.67 Acres of Land, More or Less, Situated in Plaquemines Parish*, 663 F.2d 1328 (5th Cir. Unit A 1981)..............................................51

*The United States of America: Federal Deposit Insurance Corporation v. Danial Daniel Belcher*, 978 F.3d 959, 965 (5th Cir. 2020)..............................................28

*The United States of America v. Alexandru Bittner*, 19 F.4th 734 (5th Cir. 2021).........................28

*The United States of America; via Ex Relator Gage v. Davis S.R. Aviation, L.L.C.*, 613 F. App'x 445 (5th Cir. 2015)....................................................................46

*Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404 (5th Cir. 1994)....................................23

*United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010)..........................................46

*William Ray McGary v. Wayne Scott, Director, Texas Department of Criminal Justice, Institution Division*, 27 F.3d 181 (5th Cir. 1994).................................................23

*Willie J. Griffin, Jr. v. Mr. Ebbert, Warden of FCI Yazoo, Mississippi*, 751 F.3d 288 (5th Cir. 2014)..................................................................................28

### COURT OF APPEALS - OTHER THAN 5TH CIRCUIT

*Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952)...........................................................22

*Stewart v. Overholser*, 186 F.2d 339 (D.C. Cir. 1950)..................................................22

### EASTERN DISTRICT OF TEXAS LOCAL RULES

E. Dist. Tex., Local Rule CV-7(a).........................................................................37

E. Dist. Tex., Local Rule CV-10(d).......................................................................37

E. Dist. Tex., Local Rule CV-7(k).........................................................................38

Electronic Case Filing User's Manual (2024)........................................................38

Electronic Case Filing User's Manual (2022)........................................................39

### EASTERN DISTRICT OF TEXAS CASES

*Adrian Kevor Johnson v. Goeings*, No. 1:06-CV-330 (E.D. Tex. 2006).....................................36

Case 6:21-cv-00240-JDK-KNM   Document 70-2   Filed 06/06/24   Page 11 of 85 PageID #: 4165

*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 6:21-CV-00240-JDK-KNM (Jun. 14, 2023).......................15

*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 6:21-CV-00240-JDK-KNM (Jun. 14, 2023).......................16

*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 6:21-CV-00240-JDK-KNM (Jun. 14, 2023).......................17

*Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-CV-453-JCB-KNM (May 7, 2024)..................................................................16

*Philip James Emerson, Jr. v. Jerry Parker, Kelly Cole & Kevin White*, No. 453-JCB-KNM (May 7, 2024)................................................................................17

*Holly Lake Ranch Association, Inc., v. Philip J Emerson Jr., et al.*, 6:24-CV-82-JCB (docketed Mar. 2024)..................................................................17

*Irvine P. White v. William Stephens, Director Texas Department of Criminal Justice Correctional Institutions Division*, No. 9:13-CV-299 (E.D. Tex. 2014)....................................................................................................36

*Rene Castillo v. N. Vasquez, Warden at FCI Beaumont*, No. 1:15-CV-53 (E.D. Tex. 2015)....................................................................................................36

**TEXAS CONSTITUTION**

BILL OF RIGHTS.............................................................................................................61
BILL OF RIGHTS.............................................................................................................59
BILL OF RIGHTS.............................................................................................................62
ARTICLE I, SECTION 12..................................................................................................42
ARTICLE I, SECTION 12..................................................................................................59
ARTICLE I, SECTION 12..................................................................................................59
ARTICLE III, SECTION 1.................................................................................................59
ARTICLE IV, SECTION 22...............................................................................................55
ARTICLE V, SECTION III.................................................................................................59

### TEXAS CODES & STATUTES

TEXAS CIVIL PRACTICE AND REMEDIES CODE, CHAPTER 11.........................................................58

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 11.05.............................................................61

TEXAS GOVERNMENT CODE, SECTION 22.004..............................................................................61

TEXAS GOVERNMENT CODE, SECTION 22.02(a)......................................................................59, 60

TEXAS GOVERNMENT CODE, SECTION 22.02(b)..............................................................................60

TEXAS GOVERNMENT CODE, SECTION 22.02(c)..............................................................................60

TEXAS GOVERNMENT CODE, SECTION 22.02(d)..............................................................................60

### PROCEDURAL RULES - TEXAS

TEX. R. CIV. P. 1.................................................................................................................57

TEX. R. CIV. P. 145.............................................................................................................57

TEX. R. APP. P. 47.1...........................................................................................................33

TEX. R. APP. P. 47.1...........................................................................................................56

### SUPREME COURT OF TEXAS PROCEDURAL ORDERS

Misc. Docket No. 16-9122, *FINAL APPROVAL OF AMENDMENTS TO THE*
   *TEXAS RULES OF CIVIL PROCEDURE AND THE TEXAS RULES OF*
   *APPELLATE PROCEDURE AND OF A FORM STATEMENT OF*
   *INABILITY TO AFFORD PAYMENT OF COURT COSTS* (Aug. 31, 2016)....................57

## SUPREME COURT OF TEXAS OPINIONS

*Bexar County Hosp. Dist. v. Crosby*, 327 S.W.2d 445 (Tex. 1959)..............................................60

*Brown v. City of Galveston*, 97 Tex. 1 (Tex. 1903).......................................................................60

*Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474 (Tex. 2016)....................................63

*L. P. Cassell v. United States Fidelity Guarantee Company*, 283 S.W. 127 (Tex. 1926)..................................................................................................................................36

## COURTS OF APPEALS DECISIONS IN TEXAS

*Ex parte Philip J. Emerson, Jr.*, Nos. 06-20-00085-CR thru 06-20-00088-CR (Tex. App.—Texarkana 2020, no pet.23)...........................................................33

*Ex parte Philip J. Emerson, Jr.*,....................................................................................................34

*Ferrara v. Moore*, 318 S.W.3d 487 (Tex. App.—Texarkana 2010, pet. denied)..........................33

*Ferrara*, 318 S.W.3d 487................................................................................................................52

*Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468 (Tex. App—El Paso 2022, no pet.)..................................................................................................33

*McDaniel v. Calvert*, 875 S.W.2d 482, 485 (Tex. App.—Fort Worth 1994, no writ)...............................................................................................................................33

*Ronald Roddy, et. al., v. Holly Lake Ranch Association, Inc.*, 589 S.W.3d 336 (Tex. App.—Tyler 2019, no pet.).............................................................................47

## PERSUASIVE AUTHORITY

APPELLANT'S BRIEF ON THE MERITS for Appellant, EX PARTE PHILIP J. EMERSON JR., Nos. 06-20-00085-CR thru 06-20-00088-CR (Aug. 27, 2020).................................................................................................................................32

Articles of Confederation, Article III...............................................................................................31

FIRST SUPPLEMENT TO SECOND AMENDED DEFENDANT PHILIP J. EMERSON JR.'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM FOR EQUITABLE BILL OF REVIEW &

13

APPLICATION FOR TEMPORARY INJUNCTION of Defendant, Holly Lake Ranch Association, Inc., v. Philip Emerson, et al., No. 2020-059, (402nd Dist. Ct. Sep. 14, 2023)........................................................70

Henry Ward Beecher, Proverbs from Plymouth Pulpit 8 (comp. by Drysdale, William New York, D. Appleton and Company, 1887)...................................27

*Holder v. Curley*, 749 F. Supp. 2d 644 (E.D. Mich. 2010).............................................36

Merriam Webster, https://www.merriam-webster.com/wordplay/wag-the-dog-idiom-meaning...............................................................................27

National Dictionary of the English Language: Based on the Principles Established by Noah Webster and Including a practical Guide to Business English (1939 ed.)...............................................................................27

National Dictionary of the English Language: Based on the Principles Established by Noah Webster and Including a practical Guide to Business English (1939 ed.)...............................................................................30

Pablo Almaguer & Mary Christine Reed, Update on TRCP 145 and Statements of Inability to Pay Court Costs (Sep. 2, 2021).........................................57

PETITIONER'S MOTION TO SUSPEND PACER ACCOUNT DISABILITY of Petitioner, Philip J. Emerson Jr. v. Jerry Parker, Kevin White, & Kelly Cole, No. 6:23-CV-00453-JCB-KNM, 24-40107 (E.D. Tex. Mar. 8, 2024; 5th Cir. Mar. 12, 2024).................................................................17

PETITION FOR PANEL REHEARING for Petitioner, In re: Philip James Emerson, Jr., No. 24-40107 (5th Cir. May 17, 2024).........................................17

Update on TRCP 145 and Statements of Inability to Pay Court Costs..........................................57

Vincent R. Johnson, Prof. of Every Tort, Humanity, & Professionalism, The Magna Carta and the Beginning of Modern Legal Thought, Miss. L.J. 621, 623 (2016)...............................................................................39

### III.      RELIEF SOUGHT

1.      The Court enter an order, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure [hereafter FRCP], the Court's inherent authority to set aside orders determined to be infirm under the law, or both, **VACATING**:

(a)      The Court's June 14, 2023, final judgment in this case;[2]

*and*, after relieving the parties from the finality of the judgment described in sub-paragraph (a) above, the Court, pursuant to Rule 60(d)(1) of the FRCP, enter an order **VACATING**:

(b)      The Court's June 14, 2023, order adopting the UNITED STATES MAGISTRATE JUDGE's, K. NICOLE MITCHELL's [hereafter *MAG. J. MITCHELL*], report and recommendation in this case;[3]

*and after vacating the final judgment described in sub-paragraph (b) above*, the Court, pursuant to Rule 60(d)(1) of the FRCP, the Court's inherent authority to set aside Court actions in violation of the Fifth Amendment of the United States Constitution, or both, enter an order **VACATING**:

(c)      The portion of the Court's February 24, 2023, order denying an evidentiary hearing in this case;[4]

(d)      The Court's March 16, 2023, order denying sanctions in this case;[5]

---

[2] *Emerson*, No. 240-JDK-KNM, Dkt. #51.

[3] *Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 6:21-CV-240-JDK-KNM (Jun. 14, 2023)  [hereafter *Emerson*, No. 240-JDK-KNM], Dkt. #50 PageID #: 2606, *attached hereto as* Exhibit 15 of "Exhibit 1b."

[4] *Emerson*, No. 240-JDK-KNM, Dkt. #14 PageID #: 224.

[5] *Emerson*, No. 240-JDK-KNM, Dkt. #27 PageID #: 329.

15

(e)     The Court's November 30, 2023, order denying relief from final judgment in this case;[6]

*and after vacating, or not vacating, the orders outlined at in sub-paragraphs (c)–(d) above*, the Court, pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure, the Court's inherent authority to set aside orders determined to be infirm under the law, or both, enter an order **VACATING**:

(f)     The Court's May 7, 2024, order adopting *MAG. J. MITCHELL*'s report and recommendation entered in *Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-CV-453-JCB-KNM [hereafter *Emerson*, No. 453-JCB-KNM];

*and after relieving me of the order described in sub-paragraph (f) above*, the Court, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, enter an order **VACATING**:

(g)     The Court's May 7, 2024, final judgment entered in *Emerson*, No. 453-JCB-KNM.[7]

2.     The Court enter an order **GRANTING**:

(a)     The motion docketed April 4, 2023, asking for leave to file my amended petition having excess pages;[8]

(b)     The motion to remove the disability from my PACER account as if requested in this case;[9]

---

[6] *Emerson*, No. 240-JDK-KNM, Dkt. #56. PageID #: 3356–59, *attached as* Exhibit 16 to PETITION FOR PANEL REHEARING for Petitioner, *In re: Philip James Emerson, Jr.*, No. 24-40107 (5th Cir. May 17, 2024), Document: 47-1, *attached hereto as* "Exhibit 1b."

[7] *Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-CV-453-JCB-KNM (E.D. Tex. May 7, 2024) [hereafter *Emerson*, No. 453-JCB-KNM], Dkt. #37. PageID #: 15237–38, *attached as* Exhibit 18 to Exhibit 1b.

[8] *Emerson*, No. 240-JDK-KNM, Dkt. #30.

3. The Court, pursuant to Rules 42(a)(1) or 42(a)(2), and in accord with Rules 1, 42(a)(3), and 42(b), of the Federal Rules of Civil Procedure:

 (a) Join for hearing the matters relating to the unlawful custody or custodies at issue in this case and in *Emerson*, No. 453-JCB-KNM;

   or,

 (b) Consolidate this case with *Emerson*, No. 453-JCB-KNM;   and,

 (c) Enter an order severing claims that the Court determines are not cognizable in habeas corpus or mandamus, but instead are redressable under Title 42 Section 1981, 1982, 1983, 1985 of the United States Code.

4. Enter orders in the form of writs of mandamus to the persons or courts or offices named below.

5. Take judicial notice of facts in the filings in this case, the case described as *Emerson*, No. 453-JCB-KNM, and in case number *Holly Lake Ranch Association, Inc., v. Philip J Emerson Jr., et al.*, 6:24-CV-82-JCB (docketed Mar. 2024).

6. Enter an order awarding me of reasonable costs in bringing this motion—made up in actual costs ($169.40, *see* PACER Service Center statement dated 05/17/2024 at Exhibit 3j + $5.00 fee to Court (Dkt. Entry 06/25/2021) and time (23 hours billable at $95.00 per hour)—in the amount of $4,544.40.[10]

---

[9] PETITIONER'S MOTION TO SUSPEND PACER ACCOUNT DISABILITY of Petitioner, *Philip J. Emerson Jr. v. Jerry Parker, Kevin White, & Kelly Cole*, No. 6:23-CV-00453-JCB-KNM, 24-40107 (E.D. Tex. Mar. 8, 2024; 5th Cir. Mar. 12, 2024) ECF Nos. Dkt. #33 PageID #: 13834, *attached hereto as* "Exhibit 1a"; *see* Exhibit 3j (showing total amount due in most recent correspondence).

[10] The PACER Service Center amount should be deposited in the registry of the Court for disbursement to PACER account number 4805074. *See* Exhibit 3j (billing statement 5/2024); Exhibit 1a (asking this Court & 5th Cir. to suspend account disability).

7.      In addition to the above, I renew my request for sanctions to be levied by the Court against Respondent Angela Albers [hereafter *Albers*], that because of the time delay, and additional legal work, the *then* reasonable sanction request in the amount of $1,000.00 be increased $1,000.00 for each month this case has spanned until this month for a total sanction— *purposed in curbing prosecutor and custodian disrespect for the civil process, abusing the dispute resolution process, and dilatory, frivolous, and waiving responses*—of $15,000.00.  *See* Dkt. #26 (describing basis).

        (a)      The Texas Public Utilities Commission.

        (b)      The Department of Health and Human Services.

        (c)      The United States of America Department of Justice.

## IV.      FACTS

(1)      *Statement & References Concerning Facts Relied On.*

8.      The factual statements contained in each of the attached exhibits marked "Exhibit 2_"— with the "_" replaced with a distinguishing letter of the alphabet—represents a pleading filed in state court and were incorporated into the declaration at paragraph 1 made this day attached hereto as "Exhibit 1.1."  I adopt the statements made in my declaration—whether expressly stated therein or incorporated by reference—here as if fully set forth in this paragraph.[11]  It should be presumed, unless rebutted by an opposing party, that nothing in the declaration itself,

---

[11] FED. R. CIV. P. 10(c).  *See Jaime Varela, individually and on behalf of similarly situated individuals; Yesica Wiegert, individually and on behalf of similarly situated individuals, v. David Benitez Gonzales; Ana Cristina Benitez; Intelligent Mexican Marketing, Incorporated; Marketing and Inventory Management, L.L.C.*, 773 F.3d 704, 710 (5th Cir. 2014) (per curiam) ("considering [a] report's factual assertions [attached to a Second Amended Complaint], along with the factual allegations of the [Second Amended Complaint] itself," in concluding "Appellants have failed to establish RICO standing"); *Port of Corpus Christi Auth. of Nueces Cty. v. The Port of Corpus Christi L.P.*, 57 F.4th 432, 440 (5th Cir. 2023) (per curiam) (quoting Appellant's argument that arguments against waiver "were incorporated by reference from the Removal' pursuant to Rule 10(c) of the Federal Rules of Civil Procedure" in affirming dist. ct. remanding to state court).

18

or in any document attached that was written by me or under the name of my agent, "disclos[es ] some fact which will necessarily defeat [my] claim[s]" set forth further below. *Dewey F. De Loach, and others v. Crowley's, Inc.,* 128 F.2d 378, 379 (5th Cir. 1942). The table below is provided as a courtesy to the reader for the purpose of locating the particular plead facts relevant to understanding the relief requested in this motion, offered in support of my claims, or both.

| Exhibit Attachment | Referenced Facts Adopted as if in this Paragraph |
|---|---|
| 2a | ORIGINAL PETITION FOR WRIT OF MANDAMUS for Relator at _____, *In re Philip J. Emerson Jr.*, No. 21-1055 (Dec. 7, 2021) (file-marked by BLAKE A. HAWTHORNE, THE HONORABLE CLERK OF THE SUPREME COURT OF TEXAS [hereafter MR. CLERK HAWTHORNE]) |
| 2b | MANDAMUS RECORD *accompanying* Exhibit 2a for Relator, *In re Philip J. Emerson Jr.*, No. 21-1055 (Dec. 7, 2021) (file-marked by MR. CLERK HAWTHORNE) |
| 2d | ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant at ¶¶2–20,XII. CERTIFICATE OF COMPLIANCE, Tables 1–3, *In re: P J Emerson*, No. _____, (Mar. 29, 2024) (rejected by MR. CLERK HAWTHORNE) |
| 2e | ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS, ATTACHMENTS, of Petitioner & Applicant at Tabs B-10 (¶¶1–11, VIII. VERIFICATION BY UNSWORN DECLARATION), B-12 (¶¶1–17,  VII. VERIFICATION BY UNSWORN DECLARATION), C-1 (¶¶1–10), C-2 (¶¶1–37, C. PRAYER(1)–(9), VIII. JURAT), D-8 (¶¶1–46), G-3 (¶¶1–17, VIII. VERIFICATION – JURAT), H-2 (¶¶1–30, VI. PRAYER, J-1), *In re: P J Emerson*, No. _____, (Sup. Ct. Tex. Mar. 29, 2024) (rejected by MR. CLERK HAWTHORNE) |
| 2f | 2ND AMENDED MOTION FOR TEMPORARY RELIEF of Relator at ¶¶1.–1.b.4., 3.1.–3.a.2., IN RE PHILIP J. EMERSON JR., No. 18-1216 (Sup. Ct. Tex.  Jan. 2, 2019) (file-marked by MR. CLERK HAWTHORNE) |
| 2g | PETITION FOR WRIT OF MANDAMUS of Relator at all un-numbered paragraphs on pages 1–4 & the numbered paragraphs at ¶¶0.1–0.6, 1.A.1–1.A.3, 1.B.1–1.B.(1)(c)i.5, 1.D.1–1.D.(2)4, 1.E.1–1.E.3, Pr. 1–Pr. 6, under the heading "APPENDIX," Tabs A (¶¶1–16,), IN RE PHILIP J. EMERSON JR., No. 18-1216 (Dec 27, 2018) (file-marked by MR. CLERK HAWTHORNE) |

| Exhibit Attachment | Referenced Facts Adopted as if in this Paragraph |
|---|---|
| 2h | NOTICE of Defendant at ¶¶1–2, *Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr.*, No. 2020-059, 7688, & 7689 (402nd Dist. Ct. Nov. 30, 2023) (file-marked by Suzy Wright, THE HONORABLE CLERK OF THE 402ND JUDICIAL DISTRICT [hereafter *MS. CLERK WRIGHT*]) |
| 2i | APPELLANT'S BRIEF ON THE MERITS of Appellant at all un-numbered paragraphs on pages 1–4 & the numbered paragraphs at ¶¶1–39 , *Ex parte Philip J. Emerson Jr.*, No. 06–20–00085–CR (Aug. 27, 2020) (mirroring 06–20–00086–CR thru 06–20–00088–CR) |

(2)   *Statement to Other Adjudicative Facts.*

9.    Attached to this motion beyond those authenticated by my declaration are (a) documents tendered to the Clerk of this Court, the Clerk of the United States Court of Appeals for the Fifth Circuit, the Clerk of the Supreme Court of the United States, and (b) documents received by me from one of the clerks of those courts.  The factual statements made by me in each are adopted and incorporated here as if fully set forth verbatim in this paragraph.  A table of attachments is appended to this motion.  Each description of the exhibit stated in the table is incorporated here by reference.

10.    Also attached to this motion are excerpts of government created documents pertinent to the relief requested and are attached in accord with Rule 10(c) of the Federal Rules of Civil Procedure for the same purpose the documents described in the paragraphs above and attached hereto—that the copy of the written instrument referenced as an exhibit is a part of this motion, or that the copy of the written instrument referenced as an exhibit is a part of this pleading if any part is interpreted by the Court as a complaint pleading, is intended to be a part of the document for all purposes.

11.    It is further asserted that each fact contained under this heading be recognized generally as a fact or facts necessary to adjudicated this motion.  Additional facts, some supported by an

20

attached document, are written out in each respective ground for relief, or the argument in support thereof.

12.    The Wood County Court canceled the jury trial that was to happen May 6, 2024.

## V.    ARGUMENT

13.    This case was filed under Title 28 Chapter 153 Section 2241 of the United States Code. 28 U.S.C. § 2241.  Dkt. #1.  That provision grants to this Court the power to issue the writ of habeas corpus prescribing in relevant part that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within [its] respective jurisdiction[]. "  28 U.S.C. § 2241.  Every Circuit in this nation agrees that the district court "may not refuse to 'entertain' an application presented to it."  *Accord Ray M. Stewart v. Overholser*, 186 F.2d 339, 349 n.5 (D.C. Cir. 1950) (per curiam) (noting that "[o]nly the Supreme Court, a justice thereof, or a circuit judge may refuse to do so" pre-1996 changes to FED. R. APP. P. 22).  The Supreme Court of the United States made the notation in *Stewart* even clearer by amending Rule 22 of the Federal Rules of Appellate procedure in 1996—changing the language from "If application is made to a circuit judge, the application will ordinarily be transferred to the appropriate district court" to: "An application for a writ of habeas corpus must be made to the appropriate district court[, but] [i]f made to a circuit judge, [then] the application must be transferred to the appropriate district court."  FED. R. APP. P. 22 (pre-1996 amend.);  FED. R. APP. P. 22 (post-1996 amend.); *Stewart*, 186 F.2d at 349 n.5.

14.    The Fifth Circuit has adopted, and fully quoted, with approval that "to entertain, [can mean] to dismiss it 'if satisfied that the action is frivolous or malicious.'"  *Maynard Dare Parsell & Melvin West Parsell  v. United States*, 218 F.2d 232, 235 (5th Cir. 1955); *id.* (quoting *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952)).  This, "[i]n the interest of orderly procedure and of

21

keeping proper court records." *Id.* The former mayor of Houston, Texas, former U.S. district judge for the Southern District of Texas for the Court of Appeals, and the, then, Chief Judge of the U.S. Court of Appeals for the Fifth Circuit, wrote for the two-circuit-judge panel in *Parsell v. United States* that the two "adopt and quote fully" the opinion of the "Eighth Circuit['s]" "Judge Sanborn" in *Higgins v. Steele* for it being "thoroughly considered, well reasoned, and fully supported . . . ." *Id.* The two—Chief Judge Joseph Chappell Hutcheson Jr. and Circuit Judge Edwin Ruthven Holmes—"f[ou]nd [them]elves in complete agreement" that Sanborn's opinion "adequately and correctly redeclar[ing] the long standing rule, that an appeal in forma pauperis should not, indeed may not, be allowed where it is plainly without merit . . . ." *Id.*[12]

---

[12]There is no inconsistency at the 5th Cir., *in 1955. But cf., e.g.*, 3–4 Federal court organization and fifth circuit division: hearings before the SUBCOMMITTEE ON COURTS, *CIVIL LIBERTIES*, AND THE ADMINISTRATION OF JUSTICE OF THE COMMITTEE ON THE JUDICIARY, HOUSE OF REPRESENTATIVES, NINETY-SIXTH CONGRESS, second session, on H.R. 6060, H.R. 7665, and related bills . . . August 22, 1980 (testifying, the HON. GRIFFIN B. BELL, on behalf of the A.B.A.:

> If prompt action is not taken . . . , the nearly 40 million citizens of this region will be relegated to an inadequate system of justice.
>
> . . . .
>
> One of the foremost problems is the preservation of consistency and predictability in the decisional process.
>
> . . . .
>
> It is becoming increasingly difficult for the judges of the circuit to remain current with respect to the law in their own circuit.
>
> . . . .
>
> The results of these factors are obvious: Inconsistent decisions within the same circuit; delays in resolving matters; the use of a far-from-ideal mechanism for resolving intra-circuit conflicts; and eventually, the loss of public confidence in the ability of the justice system to render decisions promptly and fairly.
>
> . . . .
>
> We cannot tolerate these results, and we do not have to.

); *id.* at Report No. 96-1390, *PETITION TO THE CONGRESS* (asking for Congressional help 25 yrs. after *Maynard Dare Parsell & Melvin West Parsell v. U.S.*, 218 F.2d 232 (5th Cir. 1955):

> [T]here must be uniformity in the application of the law by the Court . . . .

22

**THE COURT DENIED ME THE PROCESS DUE TO ME IN ACCORD WITH THE FIFTH AMENDMENT OF THE UNITED STATED CONSTITUTION**

15.   Continuing with the theme *entertaining* a claim, the Fifth Circuit has considered the term of art *to entertain* in the contra context; meaning, in the context of a district court's "failure to *entertain* the [habeas] claim." *William Ray McGary v.Wayne Scott, Director, Texas Department of Criminal Justice, Institution Division*, 27 F.3d 181, 183 (5th Cir. 1994) (quoting the SUP. CT. of the U.S.'s "suggest[ion] that 'if [a] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result . . . " in *Warren McClesky v. Walter D. Zant, Superintendent, Georgia Diagnostic & Classification Center*, 499 U.S. 467, 494–95 (1991)) (emphasis assigned). Here, however, had the Court properly *entertained* my Section 2241 petition filed almost three years ago—and, (A) followed the procedure at Chapter 153 in Title 28, (B) aligned the electronic filing training I was required to abide by with its own procedural rules, and (C) followed the law of the land, as determined by the Supreme Court of the United States—(1) this motion, (2) the November 17, 2023, Rule 60 motion seeking relief from the Court's June 14, 2023, final judgment, (3) the appeal of the Court's November 30 denial of the November 17 motion,[13] and

---

[T]he judges of the [5th Cir.], who are charged with the duty of preserving the rule of law in the Circuit, are required to study and absorb all of the production of all of the judges, that is, their written opinions for the Court [(approach approximately 10,000 pages in 1980)].

The impact of this great volume of work on the district judges is also serious. The[, at the time,,] 125 district judges of the Fifth Circuit are required to keep abreast of the law of the Circuit. It is now virtually impossible for a district judge to read and consider the opinions of our Court while, at the same time, keeping the functions of the district court current.

. . . .

); *id.* at 57 (testifying, the HON. ROBERT A. AINSWORTH, JR., CIR. J.,: "The most important thing from the viewpoint of litigants and the bar, is that there is no stability and predictability in the law."), *each attached hereto as "Exhibit 3a."*

(4) the habeas petition filed at this Court assigned 6:23-00453-CV-JCB-KNM would all have been unnecessary to present.[14]  28 U.S.C. CH. 153.

   (1)   *Failure to Follow the Statutory Scheme Prejudiced Me.*

16.     Setting to the side the Fifth Circuit's historics relics *Parsell* or *McGary*, the Court need not rely on either of those cases for the purpose of determining whether the Court is required to vacate its June 2023 order and final judgment.  FED. R. CIV. P. 60(b)(4); *see The United States of America v. 119.67 Acres of Land, More or Less, Situated in Plaquemines Parish*, 663 F.2d 1328, 1331 (5th Cir. Unit A 1981) (explaining the law in this Circuit—that a due process violation is a narrow exception to the final judgment rule).  This is because the procedure due to me was, and still is, written out in the statutes.  28 U.S.C. § 2241, *et. seq*.  Specifically, Section 2243 prescribes that:

> A court, [] or judge *entertaining* an application for a writ of habeas corpus **shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted**, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause **shall be directed to the person having custody of the person detained**. It **shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed**.

> The person to whom the writ or order is directed **shall make a return certifying the true cause of the detention**.

---

[13]Because that appeal (*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 24-40004 (*dismissed by clerk* Mar. 12, 2024))—along with a petition seeking interlocutory review (*Philip J. Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, Holly Lake Ranch Association, Inc.*, No. 24-40009 and, or, 24-40012) & clerk docketed mandamus action (*In re Philip Emerson*, No. 24-40107 (May 2, 2024) (unpublished order))—were dismissed by the Clerk at the 5th Cir., this Court has jurisdiction to *entertain* & *grant* this motion.  *Standard Oil Co. of Cal. v. U.S.*, 429 U.S. 17, 18 (1976); *accord Winchester v. U.S. Att'y for the S. Dist. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995) (citing *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404 (5th Cir. 1994)).

[14]That final judgment entered May 7, 2024, should be vacated for similar reasoning—filed Sep. 7, 2023 —objections struck Feb. 2024.  Exhibits 18 & 10 of Exhibit 1b; *supra* ¶1.

> When the writ or order is returned a day **shall** be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court **shall** summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243 (emphasis mine).  None of the mandates emphasized above occurred.  *See* U.S. CONST. FIFTH AMEND. DUE PROCESS CLAUSE (declaring: "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."); *see also, e.g.*, Dkt. #10 (issuing an order to respond nineteen months after the petition was filed (Dkt. #1)); *id.* (omitting every respondent except Albers from responding); *id.* (failing to show good cause for exceeding 3 days); *id.* (exceeding 20 days); Dkt. #18 (same without describing recognizable good cause); Dkt. #19 (admitting cause for extension was delay); Dkt. #14 (denying evidentiary hearing); Dkt. #21 (granting substitute based on scheme, *see* Dkt. #26, to delay operation of statutory scheme & constitutional remedy); Dkt. #25 (granting extension again without a show or description of any recognized good cause); Dkt. #27 (denying sanctions for employing delay scheme between attorneys).  And with specific respect to persons[15] other than Angela Albers described in the original, or amended, application, this did not occur either.  *Compare, e.g.*, Dkt. #10 (giving only

---

[15]These "persons" are also designated as persons engaged with others in an illegal enterprise; to which, the request to sever those claims from this case pertain so that irreparable harm not available in this proceeding can be stopped.  18 U.S.C. § 1961; *see* Exhibit 1e (demanding settlement under RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT & INTERSTATE LAND SALES FULL DISCLOSURE ACT); *see also* 42 U.S.C. §§ 1981, 1983, 1985.

*Albers* more than twenty days to respond), *with* U.S. CONST. FIFTH AMEND. DUE PROCESS CLAUSE, *&* 28 U.S.C. § 2243 (listing out the process due).  Any objective person knowing all of the facts would agree with the statement: It is as if the Court plays the role of a dog[16] while others *do* the wagging.[17]  The sentences that come to mind are some of the many found in PROVERBS FROM PLYMOUTH PULPIT:

> *The dog was created specially for children.  He is the god of frolic.*

HENRY WARD BEECHER, 8 (1887).  And when applied in this forum to a set of modern-non-prisoner habeas facts, the proverb translates to:

> *The law* (defied to excess) *works a wild prank on us immature judges*.

*See* NATIONAL DICTIONARY OF THE ENGLISH LANGUAGE: *BASED ON THE PRINCIPLES ESTABLISHED BY NOAH WEBSTER AND INCLUDING A PRACTICAL GUIDE TO BUSINESS ENGLISH* 352 FROLIC (1939 ed.) (meaning: "wild prank"); *id.* at 375 "god" ("a thing defied to excess"); *id.* at 169 CHILD ("one immature in judgment").  *But compare* U.S. CONSTITUTION, ART. I, § 9, CL. 2 (declaring the remedy essential to the new constitutional scheme).  Thus, when the process isn't followed in habeas corpus proceedings, the Court has no discretion to do anything other than it's ministerial duty to set aside what is constitutionally infirm—the final judgment.

### THE FINAL JUDGMENT HERE WAS BASED ON MAG. J. MITCHELL'S PERSONAL FROLIC.

17.     The Court's action in this case is *somewhat* understandable given that the Fifth Circuit provides little supervising guidance as to what "custody of the person detained" means.  28

---

[16]HENRY WARD BEECHER, PROVERBS FROM PLYMOUTH PULPIT 8 (comp. by Drysdale, William New York, D. Appleton and Company, 1887), PDF retrieved from the Library of Congress: www.loc.gov/item/44029706/, *excerpts attached hereto as* "Exhibit 3c."

[17]"The tail wagging the dog is an idiom that usually refers to something important or powerful being controlled by something less so."  The History of 'Wag the Dog': *We're putting on a big show about it*, MERRIAM WEBSTER, https://www.merriam-webster.com/wordplay/wag-the-dog-idiom-meaning (last visited Jun. 1, 2024).

U.S.C. § 2243; *see* 28 U.S.C. § 2242 (using the phrase: "It shall allege . . . the name of the person who has custody over him . . . ."); *Donald H. Rumsfeld, Secretary of Defense v. Jose Padilla & Donna R. Newman, as next friend of Jose Padilla*, 542 U.S. 426, 438 (2004) (basing the meaning of the phrase "on the plain language of the habeas statute"). Citing to the Supreme Court case of *Rumsfeld v. Padilla* but a mere six times in published opinions, the Fifth Circuit has followed its guidance—that "the plain language of the habeas statute [was interpreted by the Court] over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary"—expressly twice, and implicitly only twice.

(a)    In *Adrian Rosales v. Bureau of Immigration and Customs*, the late Thomas Morrow Reavley (assigned during his Senior Circuit Judge status) and current Senior status Circuit Judges  E. Grady Jolly and Patrick E. Higginbotham (then as Circuit Judges) cited to *Padilla* generally in recognition that "the Supreme Court recently noted[] physical detention (or here, physical detention by federal, rather than state, authority) is no longer required for a petitioner to meet the custody requirement and obtain habeas relief." 426 F.3d 733, 735 (5th Cir. 2005); *id.* (citing 542 U.S. 426). *But cf. generally Charles D. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (holding for **thirty years** before the decision that "form of 'custody'" other than present physical custody may be complained of via habeas corpus).

(b)    In *Ellen Jeanette Moreland v. Federal Bureau of Prisons*, the Fifth Circuit panel—consisting of the late Circuit Judge Fortunato Benavides, and former and current Chief Judges Carl E. Stewart and Priscilla Richman (both, then as Cir. J.J.)—agreed on the notation

27

citing to *Padilla,* 542 U.S. at 447, in support of the Petitioner "fil[ing] her petition for writ of habeas corpus in the district in which she was confined as required by 28 U.S.C. § 2241(d) and named as a respondent the warden of the facility in which she was confined." 431 F.3d 180, 183 (5th Cir. 2005).

(c)    In *Willie J. Griffin, Jr. v. Mr. Ebbert, Warden of FCI Yazoo, Mississippi,* Circuit Judges Jerry E. Smith, James L. Dennis, and Stephen A. Higginson—with then Circuit Judge Dennis (now, current Senior status Cir. J.) writing for the trio—the Fifth Circuit cited *Padilla,* 542 U.S. at 434, in support of the Petitioner following the steps in naming his current custodian.  751 F.3d 288, 289 (5th Cir. 2014).

(d)    In *Roberto Beras v. Calvin Johnson, Warden, OAKDALE FEDERAL CORRECTIONAL INSTITUTION,* Senior Circuit Judge Jacques L. Wiener Jr., along with Circuit Judges Kurt D. Engelhardt and Andrew Oldham, agreed—citing to *Padilla*, 542 U.S. at 447 for comparative support—that the Court will not "condone" forum shopping under Section 2241 when the claim has been "heard and denied by another circuit . . . ." 978 F.3d 246, 253 (5th Cir. 2020).

(e)    In *The Federal Deposit Insurance Corporation of the United States of America v. Danial Daniel Belcher*, Circuit Judge Stewart wrote for the Panel[18] citing to *Padilla*, 542 U.S. at 434, for the purpose of pointing out "that the appearance of the definite article 'the' before the word 'person' in a statute indicated that there was only one 'person' who could fit the definition within the statute."  978 F.3d 959, 963 (5th Cir. 2020).

---

[18]The Panel consisted of the author, Edith Brown Clement as Senior Cir. J., and resigned Cir. J. Costa—with Cost dissenting on the basis of new evidence supplied at oral argument, together with his conclusion that the appeal brings to the Court "difficult statutory questions."  *Fed. Deposit Ins. Corp. v. Belcher*, 978 F.3d 959, 965 (5th Cir. 2020).

(f)      In *The United States of America v. Alexandru Bittner*, the Panel cited *Padilla*, <u>542 U.S. at 434</u>, in a notation in similar fashion as in *id.* <u>19 F.4th 734, 747</u> n.10 (5th Cir. 2021), *reversed on other grounds in Alexandru Bittner v. The United States of America*, <u>598 U. S. 85, 94</u> (2023) (reminding of the time-tested statutory construction tool "*expressio unius est exclusio alterius*"—"[w]hen Congress includes particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning").

That the decision in *Padilla* recognized that other forms of custody are cognizable under well-established Supreme Court precedent, it isn't unreasonable to conclude that Fifth Circuit guidance on the subject is deficient.  In support, look at the next example representative of pure and simple skylarking.[19]

### *CIRCUIT JUDGE WILLETT FROLICS, TOO!*

18.    Usually reliable Circuit Judge Donny Ray Willet unabashfully makes up the law.[20]  Beginning in 2020 in the case *Morgan McMillan v. Amazon.com, Incorporated*, Judge Willett mistakenly cited to the nation's landmark decision in *William Marbury v. James Madison* proposing for us to believe that "[s]tate judiciaries, after all, are partners in our shared duty 'to say what the law is'—equal partners, not junior partners." <u>983 F.3d 194, 202</u> (5th Cir.); 1 Cranch 137 (1803).  Since that panel decision consisting of Judge Willett, Senior Circuit Judge Jacques L. Wiener Jr., and the now resigned former Circuit Judge Gregg Jeffrey Costa, Judge Willett quotes himself as if there is somewhere, some sort of support for, the statement of law

---

[19]NATIONAL DICTIONARY OF THE ENGLISH LANGUAGE: *BASED ON THE PRINCIPLES ESTABLISHED BY NOAH WEBSTER AND INCLUDING A PRACTICAL GUIDE TO BUSINESS ENGLISH* 764 SKYLARKING (1939 ed.) (meaning: "frolicking").

[20]Circuit Judge Willett's biography at the Baylor University Board of Regents gives a quick overview of his community involvement.  *See* https://boardofregents.web.baylor.edu/person/don-r-willett.

that state judiciaries and the federal judiciary are "equal"—*number one*, and *number two*—state judiciaries are "partners." *Gabriel Investment Group v. Texas Alcoholic Beverage Commission (In re Gabriel Investment Group)*, No. 21-50322, at *1 (5th Cir. 2022); *Mark Johnson v. George Miller, Sr., individual capacity; Donald Mitchell, individual capacity; Clarksdale Public Utilities Commission*, No. 23-60199, at *7-8 (5th Cir. Apr. 10, 2024), *attached hereto as* "Exhibit 3f." But there is no support for the statement—especially in habeas corpus. As the Supreme Court wrote in *John C. McClellan, James S. McClellan, & William S. McClellan v. John E. Carland*, "[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, . . . and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case." 217 U.S. 268, 282 (1910); *cf.* Pub. L. 112-63, title I, §103(c), Dec. 7, 2011, 125 Stat. 761 (following the Supreme Court's decisions in *id.* and its prodigy). If connoting something has any meaning, that statement of law connotes the Supreme Court's understanding of our Constitution means that the United States judiciary is not a partner in this federal republic scheme; but rather, the federal judiciary is the final word. *See supra* ¶¶11(e)–11(f) (connoting "the" followed by something separates the *something* from everything else).

19.     Furthermore, allowing Texas to exercise equal authority turns two-hundred-thirty-three years of decisions upside down. After all, we saw how that "league of friendship" worked out under the Articles of Confederation—a document that had no reference whatsoever to habeas corpus. *See* Article III (partnering:

>    The said states hereby severally enter into a firm league of friendship with each
>    other, for their common defence, the security of *their* Liberties, and *their* mutual

30

and general welfare, *binding* themselves to assist each other, against all force offered to, or attacks made upon them, or any of them, on account of religion, sovereignty, trade, or any other pretence whatever.

). The document had to be scrapped because it was unworkable—states could not rely on their "equal" *partners*. U.S. CONSTITUTION; *see McMillan*, 983 F.3d at 202 (rebirthing the ideals of Arts. Conf.), *Gabriel*, No. 21-50322, at *1 (same); *Johnson*, No. 23-60199, at *7–8 (same). Therefore, the Court should not pay any attention to Circuit Judge Willett's made up thoughts.[21] *Accord id.* This Court supervises state courts on federal issues—that is the law![22] It was error of unconscionable proportions to abandon me, and abandon its jurisdiction because this Court is "bound to proceed to judgment and to afford redress to suitors before [it] in every case to which [] jurisdiction extends." *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893).

### *NO STATE COURT PROVIDED DUE PROCESS PROTECTION OF MY RIGHT TO DUE COURSE OF THE LAW OF THE LAND OF TEXAS—PUTTING ON FULL DISPLAY THEIR SCORN FOR THIS COURT'S AUTHORITY.*

20.    And certainly on point here, the fact no evidence exists remotely involved in this case that the courts in Wood County, Texas—nor the intermediate appellate courts overseeing them— partnered with this Court, nor the Fifth Circuit on anything. *Compare, e.g.*, APPELLANT'S BRIEF ON THE MERITS for Appellant, *EX PARTE PHILIP J. EMERSON JR.*, Nos. 06-20-00085-CR thru 06-20-00088-CR, **21–27 (Aug. 27, 2020), *06-20-00085-CR attached hereto as* "Exhibit 2i" (pointing to appellate judicial precedent that *"Driving Through Gates Placed On Land in Conflict With Texas Law Is the Law in This Judicial District"*), & *id.* at 21 (citing

---

[21]Nor should the Court waste its time trying to find 5th Cir. support for liberating folks like me beyond what is cited to herein—there is just not that much—given the 5th Cirs. admissions to its historically limited resources. *Supra* n.5.

[22]U.S. CONST., ART. I, § 8, CL. 3; U.S. CONST., ART. VI, § 2; *see generally, e.g.*, *McClellan v. Carland*, 217 U.S. 268, 281 (1910) (supervising timid inferior federal courts).

31

*Ferrara v. Moore,* 318 S.W.3d 487, 491–92 (Tex. App.—Texarkana 2010, pet. denied) (holding that "running over [the servient estate owner]'s[, Ferrara's] gate, jumping over stumps, and finally breaking through a six-foot barbed wire fence wired to a post" was authorized by express grant)), *with Ex parte Philip J. Emerson, Jr.*, Nos. 06-20-00085-CR thru 06-20-00088-CR (Tex. App.—Texarkana 2020, no pet.[23]) (omitting any reference to its own holding cited by its sister court of appeals in *Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468, 492 (Tex. App—El Paso 2022, no pet.) that "[a] servient estate cannot interfere with the right of the dominant estate to use an easement for the purpose for which it was granted or sought" citing *Ferrara,* 318 S.W.3d at 490, citing *McDaniel v. Calvert*, 875 S.W.2d 482, 485 (Tex. App.—Fort Worth 1994, no writ) for the proposition that "[a]ny use by others that interferes with the exercise of superior easement rights must yield"), *&* TEX. R. APP. P. 47.1 (requiring that "[t]he court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").  As represented by the decision in *Ex parte Philip J. Emerson, Jr.*, the state courts in that arena—*and the judges presiding over them*—laugh at this Court, laugh at the Fifth Circuit, and laugh at the Supreme Court of the United States.[24]  They laugh—*as I cry*—because of how things have gone in this case: this Court, the clerk of this Court, the Fifth Circuit, the clerk of the Fifth Circuit, and the clerk of the Supreme Court of the United States agree with that the process I sought and seek should be summarily denied.

---

[23]No petition was filed at the Tex. Ct. of Crim. Apps. because a petition was filed under Tex. Code Crim. P. 11.59.  That petition was not allowed to be filed by the dist. j.  That order is complained of because it, along with the others like, illegally suspend habeas corpus in Texas.

[24]The Twelfth Court of Appeals at Tyler might should consider a one-day work week given its rubber-stamping policy, refusal to follow the rules of procedure, & refusal to follow the mandates of the SUP. CT. OF TEX.

21.     At this juncture in this proceeding, nevertheless, the law of the land is as stated in *Padilla*: "Under *Braden*, [] a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"[25]  *Id.* (citing *Charles D. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973)).  But MAG. J. MITCHELL didn't care to find that liberty personal to me was important enough to overcome abstention.  Because of this failure to follow Supreme Court precedent, *Mag. J. Mitchell*'s conduct amounts to the playing of a cruel and unusual prank on me for two years.  She skylarked me unconstitutionally.  The skylarking she engaged in, obviously, deprived me of the protection of the Fifth Amendment of the United States Constitution because she denied me process.  U.S. CONST., FIFTH AMEND.  Actionable here, however, is not the deprivation in and of itself; it is the fact that her deprivation prejudiced me to a degree repugnant to an American judicial system—and continues to prejudice me each and every day that follows.

---

[25]The Supreme Court's decision does not conflict with the doctrine of abstention—and as an additional reason to vacate the June 2023 judgment: This Court was wrong to rely an exception to dismiss my original petition. *See Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 813–14 (1976) (reminding:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court *may* decline to exercise or postpone the exercise of its jurisdiction, **is an extraordinary and narrow exception** to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine *only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest*.'
>
> '[I]t was never a *doctrine of equity* that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.'

) (underlining, bold, & italics mine); *id.* at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959) & *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result)).

"[A]bstention is [*only*] appropriate where . . . [(a)] federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings"; and among other irrelevant-to-this-matter's circumstances, (b) **no** "bad faith, harassment, or a patently invalid state statute" is complained of.  *Colorado River*, 424 U.S. at 816 (emphasis mine).

33

22.      Of the more recent Fifth circuit unpublished cases on the subject of complaints

concerning due process under the Fifth Amendment, the per curiam Panel opinion—comprised

of the Chief Judge, the former Chief Judge and current Circuit Judge Carl Stewart, and newly

minted Senior status Circuit Judge James Dennis—in *Servando Torres v. Merrick Garland,*

*United States Attorney General*, went over the "[t]he requirements of procedural due process"; in

that, they "apply only to the deprivation of interests encompassed by the [Due Process Clause]'s

protection of liberty and property."  No. 22-60293, at *7 (5th Cir. 2023); *see id.* (quoting *Board*

*of Regents of State Colleges, et al., v. David Roth*, 408 U.S. 564, 569 (1972)).  Reminding what

the Fifth Circuit has said in the past, "the failure to receive relief that is purely discretionary in

nature does not amount to a deprivation of a liberty interest."  *id.*; *id.* (citing *Bassel Nabih*

*Assaad v. John Ashcroft, United States Attorney General*, 378 F.3d 471, 475 (5th Cir. 2004)).

Like the assigned judge over this proceeding has no discretion to decide whether to vacate the

final judgment in this case—albeit under a Rule 60(b) analysis—*Mag J. Mitchell* had no

discretion to deny me the procedural outline at Section 2241*, et seq.*  When the matter is of

*Liberty*, and the facts are as specified herein and in the record, prejudice is presumed.  *See, e.g.*,

*Estes v. Texas*, 381 U.S. 532, 542-43 (1965) (reciting presumed prejudice in Fifth, Sixth, &

Fourteenth Amendment due process cases).[26]  I have proved prejudice in this motion by every

keystroke.  So—there is no excuse for failing in your duty to oversee the Court's magistrate

judge allowing a Section 2241 petition to linger for nearly two years before issuing a report and

recommendation.  *See Emerson, Jr.*, No. 6:21-CV-00240-JDK-KNM, *PDF Printing: CIVIL*

*DOCKET FOR CASE* (billboarding line-by-line departure from statutory scheme at 28 U.S.C.

---

[26]Should it surprise anyone that the case began at the infamous, and Alfonso Charles covering, Seventh
Judicial District Court in Tyler, Texas—just a stone's throw from this Court's plot of land.

34

CH. 153);  *L. P. Cassell v. United States Fidelity Guarantee Company*, 283 S.W. 127, 128 (Tex. 1926) (causing injuries from engaging in "a frolic, horseplay . . . pranking or fooling").

(2)  *The Court Endorsing MAG J. MITCHELL's Skylarking Exemplifies Why the Judgment Must Be Vacated.*

23.     What I described above as *somewhat understandable*—because of the Court of Appeals for the Fifth Circuit's woeful supervision over the district court's in the Circuit concerning non-convicted habeas corpus—does not excuse, however, this Court from exercising its power to free people like me from (a) traditional "forms of confinement" and (b) "forms of confinement" queer to the traditional immediate custodian rule.[27]

24.     Unsuprisingly, other district courts around the country are keen to what *Padilla* and *Braden* spoke to.  For example, the Eastern District of Michigan in *Holder v. Curley* wrote:

> The proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 'The writ, or order to show cause shall be directed to the person having custody of the person detained.' Generally this means the prisoner's immediate physical custodian — i.e., the warden of the facility where the prisoner is being held. However, the Supreme Court has recognized an exception to the 'immediate custodian' rule where the warden is not' 'the person who holds [the petitioner] in what is alleged to be unlawful custody.' In such a case, the proper respondent is 'the entity or person who exercises legal control with respect to the challenged 'custody'.'

---

[27]*Compare, e.g.*, Dkt. #1 (complaining of vexatious litigant determination), *& Dkt.* #30-2 (same), *& id.* (complaining of Mar. 12, 2020, order finding under pre-2016 standard of review), *& id.* (pointing to effect of factual allegations on *future* custody—i.e., adversarial proceeding before TEX. BD. LAW. EXAMS., *see* Exhibit 1e (No. 6:23-CV453-JCB-KNM at Dkt. #36-1 at 15157)) (explaining that I was likely prevented from even asking for a hearing on the Bd.'s preliminary determination because of vexatious litigant determination), *&* (understanding that if a non-favorable result—a potential *future* custody in appeal of the administrative decision), *with Adrian Kevor Johnson v. Goeings*, No. 1:06-CV-330, at *1 (E.D. Tex. 2006) (showing at least *one* judicial officer (Art. I of the federal constitution variety) in the 5th Cir. that appears to get the *Padilla/Braden* distinction), *& Irvine P. White v. William Stephens, Director Texas Department of Criminal Justice Correctional Institutions Division*, No. 9:13-CV-299, at *1 (E.D. Tex. 2014) (same), *& Rene Castillo v. N. Vasquez, Warden at FCI Beaumont*, No. 1:15-CV-53, at *1 (E.D. Tex. 2015) (same).

749 F. Supp. 2d 644, 645 (2010) (citations omitted); *see id.* (citing to 28 U.S.C. § 2242; 28

U.S.C. § 2243).  That district court exercised its "'unflagging obligation' to exercise

congressionally conferred jurisdiction."  *Netflix, Inc. v. Lucas Babin, Texas Prosecutor*, 88 F.4th

1080, 1084–85 (5th Cir. 2023); *see id.* (quoting "*Colorado River Water Conservation District v.*

*United States*, 424 U.S. 800, 821[sic] . . . (1976)"); *see CO. Riv. Wat. Conserv. Dist. v. U.S.*, 424

U.S. 800, 817–18 (stating that the "difference in general approach between state-federal

concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually

unflagging obligation of the federal courts to exercise the jurisdiction given them."); *id.* (citing

*England v. Medical Examiners*, 375 U.S. 411, 415 (1964), *McClellans*, *& Cohens v. Virginia*, 6

Wheat. 264, 404 (1821)).  Having established that (a) MAG J. MITCHELL violated my right to due

process, (b) by adopting *Mag. J. Mitchell*'s foolish prank in conflict with the statutes governing

the habeas proceeding the Court violated by right to due process, (c) this Court erred in adopting

MAG. J. MITCHELL's abstention analysis, and (d) nothing prevents this Court from exercising its

authority, I turn to my complaint that the local rules changed the way my case was administered

—thus violating my right to due process *again* in the same proceeding.

  (3)   *Holding Me to a Standard Where I Am Forced to Choose Was Illegal.*

25.    On the 4th day of April 2023, I filed a motion to exceed page count.  Dkt. #30.  Attached

to the motion was the document proposed for filing—my first amended petition.  Dkt. #30-2. The

motion was obviously "in writing," it "conform[ed] to the requirements of Local Rules CV-5 and

CV-10, and [was] accompanied by a separate proposed order in searchable and editable PDF

format for the judge's signature."  E. DIST. TEX., LOCAL RULE CV-7(a); Dkt. #30-1.

26.    Approximately ten days later, the clerk of the court entered a deficiency notice stating:

"Incorrect PDF."  But the clerk failed to forward the alleged deficiency to the Court for action.

*See* E. DIST. TEX., LOCAL RULE CV-10(d) (providing:

> The clerk shall monitor documents for compliance with the federal and local rules as to format and form. If a document is identified as deficient as to form, the clerk shall enter a notice on the docket that identifies the perceived deficiency. The filing party will be given a reasonable opportunity, preferably within one day, to cure the perceived deficiency. **If the perceived deficiency is not cured in a timely fashion, the clerk shall refer the matter to the assigned district or magistrate judge**.

) (emphasis mine).  Around this time, the clerk contacted me by phone asking why I docketed the

amended petition as an exhibit to my motion for leave to file excess pages.  I responded to her

inquiry by referencing the training materials I was required to review prior to filing anything

with the Court.  She responded with explaining the normal practice as outlined in the local rules

at CV-7 on the subject—sub-part (k).  The local rule unambiguously provides as follows:

> Motions for leave to file a document should be filed **separately** and **immediately** before the document for which leave is sought. *If the motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing.* If the motion is denied, the document will be struck or, in the case of motions to file a document exceeding page limitations, the excess pages and attachments cited only therein will not be considered by the court. **The time for filing any responsive documents will run from the date of the order on the motion for leave.**

E. DIST. TEX., LOCAL RULE CV-7(k) (emphasis mine).  She made sure to admonish me and

encouraged that I look to the local rules for guidance.

27.    The rub here, notwithstanding the unambiguous rule and the clerk's outreach, is that the

rule conflicts with (a) the training materials I was required to review, and (b) my signature to

37

abide by the teachings in the training materials.  Specifically, the Court's ELECTRONIC CASE

FILING USER'S MANUAL states at page 4 the following:

> **ATTACH THE PROPOSED DOCUMENT AS AN EXHIBIT TO THE MOTION FOR LEAVE TO FILE THE DOCUMENT.**
>
> If your motion is granted, the order will direct you to electronically file your document. You must e-file the document as new at that time.

*See* Exhibits 3g, 3h (providing copies of the ELECTRONIC CASE FILING USER'S MANUAL

effective 2022 & 2024 respectively), *2024 revision available at* https://txed.uscourts.gov/?

q=node/14105/attachment, *2022 revision available at* .  The document I was required to sign

(Dkt. #24; also docketed at Dkt. #28) says in relevant parts:

> Once you have obtained a court order approving you to e-file in the case you noted above, you must review the ECF Training resources that are available on the court's website at www.txed.uscourts.gov/?q=filing/training-resources and then deliver or mail this form to the clerk.
>
> **Pro Se Litigant's Acknowledgment of E-Filing Requirements**
>
> ***As evidenced by my signature below, I declare that I acknowledge, consent, and agree to the following:***
>
> **1.      *To abide by the Federal Rules of Civil Procedure, Eastern District of Texas'* [sic] *Local Rules, and the instructions provided in the ECF Training resources posted on the court's website . . . .***

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, **Pro Se**

**Litigant's Acknowledgment of E-Filing Requirements** (signed Mar. 13, 2023) (emphasis in

original).

28.      In this case, I've complained about the motion for leave to file an amended complaint

having excess pages not having been ruled on.  The object of my complaint alone violates the

process due to me and prejudiced me beyond any acceptable level.  *See* FEDERAL MAGISTRATES

ACT (prescribing duties); *id.* (omitting striking pleadings and acting in cases without authority). Someone from the seventeenth century is watching this case from above wondering if all that work was for not. *Cf.* VINCENT R. JOHNSON, Prof. of Every Tort, Humanity, & Professionalism, THE MAGNA CARTA AND THE BEGINNING OF MODERN LEGAL THOUGHT 85 MISS. L.J. 621, 623 (2016) (teaching that "the Magna Carta [was] negotiated on the battlefront [by threat of sword]"). This, because—as my argument in my motion to the Fifth Circuit iterated about other rules—the rules violate the constitution. That argument is incorporated here. Exhibit 1f ¶¶7–15.

(4) *The Court's Abdication from Exercising U.S. Power Should Be Abdicated.*

29.     As this record demonstrates, this is one of those rare cases that even the late Associate Justice Sandra Day O'Connor would see as exceptional—not *that* extraordinary. Governments have been harming those governed since the beginning of government. But in *Rumsfeld v. Padilla*—discussed earlier—the High Court explained the necessity for exceptions to the rule of actual custody. This, even tho' *Padilla* was an actual custody case. In the concurring opinion joined by O'Connor, it was explained by Associate Justice Kennedy like this:

> The Court has made exceptions in the cases of nonphysical custody, *see, e.g.*, *Strait*, 406 U.S., at 345, of dual custody, *see, e.g.*, *Braden*, 410 U.S., at 500, and of removal of the prisoner from the territory of a district after a petition has been filed, *see, e.g.*, *Endo*, 323 U.S., at 306; . . . In addition, I would acknowledge an exception if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention.

*Padilla*, 542 U.S. 426, 454 (2004) (Kennedy, J., *joined by* O'Connor, concurring) (cleaned up). The point is that habeas is for the exceptional case—excepting it from what has become the modern norm→ prisoner cases. If discharging one from an unlawful liberty restraint has become

extraordinary—then those persons adjudicating the law gloss over habeas corpus embedded in the constitution without change.

30.    Associate Justice Alito wrote for the Supreme Court in, *but another*,[28] immigration case attempting to use habeas corpus to overcome Congress's right to regulate an individual's entry into the United States of America. *The United States of America, Department of Homeland Security v. Vijayakumar Thuraissigiam*, 140 S. Ct. 1959, 1963 (2020); *cf. Beras v. Johnson*, 978 F.3d 246, 253 (5th Cir. 2020) (Oldham, J. concurring) (writing separately in support of en banc court overturning *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)—a case concerning the Fifth Circuit's "canonical statement on the meaning of 28 U.S.C. § 2255(h)"). In that plurality, the Court hinged its decision on overruling Thuraissigiam's argument that won at the court of appeals: "[T]hey[, the persons enforcing the Illegal Immigration Reform and Immigrant Responsibility Act (the Dept. of Homeland Security),] unconstitutionally suspend the writ of habeas corpus and violate asylum seekers' right to due process." *Id.*  Reversing the Ninth Circuit, Justice Alito—joined by Chief Justice Roberts and Associate Justices Thomas, Gorsuch, and Kavanaugh—cited to *Boumediene v. Bush* prefacing the bulwark of the opinion with: "[Thuraissigiam]'s Suspension Clause argument fails because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was drafted and ratified.'" *Id.* at 1963; *see id.* (quoting *Boumediene, et al. v. Bush, President of the United States*, 553 U.S. 723, 746 (2008), a case that actually expanded the scope of the writ). And sure to note, Justice Alito pointed out the following:

---

[28]These cases, and the prisoner cases interpreting all of Congress's restrictive statutes, clog up the development of the federal law on habeas corpus—making it difficult for law abiding citizens to know what the law is and how it can be used to live a life full of liberty.

40

> The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.' *In INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), we wrote that the Clause, at a minimum, 'protects the writ as it existed in 1789,' when the Constitution was adopted. And in this case, respondent agrees that 'there is no reason' to consider whether the Clause extends any further. We therefore proceed on that basis.

*Id.* at 1968–69.  In the footnote accompanying the statements, Justice Alito recognized "[t]he original meaning of the Suspension Clause is the subject of controversy." *Id.* at 1969 n.12. Grasping the opportunity to chime in on what the Suspension Clause means when not at issue, Associate Justice Thomas provided a historical vent that the Suspension Clause in the U.S. Constitution "was not necessarily an express limitation on the availability of the writ of habeas corpus." *Id.* at 1988 (concurring).  Based on his reduction from English origins to early statehoods, Justice Thomas concludes that the Suspension Clause in the federal constitution "appears to have been a grant of power to detain based on suspicion of a crime or dangerousness without bail or trial." *Id.*  Justice Thomes could be right, but he could also be wrong—as he and Justice Alito said, that thought is subject to an unresolved controversy.  There is no controversy about Texas's built-in suspension clause at Section 12, Article I, of the Texas Constitution, however.  "The writ of habeas corpus [in Texas] is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."  TEX. CONST., ART. I § 12.  And "[a] state or governmental body violates due process of law when it fails to follow the procedural steps it has adopted for proceedings held before it."  *Swindle v. Livingston Parish School Board*, 662 F.3d 328, 336 (5th Cir. 2011) (Smith, J., dissenting in vote against en banc rehearing).[29]; *id.* (citing to *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, (1954);

---

[29]*See Swindle v. Livingston Parish School Board*, 662 F.3d 328, 336 (5th Cir. 2011) (Smith, J., dissenting in vote against en banc rehearing) (citing to *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, (1954); *Antonuk v. United States*, 445 F.2d 592 (6th Cir.1971); *Government of Canal Zone v. Brooks*, 427 F.2d 346 (5th

41

*Antonuk v. United States*, 445 F.2d 592 (6th Cir.1971); *Government of Canal Zone v. Brooks*, 427 F.2d 346 (5th Cir.1970); *Yellin v. United States*, 374 U.S. 109 (1963); *Vitarelli v. Seaton*, 359 U.S. 535 (1959); *Service v. Dulles*, 354 U.S. 363 (1957)).

31.

32.

33.     The writ shall not be suspended

34.     The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas 1969*1969 Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U. S. Const., Art. I, § 9, cl. 2. In *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), we wrote that the Clause, at a minimum, "protects the writ as it existed in 1789," when the Constitution was adopted. Id., at 301, 121 S.Ct. 2271 (internal quotation marks omitted). And in this case, respondent agrees that "there is no reason" to consider whether the Clause extends any further. Brief for Respondent 26, n. 12. We therefore proceed on that basis.[12

35.

36.     In 1768, Blackstone's Commentaries— usually a "satisfactory exposition of the common law of England," *Schick v. United States,* 195 U.S. 65, 69, 24 S.Ct. 826, 49 L.Ed. 99 (1904)— made this clear. Blackstone wrote that habeas was a means to "remov[e] the injury of unjust and illegal confinement." 3 W. Blackstone, Commentaries on the Laws of England 137 (emphasis deleted). Justice Story described the "common law" writ the same way. See 3 Commentaries on the Constitution of the United States § 1333, p. 206 (1833). Habeas, he explained, "is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not." *Ibid.*

37.     We have often made the same point. See, *e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("It is clear ... from the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *Wilkinson v. Dotson,* 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (similar); *Munaf v. Geren,* 553 U.S. 674, 693, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) (similar).

38.

---

Cir.1970); *Yellin v. United States*, 374 U.S. 109 (1963); *Vitarelli v. Seaton*, 359 U.S. 535 (1959); *Service v. Dulles, 354 U.S. 363* (1957)).

39.    We have often made the same point. See, e.g., *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("It is clear ... from the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *Wilkinson v. Dotson,* 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (similar); *Munaf v. Geren,* 553 U.S. 674, 693, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) (similar).

40.    "Just as courts have an 'absolute duty . . . to hear and decide cases within their jurisdiction,' litigants have a corresponding due process right to have their cases decided when they are properly before the federal courts."  *See Ned Comer; Brenda Comer; Eric Haygood, husband of Brenda Haygood; Brenda Haygood; Larry Hunter, husband of Sandra L. Hunter; Sandra L. Hunter; Mitchell Kisielweski, husband of Johanna Kisielweski; Johanna Kisielweski; Elliott Roumain, husband of Rosemary Roumain; Rosemary Roumain; Judy Olson; David Lain v. Murphy Oil USA; Universal Oil Products (UOP); Shell Oil Company; Exxonmobil Corp.; AES Corp.; Allegheny Energy, Inc.; Alliance Resource Partners LP; Alpha Natural Resources, Inc.; Arch Coal, Inc.; BP America Production Company; BP Products North America, Inc.; Cinergy Corp.; ConocoPhillips Company; Consol. Energy, Inc.; The Dow Chemical Company; Duke Energy Corp.; EON AG; E.I. Dupont De Nemours & Co.; Entergy Corp.; Firstenergy Corp.; Foundation Coal Holdings, Inc.; FPL Group, Inc.; Honeywell International, Inc.; International Coal Group, Inc.; Massey Energy Co.; Natural Resource Partners LP; Peabody Energy Corp.; Reliant Energy, Inc.; Tennessee Valley Authority; Westmoreland Coal Co.; Xcel Energy, Inc.; Chevron USA, Inc.; The American Petroleum Institute*, 607 F.3d 1049, 1060–61 (5th Cir. 2010)

(en banc) (quoting *United States v. Will*, 449 U.S. 200, 215 (1980)).  There is no doubt that I was properly before the Court because:

(a)    Requiring me to visit with anyone before using and enjoying land expressly granted to me is the very definition of detaining me, or having me in custody,[30] in violation of the U.S. Constitution's declaration providing for freedom of movement.

(b)    Suspending the writ of habeas corpus in state court violates the Texas Constitution; thus, denying me equal protection and due process under the Fourteenth Amendment.  And had that right not been suspended, I would have gained release from forms of custody whereby:

(1)    The Wood County Tax Assessor Collector illegally restraining me from possessing my property ($10k+);

(2)    The Wood County Sheriff illegally restraining me from possessing my property (Lots 230 & 231, Holly Lake Ranch, Section III, Part 2);

(3)    Wood County illegally restraining me by revising the plat map to Section III, Part 1, Holly Lake Ranch on the ground—granting to the Holly Lake Ranch Association, Inc., the right to obstruct an express easement approved by arm of the State of Texas;

(4)    Texas's 402nd district court's March 12, 2020, order, and subsequent appellate court decisions using the wrong standard, assessing over $20k in costs to me when the challenge or challenges were frivolous;

(5)    Texas's 402nd district court's March 12, 2020, order, declaring me a vexatious litigant because the defendant in case number 2019-680 was required under Texas law to counterclaim instead filing a new suit; and among other things,

---

[30]*See* Dkt. #9 (explaining one of this Court's precedent when considering custody).

44

(6)    An unqualified judge assigned to the Wood County Court illegally restraining me by issuing arrest warrants calling for my arrest after the cases were removed;

(7)    Four criminal cases pending in the Wood County precinct 3 justice court;

(8)    Three criminal cases pending in the Wood County court;

(9)    Two additional arrests for asking the Sheriff for help with getting my vehicle to my home; and, among other things;[31]

(10)    Prosecutorial misconduct through retaliation for exercising my fundamental right to use and enjoy my land or interest in land.

41.    And there is no doubt that named the immediate custodial person or entity as *Braden* decided in distinguishing an exception for a future custody.  The form of custody exhibited by the Wood County Tax Assessor-Collector is the exact same as the Sheriff[32] in that each squeeze my financial means to nil so that—*with this Court's help*—I am reduced to an inability to mount a counter-attack of any potency.  The form of custody exhibited by *Albers* aligns with the Sheriff in that each use the criminal statutes in bad faith, for purposes of harassment and retaliation, and defy the law in Texas's Sixth Judicial District recognizing the removal of a nuisance to use and enjoy an interest in land—with the Court *fully* knowledgeable of the abuses, but illegally[33] turned the other way.  In this years judgments issued by the Twelfth Court of Appeals, that court snubbed its nose at its duty to review the record—a record it did not possess prior to entering all

---

[31]*United States v. Frady*, 456 U.S. 152, 168 (1982) (discussing standard to overcome when defaulting procedurally—" (1) 'cause' excusing . . . procedural default, and (2) 'actual prejudice' resulting"); *see* Dkt. #54 (explaining that the Sheriff stole my vehicle).

[32]Naming the Sheriff here because of the natural flow under Texas law from Sheriff to the named custodians: Jerry Parker & Janae Holland.

[33]*Cf., e.g., Ronald Roddy, et. al., v. Holly Lake Ranch Association, Inc.*, 589 S.W.3d 336, 342 (Tex. App.—Tyler 2019, no pet.) (defining "illegal").

of its opinions.  All of these local officials' acts align with the private entities desire to deprive me of property, liberty, process, and redress.

      (5)     *This District Court has No Discretion in Deciding Whether the June 14, 2023, Judgment is Void.*

42.     Quoting the decision in *Carter v. Fenner*, the plurality panel of Edith H. Jones[34], Jerry E. Smith, and Gregg Jeffrey Costa (now resigned & dissenting in the opinion)—with Circuit Judge Jones penning the opinion—recognized once again, in *Brumfield v. Louisiana Board of Education*, the longstanding Fifth Circuit staple that "Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion."  806 F.3d 289, 296 (5th Cir. 2015); *see id.* (quoting *Carter*, 136 F.3d 1000, 1005 (5th Cir. 1998). The judgment complained of is "either [a] legal nullit[y,] or not."  *Id.*  The *Carter* decision has found itself in good favor with the current Chief Judge of the Court of Appeals for the Fifth Circuit too.[35]  In the unpublished opinion in *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, the panel reminded that review of a decision to deny a Rule 60(b) motion might not be under the general abuse of discretion standard.  *See* 613 F. App'x 445, 3 n.4 (5th Cir. 2015) (citing 136 F.3d at 1005 "(holding that review of a Rule 60(b)(4) motion is de novo)").

43.     Here, the judgment is void under Fifth Circuit precedent because this Court denied the process due to me spelled out in Chapter 153 of Title 28 United States Code.  *Carter,* 136 F.3d at 1005; *119.67 Acres of Land*, 663 F.2d at 1331.  Because this is one of those "rare instance[s] where [the] judgment [was] premised . . . on a violation of due process that deprive[d me] of . . .

---

[34] CIRCUIT JUDGE JONES was the 10th Chief Judge of the COURT OF APPEALS FOR THE FIFTH CIRCUIT since the OFFICE OF CHIEF JUDGE was created in 1948.  Out of those 10, Judge Jones was the 2nd female ever to have presided over the Office.

[35] Current CHIEF JUDGE PRISCILLA RICHMAN (f.k.a. Owen)—also a former Assoc. Justice elected to the TEX. SUP. CT.—is the 3rd female ever to have presided over the Office.

the opportunity to be heard" by amended petition, the judgment is void as prejudice is presumed, or I have demonstrated the necessary level of prejudice. *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010). And because the Respondents amped-up the abuse, retaliation, and denial of Texas due course of law, and U.S. constitutional rights embodied to protect criminal defendants—on top of not being able to go to the Texas Supreme Court because of the vexatious litigant stamp—I was prejudiced further by not being able to appeal the Court's June decision. *See Warren McClesky v. ZANT, Superintendent, Georgia Diagnostic and Classification Center,* 499 U.S. 467, 493–94 (1991) (requiring party show (a) cause & (b) prejudice in allegations of procedural default).

44.     The abuse continued through my November 17 Rule 60 motion by stealing my vehicle, following me, intimidating me by slow rolling by my home, harassing me and associates of mine, stalking me and associates of mine, failing to take me to trial, failing to rule on criminal trial motions (i.e., disqualification). *See*

45.     The Court exacerbated the abuse at the hands of those complained of by (a) failing to rule on my Rule 62.1 motion, thus preventing the Fifth Circuit from reviewing whether the Court's inclination should be followed on appeal, (b) denying me the right to be heard. These are additional violation of the process due to me under the Fifth Amendment and the expressed rights to speak, petition the government for redress under the First Amendment.

46.     After the denial of my November 17 Rule 60 motion, the Court exacerbated the custodies complained of further by expressly stating that I should direct all other motions to the Fifth Circuit when, as this motion shows, the granting of a Rule 60(b)(4) motion is warranted because of the failure to recognize my amended petition. And the facts flow on:

47

(a)      The county court issued three arrest warrants (Duncan Thomas) after I moved for disqualification of the judge, and after Alfonso Charles illegally assigned Duncan Thomas to my cases;

(b)      Local police executed those warrants by violating the terms of the express easement (this is not a case where police are authorized like any other member of the public to knock on the door), destroyed property by breaking into my home citing upon entry the right to enter under Gooch v. U.S.

47.      Having justified this Court vacating its June 14, 2023, judgment by showing violations of due process, and by showing prejudice even in the face of alleged presumed prejudice, next discussed is the state court denying me speedy trial.

(6)      *Habeas Corpus Has Traditionally Been Used to Enforce a Right to Speedy Trial*

48.      Under federal law, habeas corpus has been used to assert a person's right to be taken to trial.

49.      Here, however, the justice court and the county court have interferred with that right.  At the justice court, Janae Holland entered an order abating the cases.  Albers has not opposed that order—thus, adding to her bath faith effort to use state criminal law to tarnish my character, keep charges looming over my head, and impose the effects of such criminal charges on my life.  Her excuse is that I admitted to using and enjoying the land grant by abating the nuisance; to which she calls criminal.  As I stated to the Sixth Court of Appeals, the law in this judicial district is that abating a nuisance interfering with an express easement is not criminal—even if the elements of criminal mischief could be proved beyond a reasonable doubt.  Exhibit 2i.  But not

48

only is *Albers*'s conduct representative of a bad faith prosecution,[36] her conduct is in retaliation for me speaking about matters of public concern.  Specifically, the unlawful and ultra virus acts of a property owners' association.  By prosecuting me in the face of civil pleadings whereby I seek redress, *Albers* conspires with local government officials to deny services, she prosecutes challenges to my lawful statements, she admits in representing Suzy Wright that while they have not decided whether to challenge my statement of inability to afford costs, she counsels Suzy Wright to not provide the service of preparing citation and serving defendants named in my supplements to my amended petition including counterclaims.  And while that conduct caused the Twelfth Court of Appeals *again* to dismiss proceedings brought to it correctly under Texas law, *Albers*'s and Wright's conduct prejudiced the defendants named.  Meaning, it isn't my fault they were denied notice personally served under Texas law.[37]

50.　　At the county court, the same argument above—and my arguments in my objections attached hereto—prevails.  Ever since Kevin White deprived me of of constitutional rights as explained in my, still pending, objections, it has been nothing short than his office treating me as if I am a yo-yo.  One day he commands his assistant to order me to appear, the next day a cancellation goes out in the mail.  So—for these reasons, the Court should interrupt the non-orderly criminal proceedings made in bad faith as federal law requires.

51.　　In addition, each arrest not concerning the nuisance obstructing the express easement was made in bad faith—to harass me, to encourage me to move from my home and give up my land

---

[36]Cir. J. Willett recognizes the lack of a partnership, despite his self quote brought to attention above—following the law developed over time in *Netflix, Inc. v. Babin* that "[a] state has no legitimate interest[ ]in a prosecution brought in bad faith or to harass." 88 F.4th 1080, 1085 (5th Cir. 2023).

[37]This Court, after requiring *MAG. J. MITCHELL* to vacate her orders and recommendations in 6:24-CV-82-JCB-KNM, should enter an order granting the relief requested in my filed pleadings by entering an order granting partial summary judgement. *See* Exhibit 1.1 at Pages 1578–92 of 1815 (moving for partial summary judgment); Exhibit 1.1 1593–1815 (providing sufficient summary judgment evidence).

49

—and for the purpose of depriving me of liberty and property.  This is just another flavor of custody—or as the Supreme Court says: "form of 'custody.'"  These custodies are in retaliation for me speaking out about what the developer intended for lot owners to use and enjoy—like a self-operated water system, diverted water for recreation and irrigation of a golf course, and, among other things, 1600+ acres of wilderness area set aside for lot owner use and enjoyment.  So while habeas might not be the remedy for redressing First Amendment violations per se, habeas does, for centuries, what it does—releases one from the unlawful custodies complained of.  That I may have damages claims redressable under federal statute does not deprive me of the right to seek liberty before, during or after adjudication of constitutional deprivations.

52.     Because every criminal action is premised on retaliation and bad faith, the Court should enjoin the prosecutions current, any pending, and any future under the same or similar subject matter.  There is no way any reasonable juror could read the words on the plat map, and the law as espoused by the Sixth Court of Appeals in *Ferrara*, and come away with a condemnation of me wanting to use the easement granted to me and in accord with the grant.  318 S.W.3d 487, 491–92.

(7)    *Moving Forward Under Rule 60(b)(4) of the Federal Rules of Civil Procedure.*

***GRANT THIS MOTION & VACATE THE JUNE 14, 2023, FINAL JUDGMENT AND ORDER ADOPTING MAG J. MITCHELL'S REPORT AND RECOMMENDATION.***

53.     Because *Mag J. Mitchell* acted outside of her authority to assist the Article III judges of this Court, and because holding me to a local rule was an abuse of discretion in light of the Court requiring me to follow the electronic filing materials—to which I did—the Court should first enter and order requiring *Mag J. Mitchell* to vacate her orders made without any authority under

50

28 U.S.C. 636 in every case related to me.  Second, the court should construe this as supplement to my April 2023 application.  Then, unless the Court, or the Judge this case is assigned to, gains an "appear[ance]" "that [my original] application" "that [I] . . . [am] not entitled []to [the] forthwith award of the writ or [] order directing the respondent[s—Jerry Parker, Janae Holland, the Holly Lake Ranch Association, Inc., Texas's 402nd District Court, and Texas's political subdivision's Wood County Local Administrative Judge[38]]—to show cause why the writ should not be granted" after the Court vacates its June 2023 final judgment because it is void for denial of due process, I am entitled to the writ or order to show cause.  28 U.S.C. § 2241; *see Carter,* 136 F.3d at 1005 (quoting *119.67 Acres of Land,* 663 F.2d at 1331); *see 119.67 Acres of Land,* 663 F.2d at 1331 (honing in on the exception to the rule of finality: "A judgment is [] void . . . where the rendering court . . . acted in a manner inconsistent with due process of law").

54.     After the above, the Court has a duty to prevent irreparable harm—whether that be of a custody depriving liberty, or deprivation of property to increase the confines of the desire to supervise me and hold me in a custody not subject to others similarly situated.  Not only do the facts show Article III standing based on the pattern and practice of using local government to stop me from being heard, they show (1) deprivations of property to make me exercising my rights to be heard effectual, and (2) my right to hear others' complaints about the Holly Lake Ranch Association, Inc., or local government officials[39].  Allow me to show some examples:.

(a)     It happened in 2013 with Jim Wheeler indicting me for crimes I didn't commit. Because I sued the Holly Lake Ranch Association, Inc., Jim Wheeler and his co-conspirators—

---

[38]*Compare* Dkt. #1 (complaining of these), *with* Dkt. #30-2 (complaining of Texas's political subdivision's Wood County Tax Assessor-Collector, Texas's Wood County Sheriff, Texas's Tenth Administrative Judicial Region, and, among others, Texas's political subdivision's Wood County Judge).

[39]*See Brooks v. Auburn Univ.*, 412 F.2d 1171, 1172 (5th Cir. 1969) ("The First Amendment, applicable to a state university through the Fourteenth Amendment, embraces the right to hear.").

the Sheriff and the Holly Lake Ranch Association, Inc., and its attorney Craig Daugherty—chose the route of criminal action to shut me up.

(b)     In 2014 and 2015, Thomas Burton, working ad hoc for Wheeler, carried the same torch by prosecuting me for using and enjoying what was granted to me—land.  Burton, like Shauna Key and her uncle Doug, are all prosecutors owning land in the same development prosecuting me because each seeks to defy Texas law and create their own law protecting those that control an entity purposed in serving lot owners.  The pattern of the practice instituted by Jim Wheeler to deny me the right to be heard began to show its form.

(c)     The pattern of practice and policy to deprive me of First Amendment Rights continued in 2018 and 2019 when Jeff Fletcher agreed to deny me my First Amendment right to petition government for redress by working with Donna Huston to reject filings.  Specifically, I sought to intervene in case number 2017-523—a case began by the Holly Lake Ranch Association, Inc., with its attorney Craig Daugherty calling the legal shots—but was denied by Fletcher and his gang.  Of the one-hundred-thirty or so district court rejected filings, eighteen of them occurred in a short span during Fletcher's tenure as the presiding judge over the 402nd Judicial District Court in Wood County, Texas.  I have printed out to PDF a report of all the rejections associated with my eFileTexas.gov account and attached it hereto as Exhibit 1.1b attached to my declaration (Exhibit 1.1).

(d)     As if the deprivation of my right to petition were not enough, the crew of Jeff Fletcher and Thomas Castloo, joined by the Carol Taylor, her contractors and attorneys, and police personnel, entered into the agreement—the practice—and did their part to deny First Amendment rights, and the rights to possess liberty and property when they caused the sale of

52

property I paid for.  That there is no statutory scheme in Texas to gain an automatic refund, I have no adequate remedy.  On this particular issue, the Court should require Carol Taylor issue me the refund; and the Court should allow an action for redressing me of my right to own land go forward by severing the claim that the "crew" denied me constitutional rights as stated herein and in the accompanying documents, and in the documents filed in this case and in 453-JCB-KNM.

(e)    Finding that Fletcher and his crew were successful, immediately after I was kidnapped at the hands of the Holly Lake Ranch Association, Inc., personnel in 2022, Kelly Cole got with Shauna Key, Carol Taylor, Lineberger, etc., and the current presiding judge over the 402nd District Court to pass through its gut an illegal petition.  Spewed out the other side was McCampbell's order for Kelly Cole to seize my property.  Everyone mentioned knew I owned the land and the personal property on the land—and because I complained about being assaulted violently—the pattern to retaliate by practice of deprivation of liberty and property was again put on full display.

(f)    With the Holly Lake Ranch Association, Inc., increasing its surveillance, slow drive-bys, and interference with my contracts with others, the entity, in accord with the policies began ten years ago, continued with its part in the enterprise's endeavors to harm me onto others. For these reasons, the Court should enter an order releasing me from the custodies cognizable under habeas corpus, and sever the claims I have under Sections 1981, 1982, and 1983 of the United States Code for violating my right to equal protection, liberty, and property. This conduct meets all the elements of a pattern to deprive me of my liberty right to own, use, and enjoy property.

53

55.     And because the only success the group has put up on their scoreboard is squeezing me to a mere existence, without water service to my home, without the promises for what I contracted, without healthcare, without the freedom to go to and from my home without being harassed and stalked, Kelly Cole entered to commit burglaries and thefts under color of, but completely without, law.  Where is Warren Kenneth Paxton at; one, like me, might ask?  His duty is to monitor fictitious entities for fraud, elderly abuse, and corporations acting outside of their charter by constitutional declaration. *See, e.g.*, TEX. CONST., ART. IV, § 22 (requiring the Tex. Att'y Gen. to "especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law").  Being fully aware by me serving him with facts served upon the district judge this case is assigned to—the Honorable Attorney General is missing in action in similar degree and fashion as the court reporter Cassie Condrey (reporter of record during Sr. J. Parish's proceedings outside of the law), this Court, the Court of Appeals for the Fifth Circuit, the Twelfth Court of Appeals at Tyler, and the Sixth Court of Appeals at Texarkana.  It should be clear as a bell that upon vacating the June 2023 judgment, I am entitled to the Court entering orders placing things back when there was no controversy in a severed action; and in this action, I am entitle to be released from the custodies complained of— (1) release of my property (car and cash), (2) release from surveillance by private entity beyond a degree to effectuate its charter, (3) release from the criminal custodies, (4) and release from clerk's failing to allow me to petition government.

54

56.    To these points, I remind—like a broken record it seems—this Court "acted in a manner inconsistent with due process of law," as announced in the Fifth Amendment in the U.S. Constitution, when it relied on an abstention doctrine.  There is no evidence that the state courts have provided an orderly set of proceedings protective of my constitutional rights—whether federal or state.  Nothing even close to full and fair opportunity to defend myself in a criminal proceeding has occurred.  *See* my September and January objections that remain before the county court without being ruled on.  *See* the non-lawyer judge interpreting my contract with the State of Texas in the favor of a private entity's willful desire to deprive me of what is mine.  To the extent that this Court does not vindicate state constitutional rights, this Court does vindicate the due process clause of the Fourteenth Amendment.  Because I have not been afforded the processes afforded to me by Texas, the failure offends the federal constitution—thus placing the issues directly before this Court for vindication.

57.    Moreover, some of my claims are forms of custody that are administrative, ministerial, or legislative in nature.  In *D.C. Court of Appeals v. Feldman, et al.*, the Supreme Court found that the proceedings sought to be reviewed on appeal were judicial in character.  460 U.S. 462, 479 (1983).  Because of this conclusion, the court of appeals was without subject-matter jurisdiction to review an appeal of a district court order dismissing the claims because it lacked subject-matter jurisdiction.  *Id.* at 482.  The Court keyed in on a federal court's duty "in determining the nature of the proceedings." *Id.* at 478.  A federal court "must for [itself] appraise the circumstances." *Id.*  The only controversies that were ever adjudicated here in a judicial setting involving a case or controversy relevant to this matter were a state court case that was

adjudicated by disqualified judge, and appellate court decisions rubber-stamping state court decisions without complying with Texas law.[40]

(a)    Specifically, case number 2012-626 in the 402nd district court was decided on a no-evidence summary judgment—meaning, the merits of the controversy were not litigated.

(b)    In the case of mandamus actions at the intermediate appellate courts, many of them were administrative, naturally, in that declaration that the final judgment in 2012-626 was void for want of qualified judge.

(c)    The proceedings at the intermediate appellate courts approving the March 12, 2020, order complained of was administrative in character—and just as important, were decided on old law that the Supreme Court of Texas made clear by amending the rule.  TEX. R. CIV. P. 145 (as amended eff. Sep. 1, 2021).[41]

---

[40]TEX. R. APP. P. 47.1.

[41]Beginning in 2020, the SUP. CT. OF TEX. set into motion a revamping of Rule 145 of the TEX. R. CIV. P. Misc. Docket No. 20-9154, *PRELIMINARY APPROVAL OF AMENDMENTS TO TEXAS RULES OF CIVIL PROCEDURE 145, 502.3, AND 506.4 AND TO THE FORM STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS* (Dec. 23, 2020), *available at* https://www.txcourts.gov/media/1450175/209154.pdf. *So important* were the changes, Texas's highest Court made sure the motivation to modify the Rule was published with a "Comment to 2021 change" stating that "[a] number of changes have been made **to reduce frivolous challenges to a Statement**, *which cost time and money*, and to streamline proceedings."  TEX. R. CIV. P. 145 (emphasis mine); *cf.* TEX. R. CIV. P. 1 (aligning Rule 145 with "[t]he proper objective of rules of civil procedure"—"to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law"); *id.* (adding that all of the "rules shall be given a liberal construction,"—but only "[t]o the end" of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" "may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable"—not the other way around).  The Comment to the 2021 change goes on to memorialize the inefficiencies of "Former paragraph (c)(4)" authorizing "[t]he Clerk[ ] ask the court to direct the declarant to correct or clarify a sworn Statement that contains a material defect" by *deleting* the provision.  TEX. R. CIV. P. 145 cmt. to 2021 change.   And in closing out the Comment the SUP. CT. OF TEX. necessarily added: "To accommodate these substantive changes, some paragraphs have been rearranged and relettered or renumbered"[—finishing with—"Other clarifying and stylistic changes have been made."

On the 2nd day of September 2021, PABLO ALMAGUER & MARY CHRISTINE REED, both of the TEXAS REOGRANDE LEGAL AID, put on a STATE BAR OF TEXAS sanctioned presentation titled *Update on TRCP 145 and Statements of Inability to Pay Court Costs*.  *Available at* https://tinyurl.com/yf34n9fb (last accessed May 27, 2024), *attached hereto as* "Exhibit 3e.".

  (d)  And with regard to the vexatious litigant determination, there is no evidence that a determination was made that the case filed, 2020-2019, lacked any reasonable chance at succeeding on the merits.  Just as important—as plead to the Supreme Court of Texas in 2021—the statute is facially invalid because, as here, it prevents a person from exercising Texas's recognized liberty right to present mandamus or habeas corpus petitions to Texas's highest court.[42]  TEX. CIV. PRAC. REM. CODE CH. 11; *see* ORIGINAL PETITION FOR WRIT OF MANDAMUS for Petitioner, *In re P J Emerson*, No. 21-1055 (*filed* Dec. 7, 2021, *denied* Jan. 14, 2022)[43] (alleging the statute is facially unconstitutional & unconstitutional as applied), *attached hereto and incorporated by reference at* "Exhibit 2a"; *see also* Exhibit 2b (providing authenticated evidence).  Instead of moving on with my life in a chosen profession, I sat here, and continue to sit here, in a property owners' association created prison fighting—in a losing effort—with *MAG J. MITCHELL*, Texas courts, and clerks across the nation; all-the-while Jeff Fletcher, Angela Albers, and the rest of their crew work together, and behind my back, to crush me.  *See generally* Exhibits 1a thru 2i (documenting about five and a half years of not getting heard, relief).

  At slide 3, the Presenters point out what the Sup. Ct. of Tex. saw in real-time action since the 2016 amendment: "**There are many problems with courts and district and county clerks ("clerks") not following rules**."  Id.; Misc. Docket No. 16-9122, *FINAL APPROVAL OF AMENDMENTS TO THE TEXAS RULES OF CIVIL PROCEDURE AND THE TEXAS RULES OF APPELLATE PROCEDURE AND OF A FORM STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS* (Aug. 31, 2016), *available at* https://www.txcourts.gov/media/1435934/169122.pdf (last accessed May 27, 2024).

  Almaguer & Reed, on the same slide reference above, qualified the statement I emphasized in bold with: "Many 2021 changes based on input by legal services providers and details of problems encountered in specific counties." *Update on TRCP 145 and Statements of Inability to Pay Court Costs*.  And although no specified counties are listed in the presentation, on slide 5 they emphasized the "Themes:" of the seventy-six page reference tool were the "necessity of court and clerks following the requirements and process of Rule 145." *Id.* (emphasis in original).

  [42]Nothing would prevent the Sup. Ct. of Tex. from recognizing Texas habeas corpus proceedings as a civil proceeding rather than criminal—thus, abating the nuisance by its own self-help.  Texas's High Court already possesses exclusive jurisdiction to order a district judge to proceed to trial in a criminal case.  That Court can also order a district judge to vacate an improper sentence in a criminal case.  For a detailed review, *see*

  [43]*Available at* https://tinyurl.com/2jys4w7u, *attached hereto as* "Exhibit 2a."

(1)      In addition to going to the Supreme Court of Texas in 2021, I went back to it in March 2024 by writ of habeas corpus.  The Texas Constitution declares in its Bill of Rights that the remedy of habeas corpus "shall never be suspended."  It also provides that the Texas Legislature shall make the remedy speedy and effective.  Because the remedy was neither speedy, nor effective, when I filed my March petition, the Texas Legislature unconstitutionally denied me Due Process under the Fourteenth Amendment of the United States Constitution.  Important here is the legal interpretive mistake that the Supreme Court of Texas can be denied the judicial power vested in it at Article V, Section 3, of the Texas Constitution to issue the writ of habeas corpus.  The Texas Legislature is the branch of government that is limited by the declaration of the People of Texas at Article I, Section 12, of the Texas Constitution.  The hierarchical analysis goes as follows:

(i)      Texas Constitution;

A.      Bill of Rights;

1.      Section 12 providing→ "The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.";

B.      Article V, Section III providing in relevant part: "The judicial power of this State shall be vested in one Supreme Court . . . .  The Legislature may . . . conform the jurisdiction of the district and other inferior courts thereto."

      C.             Article III, Section 1, providing: "The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"[44]

      1.         Section 22.02(a) of the Texas Government Code, providing:

> [Under Sub-Part (a),] The supreme court or a justice of the supreme court may issue writs of procedendo and certiorari and all writs of quo warranto and mandamus agreeable to the principles of law regulating those writs, against a statutory county court judge, a statutory probate court judge, a district judge, a court of appeals or a justice of a court of appeals, or any officer of state government except the governor, the court of criminal appeals, or a judge of the court of criminal appeals.

TEX. GOV'T CODE §§ 22.02(a).

      2.         Section 22.02(b) of the Texas Government Code, providing:

> [Under Sub-Part (b),] The supreme court or, in vacation, a justice of the supreme court may issue a writ of mandamus to compel a statutory county court judge, a statutory probate court judge, or a district judge to proceed to trial and judgment in a case.

TEX. GOV'T CODE § 22.02(b).

      3.         Section 22.02(c) of the Texas Government Code, providing:

---

[44] *See Brown v. City of Galveston*, 97 Tex. 1, 8–9 (Tex. 1903) (setting out the parameters of analyzing the case before it with:

> Article 3, section 1, of the Constitution, is in this language: 'The legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be held to be the Legislature of the State of Texas.' This language vests in the Legislature all legislative power which the people possessed **unless limited by some other provision of the Constitution**.

) (emphasis mine). *Bexar County Hosp. Dist. v. Crosby*, 327 S.W.2d 445, 447 (Tex. 1959) (concluding that "[t]here can be no dispute but that **in this State the provisions of the Constitution serve only as a limitation on the power of the Legislature**, and not as a grant of power").

Case 6:21-cv-00240-JDK-KNM   Document 70-2   Filed 06/06/24   Page 60 of 85 PageID #: 4214

[Under Sub-Part (c),] Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE § 22.02(c).

4.          Section 22.02(d) of the Texas Government Code, providing:

[Under Sub-Part (e),] The supreme court or a justice of the supreme court, either in termtime or vacation, may issue a writ of habeas corpus when a person is restrained in his liberty by virtue of an order, process, or commitment issued by a court or judge on account of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas corpus, the supreme court or a justice of the supreme court may admit to bail a person to whom the writ of habeas corpus may be so granted.

TEX. GOV'T CODE § 22.02(e).

5.          Article 11.05 of the Texas Code of Criminal Procedure, providing:

The court of criminal appeals , the district courts , the county courts , or any judge of those courts may issue the writ of habeas corpus, and it is their duty, on proper application, to issue the writ under the rules prescribed by law.

TEX. CODE CRIM. PROC., ART. 11.05.

d.          Limited Legislative Authority→ *ONLY* for purpose as outlined in the Texas Constitution.

(ii)     Analysis.  Given the above hierarchy, the liberty grant in the Texas Constitution providing for a speedy and effectual has been suspended by the Texas Legislature by purporting to prevent the Supreme Court of Texas from exercising its vested power.  The same is true with depriving Texas's intermediate courts from exercising its vested power—under

60

rules prescribed by the Supreme Court under Section 22.004 of the Texas Government Code, and its inherent authority.  Had the Texas Legislature stayed in its lane of constitutionally vested power, then all of those mandamus actions I filed would have been determined to be restraint complaints under Texas's habeas corpus remedy embedded in the Bill of Rights of its Constitution.  It was, and remains, an unlawful restraint for me to be subjected to a disqualified judge—and the orders derived from disqualified judges.  Just as nobody in Texas has any duty to adhere to *MAG. J. MITCHELL*'s pranks and personal frolics, nobody in Texas has any duty to adhere to anything a disqualified judge says.  It is this Court's duty to say so.

58.    Even modern-day dissenters on Texas Constitutional issues—*i.e.,* Supreme Court of Texas Associate Justice Boyd[45]—would agree with Texas's highest court "striv[ing] to give constitutional provisions the effect their makers and adopters intended,' while 'avoid[ing] a construction that renders any provision meaningless or inoperative.'"  *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 488 (Tex. 2016) (citations omitted).  As he explains: "But to 'give effect to the plain intent and language of the framers of the amendments and of the people who adopted them,' we must 'begin[ ] with and giv[e] primacy to the language that was adopted."  So—rolling with that theory of law—the question everyone wants to know is: Why is that Court allowing the Court of Criminal Appeals of Texas *hog* all the habeas petitions when the limitation the Texas Legislature imposes on the Supreme Court of Texas conflicts—*beyond all reasonable attempt at in pari materia reconciliation*—with the "primacy" of "the language that was adopted" at Article I of the Texas Constitution?  What I have pointed out is a due process violation of a different kind; one protected by the Fourteenth Amendment.  The Court should declare the statutes limiting the jurisdiction of the Supreme Court of Texas, and its intermediate

---

[45]Emphasis mine—purely intended for argument effect.

appellate courts, violate the First and Fourteenth Amendments of the United States Constitution. Likewise, the Court should declare the vexatious litigant statutes violate the First and Fourteenth Amendments of the United States Constitution. *See* cases docketed with me as plaintiff or defendant whereby the Court may vindicate my controversy through Title 42 Section 1983 of the United States Cod—*after* the Court vacates its June 2023 final judgment in this case.

59.     Similar to every court I have been to blinding itself to the words printed on the plat map granting to me liberty, it is as if the Court of Criminal Appeals of Texas is somehow immune to federal law construing habeas proceedings as civil remedies. It is as if that criminal venue is somehow immune to the recognition that it is but the mere *help* around the judicial house of Texas. Texas's criminal actions venue assists Texas's supreme judicial power similar to how *MAG. J. MITCHELL* helps—excuse me, is supposed[46] to help—around the house of the Tyler federal courthouse—except when assigned elsewhere under limited circumstance. *See Holly Lake Ranch Association, Inc., v. Philip Emerson, et al.*, No 6:24-CV-82-JCB, Report and Recommendation of the United States Magistrate Judge (May. 30, 2024) (entering a report and recommendation in a case not referred to her), *attached hereto as* "Exhibit 3i." .

60.     Based on these facts, arguments, and the law, I respectfully ask that the Court to put a stop to the crushing effect of this enterprise's[47] desire stop speech, association, process, liberty, and property rights. Start by vacating the June 2023 final judgment!

61.     And then:

---

[46]*Compare Holly Lake Ranch Association, Inc., v. Philip Emerson, et al.*, No 6:24-CV-82-JCB, *Report and Recommendation of the United States Magistrate Judge* (May. 30, 2024), *& 28 U.S.C. 636(c).*

[47]An enterprise that has apparently reached into the federal judicial belly capturing the attention of an insider—*MAG. J. MITCHELL*, with no Article III power whatsoever—to execute illegal orders and restraint.

(a)    Issue an order prohibiting *MAG. J. MITCHELL* from acting in a civil case without referral.

(b)    Vacate the final judgment in 453-JCB-KNM on the basis that Mag. J. Mitchell was without authority to strike my pleadings—resulting in an infirm order and judgment.

(c)    Issue an order requiring the clerks of the Supreme Court of Texas, the Twelfth Court of Appeals at Tyler, the 402nd district clerk and county clerk in Quitman to file my documents tendered to each of them.

(d)    Issue the writ of mandamus—an order—requiring the 402nd district court vacate its order granting nonsuit in 2020-626.

(e)    Issue the writ of mandamus—an order—requiring the 402nd district court vacate its order granting the Holly Lake Ranch Association, Inc.'s, motion to strike interveanor's pleadings due to it being filed without the consent of the lead attorney.

(f)    Issue the writ of mandamus—an order—requiring the 402nd district court vacate its order denying my January 4 motion for continuance on the basis that it was an abuse of judicial discretion denying me the right to be heard about the qualification of Alfonso Charles to preside over the court in my motion to disqualify J. Brad McCampbell—especially considering the bais of my motion: That the sheriff stole my car in furtherance of a conspiracy to supervise me to an extent that us unlawful.

(g)    Issue the writ of mandamus—an order—requiring the 402nd district clerk and county clerk prepare the records and transmit them to this Court's clerk.

### ISSUE THE WRIT OF MANDAMUS DIRECTED AT *MAG. J. MITCHELL*

62.    Taking notes from the retaliation horn book Wood County officials, *MAG. J. MITCHELL*'s orders appended hereto must be vacated.  *MAG. J. MITCHELL* failed in her duty to assist this Court in this case, in 453-JCB-KNM, and in 6:24-CV-82-JCB.  Specifically, nobody consented to her acting in 453-JCB-KNM post report and recommendation, and nobody consented to her acting at all in 6:24-CV-82-JCB.  *See Hill v. City of Seven Points*, 230 F.3d 167, 168-69 (5th Cir. 2000) (quoting *Mendes Jr. Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 924 (5th Cir. 1992) stating: "[A]bsence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal).").  In addition, I have done no act that could be conceived as implicitly consenting.  *Roell v. Withrow*, 538 U.S. 580, 582 (2003) (holding that consent can be inferred from a party's conduct during litigation, under 28 U.S.C. § 636(c)(1)).  And if I had filing privileges, I would object.  That there are no referrals in the records of either case simply adds to the reason that mandamus should issue directing her to vacate her orders and report and recommendation in 6:24-CV-82-JCB.  These facts, and the law governing magistrate conduct in this circuit, show that I am clearly entitled to the relief requested.  Furthermore, I have no remedy by appeal in 453-JCB-KNM because she withdrew my privilege to file electronically.  More specifically, I cannot enter a notice of appeal at the district court because I have no money—and even if I did, I have no car, because the Sheriff stole it, to drive to the post office to buy stamps.  With regard to 6:24-CV-82-JCB, remands to the district court are not appealable, generally.  Moreover, I am stuck in the same position—I cannot object to it because I have no electronic filing privileges.

## VI.    RECORD ON THIS MOTION

64

63.     This motion, the documents attached to this motion, the documents in 6:23-CV-453-JCB-KNM, and the documents supplied to the Court previously.

Respectfully submitted this 6th day of June 2024,

/s/ P J EMERSON
P J EMERSON
*PRO SE PETITIONER*
112 RED LEAF LANE
HOLLY LAKE RANCH, TEXAS  75765
PHONE:          (512) 763–7775
EMAIL:          PJ@PJEMERSON.COM

## VII.     TABLE OF EXHIBITS

| Exhibit/Tab/ Table | Description |
|---|---|
| **1.1** | **Declaration of P J Emerson** |
| 1.1a | Pictures of Holly Lake Ranch Association, Inc., slow rolling by my home |
| Exhibit 1.1a_June 4, 2024 | Pictures of Holly Lake Ranch Association, Inc., slow rolling by my home |
| Exhibit 1.1a_June 1, 2024 | Pictures of Holly Lake Ranch Association, Inc., slow rolling by my home |
| Exhibit 1.1a_May 31, 2024 | Pictures of Holly Lake Ranch Association, Inc., slow rolling by my home |
| Exhibit 1.1a_May 8, 2024 | Pictures of Holly Lake Ranch Association, Inc., slow rolling by my home |
| 1.1b | Rejection History Efile Texas |
| 1.1c | Subpoenas Fletcher Quash |
| 1.1d | Email to Daugherty leading up to - Subpoenas Fletcher Quash |
| 1.1e | Envelopes Rejecting Intervention in 2017-523 |
| 1.1f | SECOND SUPPLEMENT TO SECOND AMENDED DEFENDANT PHILIP J. EMERSON JR.'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM FOR EQUITABLE BILL OF REVIEW & APPLICATION FOR TEMPORARY INJUNCTION of Defendant, *Holly Lake Ranch Association, Inc., v. Philip J. Emerson, Jr., et al.*, No. 2020-059 (402nd Dist. Ct. Dec. 2024) (adding enterprise participants) |
| 1.1g | DEFENDANT PHILIP J. EMERSON JR.'S MOTION FOR SUMMARY JUDGMENT of Defendant, Holly Lake Ranch Association, Inc., v. Philip J. Emerson, Jr., et al., No. 2020-059 (402nd Dist. Ct. Jul. 27, 2020) (denied; motion for new judge to consider remains pending) |
| **1a** | **PETITIONER'S MOTION TO SUSPEND PACER ACCOUNT DISABILITY of Petitioner, *Philip J. Emerson Jr. v. Jerry Parker, Kevin White, & Kelly Cole*, Case No. 6:23-CV-00453-JCB-KNM, 24-40107 (E.D. Tex. Mar. 8, 2024; 5th Cir. Mar. 12, 2024) ECF Nos. 33 & 22-2** |
| 1 | DECLARATION OF P J EMERSON |
| A | PDF Printout of PACER Login Screen March 8, 2024 |
| B | Detailed Pacer Usage for Quarter Year Beginning Jan. 1, 2024 |

| Exhibit/Tab/Table | | Description |
|---|---|---|
| | C | Detailed Pacer Usage for Quarter Year Beginning Oct. 1, 2023 |
| | D | PDF Printout of Browser Screen After Logging in to PACER Account Management Area |
| | E | Reports of the Proceedings of the Jud. Conf. of the U. S. for Mar. 2022- 23 & Sep. 2022- 23 |
| | F | Mar. 7, 2024, Submission to the U.S. Supreme Court |
| | G | Email Responsive to Mar. 7, 2024, Submission to the U.S. Supreme Court |
| **1b** | | **Petition for Panel Rehearing of Appellant, In re Philip James Emerson Jr., No. 24-40004 (May 17, 2024)** |
| | 1 | Lyle W. Cayce, 5th Cir. Clerk, by: Dantrell L. Johnson, Dep. Clerk, *Ltr Notice of Judgment Issued as Mandate* Doc.: 45-1 PP. 1 (May 2, 2024) |
| | 2 | *In re Philip James Emerson, Jr.*, No. 24-40107 *UNPUBLISHED ORDER* Document: 45-2 PP. 1–6, E.D. Tex. Document 69 PageID #: 4144–49 (5th Cir. May 2, 2024) |
| | 3 | Lyle W. Cayce, 5th Cir. Clerk, *by:* Rebecca L. Leto, Dep. Clerk, *Docketing Ltr* Doc.: 2-2 PP. 1–3 (Feb. 19, 2024) |
| | 4 | Lyle W. Cayce, 5th Cir. Clerk*, by:* Rebecca L. Leto, Dep. Clerk, Dismissal Ltr Doc.: 36-2 PP. 1–2 (Mar. 12, 2024) |
| | 6 | Local Rules 3 & 59 |
| | 6.1 | GENERAL ORDER NO. 16-10 *RE: DIVISIONAL ASSIGNMENT AND APPORTIONMENT OF CASES AMONG UNITED STATES MAGISTRATE JUDGES* |
| | 6.2 | GENERAL ORDER NO. 23-05 *RE: DIVISIONAL ASSIGNMENT AND APPORTIONMENT OF CASES AMONG UNITED STATES MAGISTRATE JUDGES)* |
| | 6.3 | General Order 23-11 *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS GENERAL ORDER AMENDING LOCAL RULES* |
| | 7 | *Philip James Emerson Jr. v. Jerry Parker, Kelly Cole, & Kevin White*, 6:23-CV-453-JCB-KNM, *Order Striking Notices* (May 14, 2024) |
| | 8 | *Philip James Emerson Jr. v. Jerry Parker, Kelly Cole, & Kevin White*, 6:24-CV-82-JCB-KNM, Show Cause Order (May 1, 2024) |

| Exhibit/Tab/ Table | Description |
|---|---|
| 10 | *Philip James Emerson Jr. v. Jerry Parker, Kelly Cole, & Kevin White*, 6:23-CV-453-JCB-KNM, *Order Striking Objections* (February 7, 2024) |
| 11 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *Order Denying Sanctions* (March 16, 2023) |
| 12 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, Order Granting Leave to Supplement & Extending Date for Albers to Respond (March 14, 2023) |
| 13 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *Order Granting Filing of Excess Pages & Denying Evidentiary Hearing* (February 24, 2023) |
| 14 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE* (May 25, 2023) |
| 15 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE* (June 14, 2023) |
| 16 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *ORDER DENYING RELIEF FROM FINAL JUDGMENT* (November 30, 2023) |
| 17 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM, *ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS* (January 5, 2024) |
| 18 | *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:23-CV-453-JCB-KNM, *O R D E R* (May 7, 2024) |
| 19 | DOCKET SHEET - *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:21-CV-240-JDK-KNM |
| 20 | DOCKET SHEET- *Philip James Emerson, Jr., v. Jerry Parker et al.*, No. 6:23-cv-453-JCBKNM |
| 21 | *Ex parte: Philip J. Emerson Jr.*, Nos. 06-20-00085-CR thru 06-20-00088-CR (Tex. App.—Texarkana submitted Oct. 19, 2020, decided Nov. 12, 2020, no. pet.) (mem. op., not designated for publication) |
| 22 | McCampbell, Loc. Admin. J. Wood Cty, *ORDER DENYING VEXATIOUS LITIGANT'S REQUEST FOR PERMISSION TO FILE NEW LITIGATION* |

| Exhibit/Tab/ Table | Description |
|---|---|
|  | (Oct. 20, 2021) |
| 23 | *Ex Parte Philip J Emerson Jr.*, No. WR-89,977-02, *OFFICIAL NOTICE* (Tex. Crim. Ct. Dec. 22, 2021) |
| 24 | ORDER ON PLAINTIFF'S INABILITY TO AFFORD PAYMENT OF COURT COSTS |
| 25 | *Philip J. Emerson Jr. v. Holly Lake Ranch Association, Inc., et al.*, No. 2019-680, ORDER *REGARDING PHILIP J. EMERSON, JR. PURSUANT TO TEXAS CIV. PRAC. & REM. CODE §11.101* (Aug. 18, 2020) |
| 26 | *Philip J. Emerson Jr. v. Holly Lake Ranch Association, Inc., et al.*, No. 2019-680, *ORDER FINDING THAT THE PLAINTIFF IS A VEXATIOUS LITIGANT* (Aug. 18, 2020) |
| 27 | *Holly Lake Ranch Association, Inc., v. Philip J. Emerson, Jr., et al.*, No. 2020-059, *ORDER REQUIRING HLRA RE-PLEAD REMOVING REQUEST FOR MONEY* (Jun. 30, 2020) |
| 28 | *State of Texas v. Philip Emerson*, Nos. R20-012-2 THRU CR20-012-2, *ORDER ABATING CASES* (Jul. 26, 2021) |
| 29 | Linebarger Goggan Blair & Sampson, LLP, *State of Texas v. Philip Emerson*, Nos. R20-012-2 THRU CR20-012-2, *Demand for Un-Adjudicated Cases_Redacted (DL)* (Jun. 23, 2020) |
| 30 | *Philip J. Emerson Jr. v. Holly Lake Ranch Association, Inc.*, et al., No. 06-20-00020-CV, *Opinion on Challenge to Inability to Pay* (Apr. 14, 2020) |
| 31 | *Philip J. Emerson, Jr. v. Robert Mead & Lynwood Champion*, No. 12-19-00352-CV, *PER CURIAM ORDER ON MOTION CHALLENGING TRIAL COURT'S FEBRUARY 24, 2020 ORDER* (Apr. 20, 2020) |
|  | *Philip J. Emerson, Jr. v. Robert Mead & Lynwood Champion*, No. 12-19-00359-CV, *PER CURIAM ORDER ON MOTION CHALLENGING TRIAL COURT'S FEBRUARY 24, 2020 ORDER* (Apr. 20, 2020) |
|  | *In Re: Philip J. Emerson, Jr.*, No. 12-20-00070-CV, *PER CURIAM ORDER ON MOTION CHALLENGING TRIAL COURT'S FEBRUARY 24, 2020, ORDER* (Apr. 20, 2020) |
|  | *In Re: Philip J. Emerson, Jr.*, No. 12-20-00071-CV, *PER CURIAM* |

69

| Exhibit/Tab/ Table | Description |
|---|---|
| | *ORDER ON MOTION CHALLENGING TRIAL COURT'S FEBRUARY 24, 2020, ORDER* (Apr. 20, 2020) |
| 32 | *State of Texas v. Philip Emerson*, Nos. 41,650, 41,651, 41,653, *Order Denying Motion to Suppress* (Sep. 10, 2023) |
| 1c | **FIRST AMENDED PETITION FOR WRITS OF MANDAMUS, of Petitioner, *In re: Philip Emerson Jr.*, No. 24-40170 (5th Cir. Mar. 18, 2024),  ECF No. 2-1.** |
| 1 | Civil Docket 6:23-CV-00453-JCB-KNM |
| 2 | PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 of Petitioner, *Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-CV-453-JCB-KNM, (E.D. Tex. Sep. 7, 2023), ECF No. 1. |
| 3 | P J EMERSON'S ORIGINAL PETITION APPLYING FOR WRIT OF HABEAS CORPUS of Petitioner & Applicant, *EX PARTE PHILIP J. EMERSON JR.* No. 7689 (Wood Cty Ct. Jul. 31, 2023), ECF No. 1-1. |
| 4 | PDF Screen Print – *Weaver v. Parker & Gilbreath*, 7688 |
| 5 | PDF Screen Print – *Emerson v. Parker & Gilbreath*, 7689 |
| 6 | FIRST SUPPLEMENT TO SECOND AMENDED DEFENDANT PHILIP J. EMERSON JR.'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM FOR EQUITABLE BILL OF REVIEW & APPLICATION FOR TEMPORARY INJUNCTION of Defendant, *Holly Lake Ranch Association, Inc., v. Philip Emerson, et al.*, No. 2020-059, (402nd Dist. Ct. Sep. 14, 2023) (Clerk didn't file when submitted on or about 9-4-2023) |
| 7 | Email to Suzy Wright 9-6-2023 |
| 8 | *P.J. EMERSON, JR. V. HOLLY LAKE RANCH ASSOCIATION, INC. ET AL*, NO. 2012-626A<br><br>*P.J. EMERSON, JR. V. JERRY E. PARKER*, 2019-327<br><br>*P.J. EMERSON, JR. V. HOLLY LAKE RANCH ASSOCIATION, INC. ET AL.*, NO. 2019-680,<br><br>*ORDER ON PLAINTIFF'S INABILITY TO AFFORD PAYMENT OF COURT COSTS* (Mar. 12, 2020) |
| 9 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *Civil Cover Sheet* Dkt. |

| Exhibit/Tab/ Table | Description |
|---|---|
| | #1-7 (E.D. Tex. Sep. 7, 2023) |
| 10 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *DEFICIENCY ORDER* Dkt. #3 (E.D. Tex. Oct. 7, 2023) |
| 11 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *ORDER* Dkt. #9 (E.D. Tex. Dec. 27, 2023) |
| 12 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *O R D E R* Dkt. #10 (E.D. Tex. Dec. 27, 2023) |
| 13 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE* Dkt. #17 (E.D. Tex. Jan. 29, 2024) |
| 14 | *Emerson, Jr.*, No. 6:23-CV-453-JCB-KNM, *ORDER* Dkt. #19 (E.D. Tex. Feb. 7, 2024) |
| **1d** | **NOTICE OF SERVICE OF DEMAND LETTER & RECOMMENDED FIRM TO BE APPOINTED AS RECEIVER FOR A CORPORATE ENTITY of Petitioner, *Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*, No. 6:23-CV-453-JCB-KNM (E.D. Tex. Apr. 24, 2024)** |
| **1e** | **Letter to To: Illegal Enterprise Personnel, and Counsel for Illegal Enterprise Personnel*, RE: Settlement Demand* (E.D. Tex. Apr. 24, 2024)** |
| | Non-Exhaustive List of Enterprise Participants |
| | Dianne L. Weaver Demand Letter (Apr. 22, 2024) |
| | Proof of Delivery |
| | DECLARATION OF ALICIA SCOGGINS |
| | Warranty Deed - First Lot Purchased in 2012 |
| | Title Policy Purchased by Previous Owner of First Lot Purchased |
| | 2023 - SHERIFF'S TAX DEED |
| | 2024 - SHERIFF'S TAX DEED |
| | Holly Lake Ranch Association Statements |
| | Holly Lake Ranch Association Emails |
| | Lot 120 - Relating to Declarant Alicia Scoggins |
| | Vol. 973 P. 384 - 1985 |
| | Vol. 1084 P. 287 - 1987 |

| Exhibit/Tab/ Table | Description |
|---|---|
| | Vol. 1446 P. 236 - 1995 |
| | Vol. 1523 P. 789 - 1996 |
| | Vol. 1789 P. 813 - 2001 |
| | Emerson Message to Analyst – Tex. Bd. Law Exams. |
| | March 29, 2024, Filing Returned |
| | LANDOWNER'S BILL OF RIGHTS |
| | 1989 - ASSIGNMENT OF DEVELOPMENT RIGHTS, WARRANTIES, SERVICE CONTRACTS, AND TRADE NAME |
| | 2001 – SUPPLEMENTAL RECREATION AND USE EASEMENT |
| | Prima Facie Showing of RICO Enterprise |
| | 1988 - RECREATION AND USE EASEMENT |
| | 1989 - ASSIGNMENT OF DEVELOPMENT RIGHTS, WARRANTIES,SERVICE CONTRACTS, AND TRADE NAME |
| | 1990 - Conveyance of All Subdivisions to Evergreen Partnership |
| | 2002 – SUPPLEMENTAL RECREATION AND USE EASEMENT 11 |
| | Plat Sec. III Pt. 1 |
| 1f | **MOTION FOR LEAVE TO USE THE ORIGINAL RECORD for Petitioner, In re: Philip Emerson, No. 24-40170 (May 13, 2024)** |
| 4 | UNPUBLISHED ORDER, No. 24-40107 |
| 1g | **FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, *In re: Philip James Emerson Jr.*, No. 24-40107 (Feb 23, 2024)** |
| N.0_FEB_13_EXHIBIT | Declaration of P J Emerson |
| N.1_Feb_16_Exhibit | February 16, 2024, Email from Texas Comptroller of Public Accounts |
| N.2_Feb_16_Exhibit | Attachment to Email from the Texas Comptroller of Public Accounts |
| N.3_Feb_16_Exh | Notice of Hearing to Solidify Foreclosure as Precedent |

72

| Exhibit/Tab/ Table | Description |
|---|---|
| ibit | |
| N.4_Feb_16_Exh ibit | Intent to Use Lot Owner Majority Vote as Reason for Buying Part of Common Areas |
| N.1_FEB_13_EX HIBIT | Notice Canceling Jan. 19 Setting & Setting Pretrial Jan. 4 Hearing |
| N.2_Feb_13_Exh ibit | Jury Trial March 29, 2024    Notice Setting |
| N.3_Feb_13_Exh ibit | Jan. 4 Objections, Motion to Disqualify |
| N.4_Feb_13_Exh ibit | Register of Actions        41,650 – 41,651 – 41,653 |
| N.5_Feb_13_Exh ibit | Jail Records – Charge: Failure to Appear |
| N.6_Feb_13_Exh ibit | Jail Records – Charge: Criminal Mischief |
| N.7_Feb_13_Exh ibit | 5th Cir. Clerk's February 7 Letter No. 1 |
| N.8_Feb_13_Exh ibit | 5th Cir. Clerk's February 7 Letter No. 2 |
| N.9_Feb_13_Exh ibit | Single-Use Passes to Get to Home and Property Given to Dianne L. Weaver |
| N.9a_Feb_13_Ex hibit | ORDER DENYING MOTION TO RECUSE AND DISQUALIFY of self-assigned Judge, *Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr.*, No. 2020-059 (Feb. 12, 2024 (no clerk stamp & Charles using his roll-a-matic date stamper for back-dating, forward-dating, changing-date of actual act purposes) |
| N.10_Feb_13_Ex hibit | ORDER of Loc. Admin. Judge, *Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr.*, No. 2020-059 (Feb. 13, 2024) (Local Administrative Judge's Nonsensical Order Granting Permission to File Notice of Nonsuit) |
| N.11_Feb_13_Ex hibit | OBJECTIONS TO MAGISTRATE JUDGE STRIKING OBJECTIONS of Petitioner, *Emerson*, 453-JCB-KNM & 24-40004 (E.D. Tex. Feb. 9, 2024, 5th Cir. Feb. 6, 2024), ECF. 21-1 & 19 |
| N.12_Feb_13_Ex hibit | APPENDIXSUPPORTING:APPELLANT'SSUBSEQUE.NT |

73

| Exhibit/Tab/ Table | Description |
| --- | --- |
| N.14_Feb_13_Exhibit | Notification of Alarm System Malfunction |
| N.15_Feb_13_Exhibit | Order on Emerson's Nonsuit after Rejecting Filing 2-5-2024 |
| N.16_Feb_13_Exhibit | Social Media Posts About Security Licensing – Contractor / Investigator / Alarm System |
| N.17_Feb_13_Exhibit | Closing Documents – James Steed – Flowers Title Company – Check to HLRA Omitted from Settlement Statement |
| N.18_Feb_13_Exhibit | Email String with Davis – Partner Celia Flowers |
| N.19_Feb_13_Exhibit | Social Media Posts Concerning Me & HLRA's Custody of Texas Landowners |
| 1h | **MOTION TO REINSTATE ERRONEOUSLY DISMISSED APPEAL & RECALL MANDATE for Appellant—Petitioner, *Philip James Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, & Holly Lake Ranch Association, Inc.*, No. 24-40004 (5th Cir. May. 20, 2024), ECF Nos. 38-1, 38-2, 38-3** |
| 1i | **CORRECTED FIRST SUPPLEMENT SECOND AMENDED PETITION FOR WRITS OF MANDAMUS of Petitioner, *In re: Philip Emerson*, 24-40170 (tendered to 5th Cir. Clerk May 20, 2024) (excerpt)** |
| 1j | **MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND** |
| N.0_Feb_16 | Declaration of P J Emerson |
| N.1_Feb_16 | Email from Tex. Comptroller of Public Accounts |
| N.2_Feb_16 | Attachment to Email from Tex. Comptroller of Public Accouts |
| N.3_Feb_16 | Notice of Hearing to solidify foreclosure as precedent |
| N.4_Feb_16 | Intent to use lot owner vote as reason for buying part of common areas |
| 2a | **ORIGINAL PETITION FOR WRIT OF MANDAMUS for Petitioner, *In re P J Emerson*, No. 21-1055 (Sup. Ct. Tex. Dec. 7, 2021)** |
| Appendix | ORDER DENYING VEXATIOUS LITIGANT'S REQUEST FOR PERMISSION TO FILE NEW LITIGATION of Loc. Admin. J. |

| Exhibit/Tab/ Table | | Description |
|---|---|---|
| | | McCampbell, *Ex parte Philip J. Emerson Jr.*, No. _____ (Oct. 20, 2021) |
| **2b** | | **MANDAMUS RECORD for Petitioner, *In re P J Emerson*, No. 21-1055 (Dec. 7, 2021)** |
| | 1 | ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS for Petitioner, *Ex parte P J Emerson*, No. WR-89,977-02 (Tex. Ct. Crim. Apps. Oct. 21, 2021, *motion for leave denied*) |
| | 1 | PETITION FOR WRIT OF HABEAS CORPUS |
| | 2 | Notice of Filing – Court of Criminal Appeals of Texas – October 25, 2021 |
| | 3 | Court of Appeals Number- 09-20-00006-CV Trial Court Case Number- CIV33032 Style- Sheron Terrell v. Austin J. Weeks, et al., |
| **2d** | | **ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, *Ex parte P J Emerson*, (Mar. 29, 2024) Tendered to Texas Supreme Court Clerk** |
| | 1 | EMERSON CASES AT THE SUP. CT. TEX |

| Case Number | Date Filed | Style | COA Case Number | Trial Court Case Number |
|---|---|---|---|---|
| 21-1055 | 12/7/2021 | IN RE PJ EMERSON | | |
| 20-0704 | 9/11/2020 | IN RE PHILIP | 12-20-00070- | 2012-626A, |

| Exhibit/Tab/ Table | | Description | | |
|---|---|---|---|---|
| | | J. | CV | |
| | | EMERSON , JR. | | 2019- 327 |
| 20- 0491 | 6/22/2020 | IN RE PHILIP J. | 12-19- 00320- CV | 2019- |
| | | EMERSON , JR. | | 327 |
| 20- 0467 | 6/11/2020 | IN RE PHILIP J. | 12-19- 00352- CV | 2012- |
| | | EMERSON , JR. | | 626A |
| 20- 0220 | 3/20/2020 | IN RE PHILIP J. | 12-20- 00071- CV | 2012- |
| | | EMERSON , JR. | | 626A, 2019- 327 |
| 18- 1216 | 12/27/201 8 | IN RE: PHILIP J. EMERSON | 12-18- 00350- CV | 2012- 626 |

| Exhibit/Tab/ Table | Description |
|---|---|
| | , JR. |
| 2 | EMERSON CASES & CASE W/ EMERSON INTEREST IN AT THE TWELFTH COURT OF APPEALS |
| 3 | EMERSON CASES & AT THE SIXTH COURT OF APPEALS |
| 2e | **ATTACHMENTS, *Ex parte P J Emerson*, (Mar. 29, 2024) Tendered to Texas Supreme Court Clerk** |
| | Tab A – Case No. 2020-059: Twelfth Court of Appeals Notices, Opinions, Mandates, & Federal Court Docket Acknowledgment of the Removal |
| A-1 | March 21, 2024 6:08:45 PM – Mandates & Other Documents |
| A-2 | March 8, 2024 DOCKETED Notice of Removal - CIVIL DOCKET FOR CASE #: 6:24-cv-00082-JCB-KNM |
| A-3 | March 1, 2024 3:04:24 PM – EFILTEXAS.gov Notice - Filing Returned for Envelope Number: 85111797 in Case: 12-23-319-CR, for filing Other Document (Notice of Removal) |
| A-4 | February 29, 2024 6:10:18 PM – Mandates & Other Documents |
| Tab - B | Disqualification 402nd Dist. Judges |
| B-1 | February 29, 2024 – ORDER GRANTING HOLLY LAKE RANCH ASSOCIATION, INC.'S MOTION TO STRIKE THE INTERVENING & OR, JOINING PLAINTIFFS ORIGINAL PETITION FOR INJUNCTION, DAMAGES, QUIETING TITLE, APPLICATION FOR TEMPORARY ORDER |
| B-2 | February 13, 2024 2:33 PM – J. BRADLEY MCCAMPBELLS' ORDER GRANTING NONSUIT (DELIVERED VIA EFILETEXAS.gov) |
| B-3 | February 13, 2024 12:05 PM – J. BRADLEY MCCAMPBELLS' ORDER SITTING IN CAPACITY OF LOCAL ADMINISTRATIVE JUDGE GRANTING PERMISSION TO FILE REJECTED FILING (DELIVERED VIA EFILETEXAS.gov) |
| B-3 | February 13, 2024 – Alfonso Charles' ORDER DENYING MOTION TO RECUSE AND DISQUALIFY - MCCAMPBELL |

| Exhibit/Tab/ Table | Description |
|---|---|
| B-4 | February 13, 2024 – Alfonso Charles' ORDER DENYING MOTION TO RECUSE AND DISQUALIFY - MCCAMPBELL |
| B-5 | January 4, 2024 – DAN MOORE'S ORDER DENYING MOTION FOR CONTINUANCE – 2020-059 (Delivered by State's Electronic Filing Manager) |
| B-6 | January 4, 2024 – DAN MOORE'S DOCKET ENTRIES ON MOTION TO DISQUALIFY (ALFONSO CHARLES) & MOTION FOR CONTINUANCE –(Delivered by State's Electronic Filing Manager – District Court) |
| B-7 | January 4, 2024 – EFILETEXAS.gov EMAILED NOTICE DELIVERING DAN MOORE'S DOCKET SHEET ENTRIES |
| B-8 | January 4, 2024 – DAN MOORE'S ORDER ON MOTION TO DISQUALIFY (ALFONSO CHARLES – County Court Version DELIVERED JAN. 5) |
| B-9 | December 21, 2023 – Chief Justice N. Hecht's Letter Order Assigning Active Judge Dan Moore to Determine MOTION TO DISQUALIFY  Aflonso F. Charles from Determining MOTION TO DISQUALIFY J. Brad McCampbell |
| B-10 | November 20, 2024 – COMBINED OBJECTIONS, MOTION TO RULE ON MY MOTION FOR JOINDER, & MOTION TO STAY EXECUTION OF JUDGE GILBREATH'S WRIT OF POSSESSION (delivered via EFILETEXAS.gov) |
| B-11 | November 2, 2024 (Delivered Nov. 3)- FILE MARKED (Old School Dist. Ct.) ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE Charles (Roll-Date Stamp Used by Alfonso Charles) |
| B-12 | November 2, 2023 (Delivered Nov. 3)– File Marked (old school – Dist. Ct.) Copy of MOTION FOR DISQUALIFICATION ORDER |
| B-13 | November 3, 2023 – EFILETEXAS.gov Notice of Acceptance of 11/1/2023 12:25 PM CST Filing Accepted: Date/Time Accepted 11/3/2023 10:46 AM CST |
| B-14 | November 3, 2023, 3:08 PM– Email from Paige Brown Delivering November 2 Alfonso Charles' Order Assigning Himself & November 2 File Marked Copy of Motion to |

| Exhibit/Tab/ Table | Description |
|---|---|
| | Disqualify (not delivered via EFILETEXAS.gov) |
| | Tab C –Pleadings in Trial Courts Not Designated in Any Other Tab |
| C-1 | January 4, 2023 – Combined Objection to May Arraignment – Withdrawal of Express Waivers in 41,651 & 41,653 – Motion to Disqualify |
| C-2 | September 14, 2023 – FIRST SUPPLEMENT TO SECOND AMENDED DEFENDANT PHILIP J. EMERSON JR.'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM FOR EQUITABLE BILL OF REVIEW & APPLICATION FOR TEMPORARY INJUNCTION |
| | Tab D – Case Nos. 41,650; 41,651; & 41,653 - Live Pleadings, Orders, & Other Documents |
| D-1 | March 22, 2024 – Katlyn Neighbors' Threat of Arrest & Notice (Under Kevin White's Supervision, notwithstanding my un-referred Disqualification Motion & White's Plea to Not Work) of Pretrial & Jury Trial Setting Before ???? |
| D-2 | January 19, 2024 – Notice of Jury Trial Setting Before F. Duncan Thomas |
| D-3 | January 19, 2024 – Notice of Jury Trial Setting Before F. Duncan Thomas |
| D-4 | January 4, 2023 – COMBINED OBJECTION TO MAY ARRAIGNMENT, AND TO THE EXTENT NECESSARY, WITHDRAW WAIVER OF ARRAIGNMENTS FOR WANT OF QUALIFIED JUDGE, & MOTION TO DISQUALIFY |
| D-5 | December 12, 2023 – Notice of Cancelled Setting Before F. Duncan ThomasNotice of Setting |
| D-6 | September 29, 2023 – Mailed Notice of Cancellation of October Setting – Notice of January Setting Before Judge Assigned Illegally by Charles |
| D-7 | September 18, 2023 – Email Delivering Kevin White's Request for Assignment |
| D-8 | September 15, 2023 – OBJECTIONS Lodged in Response to Kevin White's Denial of Motion to Suppress |
| D-9 | September 7, 2023 – ORDER DENYING MOTION TO SUPPRESS |

| Exhibit/Tab/ Table | Description |
|---|---|
| | Tab E - Denying Receiver Appointed for the Holly Lake Ranch Association, Inc. |
| E-1 | July 17, 2019 – ORDER DENYING EX PARTE ORDER APPOINTING RECEIVER |
| | Tab F – OPEN RECORDS REQUEST 2-2024 |
| F-1 | March 11, 2024 – Open Records Letter to Texas Attorney General -  CC'd to Emerson |
| | Tab G – Case Nos. 7688 & 7689 – Petitions for Writs of Habeas Corpus |
| G-1 | September 7, 2023 – ORDERS Dismissing Habeas Petitions 7688 & 7689 |
| G-2 | August 7, 2023 – Notice of Hearing 30 Days after Notice + 7 Days after Filing (Speedy???) |
| G-3 | July 31, 2023 –Habeas Petition 7689 Docketed OVER a Month after filing – See Tab G-2 |
| G-4 | July 31, 2023 –Habeas Petition 7688 Docketed OVER aMonth after filing – See Tab G-1 |
| | Tab H – Court of Criminal Appeals Rejected Filing |
| H-1 | September 20, 2023 – Orders to Refile |
| H-2 | September 18, 2023 – Petition for Writs of Habeas Corpus |
| | Tab I – United States District Court, Eastern District of Texas, Tyler Division |
| I-1 | December 27, 2023 2023 – Order Requiring Me to Replead |
| I-2 | February 2023 – Order Striking Pleadings |
| I-3 | January 5, 2024 – Order Requiring Me to File Abandon My Right to File Further Motions in District Court Post Final Judgment |
| | Tab J – United States District Court, Eastern District of Texas, Tyler Division |
| J-1 | Comptroller Documents Ordering Me to Do Certain Things, only to deprive |
| | Tab H – Court of Criminal Appeals Rejected Filing |
| H-1 | September 20, 2023 – Orders to Refile |
| H-2 | September 18, 2023 – Petition for Writs of Habeas Corpus |

| Exhibit/Tab/ Table | Description |
|---|---|
| | Tab I – United States District Court, Eastern District of Texas, Tyler Division |
| I-1 | December 27, 2023 2023 – Order Requiring Me to Replead |
| I-2 | February 2023 – Order Striking Pleadings |
| I-3 | January 5, 2024 – Order Requiring Me to File Abandon My Right to File Further Motions in District Court Post Final Judgment |
| | Tab J – United States District Court, Eastern District of Texas, Tyler Division |
| J-1 | Comptroller Documents Ordering Me to Do Certain Things, only to deprive |
| **2f** | **2nd Amended Motion for Temporary Relief of the Relator, *IN RE: PHILIP J. EMERSON, JR.*, No. 18-1216 (Jan. 2, 2019)** |
| **2g** | **PETITION FOR WRIT OF MANDAMUS of the Relator, *IN RE: PHILIP J. EMERSON, JR.*, No. 18-1216 (Dec. 27, 2018)** |
| A-4 | February 19, 1990 -Meeting Minutes and Resolution HiringJohn Alexander |
| A-5 | February 26, 1990 -Meeting Minutes and Resolution HiringJohn Alexander |
| A-6 | June 5, 1990 -Meeting Minutes and Resolution HiringJohn Alexander |
| A-7 | Order on Recusal -September 1, 1999 |
| A-8 | Petition -Association vs Debra Miller |
| A-9 | Compromise Settlement Agreement & 1990 Judgment -Recorded in Deed Records August 2015.pdf |
| A-10 | 2012-626 Final Judgment |
| A-11 | David A. Johnson, One Step Forward, Two Steps Back: Construction of Restrictive Covenants After the Implementation of Section 202 3 of the Texas Property Code, 32 Tex. Tech L. Rev. 355, 356 (201 ) |
| A-12 | Cases Involving Fraudulent liens |
| A-12a | Printout of Collection Suits Filed in justice court |
| A-12b | Himes Fraudulent lien Claim -Denied by Boswell |
| A-12c | Fraudulent Affidavit of lien ) A-13 -How Sales of Lots Happened |

| Exhibit/Tab/ Table | Description |
|---|---|
| A-13a | Sale toAnderson Lot 302 6-26-1973 ·ab A-13b -Assignment from Anderson to Widener 1974 |
| A-13c | Deed -HLR Dev. Co to Widener Lot 302 Section IV Pt IV - 1984 |
| 14 | Collection Mechanics -Fraud.pdf ·ab A-14a -Fraudulent Affidavit -Not Correct Deed Records |
| A-14b | Lien CloudingTitle -Fraudulent Affidavit -Not Correct Deed Records |
| A-14c | Land Restrictions Referred to in lien -Airpark -Not Section Ill |
| A-14d | Plat for Air Park Not Sec Ill -The Lots in the Affidavits of Lien are not in this Plat |
| A-15 | Deeds Showing Suing Lot Owners from Different Sections in HLR Master-Planned Development |
| A-15a | Hoffman |
| A-15b | Burns |
| A-16 | Sales by Holly Lake Ranch Development Co |
| A-16a | -One of First Filed Deeds section I -November 13, 1970 |
| A-16b | -One of First Filed Deeds section Ill |
| A-16c | -Printoutl,488 Instruments Filed from 1970 to 09-17-1981 - Page 1 of12+ on Website |
| A-16c1 | -Printoutl,488 Instruments Filed from 1970 to 09-17-1981 -Last Page on Website after search |
| A-16d | Deed-Sale to Mead's Entities -Sept 17, 1981 |
| A-16e | -1176 Instruments Filed by Holly Lake Development Co after Sale to Mead -9-18-1981 to today Printout Page one off website |
| A-16e1 | Printout of last page of search for instruments filed after 9-18-1981 |
| A-17 | -490-88 Final Judgment Tab A-18 -Emerson Second Amended Petition and Request for Equitable Relief -filed Jan 25 2013 |
| A-18 | Amended Bylaws -July 2007 Art. 11, sec. 1 -Lot Owners have No Control Art. 11, sec. 2 -Voting Rights -One -1 vote per member Art. X, sec. 3 -Amendment Provision |
| A-19 | -Original Bylaws Art. 11, sec. 1 -Lot Owners have No Control Art. |

| Exhibit/Tab/ Table | Description |
|---|---|
| | 11, sec. 2 -Voting Rights -One -1 vote for each lot owned. Art. X, sec 3 -Amendment Provision Affidavit -Tex Williams - Authenticating Original Bylaws Tab A-20 -Amended Bylaws -Sept 27 2012 Art. 11, sec. 1 -Lot Owners Have Some Control. See Art. X. Art. 11, sec. 2 -One -1 vote per member Art. IX, sec. 3 -Amendment Provision Silverleaf self-serving provision -no lot owner vote |
| A-21 | -Amended Bylaws -Sept 27 2012 recorded Jan 2013 Art. 11, sec. 1 - Lot Owners Have Some Control. See Art. X. Art. 11, sec. 2 -Voting Rights -One -1 vote per member Art. IX, sec. 3 -Amendment Provision |
| A-22 | -Letter to Real Parties in Interest |
| B | Fred Riter Affidavit |
| BB | -Riter Affidavit |
| L | -Authorities Tab - Tab - Tab - Tab -Tab -Tab -(1) Tab -Tab - Tab - Tab - |
| L-1 | Tesco American, Inc. v. Strong Indus., Inc., 221 S.W.3d 550 (Tex. 2006) |
| L-2 | In re O'Connor, 92 S.W.3d 446 (Tex. 2002) |
| L-3 | In re Wilhite, 298 S.W.3d 754 (Tex. App.-Houston [1st Dist.) 2009, no pet.) |
| L-4 | TEXAS CONST. ART. 5, § 3 |
| L-5 | TEXAS CONST. ART. 5, § 11 |
| L-6 | TEX. R. CIV. P. 18b(a) |
| L-7 | TEX. GOV'T CODE § 22.002 |
| L-8 | Barfield, et aL, v. Holland, et ux, 844 S.W.2d 759 (Tex. App.-Tyler 1993) |
| L-9 | Lade v. Keller, 615 S.W.2d 916 (Tex. App.—Tyler 1981) |
| L-10 | Raman Chandler Properties, L.C. v. Caldwell's Creek Homeowners Ass'n, Inc., 178 SW. 3d 384 (Tex. App. -Fort Worth 2005, pet. denied) |
| L-11 | Dyegard Land P'ship v. Hoover, 39 S.W.3d 300 (Tex. App.- FortWorth 2001, no pet.) |
| L-12 | Tarrv. Timberwood Park Owners Ass'n, Inc., 556 S.W.3d 274 (Tex. 2018), reh'g denied (Oct. 5, 2018) |

| Exhibit/Tab/ Table | | Description |
|---|---|---|
| L-13 | | *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000) |
| L-14 | | *Formosa Plastics Corp., USA v. Kajima Intern., Inc.*, 216 S.W.3d 436 (Tex. App.-Corpus Christi 2006, pet. denied) |
| L-15 | | *State v. Burks*, 82 Tex. 584, 18 SW. 662 -1891 |
| L-16 | | *Storck v. Tres Lagos Prop. Owners Ass'n, Inc.*, 442 S.W.3d 730 (Tex. App.-Texarkana 2014, pet. denied) |
| L-17 | | *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) |
| L-18 | | TEX. PROP. CODE §5.006 -Statutes |
| L-19 | | *In re Union Pac. Res. Co.*, 969 S.W.2d 427 (Tex.1998) |
| 2h | | **Notice of Defendant, *Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr.*, No. 2020-059, 7688, & 7689** |
| | | 11-27-2023 - Email Sent to Local Admin. Judges.pdf |
| | | 11-27-2023 - 1st Amend. Req. Permission_OCR_ |
| | | Exhibit 1 -11-21-2023 - MANDAMUS PETITION.pdf |
| | | Exhibit 2 - 11-20-2023 - Motion for Emergency Stay of Underlying Writ Execution.pdf |
| | | Exhibit 3 - 11-21-2023 - Notice of Filing Returned - 1.pdf |
| | | Exhibit 4 - 11-21-2023 - Notice of Filing Returned - 2.pdf |
| | | Exhibits A. 4 and 5 - Vexatious Litigant Order 8-18-2020.pdf |
| | | 11-26-2023 - REQUEST FOR PERMISSION TO FILE.pdf |
| | | STAMPED - 9-15-2023 - 41650 - OBJECTIONS TO ORDER ON MOTION TO SUPPRESS w Attachments_1b-2.pdf |
| 2i | | **APPELLANT'S BRIEF ON THE MERITS for Appellant, *EX PARTE PHILIP J. EMERSON JR.*, No. 6-20-85-CR** |
| | A | *In re Philip J. Emerson Jr.*, Nos. 12–20–00068–CR, 12–20–00069 (Mar. 31, 2020) |
| | B | PETITION FOR WRIT OF MANDAMUS for Relator |
| | C | Supreme Court of Texas & Court of Criminal Appeals, FIRST EMERGENCY ORDER REGARDING THE COVID-19 STATE OF DISASTER (Mar. 13, 2020) |
| 3a | | **Excerpts House Committee Reports/Record** |
| | | TESTIMONY OF HON. GRIFFIN B. BELL, FORMER ATTORNEY GENERAL OF THE UNITED STATES, KING & |

| Exhibit/Tab/ Table | Description |
|---|---|
| | SPALDING, ATLANTA, GA., REPRESENTING THE AMERICAN BAR ASSOCIATION |
| | PETITION TO THE CONGRESS |
| | TESTIMONY OF HON. ROBERT A. AINSWORTH, JR., JUDGE OF THE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT |
| 3b | **CASSELL v. UNITED STATES FIDELITY & GUARANTY CO.** |
| 3c | **Beecher, Proverbs from Plymouth Pulpit** |
| 3d | **WILLIAM MARBURY v. JAMES MADISON** |
| 3e | **Update on TRCP 145 and Statements of Inability to Pay Court Costs** |
| 3f | **Mark Johnson v. George Miller, Sr., individual capacity; Donald Mitchell, individual capacity; Clarksdale Public Utilities Commission** |
| 3g | **Electronic Case Filing User's Manual revised 2022** |
| 3h | **Electronic Case Filing User's Manual revised 2024** |
| 3i | *Holly Lake Ranch Association, Inc., v. Philip Emerson, et al.*, No 6:24-CV-82-JCB, *Report and Recommendation of the United States Magistrate Judge* (May. 30, 2024) |
| 3j | **PACER billing statement May 2024** |
| 3k | *Terry Bevill v. City of Quitman, Texas, Jeff Fletcher, Thomas Castloo, James Wheeler, David Dobbs, & Wood County*, 4:19-CV-00406 (June 1, 2023), *affirmed Terry Bevill v. James Wheeler, Jeffrey Fletcher, Thomas Castloo, David Dobbs*, No. 23-40321 (5th Cir. May 30, 2024) |

# Exhibit Aug-5_Ord

*Philip Emerson v. Jerry Parker, et al.*, No. 6:21-CV-240, *Order Denying Rules 62.1 & 2nd Rule 60(b) Motions* Document 81 (E.D. Tex. Aug. 5, 2024)

Case: 25-40123    Document: 27    Page: 163    Date Filed: 05/28/2025

Case: 24-40556    Document: 11-2    Page: 159    Date Filed: 09/05/2024

Case: 24-40107    Document: 59-3    Page: 585    Date Filed: 08/20/2024
Case 6:21-cv-00240-JDK-KNM   Document 81   Filed 08/05/24   Page 1 of 2 PageID #: 10722

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHILIP JAMES EMERSON, JR., | § § § | |
| Petitioner, | § § § | |
| v. | § § | Case No. 6:21-cv-240-JDK-KNM |
| JERRY PARKER, et al., | § § | |
| Respondents. | § § § | |

## ORDER DENYING PENDING MOTIONS

Before the Court are Petitioner's motion for a preliminary injunction pending appeal (Docket No. 64) and motion for leave to file a motion to vacate this Court's Final Judgment (Docket No. 70).

On June 14, 2023, this Court denied petitioners habeas corpus petition, dismissed the case with prejudice, and denied Petitioner a certificate of appealability *sua sponte*. Docket No. 50. The Court also dismissed motions for relief from final judgment—determining that petitioner was raising a successive petition and that this court did not have jurisdiction to entertain it. Docket No. 56; *see also Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Petitioner appealed, and the Fifth Circuit Court of Appeals dismissed his appeals. Accordingly, Petitioner's motion for an injunction pending appeal (Docket No. 64) is **DENIED** as moot.

The Court turns to Petitioner's motion for leave to file a motion to vacate (Docket No. 70). Petitioner's filing comprises 11 docket entries and thousands of

1

pages of exhibits. But the substantive portion essentially attempts to relitigate Plaintiff's earlier arguments and cites no specific errors in the Court's findings and determinations.

This case is closed, there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals. Accordingly, the Court **DENIES** Petitioner's motion for leave to file a motion to vacate final judgment (Docket No. 70) and **STRIKES** Petitioner's Exhibits—Docket Nos. 71-80—from the record in this case as irrelevant.

Further, the Court **ORDERS** that no further exhibits shall be accepted in this case unless this case is reopened by an appropriate order. Petitioner is cautioned that further attempts to submit exhibits while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power.

**Signed this**

**Aug 5, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

2

# Exhibit Feb-3_Ord

*Philip James Emerson, Jr., v. Jerry Parker, et al.*,

No. 6:21-cv-240, *ORDER DENYING PENDING MOTIONS* (E.D. Tex. Feb. 3, 2025)

Denying motions to proceed without payment of costs in two distinct habeas corpus petitions.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHILIP JAMES EMERSON, JR., | § § § | |
| Petitioner, | § § § | |
| v. | § § § | Case No. 6:21-cv-240-JDK-KNM |
| JERRY PARKER, et al., | § § § | |
| Respondents. | § § § | |

## ORDER DENYING PENDING MOTIONS

Before the Court are Petitioner's motion to proceed without payment of fees (Docket No. 82) and motion to proceed *in forma pauperis* (Docket No. 83).

On June 14, 2023, this Court denied Petitioner's habeas corpus petition, dismissed the case without prejudice, and denied Petitioner a certificate of appealability sua sponte. Docket No. 50. The Court also dismissed motions for relief from final judgment—determining that Petitioner was raising a successive petition and that this Court did not have jurisdiction to entertain it. Docket No. 56; *see also Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Petitioner appealed, and the Fifth Circuit Court of Appeals dismissed his appeals. Then, Petitioner's motion for an injunction pending appeal was denied as moot. Docket No. 81. Petitioner's motion to vacate final judgment was also denied. *Id.*

This case is closed, there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals. Accordingly, the Court **DENIES** Petitioner's motion

1

to proceed without payment of fees (Docket No. 82) and motion to proceed *in forma pauperis* (Docket No. 83). Further, Petitioner is cautioned that further attempts to submit exhibits or frivolous motions while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power.

2

# Exhibit Feb-17/18_Ord

*Philip James Emerson, Jr., v. Jerry Parker, et al.,*

No. 6:21-cv-240, *ORDER* (E.D. Tex. Feb. 18, 2025)

Imposing sanctions.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |  |
|---|---|---|
| PHILIP JAMES EMERSON, JR., | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:21-cv-240-JDK |
| JERRY PARKER, et al., | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Petitioner's five notices (Docket Nos. 85–89) and attached exhibits in this closed habeas proceeding. The notices appear to concern a purported petition for a writ mandamus with the United States Court of Appeals for the Fifth Circuit.

Petitioner's habeas proceeding was dismissed in 2023. Docket. No. 50. The Court also dismissed his motions for relief from final judgment—finding that Petitioner was raising a second or successive petition and this Court therefore had no jurisdiction to entertain it. Docket No. 56. Petitioner appealed, and the Fifth Circuit dismissed his appeal. Subsequently, Petitioner filed a motion for an injunction pending appeal and a motion to vacate final judgment, both of which were denied. Then Petitioner filed a motion for leave to proceed *in forma pauperis* and a motion for leave to proceed without payment, and the motions again were denied. Docket No. 84.

In that most recent order, the Court explained that this case is closed, there are no pending proceedings, and the Fifth Circuit had dismissed Petitioner's appeal. The Court therefore warned Petitioner that further attempts to submit exhibits or frivolous motions while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and this Court's inherent power.

But the Court's orders have not deterred Petitioner. As was before, this case is closed and there are no pending proceedings. While his notices concern a petition for a writ of mandamus, records to date with the Fifth Circuit do not show a pending mandamus petition. The docket shows, instead, that the Fifth Circuit warned Petitioner on December 16, 2024, that any future frivolous, repetitive, or otherwise abusive mandamus petitions in the court will invite sanctions, including summary dismissal and monetary sanctions. *See* case no. 24-40556. Thus, both this Court and the Fifth Circuit have warned Petitioner regarding his abusive and frivolous filings.

Petitioner's repeated filings are abusive and in violation of Federal Rule of Civil Procedure 11. This Court has both specific and inherent power to control its own docket and "to control the disposition of the causes on its docket with economy of time." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011). Despite multiple warnings, Petitioner continues to file abusive

pleadings and exhibits. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (noting that "no one, rich or poor, is entitled to abuse the judicial process").

Accordingly, it is **ORDERED** that the Clerk of Court shall not accept from Petitioner Philip James Emerson, Jr., any further documents, pleadings, motions, or correspondence whatsoever in this case except for one (1) notice of appeal of this order and one (1) application for leave to proceed *in forma pauperis* connected to such notice of appeal. Any other documents, pleadings, correspondence, or motions received from the Petitioner in this case shall not be filed on the docket, but shall be returned unfiled or discarded, in the sole discretion of the Clerk.

Further, it is **ORDERED** that the Clerk of Court shall revoke Petitioner's electronic filing privileges in this cause.

So **ORDERED** and **SIGNED** this **18th** day of **February, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

# Exhibit Feb-6_Email

Submission of Motion to Proceed In Forma Pauperis & Petition for Writ of Mandamus

2/25/25, 1:04 PM                           Gmail - New Filing - 1 of 3 - Motion for Leave to Proceed IFP

 **Gmail**                                        **P J Emerson <findpjemerson@gmail.com>**

---

### New Filing - 1 of 3 - Motion for Leave to Proceed IFP
1 message

---

**P J Emerson** <findpjemerson@gmail.com>                    Thu, Feb 6, 2025 at 11:44 PM
To: Pro_se@ca5.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson



   📄 **2025.2.6 Motion for Leave to Proceed IFP.pdf**
     646K

2/25/25, 1:05 PM            Gmail - New Filing - 2 of 3 - Part 1 of 2 of Petition for Writ of Mandamus

 **Gmail**

**P J Emerson <findpjemerson@gmail.com>**

## New Filing - 2 of 3 - Part 1 of 2 of Petition for Writ of Mandamus
1 message

**P J Emerson** <findpjemerson@gmail.com>            Thu, Feb 6, 2025 at 11:44 PM
To: Pro_se@ca5.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson



📄 **2025.2.6 - Petition_Part1.pdf**
19277K

 **Gmail**

**P J Emerson <findpjemerson@gmail.com>**

## New Filing - 3 of 3 - Part 2 of 2 of Petition for Writ of Mandamus
1 message

**P J Emerson** <findpjemerson@gmail.com>                                         Thu, Feb 6, 2025 at 11:44 PM
To: Pro_se@ca5.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson



📄 **2025.2.6 - Petition_Part2.pdf**
12289K

# Exhibit Feb-8_Email

Submission of Motion for Leave to
Amend Petition & First Amended
Petition for Writ of Mandamus



P J Emerson <findpjemerson@gmail.com>

---

## Part 1 of 4 - Motion for Leave to Amend Petition Tendered Feb. 6, 2025
1 message

---

**P J Emerson** <findpjemerson@gmail.com>                                     Sat, Feb 8, 2025 at 4:52 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson

---

📄 **2025.2.8 - Motion for Leave to Amend Petition.pdf**
170K

 Gmail

**P J Emerson <findpjemerson@gmail.com>**

## Part 2 of 4 - Amended Petition 1 of 3
1 message

**P J Emerson** <findpjemerson@gmail.com>                                    Sat, Feb 8, 2025 at 4:52 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson



**2025.2.8 - 1st Amended Petition_Part1.pdf**
19327K

 Gmail

**P J Emerson <findpjemerson@gmail.com>**

## Part 3 of 4 - Amended Petition 2 of 3
1 message

**P J Emerson** <findpjemerson@gmail.com>                                    Sat, Feb 8, 2025 at 4:52 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson

 **2025.2.8 - 1st Amended Petition_Part2.pdf**
19407K

 Gmail

**P J Emerson <findpjemerson@gmail.com>**

## Part 4 of 4 - Amended Petition 3 of 3
1 message



**P J Emerson** <findpjemerson@gmail.com>                                      Sat, Feb 8, 2025 at 4:52 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson

📄 **2025.2.8 - 1st Amended Petition_Part3.pdf**
    10322K

# Exhibit Feb-17_Email

Submission of Motion for Leave to Amend Petition & Second Amended Petition for Writ of Mandamus

 Gmail

**P J Emerson <findpjemerson@gmail.com>**

## Second Amended Petition for Writ of Mandamus (Part 1 of 3) - 2 of 4
1 message

**P J Emerson** <findpjemerson@gmail.com>                    Mon, Feb 17, 2025 at 9:49 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson

 **2025.2.17 2nd Amended Petition_Part1.pdf**
19262K



**P J Emerson <findpjemerson@gmail.com>**

## Second Amended Petition for Writ of Mandamus (Part 2 of 3) - 3 of 4
1 message

**P J Emerson** <findpjemerson@gmail.com>          Mon, Feb 17, 2025 at 9:49 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson



**2025.2.17 2nd Amended Petition_Part2.pdf**
19353K

 **Gmail**

**P J Emerson <findpjemerson@gmail.com>**

## Second Amended Petition for Writ of Mandamus (Part 3 of 3) - 4 of 4
1 message

**P J Emerson** <findpjemerson@gmail.com>        Mon, Feb 17, 2025 at 9:49 PM
To: Pro_se@ca5.uscourts.gov, cam_barker@txed.uscourts.gov, jeremy_d_kernodle@txed.uscourts.gov

P J Emerson

📄 **2025.2.17 2nd Amended Petition_Part3.pdf**
    8841K

# Exhibit Feb-18_Email

Clerk Email - No Action in response
to February 17 Submission

 Gmail

**P J Emerson <findpjemerson@gmail.com>**

## Motion for Leave to File Second Amended Petition for Writ of Mandamus - 1 of 4

**CA5 Pro Se** <pro_se@ca5.uscourts.gov>                                                   Tue, Feb 18, 2025 at 9:45 AM
To: "findpjemerson@gmail.com" <findpjemerson@gmail.com>

Dear Mr. Emerson,


Please be advised that we are taking no action on this email, nor the 3 subsequent emails sent on 02/17/2025.


As you have been previously advised, it is your responsibility to properly combine documents into pdf format BEFORE submitting same to this court.


If you have an issue combining documents into the required pdf format, then you must send same by United States mail.


Finally, you must file a separate writ of mandamus for each separate district court action.

---

**From:** P J Emerson <findpjemerson@gmail.com>
**Sent:** Monday, February 17, 2025 9:49 PM
**To:** CA5 Pro Se <pro_se@ca5.uscourts.gov>; John Barker <Cam_Barker@txed.uscourts.gov>; Jeremy Kernodle <Jeremy_D_Kernodle@txed.uscourts.gov>
**Subject:** Motion for Leave to File Second Amended Petition for Writ of Mandamus - 1 of 4


 **CAUTION - EXTERNAL:**




P J Emerson



 **CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**2025.2.17 - Motion for Leave to Amend Petition.pdf**
146K

# Exhibit Jan-23_Ord

*COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS*, No. 56853, *ORDER NO. 8 GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND SOLICITING MOTION FOR SUMMARY DECISION* (Tex. P.U.C. Jan. 23, 2025)

**DOCKET NO. 56853**

| | | |
|---|---|---|
| COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS | § § § § § § § § § § § § § § § § § § § | PUBLIC UTILITY COMMISSION<br><br>OF TEXAS |

**ORDER NO. 8**
**GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND SOLICITING MOTION FOR SUMMARY DECISION**

This Order address the August 22, September 10, and November 19, 2024 motions to dismiss filed by Liberty Utilities (Silverleaf) LLC under 16 Texas Administrative Code (TAC) § 22.181(d)(1) and (8) for lack of jurisdiction and failure to state a claim, respectively. On November 13, 2024, Philip James Emerson filed a response to Liberty Utilities' motion to dismiss; however, Mr. Emerson's response did not specifically address the motions to dismiss under 16 TAC § 22.181(d)(1) and (8). On November 20, 2024, Commission Staff filed a supplemental statement of position stating it does not oppose Liberty Utilities' motion to dismiss.

With the exception of Mr. Emerson's requested relief that the Commission order Liberty Utilities to remove the lock from the meter located at 112 Red Leaf Lane, Holly Lake Ranch, Texas and restore water service to the property, all of Mr. Emerson's allegations and requests for relief are dismissed. Mr. Emerson's request for restoration of service at the 112 Red Lead Lane property is both within the Commission's jurisdiction and is a form of relief that can be granted by the Commission.

### *Allegations*

Mr. Emerson claims that Liberty Utilities' certificate of convenience and necessity number (CCN) 13131 was illegally issued and the illegalities were caused by false written statements and documents on which the Texas Commission on Environmental Quality (TCEQ), Commission, and an administrative law judge relied; omitted documents related to the water system and utility; representation of landowners without their consent; and the TCEQ, and TCEQ's Office of Public Interest Counsel's (OPIC), failure to protect landowners consuming purchased in-place water. Mr. Emerson does not cite any evidence to support this specific allegation.

Mr. Emerson makes broad allegations of the OPIC's failure to comply with the TCEQ's rules found in 30 TAC Chapter 80 and TWC § 13.017, which is OPIC's statutory authority. Mr. Emerson does not cite any evidence to support these specific allegations.

Mr. Emerson alleges that Liberty Utilities continuously trespasses on land he owns and in which he possesses an interest because of the illegal issuance of Liberty Utilities' CCN and because his subdivision's plat maps and restrictive covenants limit the scope of Liberty Utilities'' activity on fee-simple land held by Texas residents. Mr. Emerson does not cite any evidence to support these specific allegations.

Mr. Emerson further alleges that Liberty Utilities' continuous trespass authorized by the illegal issuance of their CCN constitutes a takings under the Texas Constitution for which the landowners, including himself have not been duly compensated, resulting in a violation of Texas's Due Course of Law provision and 14th Amendment due process rights. Mr. Emerson does not cite any evidence to support these specific allegations.

Mr. Emerson also alleges that the ineffectiveness of the Commission's informal complaint proceedings resulted in the cessation of convenience and necessity of having water service at his house and him having to haul water to his house for domestic use. Mr. Emerson does not cite any evidence to support these specific allegations.

Mr. Emerson claims that an operator should be appointed because Liability Utilities has abandoned its facilities on his property because it has taken all of the actions constating abandonment listed in 16 TAC § 24.355(c) and has also prevented a nearby commercial bottling operation from depleting in-place water. Mr. Emerson does not cite any evidence to support these specific allegations.

Finally, Mr. Emerson alleges that Liberty Utilities has been directly hostile to him for speaking about the theft of in-place water, the theft of a CCN through transferring assets using the Texas Business Corporations Act in conflict with law requiring certain disclosures and recordings, and real property transactions violating the Interstate Land Sales Full Disclosure Act and Texas's Uniform Fraudulent Transfers Act.

### *Requested Relief*

Mr. Emerson requests four specific forms of relief:

1.    Mr. Emerson request that the Commission order Liberty Utilities to unlock the locked valve in the service line located at 112 Red Leaf Lane, Holly Lake Ranch, Texas, to enable water service at the property.

2.    Mr. Emerson also requests that the Commission initiate proceedings to appoint an operator for the water system owned by the lot owners in, at least, section III, parts 1 and 2 of Holly Lake Ranch, and that this order be issued without notice or hearing.

3.    Mr. Emerson further requests that the Commission prohibit Liberty Utilities and its affiliates from trespassing on his property and the property of the other lot owners in the Holly Lake Ranch subdivision.

4.    Finally, Mr. Emerson requests that the Commission prohibit Liberty Utilities from supplying his property, and the properties of others in section III, parts 1 and 2 of Holly Lake Ranch, with water from a well or wells outside the subdivision.

### *Motion to Dismiss for Lack of Jurisdiction*

Liberty Utilities moved to dismiss all allegations and requests for lack of jurisdiction under 16 TAC § 22.181(d)(1) except for Mr. Emerson's request that the Commission order Liberty Utilities to restore water service to the property at 112 Red Leaf Lane.  The administrative law judge (ALJ) grants the motion in part, as detailed below.

Mr. Emerson's allegations related to OPIC's responsibilities under 30 TAC chapter 80 and the Texas Water Code, Liberty Utilities' acts of trespass and hostility, the source of water used by Liberty Utilities, health hazards, taking claims under the Texas Constitution, violations of Texas's Due Course of Law, violations of the 14th Amendment, violations of the Interstate Land Sales Full Disclosure Act, and violations of Texas's Uniform Fraudulent Transfers Act are outside the scope of the Commission's jurisdiction and are dismissed under 16 TAC § 22.181(d)(1).

### *Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted*

Liberty Utilities additionally moved to dismiss all allegations and requests for relief for failure to state a claim for which relief can be granted under 16 TAC § 22.181(d)(8).  The ALJ grants the motion in part, as detailed below.

Mr. Emerson's allegations related to the issuance of CCN number 13131 to Liberty Utilities' predecessor by the TCEQ, the Commission's informal complaint process, and the appointment of a temporary manager to operate the water system in his portion of the Holly Lakes Ranch subdivision are not actionable claims through the complaint process.  These issues are analogous to a request that the Commission amend a rule and initiate a rulemaking process and as such, the Commission can decline to take action.  As such, Mr. Emerson is not entitled to relief on these claims and they are dismissed under 16 TAC § 22.181(d)(8).

### *Soliciting Motion for Summary Decision*

The ALJ believes that the facts surrounding the request for the Commission to order Liberty Utilities to unlock the water meter located at 112 Red Leaf Lane are undisputed, and thus, a motion for summary decision may be appropriate.  Therefore, any party may file a motion for summary decision on the remaining claim by February 6, 2025.  Any responses to a motion filed must be filed by February 20, 2025.

**Signed at Austin, Texas on the 23rd day of January 2025.**

**PUBLIC UTILITY COMMISSION OF TEXAS**

**KATIE MOORE MARX**
**ADMINISTRATIVE LAW JUDGE**

Q:\CADM\Docket Management\Water\Complaints\56xxx\56853- 8 dismiss.docx

# Exhibit Feb-20_POS

COMMISSION STAFF'S RESPONSE TO MOTION FOR SUMMARY DECISION of Texas Public Utility Commission, No. 56853
*COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS* (Tex. P.U.C. Feb. 20, 2025)



# Filing Receipt

**Filing Date - 2025-02-20 10:50:59 AM**

**Control Number - 56853**

**Item Number - 21**

DOCKET NO. 56853

| | | |
|---|---|---|
| COMPLAINT OF PHILIP JAMES EMERSON, JR. AGAINST LIBERTY UTILITIES (SILVERLEAF) LLC DBA LIBERTY AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, HOLLY LAKE RANCH ASSOCIATION, INC., ORANGE LAKE AND ITS PREDECESSORS IN INTEREST, OZARKA, BLUE TRITON, ROBERT JAMES, MICHAEL ADAM EHLERT, JEFF WILSON, GREG BOWEN, ROBERT E. MEAD, JR., ALGONQUIN POWER FUND (AMERICA) INC., ALGONQUIN WATER RESOURCES OF TEXAS, LLC, NATIONAL LAND AND TITLE OF TARRANT, INC. DBA FIRST LAND TITLE AND ITS AFFILIATES, INCLUDING BUT NOT LIMITED TO, JEFF DAVIS | § § § § § § § § § § § § § § § § § § § § | PUBLIC UTILITY COMMISSION OF TEXAS |

**COMMISSION STAFF'S RESPONSE TO MOTION FOR SUMMARY DECISION**

On July 19, 2024, Philip James Emerson, Jr (Mr. Emerson) filed a complaint against Liberty Utilities (Silverleaf) LLC dba Liberty (Liberty Utilities) and its affiliates and predecessors under 16 Texas Administrative Code (TAC) § 22.242 regarding the disconnection of water service, billing, and other related matters.

On January 23, 2025, the administrative law judge (ALJ) filed Order No. 8, allowing any party, including the Staff (Staff) of the Public Utility Commission of Texas (Commission) to file a motion for summary decision by February 6, 2025 and any responses thereto by February 20, 2025. On February 5, 2025, Liberty Utilities filed a motion for summary decision. Therefore, this response is timely filed.

**I.    RESPONSE TO MOTION FOR SUMMARY DECISION**

Staff has reviewed Liberty Utilities motion for summary decision and recommends that it be granted. To date, Mr. Emerson has not filed any information or documentation to dispute that no payment has been made in relation to the account that is the subject of this complaint, such that Liberty Utilities' disconnection of service to such account for nonpayment was appropriate.

Further, to the extent that such issue needs addressed, Mr. Emerson has not provided any information or documentation to dispute that Liberty Utilities did disconnect such account for nonpayment, such that Liberty Utilities' subsequent disconnection thereafter without notice for tampering was also appropriate. Ultimately, there are no genuine issues of material fact and Liberty Utilities is entitled to a decision on its favor as a matter of law regarding its disconnections of service to the account that is the subject of this complaint for nonpayment and subsequently thereafter for tampering.

## II.    CONCLUSION

For the reasons detailed above, Staff respectfully requests the entry of an order granting Liberty Utilities' motion for summary decision.

Dated: February 20, 2025

Respectfully submitted,

**PUBLIC UTILITY COMMISSION OF TEXAS**
**LEGAL DIVISION**

Marisa Lopez Wagley
Division Director

Ian Groetsch
Managing Attorney

*/s/ Scott Miles*
Scott Miles
State Bar No. 24098103
1701 N. Congress Avenue
P.O Box 13326
Austin, Texas 78711-3326
(512) 936-7228
(512) 936-7268 (facsimile)
Scott.Miles@puc.texas.gov

## DOCKET NO. 56853
## CERTIFICATE OF SERVICE

I certify that, unless otherwise ordered by the presiding officer, notice of the filing of this document will be provided to all parties of record via electronic mail on February 20, 2025, in accordance with the Second Order Suspending Rules, issued in Project No. 50664.

/s/ Scott Miles
Scott Miles

# Exhibit Jan-31_IFP

*Philip James Emerson, Jr., v. Texas Board of Law Examiners*,
    No. 6:25-cv-____, *MOTION TO PROCEED IN FORMA PAUPERIS* (E.D. Tex. Jan. 31, 2025)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS


Philip James Emerson, Jr.
_____
(Plaintiff)

vs                                    Case No. _____

Texas Board of Law Examiners
_____
(Defendant)

MOTION TO PROCEED IN FORMA PAUPERIS

I, petitioner, Philip James Emerson, Jr. respectfully moves this Honorable Court for leave to

proceed in this matter without payment of fees, costs, or security.

Attached hereto is an affidavit in support of my motion to proceed in forma pauperis.


Respectfully submitted,

Plaintiff Philip James Emerson, Jr.
_____

Address 112 Red Leaf Lane
_____

Holly Lake Ranch, Texas  75765
_____

_____

Phone 512-763-7775
_____

Date January 31, 2025

AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

INSTRUCTIONS: Complete all questions in this affidavit and then sign it.  Do not leave any blanks.  If the answer to a question is "0", "none", or "not applicable (NA)", write in that response.  If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

1.      Are you presently employed?  YES _____     NO X

(a) If the answer is "YES", state the amount of your gross salary or wages per month and give the name and address of your employer.

$_____ per month

Employer _____

_____

(b) If the answer is "NO", state the date of last employment and the amount of the gross salary and wages per month which you received.

$ 15,000_____ per month

Employer Brush Country Claims - 10-2022_____

_____

2.      Is your spouse presently employed?   YES _____    NO _____

If the answer is "YES", state the gross amount of his/her salary or wages per month and give the name and address of his/her employer.

$_____ per month

Employer _____

_____

2

3. Have you ~~or your spouse~~ received within the past twelve (12) months any money from any of the following sources:

    (a) Business, profession, or form of self-employment? YES _____ NO X_____

    (b) Rent payment, interest or dividends? YES _____ NO X_____

    (c) Pensions, annuities, or life insurance payment? YES _____ NO X_____

    (d) Gifts or inheritances? YES X_____ NO _____

    (e) Any other sources? YES X_____ NO _____

If the answer to any of the above questions is "YES", describe each source of money and state the amount received from each during the last twelve (12) months and by whom.

Dianne Weaver - Payment of subscription service, electricity, and water.

Federal class action suit < $100.00

CFPB < $100.00          Sale of personal property

4. How much cash do you and your spouse have? $.35_____.

5. List any money you ~~or your spouse~~ have in bank accounts or in any other financial institution and the name of the financial institution.

Fidelity < $1.00

6. List the assets and the values which you ~~or your spouse~~ own. Do not list clothing and ordinary household furnishings.

Home Address 112 Red Leaf Lane - Mother's Home

Value of Home _____

Motor Vehicle #1 Make, Year, Model None

Value of Motor Vehicle #1 _____

Motor Vehicle #2 Make, Year, Model _____

Value of Motor Vehicle #2 _____

7.  Do you ~~or your spouse~~ own any other real estate, stocks, bonds, notes, automobiles, or other valuable property not listed above (excluding ordinary household furnishings and clothing)?
    YES X_____      NO _____

    If the answer is "YES", describe the property and state its approximate value.

    Lots in Section III, Parts 1 & 2 Holly Lake Ranch (quantity 6)
    _____

8.  List the persons who are dependent upon you ~~or your spouse~~ for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    None
    _____

9.  ~~Do you expect any major changes to your spouse's monthly income or expenses or in your or your spouse's assets or liabilities during the next 12 months?~~
    ~~YES _____     NO _____~~

    ~~If yes, describe below or on an attached sheet.~~
    _____

    _____

10. Estimate the average monthly expenses of you and your family. ~~If different, list separately the amounts paid by your spouse.~~

    Rent or home-mortgage payment None _____

    Utilities (electricity, heating fuel, water, sewer, and phone) $100 _____

    Home maintenance (repairs and upkeep) None _____

    Food $100 _____

4

Clothing None

Laundry and dry-cleaning None

Medical and dental expenses None

Transportation (not including motor vehicle payments) None

Recreation, entertainment, newspapers, magazines, etc. None

Insurance (not deducted from wages or include in mortgage payments)

    Homeowner's or renter's insurance None

    Life insurance None

    Health insurance None

    Motor vehicle insurance None

    Other insurance None

Taxes (not deducted from wages or included in mortgage payments) None

Installment payments

    Motor vehicle None

    Credit card None

    Department store credit card None

    Other installment payments Deferred

Alimony, maintenance and support paid to others None

Regular expenses for operation of business, profession, or farm (attach a detailed

    statement) $50

Other expenses $75

11.     Provide any other information that will help explain why you cannot pay the filing fees for your case.

Have not been licensed to practice law.  Licenses held in insurance industry have

expired due to inability to pay renewal fees.  Cannot get to a workplace due to vehicle stolen

in November 2023 by police, the Holly Lake Ranch Association, Inc., personnel, and other.

Have been unsuccessful at gaining remote employment.

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the filing fees of my case.  I believe that I am entitled to redress.  I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.
(28 U.S.C. 1746, 18 U.S.C. 1621)

January 31, 2025
                    Date                                              Signature of Applicant

6

# Exhibit Jan-31_Cov

*Philip James Emerson, Jr., v. Texas Board of Law Examiners*,
    No. 6:25-cv-____, *Civil Cover Sheet*
    (E.D. Tex. Jan. 31, 2025)

JS 44 (Rev. 03/24) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Philip James Emerson, Jr.

**DEFENDANTS**

Texas Board of Law Examiners

**(b)** County of Residence of First Listed Plaintiff   Wood
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Travis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se - 112 Red Leaf Lane, Holly Lake Ranch, TX 75765

Attorneys *(If Known)*

205 West 14th Street, Suite 500
Austin TX 78701

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** | | Agency Decision |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 Section 2241

Brief description of cause:
Exercising control over Petitioner in violation of the Due Process Clause in the Fourteenth Amendment to the U.S. Constitution

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE   Jeremy Kernodle   DOCKET NUMBER   6:21-CV-240

DATE
1-31-2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# Exhibit Jan-31_Pet

*Philip James Emerson, Jr., v. Texas Board of Law Examiners,*
  No. 6:25-cv-____, *Petition for Writ of Habeas Corpus Pursuant to § 2241 U.S.C.* (E.D. Tex. Jan. 31, 2025)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Philip James Emerson, Jr. | ) ) ) ) ) |
| *Petitioner* | ) |
| v. | ) Case No. _____ |
| Texas Board of Law Examiners | ) *(Supplied by Clerk of Court)* |
| *Respondent* | ) |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.   (a) Your full name:   Philip James Emerson, Jr.
     (b) Other names you have used:   P J Emerson, James Emerson

2.   Place of confinement:
     (a) Name of institution:   Texas
     (b) Address:   112 Red Leaf Lane
                    Holly Lake Ranch, Texas 75765
     (c) Your identification number:

3.   Are you currently being held on orders by:
     ❏ Federal authorities      ☑ State authorities      ❏ Other - explain:

4.   Are you currently:
     ❏ A pretrial detainee (waiting for trial on criminal charges)
     ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
        If you are currently serving a sentence, provide:
           (a) Name and location of court that sentenced you:
           (b) Docket number of criminal case:
           (c) Date of sentencing:
     ❏ Being held on an immigration charge
     ☑ Other *(explain)*:   Determination of character and fitness to practice law in Texas.

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
     ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☑ Other *(explain)*:    Requirement to (a) pay and additional fee and (b) complete Supplemental Investigation Form.  See Letter requesting action (Exhibit A); Instructions for Supplemental Investigation (Exhibit B).

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    Board of Law Examiners ("TXBLE")

205 West 14th Street, 5th Floor Austin, Texas 78701

(b)  Docket number, case number, or opinion number:

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

"Given the length of time that has passed, we are requesting that you complete and submit a Supplemental Investigation Form."  Exhibit A.

(d)  Date of the decision or action:    11/06/2024

**Your Earlier Challenges of the Decision or Action**

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes          ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  If you answered "No," explain why you did not appeal:    The "Create Message" button--the exclusive means of communicating with TXBLE analyst personnel--has been removed from my "ATLAS User Home page." See https://ble.texas.gov/contact-us.  Additional facts are attached and incorporated here.

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes          ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    (2)  Date of filing: _____
    (3)  Docket number, case number, or opinion number: _____
    (4)  Result: _____
    (5)  Date of result: _____
    (6)  Issues raised: _____

(b)  If you answered "No," explain why you did not file a second appeal: _____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❐ Yes    ❐ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    (2)  Date of filing: _____
    (3)  Docket number, case number, or opinion number: _____
    (4)  Result: _____
    (5)  Date of result: _____
    (6)  Issues raised: _____

(b)  If you answered "No," explain why you did not file a third appeal: _____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❐ Yes    ❐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❐ Yes    ❐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❑ Yes                    ❑ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❑ Yes                    ❑ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?

❑ Yes                    ❑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

_____
_____
_____
_____
_____

(d)   Did you appeal the decision to the United States Court of Appeals?
❏ Yes                ❏ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____

12.   **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☑ Yes                ❏ No
If "Yes," provide:
(a) Kind of petition, motion, or application:   Petition for Writs of Mandamus
(b) Name of the authority, agency, or court:   U.S. Court of Appeals for the Fifth Circuit

(c) Date of filing:   08/26/2024
(d) Docket number, case number, or opinion number:   24-40556
(e) Result:   Closely related relief denied; citing expansion of scope is inappropriate.
(f) Date of result:   12/16/2024
(g) Issues raised:   Whether that court should order "the Texas Board of Law Examiners to certify that I possess the necessary present character and fitness to the necessary present character and fitness to practice law in Texas."  Exhibit C at  24-40556 Document: 2 Page: 300; see generally Exhibit C (compiling documents provided referencing TXBLE).

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   The decision is arbitrary in that the rules governing the administrative agency provide for supplemental review only in specified circumstances not present in the matter of me gaining certification to the Texas Supreme Court that I possess the necessary present character and fitness to practice law in Texas. Because of the arbitrary decision having no basis in law, the decision violates the 14th Amend. of the U.S. Const.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

The November 6 letter does not reference a rule or guideline governing a determination of character and fitness to practice law in Texas.  No hearing has occurred in the matter of determining whether I possess the requisite present character and fitness to practice law in Texas.  All fees have been paid to obtain certification; and, all other requirements to gain a license to practice law in Texas have been satisfied.

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND TWO:**

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
❏ Yes                    ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    There have been no appeals.  The relief requested in the mandamus action was ancillary to the request for the Fifth Circuit Court of Appeals to exercise its authority to supervise this Court by granting relief to me relating to how this Court operates internally, assigns cases to magistrate judges in cases I am involved in, makes up its own facts, goes by its own rules, and rejects habeas corpus statutory mandates.

**Request for Relief**

15.  State exactly what you want the court to do:  Order the TXBLE to respond; and after response, order the TXBLE to certify to the Texas Supreme Court a satisfactory determination of my present character and fitness to practice law in Texas.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:      01/31/2025

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

## ADDITIONAL FACTS ¶7(b)

1.    The state-district court judge has a policy and practice of suspending the Texas writ of habeas corpus. Specifically:

1.a.    Acting as the local administrative judge in 2021, Judge J. Brad McCampbell ("McCampbell") denied my right to file a petition for writ of habeas corpus because an order exists purporting to have determined me a vexatious litigant;

1.b.    On or about October 23, 2024, a petition for writ of habeas corpus was filed in the state court McCampbell presides over, the 402nd district court in Wood County, Texas, by Gregory Keith Roberts.  As of this day, McCampbell has yet to issue the writ;

1.c.    On or about October 28, 2024, a petition for writ of habeas corpus was filed in the 402nd district court by me on behalf of Scott Alexson.  As of this day, McCampbell has yet to issue the writ;

1.d.    On or about October 28, 2024, a petition for writ of habeas corpus was filed in the 402nd district court by me on behalf of Leland Chong.  As of this day, McCampbell has yet to issue the writ; and,

Additional_Facts0001

1.e.    On or about October 28, 2024, a petition for writ of habeas corpus was filed in the 402nd district court by me on behalf of Roger Potter.  As of this day, McCampbell has yet to issue the writ.

2.    The state constitutional county court judge has a policy and practice of denying the opportunity to be heard and making up facts. Specifically:

2.a.    In August 2023, county judge Kevin White ("White") denied me the right to enter testimonial evidence into the record of case numbers 41,650, 41,651, and 41,653; and,

2.b.    In October 2023, White entered an order stating that, "as a practicable matter," I could retrieve my vehicle from an individual (a tow truck owner) that assisted police and the Holly Lake Ranch Association, Inc., personnel in the commission of a crime—namely, theft of property—when the individual explained to me in November 2024 that the vehicle is gone.

3.    Texas's highest court given original and appellate jurisdiction over Texas's habeas corpus matters not involving restraint of liberty because of an alleged violation of a civil order has a policy and practice of suspending the writ of habeas corpus.  Specifically, that court requires an individual file a motion for leave to file a petition for writ of habeas corpus in conflict with established law.  I have attached my objection tendered to that court in the assigned case number WR-

89,977-03—a similar objection filed in case number WR-96,249-01 (*available at*:

https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=297148bb-1581-

4862-9a9a-f5e95c3815fc&coa=coscca&DT=RECORD&MediaID=da7a8b0b-

c181-4777-897c-3fa67a518b19) to these additional factual assertions that discusses

how the requirement for the filing of the motion for leave acts as an illegal

suspension of Texas's writ of habeas corpus.

4. Texas's highest court given original and appellate jurisdiction over

Texas's habeas corpus matters involving restraint of liberty because of an alleged

violation of a civil order has a policy and practice of suspending the writ of habeas

corpus. Specifically in 2024, the Supreme Court of Texas denied the filing of a

petition for writ of habeas corpus "because the clerk there will not file any of my

pleadings due to being listed on the vexatious litigant website." FIRST

SUPPLEMENT TO EMERGENCY PETITION FOR WRIT OF MANDAMUS

AND ADMINISTRATIVE STAYS OF REMAND & APPELLATE

TIMETABLES of Petitioner, *In re Philip James Emerson, Jr.*, No. 24-40556 at

Document: 11-2 Page: 70 (Sep. 5, 2024). I have attached the page, and pages

giving futility context, submitted to the United States Court of Appeals for the

Fifth Circuit quoted from to these additional factual assertions.

Additional_Facts0003

Case 6:21-cv-00240-JDK-KNM   Document 82-2   Filed 01/31/25   Page 12 of 53 PageID #:  10742

Case: 24-40556   Document: 25-2   Page: 28   Date Filed: 11/26/2024

Case No. WR-_____

| | IN THE COURT OF |
| --- | --- |
| *Ex parte P J Emerson* | **CRIMINAL APPEALS OF** |
| | **THE STATE OF TEXAS** |

**OBJECTION TO THE COURT'S RULE REQUIRING LEAVE TO FILE A PETITION FOR WRIT OF HABEAS CORPUS**

To the Presiding Judge and Judges of the Court of Criminal Appeals:

Greetings!

I, Philip J. Emerson Jr., a.k.a. P J Emerson, the Petitioner and Applicant in the accompanying petition, as well as the Movant here, object to the Court's requirement to file a motion with the Court asking for leave to file a petition for writ of habeas corpus—and, in support I show unto each of you the following:

1.     I object to Rule 72.1 of the Texas Rules of Appellate Procedure requiring me to ask for leave to file the accompanying petition based on Article I, Section 12, of the Texas Constitution and the Fourteenth Amendment of the U.S. Constitution.  TEX. R. APP. P. 72.1.

**Rule 72.1 Violates the Texas Constitution**.

2.     Article I, Section 12—in Bill of Rights of the contract[1] between the

---

[1] *Contract* used interchangeably with *constitution* has been taught by law professors and law school deans since the days The University of Texas at Austin School of Law enrolled "close to two-thirds of [a] class [] unqualified to study law."  *See* TEX. STATE. PRES. BD., Texas State Cemetery, *Werdner Page Keeton* (quoting Keeton), *available at* https://cemetery.tspb.texas.gov/pub/user_form.asp?pers_id=2954 (last accessed Nov. 11, 2024); JIM ALLISON, Preparer, COUNTY JUDGES & COMMISSIONERS ASSOCIATION OF

1

4th Declaration 9 of 200

Additional_Facts0004

Case No. WR-_____

People of Texas and all branches of Texas government—says: "The writ of habeas corpus is a writ of right, and shall never be suspended[—and, t]he Legislature shall enact laws to render the remedy speedy and effectual."  TEX. CONST. ART. I, § 12.  The "writ of right" phrase, as reminded by George D. Braden in *THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS*, is "<u>subject to no exceptions</u>"; and, "w[as] a reaction to arbitrary denials of the writ by the Reconstruction government and *to suspension of the writ* as well."[2]  (emphasis mine).  The Rule complained of relates to the emphasized words.

3.    To suspend something is to "delay; interrupt; cause to cease for a time; [and, to] debar [it] temporarily."[3]  Rule 72.1 causes delay because the writ is one of right.  Rule 72.1 turns the writ of right into one of privilege to be pondered by the Court's judicial legislators.  Rule 72.1 interrupts "the due course of the law

---

TEXAS: *CONSTITUTIONAL BASIS  OF COUNTY GOVERNMENT* 2 (quoting Dean Keeton as saying: "Our Constitution is the basic contract between the people of Texas and their government; it is essential that we all understand the terms of that contract."), *available at* https://capitol.texas.gov/tlodocs/85R/handouts/C2102017030210301/1917cd8c-f32d-47b4-9640-792f3b4c8c59.PDF#page=2 (last accessed Nov. 19, 2024).

    [2]  1 BRADEN (ED. & AUTHOR), ET AL., at 46 (1977), *available at* https://www.sll.texas.gov/assets/pdf/braden/the-constitution-of-the-state-of-texas-an-annotated-and-comparative-analysis.pdf#page=77.

    [3]  *Accord* NATIONAL DICTIONARY OF THE ENGLISH LANGUAGE BASED ON THE PRINCIPLES ESTABLISHED BY NOAH WEBSTER AND INCLUDING A PRACTICAL GUIDE TO BUSINESS ENGLISH 815 (1939).

2

Additional_Facts0005

Case No. WR-_____

of the land"[4]—the contract between the People and people holding government power this objection is directed to—because, even the Texas Legislature recognizes that the writ issues without delay. TEX. CONST. ART. I, § 19; *see* TEX. CODE CRIM. P. ART. 11.15 (omitting requirement to ask for permission to file). That a motion for leave can be denied without written order, the Rule not only "debar[s] temporarily," it debars permanently an opportunity to gain the relief desired from a Texas court.[5] The writers of Texas's Constitution in the 1800s too understood that like a "**suspended sentence**, [in law, is] for one imposed but (on condition) not carried out," a suspended writ constitutes a denial of access to Texas's judicial power.[6] (emphasis in original).[7]

4.      And, it does not square that—because a federal venue will take up the question presented in the writ application after exhaustion of state avenues—the

---

[4] Rule 72.1 wouldn't even pass federal constitutional analysis since "'due course of law' was well understood by the Founding generation to mean due or appropriate legal proceedings." MAX CREMA & LAWRENCE B. SOLUM, *THE ORIGINAL MEANING OF "DUE PROCESS OF LAW" IN THE FIFTH AMENDMENT*, 108 VA. L. REV. 447, 502 (2022), *available at* https://virginialawreview.org/wp-content/uploads/2022/04/CremaSolum_Book.pdf#page=56 (last accessed Nov. 19, 2024).

[5] *Accord Ex parte Philip James Emerson Jr.*, No. WR-89,977-02, slip notice denying leave to file (Tex. Crim. App. Dec. 22, 2021), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=77e6b769-4e48-45d0-8f91-4934c3d99410&coa=coscca&DT=ACTION%20TAKEN&MediaID=478a8df7-a2d8-4bd4-9ff6-0af8721dea6e.

[6] *See* TEX. CONST. ART. I, § 13 (reinforcing § 12 with: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.").

[7] https://www.etymonline.com/word/suspend (last accessed Nov. 19, 2024).

3

Additional_Facts0006

Case No. WR-_____

Rule *doesn't really* deny "a person's right to liberation from illegal restraint."[8]

Texas government is to serve—not *serve up* to a foreign court.  This Court once

recognized what I broach in *R. W. Kemper v. The State* when Special Judge Scott

wrote:

> The rule in America is that the American people are the sovereigns, and in them is lodged all power, and the agencies of government possess no authority save that which is delegated to them by the people in the written compact entered into between the people, which is styled the 'Constitution,' and the laws adopted by the representatives of the people in the Legislature assembled, consistent therewith.

63 Tex. Crim. Rep. 1, 37 (1911).[9]  Hence, it is illegal for this Court to end-around[10]

the due course of the law, or the legal process, due to me by enforcing a Rule

promulgated by this Court that suspends the writ of habeas corpus.[11]  It is illegal

---

[8]  *See In re Tex. H. Rep's*, No. 24-0884, slip op. at 9 (Tex. Nov. 15, 2024), *available at* https://txcourts.gov/media/1459695/240884.pdf#page=9 (quoting this Court's decision in *Ex parte Kerr*, 64 S.W.3d 414, 419 (2002)); *id.* (approving this Court's citation to U.S. Sup. Ct. & Tex. Sup. Ct. as support in making the statement of law quoted).

[9]  The opinion is also available at: https://static.case.law/tex-crim/63/case-pdfs/0001-01.pdf (last accessed Nov. 19, 2024).

[10]  The Court gains its delegation to promulgate Rules in specified instances from legislative act.  *See* TEX. GOV'T CODE § 22.108 (titling the section: "Rules of Appellate Procedure in Criminal Cases").  Unlike with the Sup. Ct. in this state, the Legislature—whether by act in accord with the Constitution or not—chose not to limit the Court's habeas corpus jurisdictional scope.  *Compare* TEX. GOV'T CODE § 22.002 (limiting jurisdictional scope of habeas corpus adjudication to particular situations), *with* TEX. GOV'T CODE ch. 22, sub-ch. B (omitting limitation similar to *id.*).

[11]  TEX. CONST. ART. I, §§ 13, 19; U.S. CONST., FOURTEENTH AMEND., § 1; *compare id.* (providing in part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person

4

Additional_Facts0007

Case No. WR-_____

because (a) "[t]he Court . . . and the Judges []hereof shall have the power to issue the writ of habeas corpus . . . ,"[12] because (b) "it is the[ court of criminal appeals's, and the court of criminal appeals judges',] duty, on proper application, to issue the writ under the rules prescribed by law,"[13] and because (c) the Court was not delegated with the authority to effectuate the People's mandate at Article I, Section 12, of the Texas Constitution.[14]

5.      For these reasons alone, the Court has no authority to abridge the right to the writ of habeas corpus by requiring a motion seeking leave to file a petition demanding cause of constructive custody or restraint be returned.[15]

---

of life, liberty, or property, without due process of law . . . "), *&* TEX. CONST. ART. I, § 19 (mandating: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."), *with* TEX. R. APP. P. 72.1 (dictating a course conduct inconsistent with the Tex. Const. & legislative enactments); *see generally, e.g.*, *Ex parte Masterson*, 505 S.W.3d 625, 629 (Tex. Crim. App. 2016) (Alcala, J. concurring) (asking why Rule 72.1 applies to habeas proceedings).

[12]  TEX. CONST. ART. V, § 5.

[13]  TEX. CODE CRIM. PROC. ART. 11.05.

[14]  TEX. CONST. ART. I, § 12.

[15]  TEX. CODE CRIM. PROC. ARTS. 11.21, 11.22; *compare* TEX. GOV'T CODE § 22.108 (placing the words "in criminal cases" throughout the text), *& id.* (stating that the rules promulgated "may not abridge, enlarge, or modify the substantive rights of a litigant"), *with Banister v. Davis*, 140 S. Ct. 1698, 1702–03 (2020) (reminding that "[h]abeas proceedings, [under federal law], are civil in nature"); *id.* (citing *Fisher v. Baker*, 203 U.S. 174, 181 (1906)), *&* TEX. CONST. ART. V, § 5 (limiting appellate jurisdiction to criminal cases; omitting original habeas jurisdiction be for applications addressing criminal-in-nature cases); *compare also, e.g.*, *Ex parte Walker*, 1 Robards 34 (1865) (revealing Tex. habeas law descended from British common law received by American colonists), *available at* https://static.case.law/robards/1.pdf#page=38 (last accessed Nov. 19, 2024), *with* 28 U.S.C. § 2248 (providing in the HISTORICAL AND REVISION NOTES: "At common law the return

Additional_Facts0008

Case No. WR-_____

**Rule 72.1 Violates the U.S. Constitution**.

6. Our Texas Constitution recognizes federal supremacy at Article I, Section 1.  TEX. CONST. ART. I, § 1.  It dictates in part: "Texas is a free and independent State, *subject only to the Constitution of the United States . . . .*"  *Id.* (emphasis mine).  Our federal constitution requires Due Process—both substantive[16] and procedural.[17]

7. The United States Court of Appeals for the Fifth Circuit sees "[t]he conceptual essence of 'substantive' due process [as] the notion that the Due Process Clause — in addition to setting procedural minima for deprivations of life, liberty, or property — bars outright 'certain government actions regardless of the fairness of the procedures used to implement them.'"  *Brennan v. Stewart*, 834 F.2d 1248, 1255 (1988); *see id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986) & *id.* at 337 (Stevens, J., concurring)).  One Fifth Circuit panel put what is to be looked at as follows:

> The Constitution is not implicated unless the decision goes beyond mere error to an intentional or reckless disregard of the constitutional rights of the person against whom the administrative decision is made.

---

was conclusive and could not be controverted but it is now almost universally held that the return is not conclusive of the facts alleged therein. 39 C.J.S. pp. 664-666, §§ 98, 99").

[16] *See generally, e.g.*, *Brennan v. Stewart*, 834 F.2d 1248 (5th Cir. 1988) (discussing Sup. Ct.'s historical substantive due process jurisprudence).

[17] *See generally Mathews v. Eldridge*, 424 U.S. 319 (1976) (addressing procedural due process).

6

Additional_Facts0009

Case No. WR-_____

> Mere failure to make the correct administrative decision does not rise
> to the level of a constitutional violation.

*Atorie Air v. F.A.A*, 942 F.2d 954, 958 (1991) (cleaned up) (citations omitted).

8.    The United States Supreme Court has held for nearly half of a century that "procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)  The factors to be reconciled are:

> [T]he private interest that will be affected by the official action; [] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 334–35.

9.    Here, the private interest to be affected is my liberty right to the issuance of the Texas writ of habeas corpus without this Court suspending it or delaying it.  TEX. CONST. ART. I, § 12; TEX. CODE CRIM. P. ART. 11.15.  The risk of an erroneous deprivation of such interest through the Court's procedure is high because the Court suspends the issuance by requiring that a motion be filed and granted.  In other words, liberty to the writ is *first* suspended by Rule 72.1; and then *second*, it is denied in full by denying the motion without written order—*and*,

7

Additional_Facts0010

Case No. WR-_____

the outright-and-unexplained denial is without opportunity to rebut the Court's

determination that leave to file the writ application would apparently be without

worth.  The Court has, or *should* have, no interest in defying the People's mandate;

and thus, fiscal or administrative burdens are immaterial to the discussion,[18] and no

additional or substitute procedural requirement fits within the command that the

writ is one of right and not privilege.  *Cf., e.g.*, *Kloeckner v. Solis*, 568 U.S. 41, 56,

n.4 (2012) (arguing policy to "overcome" textual mandate is futile).  Consequently,

the decision to enforce Rule 72.1 doesn't meet the federal constitution's minimum

procedure requirement.

10.   In addition, the decision to impose an additional hurdle to vindicate

liberty from illegal constructive custody or liberty from illegal restraint—

irrespective to whether the complained of restraint is restraint from possessing

some thing or some person[19]—*should* shock the conscious of any reasonable jurist.

---

[18] *Compare* TEX. GOV'T CODE § 22.106(a) (providing for appointment of as many commissioners as necessary to "aid the court in disposing of its business"), *&* TEX. GOV'T CODE § 22.107(a)–(b) (allowing the Court to appoint a two-person commission "for the aid of the court in disposing of the business before the court"), *with* TEX. GOV'T CODE ch. 22, sub-ch. A (omitting authority to appoint anyone to assist in disposing of the adjudicative business).

[19] The Tex. Leg. recognizes that the writ of habeas corpus embedded in the Bill of Rights of the Tex. Const. is an essential remedy in gaining possession of another; under certain circumstances and pursuant to procedure prescribed by legislative act making the remedy speedy and effective.  *Compare* TEX. FAM. CODE § 157.371(a)–(b) (prescribing:

(a) The relator may file a petition for a writ of habeas corpus in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found.

8

Additional_Facts0011

Case No. WR-_____

Rule 72.1, in the habeas corpus context, can only be viewed as an "intentional []

disregard of the constitutional rights of the person"—the right to the writ of habeas

corpus. *Atorie Air*, 942 F.2d at 958. That this Court went through the rule-making

process to deliberately create 72.1's impediment to habeas investigation by

affidavit, commissioners, or commission solidifies any question of merely failing

to make the correct administrative decision.

**RELIEF REQUESTED**

11.    Because both the Texas and United States Constitutions are illegally

upended by Rule 72.1 of the Texas Rules of Appellate Procedure, the Presiding

Judge, at least one Associate Judge, or the Court as a whole should—*and is hereby

requested to*—sustain my objection, instruct the Clerk of the Court to file the

accompanying application, and issue the writ without delay in accord with the

Legislature's command. I ask that the Court do so forthwith.

Respectfully submitted,

/s/ P J Emerson

---

(b) Although a habeas corpus proceeding is not a suit affecting the parent-child
relationship, the court may refer to the provisions of this title for definitions
and procedures as appropriate.

), *with* TEX. CODE CRIM. PROC. ART. 11.23 (clearing any wonder about constitutional mandate:

The writ of habeas corpus is intended to be applicable to all such cases of
confinement and restraint, where there is no lawful right in the person exercising
the power, or where, though the power in fact exists, it is exercised in a manner or
degree not sanctioned by law.

).

9

4th Declaration 17 of 200                                Additional_Facts0012

Case 6:21-cv-00240-JDK-KNM    Document 82-2    Filed 01/31/25    Page 21 of 53 PageID #:  10751

Case No. WR-_____

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:        (512) 763–7775
Email:        findpjemerson@gmail.com

10

Additional_Facts0013

the Texas Property Code, the onus to cure this dispute is on the Comptroller—not me. TEX. PROP. CODE § 74.701. Because the Legislature imposes on me the duty to hold the property in trust, and because the Comptroller has not provided a meaningful opportunity to cure the imposition, an order should issue requiring the Comptroller to assist me in relieving me of my obligation.

## STATE OF TEXAS

67.   Texas's vexatious litigant statute, and its application to me, continues its unconstitutional impositions on my life and good name. Not only is every court not doing anything because of the stamp, Texas agencies require me to jump through additional hoops because of its illegal imposition on me. Specifically, the Public Utitility Commission of Texas has taken an opposing party's position that because of the permanent tattoo, the strength of my complaint should be diminished because I have been determined a vexatious litigant. No wonder my $215k education is worthless and I have received absolutely no assistance from any court.

(B)      *No Remedy is Available Except for this Court to Act*.

68.   Going to the state district court is futile because (a) J. Brad McCampbell is disqualified due to (1) his bias against me, (2) refusal to oversee

68

Additional_Facts0014

the commissioners court,[39] (3) suspension of habeas corpus,[40] and (4) interest in the underlying subject matter in 2020-059 (his partnership preparing documents depriving me and other lot owners of use of land and in-place water), (b) Alfonso Charles does not follow the law when a referral is signed by J. Brad McCampbell, and (c) even when a qualified judge is assigned by the Chief Justice of the Texas Supreme Court, that individual receives ex parte conversations and puts the product of those conversations—without me being involved because my transportation was taken from me and because I cannot gain a continuance even with good cause shown—into orders of the district court.

69.    Going to the county court is futile because Kevin White is disqualified for, among other things, not being knowledgeable of the law—and, even when a qualified judge is sought to be assigned, Alfonso Charles fails to follow the text of

---

[39] TEX. CONST., ART. V, § 8 (declaring: "The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law."). This power is exercised by the state-district court's "original mandamus jurisdiction over county officials." *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 109 (Tex. 1981) (citing *Cocke v. Smith*, 179 S.W.2d 958 (1944)). That court "can only set aside decisions or actions of the commissioners court that are illegal, unreasonable, or arbitrary . . . ." *Henry v. Cox*, 520 S.W.3d 28, 37 (Tex. 2017); *see id.* at 37 n.53 (citing *Ector Cty. v. Stringer*, 843 S.W.2d 477, 478 (Tex. 1992)). But when the district court, wearing its administrative hat, refuses to recognize the power vested in the individual citizen to file for writ of habeas corpus, the act of going to that venue is futile. TEX. CONST., ART. I, § 12; TEX. CODE CRIM. PROC. ARTS. 11.21–11.22.

[40] Exhibit May-18.

Additional_Facts0015

the law with regard to appointing a judge to preside over a constitutional county court.

70.   Going to the Texas Supreme Court is futile because the clerk there will not file any of my pleadings due to being listed on the vexatious litigant website. Going to the Texas Court of Criminal Appeals is futile because it has no jurisdiction over civil matters, and because the requirement for me to file for leave of court to invoke its original jurisdiction violates my right to Due Process under the Fourteenth Amendment of the United States Constitution, and the correlative provisions in the Texas Constitution.

71.   And as this supplement—along with all of the papers at this Court shows—going to the United States District Court is a waste of time because it has not followed the statutory text in any proceeding I have been involved in thus far.

### THE COURT SHOULD BE SATISFIED THAT THE WRIT SHOULD ISSUE TO CURB UNLAWFUL COURT AND COURT PERSONNEL BEHAVIOR WITHIN ITS APPELLATE JURISDICTION

72.   For the facts, reasons, circumstances, and citations to law, the Court should find that the issues in this proceeding would assist others in determining what and how to accomplish gaining liberty and property right enforcement.

Additional_Facts0016

# Exhibit A

# Board of Law Examiners
#### Appointed by the Supreme Court of Texas

November 6, 2024

Philip James Emerson
Via ATLAS

Dear Philip Emerson:

Your last application was filed with our office on December 1, 2020. Given the length of time that has passed, we are requesting that you complete and submit a Supplemental Investigation Form. The fee for the form is $190 and it has been loaded onto your ATLAS account for you to complete.

You should complete the form from December 1, 2020 to the present.

Additionally, your fingerprint results have expired and the FBI is no longer reporting new criminal offenses to our office, so you must be re-fingerprinted. Instructions on the fingerprinting process can be found here: https://ble.texas.gov/fingerprint-information. The Board's service code is 11HYGT and the ORI is TX923767Z; you will need these numbers to register with IdentoGo.

Contact me if you have any questions.

Cordially,

*Allison Drish*

Allison Drish
Director of Investigations

---

MAILING ADDRESS
Post Office Box 13486
Austin, Texas 78711-3486

TELEPHONE: 512- 463-1621 ◆ FACSIMILE: 512- 463-5300 ◆ WEBSITE: https://ble.texas.gov

STREET ADDRESS
205 West 14th Street, 5th Floor
Austin, Texas 78701

# Exhibit B

# Texas - Instructions for Supplemental Investigation

**Instructions for Supplemental Investigation**

**Rules**

**Rules**

Do not file a Supplemental Investigation unless you have been instructed by the Board to do so. Contact the Board office to obtain the starting date for your Supplemental Investigation.

I have read and understand these instructions.

**Electronic Communications**

**Electronic Communications**

It is important that you check this website and your ATLAS account on a regular basis to review our latest postings. We will correspond with you primarily through your ATLAS account, but we may also correspond with you by e-mail and through the U.S. postal service. You must keep your e-mail address and mailing address updated in your ATLAS account.

**You are deemed by the Board to have received and read:**

- **e-mail we send to the e-mail address you have provided in your ATLAS account**
- **messages we post in your ATLAS account**
- **mail we send to you at the mailing address you have provided in your ATLAS account.**

TIP: Add @ble.texas.gov and noreply@ble.texas.gov to your contacts or address book to ensure that your internet provider does not filter out e-mails we send you.

I have read and understand these instructions.

**Filing Fee**

**Filing Fee**

TThe fee to file your Supplemental Investigation is $190. Fees are not refunded or transferred.

I have read and understand these instructions.

**Basic Steps to Applying for Admission**

**Basic Steps to Applying**

- Create a personal ATLAS account on this website.
- From your ATLAS account, complete the appropriate application.
- Upload Required Documents through your ATLAS account. See our FAQs (ATLAS) for detailed instructions. **Keep originals on hand; you must mail them to us upon request.**
- Electronically submit your application and pay the filing fee.
- Arrange for third parties to provide documents to us as needed.
- Update your mailing address, email address, and other personal information through the Personal Info tab in your ATLAS account.
- Amend your application as needed through your ATLAS user home.

I have read and understand these instructions.

**Orders of Non-Disclosure**

Page 1 of 3

**Orders of Non-Disclosure**

Pursuant to Gov't Code Sec. 552.142 (b), if you have criminal matters that are the subject of an order of non-disclosure you are not required to reveal those criminal matters on this form. However, a criminal matter that is the subject of an order of non-disclosure may become a character and fitness issue. Pursuant Government Code Section 411.0765(b)(5), the Texas Board of Law Examiners is entitled to access criminal history record information that is the subject of an order of non-disclosure. Therefore, if the Board discovers a criminal matter that is the subject of an order of non-disclosure, even if you properly did not reveal that matter, the Board may ask you to provide information about that criminal matter.

I have read and understand these instructions.

**Expunged and Sealed Offenses**

**Expunged and Sealed Offenses**

Matters expunged pursuant to Texas Code of Criminal Procedure Art. 55.02, or pursuant to another State's statute with the same force and effect, need not be disclosed. While expunged or sealed offenses, arrests, tickets, or citations need not be disclosed, it is your responsibility to ensure the offense, arrest, ticket, or citation has, in fact, been expunged or sealed. It is recommended that you obtain a copy of the Court Order expunging or sealing the record in question. Failure to reveal an offense, arrest, ticket, or citation that is not in fact expunged or sealed, raises questions related to truthfulness in addition to questions regarding the offense itself. Note that orders of non-disclosure pursuant to Gov't Code §411.081 are not orders of expunction.

I have read and understand these instructions.

**Employment History**

**Employment History**

**If an employer is no longer in business**, you should enter the phrase "no longer in business" on the line for the supervisor's name, instead of listing the name of your supervisor.
**If your immediate supervisor is no longer employed by the employer**, you have a choice: either list the name of another supervisor still employed by the employer who will be able to respond to an inquiry from the Board staff as to your honesty, etc., or list the current address of your former supervisor, wherever that person is now, or if neither is a viable option, state "personnel department."
**If you cannot locate any documentation that indicates the exact dates you were employed**, list the approximate dates, but indicate that they are approximate.
**If you were employed in a non-paid, intern-type position**, you should list such employment situations. Board staff will elicit responses as to your honesty, etc., so the fact that you were not paid is not important.

I have read and understand these instructions.

**FBI fingerprint Card**

**FBI fingerprint Card**

A new fingerprint check with the Federal Bureau of Investigation is mandatory. The staff of the Board of Law Examiners cannot complete the investigation of your Application without the results of your FBI fingerprint check.
See Fingerprinting Information

I have read and understand these instructions.

**Court Records**

**Court Records**

You must provide copies of all requested court records as specified on the application.

I have read and understand these instructions.

**Full Disclosure**

----------------------------------------------------------------

**Full Disclosure**

It is imperative that you honestly and fully answer all questions, regardless of whether you believe the information requested is relevant. Your responses on your application are evaluated as evidence of your candor and honesty. An honest "yes" answer to a question on your application is not definitive as to the Board's assessment of your present moral character and fitness, but a dishonest "no" answer is evidence of a lack of candor and honesty, which may be definitive on the character and fitness issue.

----------------------------------------------------------------

I have read and understand these instructions.

----------------------------------------------------------------

**Obligation to Update**

----------------------------------------------------------------

**Obligation to Update**

While your application is pending, you must immediately amend your application with any new or changed information.

You must keep your contact information current—make changes as needed through the Personal Info tab in your ATLAS account.

----------------------------------------------------------------

I have read and understand these instructions.

----------------------------------------------------------------

# Exhibit C

In re: Philip Emerson, Jr. 'Non Dispositive Court Order denying for reconsideration'"). Exhibit Jul-12_Not.

### V.    RELIEF REQUESTED

6.    I respectfully ask that the Court:

6.a.    Vacate the Court's July 22 *Non Dispositive* order (Exhibit Jul-22_Ord);

6.b.    Consolidate this case with 24-40170—and, in the event the Court consolidates as requested, then I respectfully ask that the Court vacate the (a) July 1 order denying extension to file reconsideration and consolidation[5] and (b) July 12 *Non Dispositive* order denying reconsideration in 24-40170;[6]

6.c.    Grant my out of time motion for leave to file my out of time motion for reconsideration of the Court's May 2 unpublished order[7];

6.d.    Grant a thirty-day extension from this date to supplement my out of time motion for reconsideration (due Wednesday, September 18, 2024);

6.e.    Grant an administrative stay in the Rule 60(b) federal proceeding in case number 6:21-CV-240.

---

[5] This Order is attached to "Exhibit Aug-5_Leave" as "Exhibit Jul-1."

[6] *Supra* n.5.

[7] This Order is attached to "Exhibit Jun-27"—which is attached to "Exhibit Aug-5_Leave" that is attached to this motion—as "Exhibit 6-27_B."

14

6.f.    Grant an administrative stay in the removed proceeding (6:24-CV-82);

6.g.    Grant an administrative stay in state court case number 2020-059;

6.h.    Grant an administrative stay in state court case number E23-016-3;

6.i.    Grant an administrative stay in all state county court criminal cases;

6.j.    Order the Texas Department of Public Safety to respond to my complaint; and,

6.k.    Order the Texas Board of Law Examiners to certify that I possess the necessary present character and fitness to practice law in Texas;

6.l.    Order the Public Utility Commission of Texas to require service be restored at 112 Red Leaf Lane—where my home is located; and

6.m.    Grant other interim relief to which I may be entitled to.

## VI.    REASONS FOR GRANTING THE RELIEF REQUESTED

7.    Four reasons warrant the Court granting the relief requested.

7.a.    The first reason is that an out-of-time motion for leave to file an out-of-time motion for reconsideration remains pending before the Court—or

38.    ).  Where, as here, the HLRA monitors who comes to my home, monitors me at my home, and monitors who is on a deed for the purpose of charging an illegal initiation fee, the entity acts without proper licensing.  *See, e.g.,* Declaration of Alicia Scoggins at **2–3 (having to deed out her daughter from owning land to avoid paying $2,500 to the HLRA).  Even if licensing were not required, the complained of investigative activities are outside of the restrictions imposed on the HLRA by its creators.  *See* TEX. OCC. CODE § 1702.104(a) (prescribing activities constituting when "[a] person acts as an investigations company for the purposes of" Chapter 1702).

39.    The irreparable injury that will occur is the more of the same.  I've explained over and over how the entity's security personnel assault, damage property, intimidate, harass, and stalk.

40.    The public's interest is that the government agency govern its licensees, and those that act outside of the legislative enactments.

(2)    **License to Practice Law in Texas.**

41.    I am likely to succeed on the merits because the government agency has not come up with any present condition that would warrant withholding a license to practice law.

42. The irreparable injury that will occur is what is already occurring—the denial of a hearing on the preliminary findings that I may be a danger to consumers because the request of such hearing constitutes a litigation under Chapter 11 of the Texas Civil Practice and Remedies Code, and because Jeff Fletcher asserted to the Texas Board of Law Examiners that I owe more than $20,000 to Wood County by order gained unlawfully. My substantive due process right to earn a living, pay back $200,000k+ in student loads, and protect consumers and Texas landowners in court proceedings has been unlawfully barred. *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Franklin v. United States*, 49 F.4th 429, 435 (5th Cir. 2022).

43. The public's interest is in licensing attorneys that have completed the necessary requirements and paid the required fees—all of which I have done. The public's interest is also in me being able to earn money to pay back student loans.

     (3)     **Public Utility Commission of Texas, Case Number 56853.**

44. The likelihood of me succeeding on the merits of the administrative proceeding are listed below, with links to the documentation supporting my factual contentions appended to this motion at the table titled: "Table of Complainant's Filings in Public Utility Commission of Texas, Case Number 56853."

     44.a. The excess charges violate the Eighth Amendment in the United States Constitution. U.S. CONST., EIGHTH AMEND. This is because the

47

declaration as "Exhibit Social_4."

39.     On November 11, I visited www.nextdoor.com and discovered that other HL land owners were discussing the amount of money spent on employees. I took screen clips of the conversation and converted them to PDF file. I have attached true and correct copies of the screen clips to this declaration as "Exhibit Social_3." Not long thereafter, I navigated to the Holly Lake Ranch website where I logged into the members only area. I navigated to the financial disclosures. I downloaded the audits of the consolidated financial statements for years 2019 thru 2023. I have attached to this declaration true and correct copies of the downloaded digital documents as "Exhibit HLRA-Financials."

(B)     Texas Board of Law Examiners

40.     On November 6, I received an email from the Texas Board of Law Examiners ("TXBLE") stating that I started a new application. I have attached a true and correct PDF printout of the email to this declaration as "Exhibit Nov-TXBLE." The same day, I received another email from the TXBLE stating that "Information/documentation" was sent to me. I have attached a true and correct PDF printout of the email to this declaration at the same exhibit. When I navigated to the TXBLE website, I discovered the application and messages associated with the application. I printed those to PDF and have attached them to this declaration at the same exhibit.

11/6/24, 8:19 AM    Gmail - You just started a new application with the Texas Board of Law Examiners Ref:--wwb9442420--



P J Emerson <findpjemerson@gmail.com>

**You just started a new application with the Texas Board of Law Examiners Ref:--wwb9442420--**
1 message

**noreply@ble.texas.gov** <noreply@ble.texas.gov>                                Wed, Nov 6, 2024 at 7:02 AM
To: findpjemerson@gmail.com

To complete your application, please use the blue Login button on our webpage to access your ATLAS page and:

(1) Click on the individual forms under Forms & Progress

(2) Use the "UPLOAD REQUIRED DOCUMENTS" feature to upload completed forms and other required documents.

(3) Once your application is complete, a green "Submit" button will appear on your ATLAS page--use this button to submit your application and pay the required fees.

## FRED RITER & P J EMERSON
## GRAPEVINE PARTNERS

*See* Special Warranty Deed

*Cf.*

*See* M *Fletcher prepares to meet challenges as district judge*

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*
*Texas Bar Number 24073797.*

P a g e | **14**

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

*available at*

*MITUTES OF MEETING-REGULAR SESSION*

*available at*

*MITUTES OF MEETING-REGULAR SESSION*

*available at*

*see also* Records Linking Fletcher to the HLRA, Inc.

**9. CONSIDER APPROVAL OF LEASE AGREEMENT WITH J.G. BOWEN & ASSOCIATES FOR WOOD COUNTY COURTHOUSE SURVEILLANCE SYSTEM UPGRADE.**

Commissioner Holland made a motion to approve of the lease agreement with J.G. Bowen & Associates for Wood County Courthouse surveillance system upgrade. Commissioner Acker seconded the motion and all members voted "aye".

WHEREFORE it is ORDERED, ADJUDGED and DECREED that of the lease agreement with J.G. Bowen & Associates for Wood County Courthouse surveillance system upgrade is HEREBY APPROVED.

A copy of the upgrade agreement is attached to these minutes.

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r

r d r  r                                    r

___

**8. CONSIDER APPROVAL OF CONTRACT WITH J.G. BOWEN & ASSOCIATES FOR KEYSCAN ACCESS CONTROL SYSTEM.**

Commissioner Simmons made a motion to approve of the contract with J.G. Bowen & Associates for Keyscan Access Control System. Commissioner Acker seconded the motion and all members voted "aye".
WHEREFORE it is ORDERED, ADJUDGED and APPROVED that the contract with J.G. Bowen & Associates for Keyscan Access Control System is HEREBY APPROVED.
A copy of the contract is attached to these minutes.

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*    *P a g e | 16*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r

r d r   r                                          r

_____

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*   *P a g e | 17*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

---

First, I think it is important to state my professional credentials so that you may know and understand that I actually know what I'm talking about. I come from over 25 years experience as a Texas Peace Officer, half as an officer in Dallas, and roughly the other half as a Wood County Sheriff's Deputy. During that time I have also had the responsibility of serving as the Emergency Management Coordinator for our County, have held the position of Wood County Tactical Unit Commander, Sheriff's Department explosives and bomb technician and other duties and responsibilities that are technical in nature and too numerous to mention. Since 1982, I have also been the owner and manager of J G Bowen & Associates, a licensed, professional security company serving all of East Texas. We hold professional security licenses issued by the Texas Department of Public Safety for everything we do concerning professional security. We take our job and your security very seriously and always strive to provide you with reliable and professional services that you can depend on.

Now, to the issues at hand....

On or about April 23rd of this year, the aforementioned and recently resigned Board member, in her letter and recently posted "Explanation of Resignation" made numerous comments about many departments and services here at the Ranch. In that rather lengthy posting, about roughly half way through and after numerous dissertations on all of her perceived problems here at the Ranch, she finally got around to hacking on our services.

It seems that one of her main perceived gripes was about trying to interface the Jonas software used at the administration building with our highly reliable and perfectly functioning KEYSCAN gate access system. These are two completely different databases and sub-systems. Jonas is a piece of club management software which would be fine for what they are using if for. However, it would be quickly found to be completely inadequate to run a professional grade, high security and widely distributed dedicated access control system such as our applications here at the Ranch. In her letter she also mentioned it was a "broken system" and we "can't even get a simple report out of it"!! In correction of that statement, the system is working flawlessly and will produce any report that licensed, certified and trained security personnel might need. To reiterate, trying to have the Jonas software run the professional grade, widely distributed, Keyscan gate access system here at the Ranch is like asking a fourth grader to run in the Olympics! With over 4,000 gate card transactions per day across the Ranch, I think you can begin to understand the scope and scale of how important it is to have a dedicated and ultra stable platform for our gate system. Our Keyscan system is definitely NOT broken, as evidenced by every time we go through a gate, and I don't plan on letting it get sabotaged by some experimentation software! The reliable functioning of YOUR gate card is just too important for that.

It's ok to be ignorant about something, but a person shouldn't speak with a level of expertise that she simply does not have!

In closing, I want you the homeowners to know that your security concerns here at the Ranch are always at the pinnacle of our concerns. They are being handled by licensed security professionals, not amateurs.

J G "Greg" Bowen
General Manager
J G Bowen & Associates

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*            *P a g e | 18*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r  r                                                              r

---

**Company Details**

Name                    HOLLY LAKE RANCH SECURITY DEPARTM

License Number          516321

Company Code            5

Category
                        Guard Company

**Mailing Address**
133 HOLLY TRAIL EAST
HOLLY LAKE RANCH, TX 75765

**Insurance & Company Status**

Company Status          ACTIVE

Company Expiration Date  6/30/2018

Insurance Expiration Date  8/1/2019

Armed Guard Insurance   Yes

Guard Dog Insurance     No

**Owner/Manager**

| Name |
| --- |
| JAMES, ROBERT |
| SOUTH, BRIAN |

**Employees (Former and Current)**

| Name |
| --- |
| BARNCORD, DANIAL |
| DERRICO, JEREMY |
| DUMOND, DAVID |
| FENLAW, SCOTT |
| GANT, NATHANIEL |

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 19*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r   r                                                                    r



*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*       *P a g e | 20*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r   r                                                    r



r       Mr       r   d     rr   r r
              d             r           d         r              r
r   Mr   Mr         Mr               Mr   r         Mr
   d     r d     d   d   d         r d           r                     Mr
r   *See*                        *Probable Cause Affidavits*  M r
         d           r   r             Mr       r                     *& id.*
              d                         r       d   r           r

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*              *P a g e | 21*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r  r                                                                                    r

_____

CRII 643-3

AFFIDAVIT FOR PROBABLE CAUSE

THE STATE OF TEXAS
COUNTY OF WOOD

I, BRADLEY COX, BEING DULY SWORN, UPON OATH STATE THAT I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE BEFORE THE MAKING OF THIS STATEMENT, THAT: I AM A PEACE OFFICER EMPLOYED BY THE WOOD COUNTY SHERIFF'S OFFICE, AND WAS SO EMPLOYED AND ACTING IN THAT CAPACITY ON OR ABOUT THE 14TH    DAY OF MARCH, 2019, IN WOOD COUNTY, TEXAS, WHEN DEFENDANT Philip James Emerson, DOB: 03-30-1974, TX DL# 14922242, ADDRESS: 112 Red Leaf lane, Holly Lake Ranch, Tx. 75765 COMMITTED THE OFFENSE OF:

Criminal Mischief PC Sec. 28.03(a)(1) C Msd

I BASE THIS BELIEF ON THE FOLLOWING:

On March 14, 2019 at approximately 143 pm I, Deputy Cox was dispatched to 177 Holly Trail East, Holly Lake Ranch Tx. 75765 in reference to a Criminal Mischief.

Upon arrival I made contact with the complainant Officer Erica Thompson with Holly Lake Ranch security. Erica advised that someone had damaged the gate arm at section three at the trailer park. Erica has video of a dark colored Ford F250 driving through the gate while the arm was in the down position at approximately 119 pm on March 14, 2019. In the video you can see that the vehicle does not attempt to stop. In the video you can see the license plate is HNL 9675. It is possible that this is the same truck that ran through this same gate on March 7, at 2230. Erica advised they think it is P.J. Emerson at 112 Red Leaf Lane in Holly Lake Ranch. I spoke to a Lt. Tommy King he advised that P.J. had sued Holly Lake Ranch and lost. Lt. King advised that they have issued tickets in the past but the Judge did nothing. Lt. King also advised to just repair the broken board with the reflective tape and labor is $50.00. Lt. advised that if they had the technician come out that it could cost a lot more damage if the mechanism is damaged inside the unit.

THIS OFFENSE OCCURRED IN JUSTICE OF THE PEACE PRECINCT 3 OF WOOD COUNTY, TEXAS.

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME ON March 14, 2019.

NOTARY PUBLIC-STATE OF TEXAS
MY COMMISSION EXPIRES: 11/22/20

CHRISTOPHER E DAVIS
Notary Public
STATE OF TEXAS
ID #13091048-2
My Comm. Exp. November 22, 2020

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 22*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r   r                                                     r

_____

_____

On Friday, March 16, 2019, I, Deputy Rapp of the Wood County Sheriff's Office was dispatched to Holly Lake Ranch Section 3 in reference to criminal mischief.

Upon arrival, I made contact with Holly Lake Ranch Security. They advised a man by the name of Philip James "PJ" Emerson has once again crashed through their front gate. He stated the arm of the electronic gate is a wooden 1x4 board wrapped in red and white colored tape. He advised the board cost approximately $50.00 and advised that they charge people $300.00 if they run through the electronic gate. He advised they have charges PJ Emerson multiple times and he refuses to pay it. He stated PJ has broken through the front gate 3 times in the last 3 days. He stated he wants to press charges for criminal mischief. He advised they have surveillance footage of him breaking through the gate all three times. He then gave me a USB drive containing the three videos. He advised Mr. Emerson lives a 112 Red Leaf Lane and has a possible phone number of (903)-431-1823. He advised the truck is a 2014 Ford truck, black in color, with a light bar mounted on the front grill, and having LP# KNL9675.

I attempted to make contact with Mr. Emerson but was unable to make contact with him.

Body cam, surveillance footage and photographs are available for this report.

-EOR-

THIS OFFENSE OCCURRED IN JUSTICE OF THE PEACE PRECINCT  3 OF WOOD COUNTY, TEXAS.

AFFIANT

*A. Rapp - 128*

SWORN TO AND SUBSCRIBED BEFORE ME ON 03/21/2019,

*Molli Taylor* 3-21-19

MOLLI TAYLOR
Notary Public
STATE OF TEXAS
ID#13120622-9
My Comm. Exp. July 13, 2021

NOTARY PUBLIC-STATE OF TEXAS
MY COMMISSION EXPIRES: 7/13/2021

_____

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 23*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r   r                                                                r

---

On Tuesday, March 19, 2019 at approximately 1917hrs I, Deputy Delton Graves was dispatched to the Holly Lake Ranch Security Office located at 177 Holly Trail East, Holly Lake Ranch, TX 75765 in reference to Phillip Emerson driving through the Section 3 Entrance Gate again.

Upon arrival I made contact with Security Officer Erica Thompson who showed me the video of Emerson driving through the gate. I observed a black in color truck with a light bar in the grill to drive towards the gate, go in reverse then a short time later drive through the gate while the arm was down, causing it to break. While watching the video on the screen, I removed my body camera and angled it towards the screen to try and capture what I was observing on my body camera. I asked Thompson to burn the video to a disk if possible, and to send a copy to my county email address.

I then made contact with Security Officer Sgt. Josh Lewis who advised he was on the phone with Emerson when he drove through the gate. He advised Emerson advised him to have another security officer who had just left section three to come back and let him in, to which Lewis advised him that is not their protocol and he would have to come to the security office to obtain a token to be let in to the area. Lewis advised Emerson did not like this response and proceeded to drive through the gate. I took photographs of the pieces of gate in the rear portion of Lewis' security truck. I was also advised by Lewis, that the price of the broken arm of the gate was approximately $50.00.

Sgt. Miller and I attempted to make contact with Emerson at his residence located at 112 Red Leaf in Holly Lake Ranch, but he did not come to the door. We did observe a black in color truck with a light bar in the grill under the car port. We also observed there to be scuff marks on the front bumper, presumably from the wooden arm of the gate the truck was seen on video driving through.

After attempting to make contact with Emerson, I made contact with HLR Security Officers again and was advised they did not know which computer the videos were burned from. I was advised they would attempt to get the video burned at a later date when their IT guy came.

Based upon the statement of Security Officer Lewis, and the recorded video I observed. It was determined that Emerson, intentionally or knowingly destroyed the arm of the gate at the Section 3 entrance on County Road 3540. I filled out a citation for Criminal Mischief < $100.00, which will be mailed via certified mail to the address of Emerson.

THIS OFFENSE OCCURRED IN JUSTICE OF THE PEACE PRECINCT 3 OF WOOD COUNTY, TEXAS.

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME ON April 2, 2019,

TY OAKS
Notary Public
STATE OF TEXAS
ID #12576191-4
My Comm. Exp. November 15, 2021

NOTARY PUBLIC-STATE OF TEXAS
MY COMMISSION EXPIRES: 11-15-21

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 24*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

On Friday, March 29, 2019, David Brown, a Patrol Sergeant assigned to the Wood County Sheriff's Office Patrol Division was dispatched to Holly Lake Ranch in regards to Criminal Mischief done to the Section 3 Gate.

Sergeant Brown arrived at the entrance of Holly Lake Ranch Security and made contact with the Lieutenant inside who stated that they had the incident on video and would provide a copy later on in the week. The Holly Lake Ranch Security Lieutenant stated that Phillip James Emerson W/M DOB 3-30-1974 drove his black in color 2014 Ford F250 4 door bearing TX LP~ KNL9675 through the Section 3 gate arm.

Sergeant Brown then went to the Section 3 gate to meet with Holly Lake Security Officers Curtis Lilly and Alex Strickland who had already repaired the gate arm. Sergeant Brown then followed Holly Lake Security to Emerson's residence located at 112 Red Leaf located inside Section 3 of Holly Lake Ranch in order to give Emerson a citation for Criminal Mischief Under $100. Emerson's vehicle was at the residence but Emerson would not come to the door as stated by Holly Lake Security.

Sergeant Brown filled out a citation for Criminal Mischief Under $100 to be mailed to Emerson.

*Statement of Inability to Afford Payment of Court Costs or Appeal*

*Statement of Inability to Afford Payment of Court Costs or Appeal*

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*　　　P a g e | **25**
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

r
r d r   r                                         r

d        r                                   d  r
r d   r Mr      r                    d       r     r       r
Mr      r     r d          d          r       d    r d
r     r        r    Mr     r      d              r

M        d    M                       r
Mr     r      *Statement     of Inability to Afford Payment of Court Costs or Appeal*

M          M                    r              Mr
r      *Statement     of Inability to Afford Payment of Court Costs or Appeal*

M         d   r          r              Mr     r
*Statements*  M         d              r          rr      d rd

M r        Mr     r          r  d         r        rd r
r                 d   d    rr                  r   M
d   rd r       d         r   r                r
r                    d              r    r d
r       r    d

M                                        d  r      r
r   Mr      r

M                                    rd r d    r
Mr       r

d

Mr      r          r

r        d    Mr
r    d     d              r          d  d         d d  r   d
Mr     r          r  r  r   *See*   M        *Video Record*
r                        r      r  r
r                  d   r    r Mr      r    *available at*
d                      d  r

Mr      r    r d          r   rd         d  r
r   d          r              d   r  r    Mr      r

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 26*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

*Compare Wood County, et al. v. Larry Gale Lane, et al.* ORIGINAL APPLICATION FOR TAX WARRANT

*Statement* & id. *& id.*

*AFFIDAVIT OF ABANDONMENT*

*ORIGINAL APPLICATION FOR TAX WARRANT*

*with* _____

_____

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*    *P a g e | 27*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**

*Letter to District Clerk*

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*
*Texas Bar Number 24073797.*

P a g e | **28**

6.    Find that Wood County has a policy of violating the constitutional rights of its inhabitants.

7.    Find that Wood County Judge Kevin White is not well informed of the law.

8.    Find that the Texas Board of Law Examiners has violated by right to substantive due process.

9.    Issue a permanent injunction:

9.a.    Restraining the Holly Lake Ranch Association, Inc., ("HLRA") from driving on the roads or streets in any Holly Lake Ranch subdivision for any purpose not specifically reserved to it in any of the plat maps of platted subdivisions in the Holly Lake Ranch Development;

9.b.    Prohibiting the HLRA from contacting anyone, by any means, including the Wood County Sheriff's Office, about me;

9.c.    Requiring the Wood County Sheriff to provide access to courts by publishing procedure to use Wood County's law library while in the Wood County Jail;

9.d.    Requiring Wood County publish the procedure for obtaining legal assistance by appointed counsel on its website;

# Exhibit Jan-31_Elec

*Philip James Emerson, Jr., v. Texas Board of Law Examiners*,
No. 6:25-cv-____, *PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* (E.D. Tex. Jan. 31, 2025)

P J Emerson
*Pro Se Petitioner*
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:          (512) 763–7775
Email:          findpjemerson@gmail.com
              In the

UNITED STATES DISTRICT COURT

for the Eastern District of Texas, Tyler Division.

| | |
|---|---|
| Philip James Emerson, Jr. | Case No. |
| *Plaintiff*, | |
| -v- | **PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM** |
| Texas Board of Law Examiners, | |
| *Defendant*. | |

TO THE HONORABLE COURT:

Petitioner, me (a.k.a. P J Emerson), COMES NOW seeking permission for the Clerk to register me as a Filing User in the Electronic Filing System in accordance with FEDERAL RULES OF CIVIL PROCEDURE 5(d), 5(d)(3)(B), and 5(d)(3)(B)(i)–(ii), and in accordance with UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS LOCAL RULES (December 1, 2023) CV-5(a)(2) and CV-5(a)(2)(B); and in support of this Honorable Court permitting my registration shows the following:

1

## I.    Assertions

1.    It is asserted that allowing my registration in the Electronic Filing System as a Filing User will:

(a).    Remove the burden of traveling to the courthouse to file papers since I don't have a vehicle;

(b).    Remove the expense burden associated with mailing papers to the courthouse and parties;

(c).    Remove the mail delay in deeming a document filed;[1]

(d).    Permit me to link related documents in accordance with the instructions on page 4 of the EASTERN DISTRICT OF TEXAS ELECTRONIC CASE FILING USER'S MANUAL (Rev. July 27, 2022);

(e).    Permit me to "hyperlink to a previously filed document(s) in the same case, or another case that resides on the CM/ECF system where the filing is being entered, or on any other court's CM/ECF system" in accordance with the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS VERSION 3.1 CROSS-DOCUMENT HYPERLINK QUICK REFERENCE GUIDE;

(f).    Permit me to "[c]reate [h]yperlinks [between] [d]ocuments [f]iled in the [s]ame [e]vent" in accordance with the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS VERSION 3.1 CROSS-DOCUMENT HYPERLINK QUICK REFERENCE GUIDE;

---

[1] See U.S. DIST. CT. E. DIST. TEX. LOC. R. CV-5, CV-5(a)(3), CV-5(a)(3)(A)–(B) (describing the "Significance of Electronic Filing").

2

(g).     Permit me to attach large documents to a docket entry in accordance with UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS INSTRUCTIONS FOR ATTACHING LARGE DOCUMENTS TO DOCKET ENTRIES;

(h).     Permit me to "save each document [I am] served during the 'one free look' period (15 days after the NEF is sent)" as displayed under "Advisory to Non-Prisoner Pro Se Litigant E-Filer" on the Court's "ECF Registration" web page;[2]

(i).     Reduce Respondents' document-coordination burdens, if any; and,

(j).     Reduce the invasions of privacy sanctioned by Wood County law enforcement personnel.

## II.     Certificate of Compliance

2.     I will "abide by the Federal Rules of Civil Procedure, Eastern District of Texas' Local Rules, and the instructions provided in the ECF Training resources posted on the court's website" as posted under "Advisory to Non-Prisoner Pro Se Litigant E-Filer" on the Court's "ECF Registration" web page.

## III.     Lack of Prejudice to Defendant

3.     Ordering the Clerk of the Court to register me as a Filing User will not prejudice the currently-named Defendant/Respondent.  FED. R. CIV. P. 19(a)(1)(A), 21; *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

## IV.     Request for Order

4.     Based on the above-stated assertions, and because (1) I have certified that I will comply with electronic filing procedure and rules governing the electronic filing process, and (2) registering me as a Filing User in the Electronic Filing System in this case will not prejudice

---

[2] *Available at* https://txed.uscourts.gov/?q=cmecf-registration (last accessed Mar. 6, 2023).

3

Respondents, I respectfully ask this Honorable Court to allow the Clerk to register me as a Filing User in the Electronic Filing System.

Respectfully submitted this 31st day of January 2025,

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:          (512) 763-7775
Email:          findpjemerson@gmail.com

# Exhibit Jan-31_Prop

*Philip James Emerson, Jr., v. Texas Board of Law Examiners*,
   No. 6:25-cv-____, *Proposed Order on PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* (E.D. Tex. Jan. 31, 2025)

In the

UNITED STATES DISTRICT COURT

for the Eastern District of Texas, Tyler Division.

| | |
|---|---|
| Philip James Emerson, Jr. | Case No. |
| *Petitioner*, | |
| -v- | **ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM** |
| Texas Board of Law Examiners, | |
| *Defendant/Respondent*. | |

On this day, Petitioner's motion seeking registration as a filing user in the electronic filing system came on to be considered by the Court. Because of the reasons stated in the motion, the Court finds that the order should be granted.

IT IS THEREFORE ORDERED that the clerk of the Court shall immediately register Petitioner Philip James Emerson, Jr., in the electronic filing system for this case.

1

# Exhibit Feb-3_IFP

*Philip James Emerson, Jr., v. State of Texas*,

   No. 6:25-cv-____, *Motion to Proceed IFP* (E.D. Tex. Feb. 3, 2025)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS


Philip James Emerson, Jr.

      (Plaintiff)

                                 Case No. _____

 State of Texas

      (Defendant)

MOTION TO PROCEED IN FORMA PAUPERIS

I, petitioner, Philip James Emerson, Jr. respectfully moves this Honorable Court for leave to

proceed in this matter without payment of fees, costs, or security.

Attached hereto is an affidavit in support of my motion to proceed in forma pauperis.


                      Respectfully submitted,

                      Plaintiff Philip James Emerson, Jr.

                      Address 112 Red Leaf Lane

                               Holly Lake Ranch, Texas  75765

                      Phone  512-763-7775

Date ___February 3, 2025_____

AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

INSTRUCTIONS: Complete all questions in this affidavit and then sign it.  Do not leave any
blanks.  If the answer to a question is "0", "none", or "not applicable (NA)", write in that
response.  If you need more space to answer a question or to explain your answer, attach a
separate sheet of paper identified with your name, your case's docket number, and the question
number.

1.      Are you presently employed?  YES _____      NO _X___

        (a) If the answer is "YES", state the amount of your gross salary or wages per month and
        give the name and address of your employer.

        $_____ per month

        Employer _____

        _____

        (b) If the answer is "NO", state the date of last employment and the amount of the gross
        salary and wages per month which you received.

        $_15,000_____ per month

        Employer _Brush Country Claims - 10-2022_____

        _____

2.      ~~Is your spouse presently employed?   YES _____    NO _____~~

        ~~If the answer is "YES", state the gross amount of his/her salary or wages per month and
        give the name and address of his/her employer.~~

        ~~$_____ per month~~

        ~~Employer _____~~

        _____

3. Have you ~~or your spouse~~ received within the past twelve (12) months any money from any of the following sources:

    (a)    Business, profession, or form of self-employment?  YES _____   NO X\_\_\_\_\_

    (b)    Rent payment, interest or dividends?  YES _____  NO X\_\_\_\_\_

    (c)    Pensions, annuities, or life insurance payment?  YES _____ NO X\_\_\_\_\_

    (d)    Gifts or inheritances?  YES X\_\_\_\_\_   NO _____

    (e)    Any other sources?  YES X\_\_\_\_\_   NO _____

If the answer to any of the above questions is "YES", describe each source of money and state the amount received from each during the last twelve (12) months and by whom.

Dianne Weaver - Payment of subscription service, electricity, and water.

Federal class action suit < $100.00

CFPB < $100.00        Sale of personal property

4. How much cash do you and your spouse have? $.35_____.

5. List any money you ~~or your spouse~~ have in bank accounts or in any other financial institution and the name of the financial institution.

Fidelity < $1.00

6. List the assets and the values which you ~~or your spouse~~ own.  Do not list clothing and ordinary household furnishings.

Home Address 112 Red Leaf Lane - Mother's Home

Value of Home _____

Motor Vehicle #1 Make, Year, Model None

Value of Motor Vehicle #1 _____

Motor Vehicle #2 Make, Year, Model _____

Value of Motor Vehicle #2 _____

7. Do you ~~or your spouse~~ own any other real estate, stocks, bonds, notes, automobiles, or other valuable property not listed above (excluding ordinary household furnishings and clothing)?
YES X_____ NO _____

If the answer is "YES", describe the property and state its approximate value.

Lots in Section III, Parts 1 & 2 Holly Lake Ranch (quantity 6)
_____

_____

8. List the persons who are dependent upon you ~~or your spouse~~ for support, state your relationship to those persons, and indicate how much you contribute toward their support.

None
_____

_____

9. ~~Do you expect any major changes to your spouse's monthly income or expenses or in your or your spouse's assets or liabilities during the next 12 months?~~
~~YES _____ NO _____~~

~~If yes, describe below or on an attached sheet.~~

_____

_____

10. Estimate the average monthly expenses of you and your family. ~~If different, list separately the amounts paid by your spouse.~~

Rent or home-mortgage payment None _____

Utilities (electricity, heating fuel, water, sewer, and phone) $100 _____

Home maintenance (repairs and upkeep) None _____

Food $100 _____

4

Clothing None

Laundry and dry-cleaning None

Medical and dental expenses None

Transportation (not including motor vehicle payments) None

Recreation, entertainment, newspapers, magazines, etc. None

Insurance (not deducted from wages or include in mortgage payments)

     Homeowner's or renter's insurance None

     Life insurance None

     Health insurance None

     Motor vehicle insurance None

     Other insurance None

Taxes (not deducted from wages or included in mortgage payments) None

Installment payments

     Motor vehicle None

     Credit card None

     Department store credit card None

     Other installment payments Deferred

Alimony, maintenance and support paid to others None

Regular expenses for operation of business, profession, or farm (attach a detailed

     statement) $50

Other expenses $75

11.    Provide any other information that will help explain why you cannot pay the filing fees for your case.

Have not been licensed to practice law.  Licenses held in insurance industry have

expired due to inability to pay renewal fees.  Cannot get to a workplace due to vehicle stolen

in November 2023 by police, the Holly Lake Ranch Association, Inc., personnel, and other.

Have been unsuccessful at gaining remote employment.

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the filing fees of my case.  I believe that I am entitled to redress.  I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.
(28 U.S.C. 1746, 18 U.S.C. 1621)

February 3, 2025
_____
Date

_____
Signature of Applicant

6

# Exhibit Feb-3_Civ

*Philip James Emerson, Jr., v. State of Texas,*

*No. 6:25-cv-____, Civil Cover Sheet*
(E.D. Tex. Feb. 3, 2025)

Case 6:21-cv-00240-JDK-KNM    Document 83-1    Filed 02/03/25    Page 1 of 1 PageID #: 10795

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Philip James Emerson, Jr.

**DEFENDANTS**

**State of Texas**

**(b)** County of Residence of First Listed Plaintiff   Wood
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se - 112 Red Leaf Lane, Holly Lake Ranch, TX 75765

Attorneys *(If Known)*

Angela Albers, P O Box 689, Quitman, TX 75783-0689

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 Section 2241

Brief description of cause:
Obtaining convictions in violation of the 5th & 6th Amendments via the 14th Amendment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Jeremy Kernodle

DOCKET NUMBER   6:21-CV-240

DATE
2-3-2025

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# Exhibit Feb-3_Pet

*Philip James Emerson, Jr., v. State of Texas,*

No. 6:25-cv-____, *PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241* (E.D. Tex. Feb. 3, 2025)

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Philip James Emerson, Jr. ) | |
| *Petitioner* ) | |
| v. ) | Case No. _____ |
| State of Texas ) | *(Supplied by Clerk of Court)* |
| *Respondent* ) | |
| *(name of warden or authorized person having custody of petitioner)* | |

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1.  (a)  Your full name:    Philip James Emerson, Jr.

    (b)  Other names you have used:    P J Emerson; James Emerson

2.  Place of confinement:

    (a)  Name of institution:    State of Texas

    (b)  Address:    112 Red Leaf Lane

    Holly Lake Ranch, Texas  75765

    (c)  Your identification number:    None

3.  Are you currently being held on orders by:

    ❏ Federal authorities    ☑ State authorities    ❏ Other - explain:

4.  Are you currently:

    ❏ A pretrial detainee (waiting for trial on criminal charges)

    ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a)  Name and location of court that sentenced you:

    (b)  Docket number of criminal case:

    (c)  Date of sentencing:

    ❏ Being held on an immigration charge

    ☑ Other *(explain)*:    Constructive custody through coerced involuntary convictions.

**Decision or Action You Are Challenging**

5.  What are you challenging in this petition:

    ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

☑ The validity of convictions & bad faith and harassing prosecutions.

❐ Disciplinary proceedings

❐ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    Wood County Constitutional Court, Quitman, Wood County, Texas

(b)  Docket number, case number, or opinion number:    41,651 & 42,140

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Plea proceedings (Oct. 23, 2024)

(d)  Date of the convictions:

### Earlier Challenges of the Convictions

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes            ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  If you answered "No," explain why you did not appeal:    The plea papers waived appeal.  The plea of "no contest" was coerced by the jail conditions Sheriff Kelly Cole keeps. I wanted out of the jail because of the threat to my health and safety, and because I had no opportunity to prepare for the structurally flawed pretrial hearing.

8.    **Collateral attack**

After the first appeal, were the matters taken to higher courts?

☑ Yes            ❐ No

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

(1)  Name of the courts:  Court of Criminal Appeals of Texas (November 21, 2024)
Supreme Court of Texas (March 29, 2024)

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:  WR-89,997-03 (CCATX) None (SCTX)

(4)  Result:  CCATX: Clerk assigned case no.--currently  proc. status; SCTX: Filing returned

(5)  Date of result:

(6)  Issues raised:  A table particularly describing the issues raised in each referenced document in my Original Petition for Writ of Habeas Corpus is attached to this petition as TABLE 1.

(b)  If you answered "No," explain why you did not file a second appeal:

9.    **Second collateral attack**

After the second appeal, did you file at another court?

☑Yes                ☐No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:  U.S. Court of Appeals for the Fifth Circuit

(2)  Date of filing:  08/26/2024

(3)  Docket number, case number, or opinion number:  24-40556

(4)  Result:  12/16/2024: Writ of mandamus denied; 1/6/2025: Reconsideration denied

(5)  Date of result:

(6)  Issues raised:  The issues in TABLE 1 & the issues described in the table attached as TABLE 2 .

(b)  If you answered "No," explain why you did not file a third appeal:

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐Yes                ☐No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                ☐ No

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❐ Yes          ❐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❐ Yes          ❐ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

❐ Yes          ❐ No

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❏ Yes                    ❏ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes                    ❏ No

If "Yes," provide:

(a)  Kind of petition, motion, or application:    The collateral attacks described above are restated here.

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**:    Violation of the Due Process Clause in the 14th Amendment.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

The county court failed to rule on my objections filed in case numbers 41,650, 41,651, 41,653 alleging prosecutorial misconduct, violation of my right to produce favorable testimony at a motion to suppress hearing, violation of my right to have the public present, execution of a taking without just compensation, illegally obtained evidence, and police and prosecutors exceeding their respective authorities to place me in jeopardy. Document: 25-2 Page: 43 thru Page: 60 particularly describe these events & are attached and restated here.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes            ☐ No

**GROUND TWO**:    Violation of the Due Process Clause in the 14th Amendment--judges acting ultra virus.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

Judge Alfonso Charles, acting as an administrative judge, assigned judge convicting me in 41,651.  No document complying with Texas law was presented to Judge Charles to invoke his authority to assign a judge in the case. Judge Kevin White is not well informed in the law (42,140).

(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes            ☐ No

**GROUND THREE**:    Violation of the prohibition against compelling me to be a witness against myself in criminal cases set forth in the 5th Amendment of the U.S. Constitution made applicable to Texas through the 14th Amendment of the U.S. Constitution.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

The facts in my THIRD DECLARATION OF PHILIP JAMES EMERSON, JR. IN SUPPORT OF PETITION FOR WRITS OF MANDAMUS marked FIFTH CIRCUIT THIRD DEC PAGE 1 of 1122 thru 27 of 1122 & 65 of 1122 thru 66 of 1122 relating to the convictions in case numbers 41,651 & 42,140 are attached and restated here.

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes            ☐ No

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:     TEX. PEN. CODE § 42.061(a) violates 1st Amendment of the U.S. Constitution made made applicable to Texas through the 14th Amendment of the U.S. Constitution under the facts of the case.

Case No. 42,140

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Calls were made to non-emergency Sheriff's number.  Each call was answered by a computer prompting for different departments--none of which were a Sheriff's Deputy.  After the prompts, and without pressing any numbers, a dispatcher answered the call.  I asked for help with getting my vehicle to my home (obstruction). I was denied assistance because I don't pay dues to the Holly Lake Ranch Association, Inc.  On other occasions, as soon as I mention my name, or some other factual assertion, I was hung up on.

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☑ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:     I complained to the Supreme Court of Texas before I was arrested, and an information was filed, relating to Ground Four.

### Request for Relief

15.  State exactly what you want the court to do:  Order the convictions in 41,651 & 42,140 vacated; Order all criminal mischief charges related to the October 23, 2024, proceeding dismissed with prejudice; Order all criminal charges filed against me pursuant to TEX. PEN. CODE § 42.061 dismissed with prejudice.

Modified Form AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:        02/03/2025

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

Page 9 of 9

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| MS. SHAUNA RENEE KEY'S PREJUDICIAL PROSECUTORIAL MISCONDUCT | Document: 25-2 Page: 51 thru Page: 53 |
| MR. BRANDON BAADE'S PREJUDICIAL PROSECUTORIAL MISCONDUCT | Page: 53 thru Page: 54 |
| VIOLATIONS OF MY SIXTH AMENDMENT RIGHT IN THE U.S. CONSTITUTION | Page: 54 thru Page: 56 |
| VIOLATION OF MY FIFTH AMENDMENT RIGHT IN THE U.S. CONSTITUTION | Page: 56 thru Page: 57 |
| VIOLATION OF THE FOURTH AMENDMENT IN THE U.S. CONSTITUTION | Page: 58 thru Page: 59 |
| VIOLATION OF THE FOURTEENTH AMENDMENT IN THE U.S. CONSTITUTION[1] | Page: 59 thru Page: 61 |
| The liberties granted in the United States Constitution . . . being denied by Kelly Cole are: <br> a. The right to associate; <br> b. The right to contract; <br> c. The right to own one's labor; <br> d. The right to use and enjoy an express easement within the scope of the expressed statements written on plat maps recorded in the real property records of Wood County, Texas, associated with land owned; <br> e. The right to own and possess land and personal property; <br> f. The right to retreat to one's home; <br> . . . <br> h. The right to be free from unreasonable searches and seizures; and, <br> i. The right to be free from stalking and harassing behavior. | Page: 90 thru Page: 98 |

---

[1] Although the document caption shows only one case number—41,653—this issue and the each ones above were filed in case numbers 41,650 & 41,651.

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| The libert[y] granted in the United States Constitution . . . in issue and being denied by Judges Parker, Gilbreath, and White are:<br>    a. The right to due process | Document: 25-2<br>Page: 98 thru<br>Page: 100 |
| The liberties granted in the United States Constitution . . . in issue and being denied by Kelly Cole are:<br>    a. The right to associate;<br>    b. The right to contract;<br>    c. The right to own one's labor;<br>    d. The right to use and enjoy an express easement within the scope of the expressed statements written on plat maps recorded in the real property records of Wood County, Texas, associated with land owned;<br>    e. The right to own and possess land and personal property;<br>    f. The right to retreat to one's home;<br>    . . .<br>    h. The right to be free from unreasonable searches and seizures; and,<br>    i. The right to be free from stalking and harassing behavior. | Page: 100 thru<br>Page: 107 |
| Violation of my 5th Amendment right to Due Process through the 14th Amendment, as well as my 14th Amendment right to Due Process, due to an arraignment by an unqualified judge acting ultra virus in case number 41,650. | Page: 111 thru<br>Page: 112 |
| Violation of my 5th Amendment right to Due Process through the 14th Amendment, as well as my 14th Amendment right to Due Process, due to denial of my withdrawal of signed waivers of arraignment in case numbers 41,651 & 41,653. | Page: 112 thru<br>Page: 113 |
| Violation of my 5th Amendment right to Due Process through the 14th Amendment, as well as my 14th Amendment right to Due Process, due to the Presiding Judge of the Tenth Administrative Judicial Region acting ultra virus in assigning a visiting judge in case numbers 41,650, 41,651, & 41,653. | Page: 112 thru<br>Page: 113 |

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| [D]epriv[ation] [] of:<br>(a)  liberty;<br>(b)  property;<br>(c)  enumerated constitutional rights;<br>(d)  non-enumerated constitutional rights identified by requisite authority as personal to me; [&]<br>(e)  constitutional privileges . . . . | Document: 25-2<br>Page: 120 |
| Violation of my 5th Amendment right to Due Process through the 14th Amendment, as well as my 14th Amendment right to Due Process, due to Wood County's policy & practice of denying inquiry into the offenses I have been arrested for, but not as of yet charged for, to determine probable cause to hold me over for trial (examining trial). | Page: 122 |
| Violation of my 1st, 14th, or both Amendments due to Texas's vexatious litigant ACT codified in the CIVIL PRACTICE AND REMEDIES CODE . . . [being]  facially incompatible [&] repugnant. | Page: 123 |
| [D]epriv[ing] me . . . of [the] liberty [right pursuant to the 5th & 14th Amendments] to an [appellate] opinion based on a record. | Page: 123 thru<br>Page: 124 |

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| Whether [I] should [be] discharge[d] [] from:<br><br>(a) The 12th Court of Appeals mandates, opinions, judgments, and bills of cost handed down this month and last month in each of its cases relating to me?<br><br>(e) The Wood County Clerk rejecting my filings and withholding the record from the U.S. District Court?<br><br>(h) The criminal cases docketed in the Wood County constitutional court?<br><br>(k) Deprivation of my vehicle and property that was inside of it when Kelly Cole used an accessory or accessories to commit a theft?<br><br>(p) The vexatious litigant label and listing on the OCA's website?<br><br>(q) Having no water flow through the pipes of my home? | Document: 25-2 Page: 140 thru Page: 141 |
| **ISSUE ONE:** *WHETHER THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS USURPED JUDICIAL AUTHORITY BY DECLINING TO FILE MY AUGUST 23, 2024, MOTION FOR NEW TRIAL?* | Document: 2 Page: 5 |

**TABLE 1**

| | |
|---|---|
| **ISSUE TWO**: *WHETHER AN ADMINISTRATIVE STAY SHOULD ISSUE?* | Page: 5 |
| **ISSUE THREE**: *WHETHER THE COURT SHOULD EXERCISE ITS PENDENT APPELLATE JURISDICTION TO DETERMINE SUBJECT-MATTER JURISDICTION EXISTS IN THE UNDERLYING CASE RELATED TO THE CLERK'S ORDER BEFORE THE COURT IN* **ISSUE ONE***?* | Document: 11-2 Page: 17 thru Page: 18 |
| **ISSUE FOUR**: *WHETHER THE COURT SHOULD ISSUE THE WRIT OF MANDAMUS DIRECTED TO THE DISTRICT COURT REQUIRING IT TO (1) CLAW BACK ITS JULY 29 ORDER OF REMAND, (2) VACATE ITS JULY 29 ORDER ACCEPTING THE MAGISTRATE JUDGE'S MAY 30 REPORT AND RECOMMENDATION IN 6:23-CV-453, & (3) VACATE ITS AUGUST 5 ORDER DENYING PENDING MOTIONS IN 6:21-CV-240?* | Page: 18 |
| **ISSUE FIVE**: *WHETHER THE COURT SHOULD EXERCISE ITS PENDENT APPELLATE JURISDICTION IN COLLATERAL-AND-CLOSELY-RELATED MATTERS TO* **ISSUE THREE** *WHERE, AS HERE, THE CLERK OF THIS COURT ACTED SIMILARLY?* | Page: 18 |
| **ISSUE SIX**: *IN THE EVENT THAT THE ANSWER TO* **ISSUE THREE** *IS YES—AND, IN THE EVENT THE COURT CONCLUDES THE DISTRICT COURT POSSESSES SUBJECT-MATTER JURISDICTION IN THE UNDERLYING CASE RELATED TO THE DISTRICT CLERK'S FORMER POSITION THAT WAS BEFORE THE COURT IN* **ISSUE ONE***—DOES THE COURT EXERCISING ITS PENDENT APPELLATE JURISDICTION EXTEND TO OTHER CLOSELY-RELATED OR INEXTRICABLY INTERTWINED MATTERS?* | Page: 18 |

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| **ISSUE SEVEN**: *IN THE EVENT THAT THE ANSWER TO* **ISSUE SIX** *IS YES, THEN SHOULD THE COURT EXERCISE ITS PENDENT APPELLATE JURISDICTION IN INEXTRICABLY INTERTWINED PROCEDURAL NECESSITIES SO THAT THE UNDERLYING CASE REMAINS AT THE DISTRICT COURT CORRECTLY POSTURED?* | Document: 11-2 Page: 18 |
| **ISSUE EIGHT**: *WHETHER THE ACTIONS OF KELLY COLE, ANGELA ALBERS, AND THE HOLLY LAKE RANCH ASSOCIATION, INC. WARRANT PRELIMINARY AND INTERIM RELIEF?* | Document: 14-2 Page: 4 |
| **ISSUE NINE**: *WHETHER THE COURT SHOULD GRANT TO ME ACCESS TO THE TESTIMONY OF THE PERSONS NAMED ABOVE?* | Page: 4 |
| **ISSUE TEN**: *WHETHER THE MAGISTRATE JUDGE WAS AUTHORIZED TO ENTER THE SEPTEMBER 13 REPORT AND RECOMMENDATION IN CASE NO. 6:24-CV-82 AND THE OCTOBER 24 SEALED SHOW CAUSE ORDER AND ORDER FOR STATUS REPORT IN CASE NO. 6:23-CV-628—AND IF NOT, THEN WHETHER THE COURT SHOULD ORDER THAT THE ENTRIES BE STRICKEN FROM THE RECORD?* | Document: 20-2 Page: 4 |
| **ISSUE ELEVEN**: *WHETHER THE COURT SHOULD ORDER THE PUCTX TO ENTER AN ORDER IN RESPONSE TO MY JULY MOTION FOR EMERGENCY RELIEF—AND IF NOT, WHETHER THE COURT SHOULD ENTER ITS OWN ORDER?* | Page: 4 |
| **ISSUE TWELVE**: *WHETHER THE COURT SHOULD ORDER THE DISTRICT COURT TO ENTER AND ORDER GRANTING SUMMARY JUDGMENT?* | Page: 4 |

**TABLE 1**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| **ISSUE THIRTEEN**: *WHETHER THE COURT SHOULD ORDER THE CONSTITUTIONAL COUNTY COURT IN WOOD COUNTY, TEXAS, TO VACATE ITS OCTOBER 23 CRIMINAL ORDERS AND JUDGMENTS RELATED TO ME —AND IF SO, THEN SHOULD THE COURT ORDER THE STATE COURT DISMISS THE CHARGES WITH PREJUDICE?* | Document: 20-2 Page: 4 thru Page: 5 |
| **ISSUE FOURTEEN**: *SHOULD THE COURT ORDER THE STATE DISTRICT COURT VACATE ITS ORDER GRANTING SUBSTITUTE COUNSEL?* | Page: 5 |

**TABLE 2**

| Issue/Allegation Presented | Marking on Page |
|---|---|
| **ISSUE FIFTEEN**: *WHETHER THE WOOD COUNTY CONSTITUTIONAL COUNTY COURT VIOLATED MY FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS?* | Document: 25-2 Page: 4 |
| **ISSUE SIXTEEN**: *WHETHER THE COURT OF CRIMINAL APPEALS VIOLATED MY FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS?* | Page: 5 |
| **ISSUE SEVENTEEN**: *WHETHER THE HOLLY LAKE RANCH ASSOCIATION, INC., DEFAULTED UNDER RULE 81 OF THE FEDERAL RULES OF CIVIL PROCEDURE?* | Document: 32-2 Page: 3 |
| **ISSUE EIGHTEEN**: *WHETHER A PRELIMINARY INJUNCTION SHOULD ISSUE? (The Holly Lake Ranch Association, Inc., Kristina Horn, & Wood County)* | Document: 36-2 Page: 2 |
| **ISSUE NINETEEN**: *WHETHER KRISTINA HORN ENGAGED IN TRICKERY SUFFICIENT TO INVOKE EQUITABLE TOLLING?* | Document: 42-2 Page: 3 |
| **ISSUE TWENTY**: *WHETHER A PRELIMINARY INJUNCTION SHOULD ISSUE? (Nancy Nagle)* | Page: 3 |
| **ISSUE NINETEEN** (TWENTY-ONE): *WHETHER THE HOLLY LAKE RANCH ASSOCIATION, INC., HAD STANDING TO SUE ME SEEKING FORECLOSURE?* | Document: 46-2 Page: 3 |
| **ISSUE TWENTY** (TWENTY-TWO): *WHETHER A PRELIMINARY INJUNCTION SHOULD ISSUE AGAINST ANGELA ALBERS?* | Page: 2 |

Filed 9/15/2023 10:52 AM
Kelley Price, County Clerk
Wood County, Texas
By: Sonya Pyron, Deputy Clerk

CAUSE NO.: 41,653

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT, |
| | § | |
| | § | |
| V. | § | IN AND FOR, |
| | § | |
| PHILIP J. EMERSON JR. | § | |
| | § | WOOD COUNTY, TEXAS |

**OBJECTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Philip J. Emerson Jr., a.k.a. P J Emerson, me, COMES NOW in the above-stated cause filing my objections to the Court's September 5, 2023, *ORDER ON MOTION TO SUPPRESS*; and, in support of this Court setting aside the *ORDER* and suppressing the illegally obtained evidence shows as follows:

### I.    FACTUAL BACKGROUND

1.    On the 5th day of April 2023, this case commenced on the filing of an information signed by Assistant Wood County Criminal District Attorney, Ms. Shauna Key.  The information omitted reference to a video recording provided to police; and, merely stated that she believed that I committed the crime.[1]  Ms. Key is or was a class member of the criminal complainant.  As a class member of the complainant in this case, Ms. Key aligned with, supported, and enjoyed the complainant's conduct by paying to it thousands and thousands of dollars over several years.[2]  Given her divorce with children in recent years, her children continue to enjoy the complainant's

---

[1] SHAUNA KEY, *INFORMATION* (Apr. 5, 2023), filed on behalf of the State of Texas.

[2] SHAUNA KEY, *SPECIAL WARRANTY DEED* (executed Jan. 4, 2019, recorded Jan. 27, 2021), attached hereto as Exhibit Evid. 5 and incorporated by reference.

1

CAUSE NO.: 41,653

conduct at Ms. Key's former husband's home in a Holly Lake Ranch subdivision.[3]  Ms. Key may

or may not have a sticker on her vehicle that transmits to a base station located at or near where

the alleged crime in this case took place.

2.      Ms. Key works at the pleasure of Ms. Angela Albers, the Wood County Criminal District

Attorney.  During a campaign for election to the position she was appointed, Ms. Albers posed

for a photo with Mr. Brian South.



---

[3] *Shauna Renee Key v. Gregory Key*, No. 2018-057, *Divorce w/ Children* (Jan. 2019).  A
printout of a screen clip from https://research.txcourts.gov/ is attached hereto as Exhibit 94 and
incorporated by reference.

2

CAUSE NO.: 41,653

Mr. South was a long-time employee of the Holly Lake Ranch Association, Inc. Mr. South's scope of employment included wearing a firearm, wearing clothing with an insignia at his chest appearing to be a badge or seal, operating traffic control devices, operating electronic communication devices, overseeing the operation of alarm system devices, and enforcing rules and, or, regulations that on a facial, and operative, review conflict with restrictive covenants written on the several Holly Lake Ranch plat maps recorded in the real property records of Wood County, Texas. *Compare* WHITE, K. J., No. 41650, *ORDER* (Wood C'ty Ct., Sep. 5, 2023) (denying motion to suppress without hearing testimony), *with* HOLLY LAKE DEV. CO., *Sec. III, Pt. 1, Plat* (Jan. 1971) (providing "all lot owners in any unit of Holly Lake Ranch subdivisions, whether now platted or hereafter platted by recorded plat, the full, free right and liberty, at all times hereafter, in common with all others who may have like right, to have and use the said streets and lanes at all times").

3. In further regard to Mr. South's scope of duties, Mr. South kept close ties with the Wood County Sheriff's Office. As reported in the periodical *The Holly Herald*,[4] Mr. South commented on it stating:

> Last, but certainly not least, I would like to congratulate Wood County's new Sheriff, Jim Brown. Sheriff Brown and I are in daily contact with each other to discuss the issues that affect the safety and security of those who have entrusted us with our positions. We have several plans in the works to improve the Deputy Sheriff's response time and to enhance the overall effectiveness in preventing and fighting crime in Holly Lake Ranch as well as out in
>
> the county. We have very few actual crimes within our gates and we want to keep it that way.

---

[4] Exhibit 95, attached hereto and incorporated by reference.

3

CAUSE NO.: 41,653

The degree of closeness between the private corporation and local government confirmed by the

Wood County Sheriff publicizing:

As I promised during the campaign, we are opening a sub-



station in Holly Lake to provide the 2ⁿᵈ largest populated area in the county with the coverage that you deserve. The Sheriff's Office has been provided desk space in the Holly Lake Security building and deputies will utilize this space to provide better coverage to our Holly Lake area residents. Chief of Security Brian South and I converse on a daily basis about potential problems in Holly Lake.

The admissions continue whereby the Wood County Sheriff disclosed of dispatching Mr. South

and his underlings in a government letter instructing:

4

CAUSE NO.: 41,653

May 1, 2015

TO:  All Deputies and Dispatch

RE:  Holly Lake Ranch Security

On this date I was informed by Chief Brian South of Holly Lake Ranch Security that the Board of Directors of Holly Lake Ranch has made several policy changes that impact the Security Department.

One of those policy changes is that Holly Lake Security will no longer be allowed to back-up or assist other agencies outside of Holly Lake Ranch property.  The Security Department will continue to back-up units that are on calls inside of Holly Lake Ranch.

Dispatch will no longer have the option of calling Holly Lake Security for any assistance outside of the gates of Holly Lake Ranch.

This policy includes all agencies and is effective immediately.

Jim Brown

[5] The government/corporate operation extends to surveilling landowners and their guests for government investigatory purposes paying to J G Bowen & Associates over $10,000 per month just for cameras.[6]  None of these alleged illegalities were authorized by the Wood County Commissioners Court—nor the lot owners owning associated private property given that no revision to the plat maps was applied for with the Wood County Commissioners Court authorizing the taking.  And as the State of Texas intimately knows in this very case, Mr. South's

---

[5] Letter to "All Deputies and Dispatch" attached hereto as Exhibit 97 and incorporated by reference.

[6]    CAMERA CONTRACT    34,151    25,200    8,951  . *See* Exhibit 95 (publishing quarterly spending).

5

CAUSE NO.: 41,653

scope of duties extended to engaging in political campaigns[7]—his photo arm-in-arm with Ms. Albers during an election giving credence to the phrase: "A picture says a thousand words." Admitting to what I have identified, Ms. Albers used that very photo—taken in the very building the Sheriff occupies—to advertise her approval publishing in the public domain her thanks to Mr. South for keeping Holly Lake Ranch safe.

4.      Mr. South was succeeded in position by Mr. Darrel Bell.  Mr. Bell, as the Court is well aware of, was subpoenaed in this case.  Over $350 was spent by me on services purchased purposed in exercising my constitutional right to bring first-person account to the Court's ear.[8] Mr. Bell adhered to his duty to respect the Court's authority in, what is supposed to be, the Court protecting my constitutional rights to compulsory process[9] and Legislature's public policy enactments.  But that is the extent to which Mr. Bell was allowed to participate in this case's "basic and overriding purpose [] to ascertain the truth." *Young v. State*, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000).[10]  This, as the record gleans, was due to the Court (a) employing a rule of evidence ordering Mr. Bell removed from the public proceeding, (b) immediately thereafter acknowledging that the rules of evidence do not apply, and then (c) preventing me from

---

[7] *Cf.* ARTICLES OF INCORPORATION (prohibiting certain conduct), attached to James & Cindy Steed's motion filed with the district court.

[8] *See* Exhibit 98 (billing statements) attached hereto and incorporated by reference.

[9] U.S. CONST., SIXTH AMEND.; TEX. CONST., ART. I, § 10; TEX. CODE CRIM. PROC. Ann. §§ 18B, 38.23.

[10] *See Young v. State*, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000) (supplying examples of the Highest Court in the land to support agreement); *id.*, at n.3 (noting: "*United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2593, 91 L.Ed.2d 305 (1986) (Powell, J., concurring in the judgment)").

6

CAUSE NO.: 41,653

producing Mr. Bell's *favorable-to-my-case* testimony. For example, Mr. Bell would have confirmed the sworn facts in the record of this case that caused Judge Tony Gilbreath to sign an arrest warrant naming me—but he would have also added the necessary connections such as:

a. The complainant operates a number of electronic communication devices;

b. The operation of the devices is as a service to lot owners;

c. One of the electronic communication devices the complainant operates is a real-time video camera;

d. The real-time video camera is connected to other electronic equipment in a building miles away from the place of the alleged crime;

e. The transmission is by fiber-optic light traveling over the internet.

f. The building miles away from the place of the alleged crime occurred is the location of the Wood County Sheriff's Office's substation Mr. South created for local government's use of;

g. Inside the building, electronic equipment connects the camera alleging to capture the alleged crime to a media recording device;

h. The complainant's personnel provide electronic communication services by surveilling entrances to the subdivisions;

i. The complainant's personnel provide electronic communication services by operating alarm systems devices together with communications software that concern the entrances to the subdivisions; and further,

j. The complainant's personnel install electronic communication devices on lot owner vehicles as part of providing electronic communication services.

Nevertheless, the Court's denial of entry of favorable testimony and the Court's numerous suspensions of my constitutional rights—more particularly objected to below—did not end with these identified non-discretionary decisions.

7

Case: 25-40123    Document: 27    Page: 301    Date Filed: 05/28/2025

Case 6:2Case:224-40556-KNDocument:25-283-Page-Filed:50 02/Date25iled:11/28/2024PageID
#: 10819

CAUSE NO.: 41,653

5.      As Mr. Daley—Ms. Albers' go to prosecutor in all court events related to Ms. Key and I—piled on after the courtroom was cleared of the public, Mr. Daley's argument prompted the Court to dismiss my motions by estoppel; citing to four habeas cases in the district court (2020-062 thru 2020-065), the appeals to the Sixth Court of Appeals at Texarkana, and a federal habeas case (6:21CV240, decided two years after filing) for the proposition that my ownership of land was decided in each case.  When his in-secret-proceeding argument, prior-and-completely-off-point case recitations, and statements were soundly defeated, Mr. Brandon Baade brought his input into the exercise denying my outright authority to be heard by interrupting with needless, meritless, and irrelevant argument questioning the Court's authority to adjudicate the matter at hand.  Between the two representatives of the State of Texas, the one argument relied on to dispense of the Court-ordered hearing was: jurisdiction.  Jurisdiction, in that the Court, explained by Mr. Baade, is legally prohibited from finding the fact that I own a particular parcel of land to which the motion was expressly based.

6.      This jurisdiction question was absolutely denied rebuttal by the non-subpoenaed witnesses volunteering their time and testimony.  And as the Court determined, jurisdiction to decide whether evidence was obtained illegally was properly vested in It.  To these points, however, Mr. Richard Hardin, a licensed private investigator, was denied access to the courtroom.  Mr. James Steed, a former intelligence officer for the United States government, was stripped of his right to hear and see what may have been a misconducted prosecutorial ploy.  Mrs. Cindy Steed, another willing participant voluntarily setting an appointment to participate in a proceeding the Court ordered to happen at a particular place and time, was refused her right to witness how Wood County Officials operate the public forum, was further refused of connecting the dots for the Court by testifying how the trespass of my land hurts her efforts to participate in

8

CAUSE NO.: 41,653

making Wood County, Texas, "A GREAT PLACE TO CALL **HOME**,"[11] and was further

subjected to the Court dismissing her to the foyer with instruction not to communicate about the

case with others in what increasingly has the hallmarks of being a predetermined outcome

inconsistent with Texas law.  And last, Ms. Dianne L. Weaver was stopped from seeing,

participating, and establishing facts—her too dismissed by the Court as unworthy.

## II.   CASE POSTURE

7.   On the 22nd day of June 2023, I motioned the Court to hear and determine my allegation

that the evidence used to gain my arrest, and eventual use to gain my conviction, was by

illegality of another.

8.   On the 27th day of June 2023, the Court set a hearing on my June 22 motion for the 6th

day of July.

9.   After moving for continuance, the Court cancelled the scheduled proceeding and reset it

for the 10th day of August.

10.   On the 5th day of September, the Court entered its order denying my motion to suppress.

## III.   OBJECTION NUMBER ONE

### Ms. Shauna Renee Key's Prejudicial Prosecutorial Misconduct

11.   I object to the Court's September 5 *ORDER* on the basis that the charging instrument

should not have been filed by Ms. Key for her failure to execute her duty under Texas law.

#### (1)   Facts Supporting Misconduct

12.   I incorporate the facts above here as if fully set forth verbatim in this paragraph.

---

[11] *Available at* https://www.mywoodcounty.com (last accessed Sep. 12, 2023).

9

CAUSE NO.: 41,653

(2)    ARGUMENT SUPPORTING MISCONDUCT

13.    Ms. Key repeatedly uses her position to inject herself into court proceedings, civil and criminal, involving the complainant in this case, a corporate entity, and myself.  More specifically, Ms. Key acted in furtherance of a conspiracy concocted by the former district judge and the former Wood County Sheriff for the purpose of illegally: (a) suspending my property rights, (b) suspending my right to retreat to my home, and (c) suspending my right to petition for redress.  Ms. Key represented the former district clerk in a challenge to statements of inability to pay court costs or appeal in case numbers 2012-626A, 2019-327, and 2019-680.  Each of those cases involved the complainant providing the force behind this case now alleging itself as a victim.  Consequently, Ms. Key took on the role as an advocate for the alleged victim in this case in a prior civil proceeding, and now uses the power of the State to punish me for seeking redress, in violation of Texas law.

14.    In addition, Ms. Key knows that the charge is not supported by probable cause because I have a right to retreat to my home using the express easements—irrespective to whether I own the land the obstruction is on.  U.S. CONST. FOURTH AMEND.; TEX. R. DISC. PROF'L. COND. 3.09(a).

15.    Ms. Key's conduct prejudicially affects me in that had she not acted in furtherance of the alleged plan to deny me civil redress, the case would have resulted in the throwing open of the express easements granted to lot owners such as myself.  Ms. Key's joinder in the local cartel gave her the knowledge that the alleged victim in this case violated Texas's Civil Rules of Procedure, Rule 97(a), in 2019-680 for the purpose of (i) filing case numbers 2020-059 and 2020-061 meant to oust me from my land and home and (ii) thwarting my right to engage in the profession of law by gaining a $20k+ adverse order against me and a determination that I am a

10

Case 6:2Case:024440556-KNDocumentm25-283-Page-i53 02/Date25ilecPage11/26/70243 PageID #: 10822

CAUSE NO.: 41,653

vexatious litigant—both orders signed by a Senior Judge Ms. Key knew I timely objected to presiding over the case. Despite this knowledge, Ms. Key moved forward and accomplished her part in the cartel's plan of attack.

16.    Where, as before this Court, Ms. Key's presence as an attorney representing the State of Texas violates the public policies that no lawyer shall be a witness in the case, and no prosecutor shall represent the State in a criminal prosecution when the facts and circumstances irrefutably show she did her part in a conspiracy to stop appellate review of case numbers 2012-626A and 2019-327—and trial in case number 2019-680—that could have adjudicated my civil claims, prevented this prosecution from ever occurring, and stopped the prejudice I now suffer because of her conduct. TEX. R. DISC. PROF'L. COND. 3.08(a).

17.    Nevertheless, her membership in the alleged victim should have been enough for her to act in accordance with her professional duties and disqualified from representing it, or anyone associated with it, in any matter.

### IV.    OBJECTION NUMBER TWO

MR. BRANDON BAADE'S PREJUDICIAL PROSECUTORIAL MISCONDUCT

18.    I object to the Court's September 5 *ORDER* on the basis that the Mr. Baade's arguments and his assistance given to the Court was illegally purposed in preventing me from exercising my right to produce testimony and the public's right to participate.

#### (1)    FACTS SUPPORTING MISCONDUCT

19.    I incorporate the facts above here as if fully set forth verbatim in this paragraph.

#### (2)    ARGUMENT SUPPORTING MISCONDUCT

20.    Mr. Baade knew I had expended a lot of money in an effort to bring the truth in testimony to the Court. Mr. Baade knew the Rules of Evidence do not apply in a suppression hearing; yet

11

CAUSE NO.: 41,653

he agreed with the Court to exclude the witnesses and hold trial in secret. In violation of his legal and ethical obligations, Mr. Baade engaged in conduct prejudicing me because my witnesses were denied the opportunity to be questioned, and because the public was thrown out of the courtroom. TEX. R. DISC. PROF'L. COND. 3.09(c).

21.     In addition, Mr. Baade encouraged waiver, if it were to be alleged, by his concerted effort with the Court to rid the courtroom of eyes prior to the Court establishing its approval allowing me to represent myself. TEX. R. DISC. PROF'L. COND. 3.09, cmt. 4. Without my witnesses' testimony, there is no way for me to create a record—an obvious engagement in violating core constitutional rights in criminal matters.

## V.     OBJECTION NUMBER THREE

### VIOLATION OF MY SIXTH AMENDMENT RIGHT IN THE U.S. CONSTITUTION & ARTICLE I, SECTION 10, OF THE TEXAS CONSTITUTION

22.     I object to the Court's September 5 ORDER on the basis that the Court illegally suspended my right to produce favorable testimony.

### (1)     FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

23.     I incorporate the facts above here as if fully set forth verbatim in this paragraph.

### (2)     ARGUMENT SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

24.     The Court violated my right to produce favorable testimony when it cleared the courtroom, and then would not allow me to put a witness on the stand. My witnesses would have shown that: (a) a trespass occurred; (b) the trespass is the source of the evidence intended to be used to gain a conviction; (c) no warrant was gained to get the electronic communication (the video) showing what is alleged as my device and location coinciding with the alleged crime; (d) the Sheriff occupies land intended to be private; (e) the Sheriff engages in illegal electronic surveillance; (f) by engaging in activities promoting trespass and illegal surveillance, the Sheriff

12

CAUSE NO.: 41,653

created a policy purposed in violating my constitutional rights; (g) the proper construction of the express easement prohibits installation of cameras, gates, and other equipment because they are outside the scope provided for by the developer; (h) the proper construction of the express easement provides for me to possess free and unobstructed access at all times; and, (i) the Holly Lake Ranch Association, Inc, must be operated by the developer, its successors or assigns, but is not.

25.     Because I have shown that the Court denied "[t]he very premise of our adversary system of criminal justice . . . ,"—"partisan advocacy on both sides of a case"—a just result was thwarted unconstitutionally and against the Legislature's intent.  *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); Tex. Code Crim. Proc. Ann. §§ 18B, 38.23; *see Lucey*, 469 U.S., at 394 (citing *Herring* v. *New York*, 422 U.S. 853, 862 (1975)).  There is little doubt, *in the event I am convicted*, that a reviewing court will find this "proceeding [] unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."  *Strickland v. Washington*, 466 U.S. 668, 696 (1984).  But unlike an ineffective assistance claim, reversal is sure here for the Court denying the most basic of court functions—to hear the advocate—*me*, producing favorable testimony in accordance with the Sixth Amendment of the U.S. Constitution and Article I, Section 10, of the Texas Constitution.

### VI.     OBJECTION NUMBER FOUR

<u>VIOLATION OF MY SIXTH AMENDMENT RIGHT IN THE U.S. CONSTITUTION & ARTICLE I, SECTION 10, OF THE TEXAS CONSTITUTION</u>

26.     I object to the Court's September 5 *ORDER* on the basis that the Court illegally suspended my right to have the public present.

(1)     <u>FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT</u>

27.     I incorporate the facts above here as if fully set forth verbatim in this paragraph.

13

CAUSE NO.: 41,653

(2)    ARGUMENT SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

28.    The Court violated my right to have the public present to see the illegalities engaged in by the Court and prosecutors. This prejudices me in that nobody except court personnel saw how the Court operates; nor was anyone able to see how prosecutors worked in concert to cover for Ms. Key's continuous injury to my "reputation in conjunction with other interests." *Albright v. Oliver*, 510 U.S. 266, 296 n.9 (1994) (citing *Paul v. Davis*, 424 U.S. 693 (1976). Nor how prosecutors abuse their authority by allowing the Court to invoke a rule of evidence inapplicable to the proceeding. TEX. R. EVID. 101(d)(1)(A), 104; *Granados v. State*, 85 S.W.3d 217, 227 (Tex.Crim.App. 2002)" *Belcher v. State*, 244 S.W.3d 531, 542 (Tex. App. 2007).

29.    Instead of the public's watchful eye keeping court officials in check, the in-person demonstration took on a proceeding this country refuses to follow given that I "was exposed to the scoffs and railleries of the [court personnel]" in secret. *Oliver v. State*, 999 S.W.2d 596, 598 (Tex. App.—Houston [14th Dist.] 1999); *see id.* (quoting ALEXANDER ADAM, ROMAN ANTIQUITIES 272 (New York, George Long 1814). For such to occur in the face of a statute providing that the Court need not grant a hearing on motion, and the Court granting continuance so that Mr. Richard Harding could attend, the denial of the public eyes here reaches a level of disturbance sure to shock the conscious of any objective jurist. Consequently, I am resolved to further "disrupt[ion of] employment, drain[ing of my] financial resources, . . . subject[ion ] to public obloquy, and creat[ion of] anxiety in [me], [my] family and [my] friends." *United States v. Marion*, 404 U.S. 307, 320 (1971).

### VII.    OBJECTION NUMBER FIVE

VIOLATION OF MY FIFTH AMENDMENT RIGHT IN THE U.S. CONSTITUTION & ARTICLE I, SECTION 17, OF THE TEXAS CONSTITUTION

14

CAUSE NO.: 41,653

30.     I object to the Court's September 5 *ORDER* on the basis that the Court sanctioned a taking for which I have not been justly compensated.

(1)     FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

31.     I incorporate the facts above here as if fully set forth verbatim in this paragraph.

(2)     ARGUMENT SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

32.     Because the government is inside a private entity without lot owner approval which is the hub for all electronic communications to which the government uses to surveil property owners without warrant, and because the electronic communications equipment is on my land as alleged or on land specified for particular uses other than electronic communications equipment, the Court sanctioned the taking of my land and, or the land of others, without just compensation. Because the Court found otherwise, the Court erred; and by erring, the Court sanctioned a taking.

### VIII.   OBJECTION NUMBER SIX

VIOLATION OF ARTICLE 18B TEX. CODE CRIM. PROC.

33.     I object to the Court's September 5 *ORDER* on the basis that the Court is authorizing a video showing my alleged location in a communication device—namely a vehicle—to be used as evidence when there is no warrant in the record showing that police complied with Subchapter G-1 in Article 18B of the Texas Code of Criminal Procedure.

(1)     FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

34.     I incorporate the facts above here as if fully set forth verbatim in this paragraph.

(2)     ARGUMENT SUPPORTING THE COURT'S ERR IN ALLOWING ELECTRONIC COMMUNICATIONS IN CONFLICT WITH TEXAS LAW

35.     Subchapter G-1 in Article 18B of the Texas Code of Criminal Procedure at Section 18B.326 prohibits the state from:

CAUSE NO.: 41,653

[U]s[ing] as evidence in a criminal proceeding any information obtained through the required disclosure of location information described by Article 18B.321(a), unless: (1) a warrant is obtained before requiring the disclosure; or (2) if the disclosure is required under Article 18B.325 before a warrant can be obtained, the authorized peace officer who required the disclosure obtains a warrant as required by Subsection (b) of that article.

TEX. CODE CRIM. PROC. ANN. ART. 18B.326.  "Location information" is defined in the Code at Section 18B.001(9-b) as, in relevant part, "mean[ing] data, records, or other information that is created by or accessible to a provider of an electronic communications service . . . and may be used to identify the geographic physical location of a communication device . . . ."

36.     Because the complainant provides electronic communication services to landowners, because the vehicles in the videos are communication devices captured by the electronic communications showing the location, and because police failed to gain a warrant to obtain the video showing the geographical location providing the inference that it was me acting, the video evidence must be suppressed in accordance with the Legislature's intent.

### IX.     OBJECTION NUMBER SEVEN

VIOLATION OF THE FOURTH AMENDMENT IN THE U.S. CONSTITUTION AND ARTICLE I, SECTION 9, OF THE TEXAS CONSTITUTION

37.     I object to the Court's September 5 *ORDER* on the basis that video evidence constitutes an illegal search.

(1)     FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

38.     I incorporate the facts above here as if fully set forth verbatim in this paragraph.

16

CAUSE NO.: 41,653

(2)  ARGUMENT  SUPPORTING THE COURT FINDING THAT THE VIDEO EVIDENCE HERE

CONSTITUTES AN UNREASONABLE SEARCH

39.  Because my home and land is in a private subdivision, and because police have access to the surveillance equipment, the video evidence constitutes an unreasonable search.  Without the connection between the complainant and the Wood County Sheriff, surveilling one's use of the streets in the subdivision would be curtailed to reasonable watching by ordinary neighbors.

### X.  OBJECTION NUMBER EIGHT

VIOLATION OF THE FOURTEENTH AMENDMENT IN THE U.S. CONSTITUTION AND ARTICLE I, SECTION 19, OF THE TEXAS CONSTITUTION

40.  I object to the Court's September 5 *ORDER* on the basis that the penal statute is unconstitutional as applied to the facts of this case.

(1)  FACTS SUPPORTING THE COURT ILLEGALLY SUSPENDING MY RIGHT

41. I incorporate the facts above here as if fully set forth verbatim in this paragraph.

(2)  ARGUMENT  SUPPORTING THE COURT FINDING THAT THE CRIMINAL MISCHIEF STATUTE IS

UNCONSTITUTIONAL AS APPLIED

42.  I incorporate each objection above here as if fully set forth in this paragraph.

43.  Police and prosecutors here enjoy too much discretion—and, the Court was required to explain that to them.  As such, this case poses a diametric situation setting one set of laws, the penal statutes, versus constitutional law—the common law of our courts void of legislative opposition.  Knowing that I possess an interest in land—at the very least—police strong arm into the penal law as if police are not taught the basics of constitutional law.  This conduct was illegally supported by prosecutors.  Because of police and prosecutors deferring to a simple and general statute prohibiting destruction of property, and because the stronger law—the constitutional rights to contract, use and enjoy land, and retreat to one's home—more

17

CAUSE NO.: 41,653

specifically addresses the issues of this case, police and prosecutors exceeded their respective

authorities to place me in jeopardy.

44.     Moreover, the information filed fails to state the element of cost—and, there is no way to

come up with value fitting within the scope of the criminal statute.

45.     Put plainly, police and prosecutors denied me "due process and those individual rights

that are fundamental to our quality of life." *Resendez v. State*, 160 S.W.3d 181, 184 (Tex. App.

2005).[12]  Emphasizing this plain statement of law, there is no difference in the case the *Resendez*

Court cited to and this case—the critical point at which a trial court decides admissibility of

evidence.  Thus, because this case never should have been filed for the reasons stated above, and

because the court joined police and prosecutors in turning eyes and ears out away from the

Peoples' mandates, this Court erred in denying my motion to suppress.[13]  The cure is for the

Court to quash the information; or alternatively, to grant my motion to suppress.  The former

---

[12] *See Resendez v. State*, 160 S.W.3d 181, 184 (Tex. App. 2005) (recognizing the limitation of the binding precedent in *Leday v. State*, 983 S.W.2d 713, 720–26 (Tex. Crim. App. 1998) to the question of "whether the trial court erred by admitting evidence over the defendant's objection").

[13] *Compare, e.g.*, WHITE, K. J., No. 41650, *ORDER* (Wood C'ty Ct., Sep. 5, 2023) (interpreting the express easement, and the complainant's use thereof, as not unreasonably burdening the servient estate; although, implicitly), *with Marcus Cable Associates v. Krohn*, 90 S.W.3d 697, 708–09 (Tex. 2002) (Hecht, J., dissenting) (agreeing with the holding of the Court that: "[T]he scope of an easement is measured by the parties' intent as expressed in the words used, broadened by changes in the manner, frequency, and intensity of the intended use that are due to technological advances and do not unreasonably burden the servient estate), *with* HOLLY LAKE DEV. CO., *Plats* (giving the scope of the express easement).

Case: 25-40123    Document: 27    Page: 312    Date Filed: 05/28/2025

Case 6:21-cv-00240-JDK-KNM    Document 83-2    Filed 02/03/25    Page 35 of 63 PageID #:  10830

In the

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT.

| | |
|---|---|
| *In re: Philip James Emerson, Jr.* | **THIRD DECLARATION OF PHILIP JAMES EMERSON, JR. IN SUPPORT OF PETITION FOR WRITS OF MANDAMUS** |

My name is Philip James Emerson Jr.  Most folks call me "P J."  I declare under the penalty of perjury that I am of sound mind and am competent to testify to the facts set forth in this declaration.  I declare under the penalty of perjury that each fact shown below is based on my personal knowledge and is true to the best of my knowledge.

I have provided a table of attachments listing the documents attached to this declaration.  The table reflects documents in the order I reference each in this declaration, but are not necessarily in that physical order.

I.    UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

(A)    Case Number 6:24-cv-82

1.    On September 13, 2024, a United States Magistrate Judge ("MJ")

FIFTH CIRCUIT THIRD DEC PAGE 1 of 1122

entered into the record of case number 6:24-cv-82 a REPORT AND

RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

addressing my "challenge [to a] remand order" entered into the papers of the case

on July 29, 2024.  A true and correct copy of the REPORT AND

RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE,

along with the envelope enclosing the entry, is attached to this declaration as

"Exhibit Sep-Rep & Recom."  No order referring the challenge of the July 29

remand order to the MJ was entered into, or exists in, the papers of the case.

Listings of the papers filed in the case are available at pacer.uscourts.gov (Public

Access to Court Electronic Records, or "PACER" for short) and

https://www.courtlistener.com/docket/68322323/holly-lake-ranch-association-inc-

v-emerson/ (Court Listener by Free Law).  The "NOTICE OF REMOVAL by

Philip J. Emerson, Jr from Wood County, case number 2020-059, filed by Philip J.

Emerson, Jr. (Attachments: # 1 Exhibit)(gsm) (Entered: 03/08/2024)" was

electronically filed in case number 6:23-CV-453.  I electronically filed in 6:23-

CV-453 because I did not have any stamps, no money for stamps, and was

unsuccessful at making arrangements for the instrument to be couriered to the

district court's clerk.  Listed at document number 32 of the docket report for case

number 6:23-CV-453 shows my filing and the clerk's subsequent action.  It can be

seen at on the PACER website and on the Court Listener website by navigating the

world wide web to: https://www.courtlistener.com/docket/67775724/emerson-v-parker/.  Despite my letter to Pooja Patel requesting withdrawal of the motion seeking approval of a change in lead counsel filed at the state district court or, alternatively, a motion filed with the correct lead attorney's signature, no motion was filed.  As a result of non-action by Pooja Patel, the state district court entered an order granting the change in lead counsel November 6.  I have attached a true and correct copy of the order granting Pooja Patel's motion to this declaration as "Exhibit Nov-6_Ord."

2.     At the same time the challenge made the subject of the September 13 REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE was lodged at the district court, August 23, 2024, a motion seeking an order granting me electronic filing privileges was filed.  A true and correct copy of the file-marked motion is attached to this declaration as "Exhibit Aug-23_Motion."  Like with the August 23 challenge, no order referring the motion to the MJ was entered into the papers of the case.  No order granting or denying the motion was entered by the United States District Judge ("DJ") or MJ into the papers of the case.

(B)     Case Numbers 6:23-cv-312 & 6:23-cv-628

3.     On October 16, 2024, I was emailed a message from United States Attorney Kevin McClendon.  I read the message on October 24 after I was released

from the Wood County Detention Center ("Jail").  I printed the email to a PDF digital file using the protocol described further below; and, I have attached a true and correct copy of the thread of conversation to this declaration as "Exhibit 6:23-CV-312_Ext."  I have received no orders entered by the district court with regard to the extensions requested in May or October as of the date of this declaration.

4.     On November 4, 2024, I received an envelope from the district court sent via the United States Postal Service ("USPS").  It was sent using the "certified mail" service.  A "SEALED SHOW CAUSE ORDER AND ORDER FOR STATUS REPORT" was enclosed in the envelope.  The case number captioning the order is 6:23-cv-628.  The case was brought pursuant to the False Claims Act.  The order is dated "24th day of October, 2024."  The postage marking on the envelope was purportedly applied the same date.  The USPS marking shows that the envelope was received on November 1, 2024.  A true and correct copy of the SEALED SHOW CAUSE ORDER AND ORDER FOR STATUS REPORT, and the envelope containing it, that I received is attached to this declaration as "Exhibit Show_Cause."  Also designated as "Exhibit Show_Cause" is a PDF printout of the "USPS Tracking® Results" I obtained from USPS.com®.  To create the digital printout, I:

   a. Navigated to the USPS website using my computer with the Windows 10 operating system and compatible Google Chrome internet browser

installed on it;

b. At the USPS website, I entered the tracking number printed on the sticker stuck to the envelope into the box labeled "Search or Track Packages," and then pressed the enter button on my keyboard; and,

c. I was taken to the tracking results page where (1) I pressed the "Ctrl" and "P" buttons simultaneously, (2) selected the printer "Adobe PDF," pressed the "Enter" key, and named the file and selected the filing folder to save the file before pressing the "Enter" key again to complete the print-to-PDF-file function.

I have been unable to comply with the statute requiring disclosure be mailed to the Department of Justice.  I do not have money, and even if I did, I have no vehicle to go to the postal facility to buy stamps.

## II.    WOOD COUNTY, TEXAS

(A)    November 2023 Theft of Vehicle

5.    On November 5, 2024, I learned from Kale Holland that the Wood County Sheriff's Office's ("WCSO") dispatcher called S & R Recovery and Towing ("S&R") to remove my vehicle from the driveway of 139 Grapevine Lane, Holly Lake Ranch, Texas, 75765.  In response to this information, I contacted the towing company by email.  A few hours later, I received a call from an "Unknown" number.  I answered the call.  The person calling me did not identify

himself other than as being the "towing company."  He threatened me stating that he was going to the WCSO to speak with "Chilson" about my emailed demand and his perceived harassment.  During the conversation, I emailed a copy of my registration renewal form received in the mail; and, he confirmed, among other facts, the following:

 a. The vehicle is gone;

 b. The individual claimed to have sent notice to supposed owner of record—City of Dallas;

 c. WCSO Deputies and Holly Lake Ranch Security personnel instructed him to take vehicle away;

 d. Deputies searched vehicle at towing facility;

 e. Deputies instructed S&R personnel to destroy personal effects in vehicle.  S&R complied in the presence of Deputies. S&R was being courteous by giving stolen wallet and shotgun to police; and,

 f. S&R does what Sheriff says to do—including taking personal property off of private property.

A true and correct copy of the email sent to S&R is attached to this declaration as "Exhibit Email-Towing."

6. On November 8, I received a letter in the mail from Kale Holland.  A true and correct copy of the letter and the envelope enclosing it is attached to this

declaration as "Exhbit Nov-8_WCSO."

(B)　　　Arrest, Pre-Trial Detention, & Convictions

7.　　　On October 9, 2024, I was arrested by a WCSO Deputy on County Road 3540; outside of the Section III Holly Lake Ranch compound. The facts stated in my handwritten submission are true. The submission, and letter in response from the clerk, is attached to this declaration as "Exhibit Document_18." The submission included a motion for leave to file the supplement, but the clerk of the court claimed that no motion was filed. I did not resist the officer arresting me. I did not resist Jail personnel prior to being beaten while handcuffed or after being beaten. I repeatedly asked for appointment of an attorney. Jail personnel refused to provide to me a form to fill out prior to being magistrated; nor would they provide to me a piece of paper with a writing utensil so that I could request an attorney be appointed to me prior to the magistration proceeding.

8.　　　On October 10, 2024, I was threatened with force if I did not participate in the magistration proceeding. The proceeding was delayed because the scheduled magistrate, Jerry Parker, apparently refused to preside over the judicial proceeding himself. He has admitted to being disqualified because of his interest in the outcome of a criminal case relating to me in the past. I believe he is not neutral or detached from any criminal proceeding related to me and the Holly Lake Ranch Association, Inc., ("HLRA") due to our contractual relationship in the

plats to the several Holly Lake Ranch subdivisions and our membership in the HLRA. No court reporter was present and I was shackled in lieu of receiving another beat down. Judge Tony Gilbreath presided over the proceeding and read off of a piece of paper the information provided in my jail supplement, Document: 18 in this proceeding's record. There was no weighing factors outlined in the Texas Code of Criminal Procedure. I have attached to this declaration true and correct copies of the PDF printouts of the bail forms appearing online at https://topics.txcourts.gov/BailPublic as "Exhibit Bail_Forms."

9.     After the magistration proceeding and delivery to Pod H in the Jail, I was served by hand delivery notices to attend court on October 23, 2024, for case numbers 41,650–651 and 41,653. I have attached true and correct copies of the notices, less the one attached to my October supplement, to this declaration as "Exhibit Oct-Notices." Included at that exhibit are notices I received for other cases and the envelopes enclosing the notices handed to me by Jail personnel. I asked, by collect call, Monte Coleman to bail me out. He said that he would think about it citing (a) my inability to pay a percentage of upwards of $100,000 in bond amounts, (b) his concern about me not showing up for court, and (c) his idea that I should work within the system of alleged disqualified judges against my legal knowledge and training. He chose not to bail me out of the Jail.

10.     While in Pod H inside the Jail, I was threatened with further injury by

inmate. An inmate told me the impending beating would take place out of camera view and was instructed and authorized by Jail personnel. I have attached petitions for writs of habeas corpus I filed on behalf of others that include attachments of my communications with Jail personnel to this declaration as "Exhibit Oct-Alexson" and "Exhibit Oct-Chong." I printed to PDF the information available online at www.mywoodcounty.com related to complaints of illegal custodies/restraints filed while I was incarcerated and have attached the PDFs to this declaration as "Exhibit Oct-Dist_Ct."

11.    While in Pod G inside the Jail due to patch-painting in Pod H, I learned the my mother, Dianne L. Weaver, was terrorized by police on October 21. It was asserted to me that police came to my home demanding my mother open the door. Police remained parked at 112 Red Leaf Lane with the red and blue lights on for twenty-or-more minutes. It was further asserted to me that the HLRA, Kristina Horn, and WCSO team were again acting in relation to the properties on Grapevine Lane that are subject to dispute as was recently referenced to the constitutional county court. My mother sent to me via email screenshots from her phone showing her attempt to reach Kristina Horn the following day. I have attached the converted-to-PDF screenshots to this declaration as "Exhibit Oct-22_Comm." She further expressed to me her fear of the WCSO personnel based on WCSO personnel lying to her when she called and asked if it really was police at the door,

telling her that no police had been dispatched to Section 3 Holly Lake Ranch.  In addition, she expressed to me her fear of speaking about the subject matters discussed herein and her unwillingness to assist me by delivering papers to the federal court due to its questionable acts administering justice.

12.    On October 23, I was delivered to the Wood County constitutional court in leg and arm shackles.  A court reporter was present.  Senior Judge Duncan Thomas ("Judge Thomas"), the purported visiting judge purportedly assigned in 2023 to case numbers 41,650–651 and 41,653, opened the proceeding.  Assistant Criminal District Attorney Patrick Daley ("ADA Daley") announce representation for the State of Texas.  I represented myself given the denial of my multiple requests for appointed counsel—or even a piece of paper, or application, and a writing utensil to apply for appointed counsel.  After being sworn in by Judge Thomas, I reminded Judge Thomas that my objection to him presiding over the cases remained pending.  Judge Thomas overruled my objection citing that there are other provisions of Texas law that he relies on for his assignment to the cases. Judge Thomas asked if I sought to waive counsel for the purpose of speaking with ADA Daley.  I waived counsel on my behalf being present for the sole purpose of speaking with the representative for the State of Texas.

13.    During ADA Daley's and my conversation, the following events occurred:

a.  ADA Daley offered to me a "global" plea agreement whereby it was promised that (1) I would be released from Jail that day and (2) his office would reject any criminal mischief filings made at his office by the WCSO relating to any property located on Grapevine Lane in the Section III, Part 1, Holly Lake Ranch subdivision, thus, stemming the need for the WCSO to retain possession of my vehicle.  As of the time of the offer, ADA Daley confirmed that no other criminal filings had been filed at his office except for cause number 24-005-3; to which, Jerry Parker's, as was told to me by Tony Gilbreath, $30,000.00 bail setting with conditions relates to.

b.  ADA Daley and I discussed, among other things like how I should be in a suit across from him and representing clients in need of legal assistance, the case this declaration is filed in, and the federal case that underlies it, in the context that each remains pending.  His position asserted to me was that case number 6:24-cv-82 was remanded back to the state district court.  He had no position with regard to the removal of state criminal case numbers 41,650–651 and 41,653.  He expressed no position with regard to the case this declaration is filed in.

c.  ADA Daley did not present to me any audio or video evidence; nor, the affidavits of probable cause or any other evidence in the possession of the office he is employed by.

d.  I agreed to the offer if ADA Daley would assist me in gaining

possession of my car, and all of the contents within it at the time of seizure, back in addition to the other promises he made to me. The terms of the global agreement ended up being the following:

(1)     I would enter a plea of no contest or guilty to two of the cases in exchange for no state court appeal;

(2)     A 30-day confinement in the Jail that would result in time already served;

(3)     Court costs imposed that would be settled by time already served;

(4)     A $3,000.00 restitution amount to be paid within six months to "Holly Lake Ranch" imposed on me; and,

(5)     Every other case filed at ADA Daley's office and at the constitutional county court and the precinct 2 justice court would be not prosecuted or requested to be dismissed under specified Texas statute.

Upon completion of these events, ADA Daley and I returned to the court room.

14.     Upon our return to the courtroom, and upon court personnel calling for Judge Thomas to return from chambers, Judge Thomas returned to the courtroom and re-opened the proceeding on the record. ADA Daley explained to Judge Thomas what him and I agreed to, for the most part. Judge Thomas, in response, achieved a cellular telephone with Wood County Judge Kevin White

("Judge White") connected to a call.  Judge Thomas placed the call on speakerphone for ADA Daley, me, and the reporter to hear.  Judge Thomas generally explained to Judge White what ADA Daley explained to him about what ADA Daley and I sought to be presented to the court for approval.  Judge Thomas asked Judge White whether Judge White would agree to the parts of the global agreement Judge Thomas—as he put it—"was not assigned to."  Judge White, without hesitation and with a resounding "YES," agreed to approve the parts of the global agreement Judge Thomas determined that he was unqualified to entertain.

15.    An hour or thereabouts passed, me remaining in shackles the entire time, before the plea papers were drawn and presented to me for signature.  I didn't read the papers in detail beyond recognition that (a) all of the cases ADA Daley and I discussed were addressed in some way and (b) the unfiled charge Judge Parker assigned a $30,000.00 bond to was included; so that there would be no question by Jail personnel of my release that day.  I signed the papers presented outside of the courtroom and without the appointed representation I repeatedly asked for.  ADA Daley and I returned to the courtroom and court personnel called for Judge Thomas to return.

16.    Judge Thomas re-opened the proceeding on the record.  He then proceeded to admonish me.  In particular, Judge Thomas asked what my plea was; to which, I responded by stating out loud "no contest."  Judge Thomas asked if I

understood that I am waiving appeal; to which, I pointed out that I am waiving state appeal but ADA Daley and I recognize that there are pending cases in a foreign jurisdiction we cannot do anything about that could affect the plea proceeding.  Judge Thomas acknowledged my response, and then went on to ask if I had been threatened or promised anything in connection with my agreement with the State of Texas; to which, I responded out loud "Yes—promised."  Judge Thomas acknowledged my statement and mentioned quickly my availability for recourse.   Judge Thomas entered my plea as a plea of guilty to one pending criminal charge (41,651), and stated on the record that he found my plea was entered inteligently, knowingly, and voluntarily—or something close to these words.  Judge Thomas approved of the dismissal of other cases, and then ended the proceeding.  I was delivered back to the Jail.  I have attached to this declaration the copies of the plea papers given to me relating to the cases Judge Thomas presided over, and the plea papers relating to the events that follow, as "Exhibit Oct-23_Plea."

17.    Several hours passed and I was called out of Pod G.  Jail personnel shackled my legs and arms.  I was transported to the courthouse and escorted to the constitutional county courtroom.  When ADA Daley entered, I expressed a need to discuss a particular with him further outside of the courtroom.  The particular was that nothing in the plea papers mandated the return of my vehicle.  I then presented

him with the petition for writ of habeas corpus I penned between trips to the courthouse.  We agreed that part of the petition would grant to Judge White the ability to order Sheriff Kelly Cole to release and return my vehicle to my posession.  I have attached a true and correct copy of the petition to this declaration as "Exhibit Oct-Petition."  As well, a print-to-PDF digital copy of my conversation with Deputy Clerk Sonja Pryon is attached to this declaration as "Exhibit-Clerk_Emails.

18.     Judge White entered the courtroom and opened the proceeding on the record; the same court reporter present that observed and recorded the ealier-day proceeding.  Judge White placed me under oath.  There was no admonishment given.  Judge White entered a plea of guilty and signed the papers presented to him.

19.     Immediately thereafter, I handed Judge White my petition for writ of habeas corpus.  ADA Daley and I discussed the petition with Judge White in the context that Sheriff Kelly Cole had not filed any seizure papers with anyone and had not filed criminal mischief charges where my vehicle would be used as evidence of the commission of a crime.  Judge White asked that briefs be submitted with a proposed order.  Those documents are attached to this declaration at Exhibit Oct-Petition.  As ADA Daley was leaving the courtroom, he stated to me that he would not be responding to my brief or proposed order.  I was, shortly

thereafter, delivered back to the Jail.  On November 5, I received a copy of Judge White's order by email from Deputy Clerk Pryon; and, have attached it to this declaration as "Exhibit Nov-5_Order."  The order was not entered into the state's electronic filing manager, efiletexas.gov.

20.    After being delivered to the Jail, and after un-shackling and being escorted to Pod G, I was called over the loudspeaker to prepare my belongings for impending release.  At the booking area, I was presented with a property sheet, other papers, and my property—except for my shotgun—held by Jail personnel.  I was also presented with a receipt showing debt owed to Sheriff Kelly Cole.  True and correct copies of these identified papers are attached to this declaration as "Exhibit Oct-Property" and "Exhibit Oct-WCSO_Bill."  The debt was incurred by being incarerated ($7.00) and by requesting indigent envelopes (count of three), postage for those envelopes pre-applied, and six or so pieces of blank white paper ($3.79).  I didn't receive the pre-applied postage, envelopes, or paper because I refused to sign acknowledging the debt in exchange for the items.

21.    With regard to the petitions filed at the Court of Criminal Appeals of Texas on behalf of Scott Alexson and Leland Chong, on November 7, I visited the Court of Criminal Appeals website and learned that the motions for leave to file the petitions for Scott Alexson and Leland Chong were denied without written order.  I have attached true and correct copies of the printouts of the web pages,

along with the notices mailed out by the Court of Criminal Appeals of Texas, to this declaration as "Exhibit Nov-Alexson" and "Exhibit Nov-Chong."

22.     The same day, I visited the online judicial records website for Wood County.  I looked up the petitions filed on behalf of these two individuals (Alexson & Chong) at the 402nd District Court.  I printed to PDF the Register of Actions for each of the cases and have attached the digital copies, together with three other cases—*Ex parte: Gregory Keith Roberts*, No. 25172-2023A & 25389-2023A, Registers of Actions (402nd Dist. Ct. Tex. Nov. 7, 2024) & *Ex parte: Roger Potter*, No. 23,503-2018A, Register of Actions (402nd Dist. Ct. Tex. Nov. 7, 2024) —to this declaration as "Exhibit Oct-Dist_Ct."

23.     While at the Jail in October, I saw activity similar to HLRA personnel activities; namely, authoritative or purported authoritative persons periodic observation of me behind a gate.  I have attached true and correct copies of (a) a picture I took of the HLRA checking on me at my home and (b) a screen clip of a person having a peace officer's license, or having one in the past, working for the HLRA as a security guard.  The exhibit is "Exhibit HLRA."

(C)     <u>Claims Presented to Wood County Commissioners & Executive of the Wood County Commissioners Court</u>

24.     As stated in Document 18-3 at Exhibit Document_18 attached hereto, I presented claims asserting bad faith demands for fees from me to the Wood

County Commissioners Court through its presiding officers and secretary. The email, printed to PDF digital file, delivering the additional claim is attached to this declaration as "Exhibit Sep-26_Email." The claim itself is attached to this declaration as "Exhibit Sep-26_Claim." The commissioners court meeting minutes for September 3 referenced in an earlier pleading in this case were published on Wood County's internet website while I was in Jail; and, I have attached the file posted online to this declaration as "Exhibit Sep-3_Min."

(D)    <u>Incompetence</u>

25.    In September 2024, and again in October, I received envelopes addressed to Oscar Velasquez from Kevin White, "County Judge, Wood County." Oscar Velasquez does not live at 112 Red Leaf Lane, Holly Lake Ranch, Texas; and, never has. I looked up the case referenced in the address window of the envelopes received and found that Oscar Velasquez was charged with driving while intoxicated. I have never been charged with driving while intoxicated, nor has any other household member at 112 Red Leaf Lane. I have attached true and correct copies of the envelopes to this declaration as "Exhibit Incompetency."

26.    On September 25, I posted a poll on the www.facebook.com page titled: "Holly Lake Ranch, Texas." I used my desktop computer to take a screen clip of the post, converted it to a digital PDF file, and attached it to this declaration as "Exhibit Social-2." I linked to the facebook post by posting on

www.nextdoor.com. The poll posted relates to a case that was at the United States Court of Appeals for the Fifth Circuit two times finally tried in the United States District Court for the Eastern District of Texas, Sherman Division, in September. I have attached true and correct copies of the jury instructions, the jury's verdict, and the November 5 judgment I obtained from PACER to this declaration as "Exhibit Bevill-Inst.," "Exhibit Bevill-Verdict," and "Exhibit Bevill-Judgment" respectively. I attempted to intervene in the case earlier this year while it was pending at the Fifth Circuit, but the clerk failed to file my opposed motion.

27.    On or about October 5, Roger Fraizier commented on social media about my post concerning the Wood County Commissioners Court failing to post the September 3 minutes to its website. I have attached a true and correct copy of the screen clip I converted to PDF taken from the www.nextdoor.com website to this declaration as "Exhibit Social-1."

28.    While in Jail, I spoke with Gregory Keith Roberts. Gregory Roberts goes by "Tex" in social circles. Tex filed two petitions for writs of habeas corpus with two Texas courts. One was the 402nd Judicial District Court in and for Wood County, and the other was the Court of Criminal Appeals of Texas. Like others I met in the Jail, including myself, Tex was denied access to legal materials, the internet, and assistance of counsel in preparing for accusatory defense. His accusations are set out in the digital copy of his petition made available at the

Court of Criminal Appeals website.  I obtained a file-marked copy and it is attached to this declaration as "Exhibit Oct-Roberts."

29.    In the past, I have often relied on the opinions and statements of the Chief Justice of the Supreme Court of Texas.  On the 2nd day of November, I went to EFILETEXAS.gov to see if there were any statements or references to opinions concerning use of the state website by Jail inmates.  I found that the Chief Justice purportedly made a statement about access to Texas's justice system.  I printed the website to PDF and have attached the relevant part of the digital printout to this declaration as "Exhibit eFileTexas."

30.    While I was in the Jail, I was given a pamphlet title "WOOD COUNTY DETENTION CENTER INMATE RULES."  I created a digital PDF copy of the pamphlet using my scanner connected to the computer used to create this declaration and have attached it to this declaration as "Exhibit WCSO-Jail_R." The scanning software installed on the computer recognizes characters and provides for saving the document in PDF format.  The digital copy is out of order because each page of the pamphlet is printed on one half of a sheet of paper using small print.  The print is difficult to read as the pamphlet is printed by printer or copier displaying only parts of each letter or part of a seal.

### III.    TEXAS AGENCIES

(A)    Public Utility Commission of Texas

31.    In my *FIRST SUPPLEMENT TO EMERGENCY PETITION FOR WRIT OF MANDAMUS AND ADMINISTRATIVE STAYS OF REMAND & APPELLATE TIMETABLES*, Document: 11-2 at Page: 66, it was asserted that "The Public Utility Commission of Texas Owes Me an[] Answer on My Emergency Request for Action."  I did not ask for a proceeding before an administrative law judge where, as a result of my request for emergency relief, I am required to provide documents showing proof of payment.  No referral exists in the record of the proceeding.  Liberty Utilities (Silverleaf) LLC ("Liberty") doesn't dispute that payment was made.  I have attached to this declaration the docket of the proceeding, Liberty's response, its supplemental response explaining its non-dispute the payment proof demanded, the Public Utility Commission of Texas ("PUCTX") position statement and the most recent order by the administrative law judge as "Exhibit 56853_Dkt," "Exhibit Aug.-22_Response," "Exhibit Aug-29_Comm.," and "Exhibit Oct-29_Order," respectively.

32.    In 2018, Liberty sought and gained an amended tarriff schedule with regard to the Holly Lake Ranch Development and surrounding area.  As part of the proceeding, Liberty and the HLRA made certain statements and arguments.  I have attached those statements to this declaration as "Exhibit PUC_Dkt_47976."  One of the statements is that the HLRA represents the interests of lot owners and co-owners in the Holly Lake Condominium project ("HL land owners") when it

comes to water service.  This idea came from when Robert E. Meade ("Meade") appointed board of directors members of the HLRA while operating a timeshare claiming it is the "named" developer of the Holly Lake Ranch Development. Meade hired Robert James as the General Manager of the HLRA.  In PUCTX proceeding number 43730, Robert James—without any express authority granted by any HL land owners—agreed to a tarriff increase applied for by Algonquin Water Resources of Texas ("Algonquin").  I have attached to this declaration as "Exhibit PUCTX_43730" documents purporting to have provided notice to HL land owners when no notice was actually provided.  At that exhibit, Robert James purports to settle with Algonquin on behalf of HL land owners.

33.    Included at Exhibit PUC_Dkt_47976 is the PUCTX's referral order to an administrative law judge.  As I stated in unfiled Document 18-3 (Exhibit Document_18), no referral to the administrative law judge was entered into the record of proceeding number 56853.

34.    As part of Liberty Utilities gaining its certificate of convenience and necessity, its predecessor Algonquin filed the easement grant and purchase agreement with the  Public Utility Commission of Texas.  The easement grant was also filed at the real property records of Wood County, Texas.  I went online to the Wood County website at www.mywoodcounty.com and clicked on the online services button at the bottom of the page.  It took me to a page listing online

services.  One of the online services named is "Wood County Real Property Record Search."  I clicked on it and it took me to "https://woodcountytx-web.tylerhost.net/web/."  I clicked on the "Official Records Search and Copies" link and it took me to a page offering two choices: "Official Public Records Search and Copies" and "Plat Search and Copy."  I clicked on "Official Public Records Search and Copies."  I entered "algonquin" in the query box labeled "Both."  I hit the enter button.  A list of records were shown on my screen.  I clicked on the record labeled "2005-00033202."  A dropdown-type line propogated with the word "view" in it.  I clicked on it and was taken to a page showing the "WATER AND SEWER LINE EASEMENT" granting to Algonquin an easement as displayed on the exhibit attached identified as "Exhibit 'A'."  I downloaded the grant and determined that the grant purports to grant easements along the streets in front of the homes in the subdivisions I own land in, and in front of my mother's home at 112 Red Leaf Lane.  A true and correct copy of the grant is attached to this declaration as "Exhibit Water_Easements."  I have taken pictures of the facilities the lots are supposed to be serviced by existing on the land behind the homes.  I have also screen clipped the arial photos showing the distance from the back of my mothers home, where the water delivery system was originally tapped, to the air purging utility facilities, and from there to the water well and pump station.  Each are attached to this declaration as "Exhibit HR_Water."

35.    In 2023, Liberty admitted it failed to test.  The period designated in the document attached to this declaration as "Exhbit Liberty-Admit" was when the water line leak occurred on the Wilderness Recreational Area adjacent to Section III, Parts 1 and 2, Holly Lake Ranch preventing water service for four or more days.  Water service is hit-or-miss according to online social media posts.  On November 12, for example, an individual posted on the site www.nextdoor.com that they have no water service.  I have attached at "Exhibit Social-Water" a screen clip of the post converted to PDF.  I have also attached to this declaration at that exhibit screen clips of of other posts posted within the last year publicizing similar experiences.

36.    On October 24, my mother emailed to me two screenshots taken from her phone of her banking application showing payments made to Liberty on February 7, 2024, and March 22, 2024.  I have attached true and correct copies of the screenshots received to this declaration as "Exhibit Liberty_Payments."

37.    Earlier this week, I again went to the Wood County Real Property Records Search online to obtain copies of documents related to the Holly Lake Condominiums.  While there, I located the "DECLARATION AND MASTER DEED," as well as the amendments to it made in 1973, 1977, and 1978.  I downloaded each and have attached them to this declaration as "Exhibit HL-Condos."  While at the site, I also located an affidavit signed by one of the partners

of the Holly Lake Development Company (the developer of the subdivisions I own land in) and sole shareholder of the corporate entity that developed the Holly Lake Condominiums.  I downloaded the affidavit to my computer and have attached the digital copy as "Exhibit HL-Condos_2."  Afterwords, I navigated to the Wood County Appraisal District's website located at www.woodcad.net.  I used the interactive map to navigate to the Holly Lake Condominiums.  I clicked on the property identification number "16175."  I took screen clips of the map while zoomed in and zoomed out.  I have attached to this declaration true and correct copies of the screen clips converted to PDF as "Exhibit WoodCad_Condos."  I then navigated back to Wood County's online real property records search portal and searched for restrictive covenants filed by Evergreen Partnership; the entity all —except for one—of the subdivisions in the Holly Lake Ranch Development were transferred to by recorded instrument in 1990.  I located "SUBDIVISION RESTRICTIONS" for "Golf Shore Part of Section IV of Holly Lake Ranch."  I downloaded the covenants and have attached them to this declaration as "Exhibit 1991-Dev."  The articles of the HLRA are attached hereto as "Exhibit HLRA_art."

38.     On November 9,  I visited www.facebook.com and discovered that other HL land owners were discussing "target[ing]" by the "HOA."  The post was made at the Holly Lake Ranch, Texas page.  I screen clipped the post and converted it to a PDF file.  I have attached a true and correct copy of the clip to this

declaration as "Exhibit Social_4."

39.     On November 11, I visited www.nextdoor.com and discovered that other HL land owners were discussing the amount of money spent on employees. I took screen clips of the conversation and converted them to PDF file. I have attached true and correct copies of the screen clips to this declaration as "Exhibit Social_3." Not long thereafter, I navigated to the Holly Lake Ranch website where I logged into the members only area. I navigated to the financial disclosures. I downloaded the audits of the consolidated financial statements for years 2019 thru 2023. I have attached to this declaration true and correct copies of the downloaded digital documents as "Exhibit HLRA-Financials."

(B)     Texas Board of Law Examiners

40.     On November 6, I received an email from the Texas Board of Law Examiners ("TXBLE") stating that I started a new application. I have attached a true and correct PDF printout of the email to this declaration as "Exhibit Nov-TXBLE." The same day, I received another email from the TXBLE stating that "Information/documentation" was sent to me. I have attached a true and correct PDF printout of the email to this declaration at the same exhibit. When I navigated to the TXBLE website, I discovered the application and messages associated with the application. I printed those to PDF and have attached them to this declaration at the same exhibit.

(C)    <u>Texas Department of Housing and Community Affairs, Manufactured</u>

<u>Housing Division</u>

41.    On November 8, I saw my mother was on Grapevine Lane in her vehicle with a HLRA security person stopped driver-side to driver-side.  They were discussing the WCSO's involvement in a civil matter related to the manufactured homes a partnership I am a partner in has an interest in.  The next day, I navigated to the Texas Department of Housing and Community Affairs, Manufactured Housing Division's, ("TDHCA, MHD")website and searched the title records for the two manufactured homes that are the subject of dispute between Kristina Horn and Grapevine Partners.  At each of the records searched, requests for additional information were present.  I downloaded each of the PDF files and have attached copies of the digital records to this declaration as "Exhibit Grapevine."

Signed on this 12th day of November 2024,

_____

DECLARANT – P J EMERSON

@ approx 3pm

3. On the 9th day of October 2024, I was arrested by Kelly Cole's Deputy. While In hand cuffs, I was thrown up against a cement wall, the perpedicular floor causing injuries to my wrists (abrasion), left thumb (No feeling), right upper hand (swelling & No feeling), & right elbow (pain), Head (abrasion), and Neck (soreness & pain) before being stripped naked and placed into a rectangle room with No water or toilet facilities; and, only a blue velcro item to cover with. I was removed from the room the following day @ approximately 6:00am. I reported these, and other, injuries to the intake jailer and Nurse, but neither detailed them as stated to each—Nor as I have briefly done above.

4. On the 10th Day of October, I was given Notice of Pretrial hearing in Case Nos. 41,650, 41,651, & 41,653 — a case I filed an Notice of removal in. SS See Notice of Unqualified Assigned Judge, No. 41,650 attached hereto. I was also Magistrated by Tony Gilbreath. Gilbreath expressed that the same Duncan Thomas set bail @ $15K for each case — Terry Parker set bond in a Newly filed Silent/Abuse 911 case @ $30K w/ bond conditions prohibiting possession of a firearm, consumption of alcohol, among other things — Kevin White set bond in two other Silent/Abuse 911 cases @ $6K and $5K. During the Magistration/intake process, I was made aware that my personal property that was in my vehicle when it was stolen Nov. 28 was placed in my "Property" relating to this incarceration.

5. On the 13th Day of October, I sought several things from Kelly Cole. I have attached my requests and Cole's responses to this supplement. Except for

Page 2

Case: 24-40556    Document: 18-3    Page: 3    Date Filed: 10/21/2024

the address to this Court, I was denied — stating that I need to write certain personnel even though I was served with the county court notice of Oct. 23 pretrial hearing.

6. On or about the 26th day of September, I made a claim with the Wood County Commissioners Court relating to the requests in the previous supplement about fees being charged illegally. I have received no other correspondence or action in response except for what I have described above.

7. Even though I have verbally asked for an attorney to represent me in magistrate proceedings, and otherwise, No attorney has been appointed to me and no form has been given to me.

Motion for Emergency Relief

8. Because I have been denied an attorney, I respectfully ask that the Court order that one be appointed.

9. Because Tony Gilbreath, Kevin White & Duncan Thomas are not qualified, & Jerry Parker are not Neutral & Detached from the facts of the cases I was recently magistrated, each is unqualified. I ask that the bail bonds set be vacated. I addition, some of the cases were recently removed without final adjudication or appeal — thus imposing on this Courts review authority impermissibly.

10. Because No Notice of referral was provided in 6:24-CV-82, I ask that the MJ's report & recommendation be vacated and the district court Conduct a hearing in the event that remand authority is in question.

Page 3

# Exhibit Feb-3_Elec

*Philip James Emerson, Jr., v. State of Texas,*

No. 6:25-cv-_____, *PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* (E.D. Tex. Feb. 3, 2025)

P J Emerson
*Pro Se Petitioner*
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:          (512) 763–7775
Email:          findpjemerson@gmail.com
          In the

UNITED STATES DISTRICT COURT

for the Eastern District of Texas, Tyler Division.

| | |
|---|---|
| Philip James Emerson, Jr. | Case No. |
| *Plaintiff*, | |
| -v- | |
| The State of Texas | **PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM** |
| *Defendant*. | |

TO THE HONORABLE COURT:

Petitioner, me (a.k.a. P J Emerson), COMES NOW seeking permission for the Clerk to register me as a Filing User in the Electronic Filing System in accordance with FEDERAL RULES OF CIVIL PROCEDURE 5(d), 5(d)(3)(B), and 5(d)(3)(B)(i)–(ii), and in accordance with UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS LOCAL RULES (December 1, 2023) CV-5(a)(2) and CV-5(a)(2)(B); and in support of this Honorable Court permitting my registration shows the following:

1

**I.    Assertions**

1.      It is asserted that allowing my registration in the Electronic Filing System as a Filing User will:

(a).    Remove the burden of traveling to the courthouse to file papers since I don't have a vehicle;

(b).    Remove the expense burden associated with mailing papers to the courthouse and parties;

(c).    Remove the mail delay in deeming a document filed;[1]

(d).    Permit me to link related documents in accordance with the instructions on page 4 of the EASTERN DISTRICT OF TEXAS ELECTRONIC CASE FILING USER'S MANUAL (Rev. July 27, 2022);

(e).    Permit me to "hyperlink to a previously filed document(s) in the same case, or another case that resides on the CM/ECF system where the filing is being entered, or on any other court's CM/ECF system" in accordance with the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS VERSION 3.1 CROSS-DOCUMENT HYPERLINK QUICK REFERENCE GUIDE;

(f).    Permit me to "[c]reate [h]yperlinks [between] [d]ocuments [f]iled in the [s]ame [e]vent" in accordance with the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS VERSION 3.1 CROSS-DOCUMENT HYPERLINK QUICK REFERENCE GUIDE;

---

[1] *See* U.S. DIST. CT. E. DIST. TEX. LOC. R. CV-5, CV-5(a)(3), CV-5(a)(3)(A)–(B) (describing the "Significance of Electronic Filing").

(g).     Permit me to attach large documents to a docket entry in accordance with UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS INSTRUCTIONS FOR ATTACHING LARGE DOCUMENTS TO DOCKET ENTRIES;

(h).     Permit me to "save each document [I am] served during the 'one free look' period (15 days after the NEF is sent)" as displayed under "Advisory to Non-Prisoner Pro Se Litigant E-Filer" on the Court's "ECF Registration" web page;[2]

(i).     Reduce Respondents' document-coordination burdens, if any; and,

(j).     Reduce the invasions of privacy sanctioned by Wood County law enforcement personnel.

## II.     Certificate of Compliance

2.     I will "abide by the Federal Rules of Civil Procedure, Eastern District of Texas' Local Rules, and the instructions provided in the ECF Training resources posted on the court's website" as posted under "Advisory to Non-Prisoner Pro Se Litigant E-Filer" on the Court's "ECF Registration" web page.

## III.     Lack of Prejudice to Defendant

3.     Ordering the Clerk of the Court to register me as a Filing User will not prejudice the currently-named Defendant/Respondent.  FED. R. CIV. P. 19(a)(1)(A), 21; *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

## IV.     Request for Order

4.     Based on the above-stated assertions, and because (1) I have certified that I will comply with electronic filing procedure and rules governing the electronic filing process, and (2) registering me as a Filing User in the Electronic Filing System in this case will not prejudice

---

[2] *Available at* https://txed.uscourts.gov/?q=cmecf-registration (last accessed Mar. 6, 2023).

3

Respondents, I respectfully ask this Honorable Court to allow the Clerk to register me as a Filing User in the Electronic Filing System.

Respectfully submitted this 3rd day of February 2025,

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
Phone:          (512) 763-7775
Email:          findpjemerson@gmail.com

4

# Exhibit Feb-3_Prop

*Philip James Emerson, Jr., v. State of Texas*,

No. 6:25-cv-_____, *PETITIONER'S MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM* (E.D. Tex. Feb. 3, 2025)

In the

UNITED STATES DISTRICT COURT

for the Eastern District of Texas, Tyler Division.

| Philip James Emerson, Jr. | Case No. |
|---|---|
| *Petitioner*, | |
| -v- | **ORDER TO REGISTER PRO SE** |
| | **PETITIONER AS A FILING** |
| State of Texas, | **USER IN THE ELECTRONIC** |
| | **FILING SYSTEM** |
| *Defendant/Respondent*. | |

On this day, Petitioner's motion seeking registration as a filing user in the electronic filing system came on to be considered by the Court. Because of the reasons stated in the motion, the Court finds that the order should be granted.

IT IS THEREFORE ORDERED that the clerk of the Court shall immediately register Petitioner Philip James Emerson, Jr., in the electronic filing system for this case.

1

pages of exhibits. But the substantive portion essentially attempts to relitigate Plaintiff's earlier arguments and cites no specific errors in the Court's findings and determinations.

This case is closed, there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals. Accordingly, the Court **DENIES** Petitioner's motion for leave to file a motion to vacate final judgment (Docket No. 70) and **STRIKES** Petitioner's Exhibits—Docket Nos. 71-80—from the record in this case as irrelevant.

Further, the Court **ORDERS** that no further exhibits shall be accepted in this case unless this case is reopened by an appropriate order. Petitioner is cautioned that further attempts to submit exhibits while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power.

**Signed this**

**Aug 5, 2024**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

# Exhibit Feb-3_Ord

*Philip James Emerson, Jr., v. Jerry Parker, et al.,*

> No. 6:21-cv-240, *ORDER DENYING PENDING MOTIONS* (E.D. Tex. Feb. 3, 2025)

Denying motions to proceed without payment of costs in two distinct habeas corpus petitions.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHILIP JAMES EMERSON, JR., | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:21-cv-240-JDK-KNM |
| JERRY PARKER, et al., | § § § | |
| Respondents. | § § § | |

## ORDER DENYING PENDING MOTIONS

Before the Court are Petitioner's motion to proceed without payment of fees (Docket No. 82) and motion to proceed *in forma pauperis* (Docket No. 83).

On June 14, 2023, this Court denied Petitioner's habeas corpus petition, dismissed the case without prejudice, and denied Petitioner a certificate of appealability sua sponte. Docket No. 50. The Court also dismissed motions for relief from final judgment—determining that Petitioner was raising a successive petition and that this Court did not have jurisdiction to entertain it. Docket No. 56; *see also Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Petitioner appealed, and the Fifth Circuit Court of Appeals dismissed his appeals. Then, Petitioner's motion for an injunction pending appeal was denied as moot. Docket No. 81. Petitioner's motion to vacate final judgment was also denied. *Id.*

This case is closed, there are no pending proceedings, and the Fifth Circuit dismissed Petitioner's appeals. Accordingly, the Court **DENIES** Petitioner's motion

to proceed without payment of fees (Docket No. 82) and motion to proceed *in forma pauperis* (Docket No. 83). Further, Petitioner is cautioned that further attempts to submit exhibits or frivolous motions while this case is closed may result in revocation of electronic filing privileges and the imposition of sanctions—monetary or otherwise—under Federal Rule of Civil Procedure 11 and the Court's inherent power.

# Exhibit Dkt_21-cv-240

*Philip James Emerson, Jr., v. Angela Albers, Holly Lake Ranch Association, Inc., Janae Holland, & Jerry Parker*,

No. 6:21-cv-240, *Docket* (E.D. Tex. Feb. 2025), *ava*ilable at https://www.courtlistener.com/docket/59991426/parties/emerson-v-parker/

# Emerson v. Parker (6:21-cv-00240)

## District Court, E.D. Texas



Additional Attachments to Main Document,,,,,, 71 Additional Attachments to Main Document,,,,,. Exhibits 3a thru 3k Attached to MOTION TO VACATE THE COURT'S JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit 3b - CASSELL v. UNITED STATES FIDELITY & GUARANTY CO., # 2 Exhibit 3c - Beecher, Proverbs from Plymouth Pulpit, # 3 Exhibit 3d - WILLIAM MARBURY v. JAMES MADISON, # 4 Exhibit 3e - Update on TRCP 145 and Statements of Inability to Pay Court Costs, # 5 Exhibit 3f - Mark Johnson v. George Miller, Sr., individual capacity; Donald Mitchell, individual capacity; Clarksdale Public Utilities Commission, # 6 Exhibit 3g - Electronic Case Filing Users Manual revised 2022, # 7 Exhibit 3h - Electronic Case Filing Users Manual revised 2024, # 8 Exhibit 3i - Holly Lake Ranch Association, Inc., v. Philip Emerson, et al., No 6:24-CV-82-JCB, Report and Recommendation of the United States Magistrate Judge (May. 30, 2024), # 9 Exhibit 3j - PACER billing statement May 2024, # 10 Exhibit 3k - Terry Bevill v. City of Quitman, Texas, Jeff Fletcher, Thomas Castloo, James Wheeler, David Dobbs, & Wood County, 4:19-CV-00406 (June 1, 2023), affirmed Terry Bevill v. James Wheeler, Jeffrey Fletcher, Thomas Castloo, David Dobbs, No. 23-40321 (5th Cir. May 30, 2024))(Emerson, Philip) (Entered: 06/06/2024)

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 79 | Jun 6, 2024 | Additional Attachments to Main Document: 76 Additional Attachments to Main Document,,,,, 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 74 Additional Attachments to Main Document,,,,, 75 Additional Attachments to Main Document,,,,,, 78 Additional Attachments to Main Document,,,,,, 77 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,. Exhibit 2g (Parts 22 thru 24 of 24); Exhibit 2h (Parts 3 of 3); Exhibit 2i -> Attached to MOTION TO V ACATE THE COURT'S JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 23 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 2 Exhibit Part 24 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 3 Exhibit Part 1 of 3 of 2h - Notice of Defendant, Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr., No. 2020-059, 7688, & 7689, # 4 Exhibit Part 2 of 3 of 2h - Notice of Defendant, Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr., No. 2020-059, 7688, & 7689, # 5 Exhibit Part 3 of 3 of 2h - Notice of Defendant, Holly Lake Ranch Association, Inc., v. Philip J. Emerson Jr., No. 2020-059, 7688, & 7689, # 6 Exhibit 1i - APPELLANTS BRIEF ON THE MERITS for Appellant, EX PARTE PHILIP J. EMERSON JR., No. 6-20-85-CR)(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 78 | Jun 6, 2024 | Additional Attachments to Main Document: 76 Additional Attachments to Main Document,,,,, 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 74 Additional Attachments to Main Document,,,,, 75 Additional Attachments to Main Document,,,,,, 77 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,. Exhibit 2g (Parts 15 thru 21 of 24) Attached to MOTION TO V ACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 16 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 2 Exhibit Part 17of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 3 Exhibit Part 18 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 4 Exhibit Part 19 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 5 Exhibit Part 20 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 6 Exhibit Part 21 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018))(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 77 | Jun 6, 2024 | Additional Attachments to Main Document: 76 Additional Attachments to Main Document,,,,, 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 74 Additional Attachments to Main Document,,,,, 75 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE |

COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,,. Exhibit 2g (Parts 8 thru 14 of 24) Attached to MOTION TO V ACATE THE COURT'S JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 9 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 2 Exhibit Part 10 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 3 Exhibit Part 11 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 4 Exhibit Part 12 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 5 Exhibit Part 13 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 6 Exhibit Part 14 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018))(Emerson, Philip) (Entered: 06/06/2024)

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 76 | Jun 6, 2024 | Additional Attachments to Main Document: 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 74 Additional Attachments to Main Document,,,,, 75 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,. Exhibit 2g (Parts 1 thru 7 of 24) Attached to MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 2 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 2 Exhibit Part 3 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 3 Exhibit Part 4 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 4 Exhibit Part 5 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 5 Exhibit Part 6 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018), # 6 Exhibit Part 7 of 24 of 2g - PETITION FOR WRIT OF MANDAMUS of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Dec. 27, 2018))(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 75 | Jun 6, 2024 | Additional Attachments to Main Document: 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 74 Additional Attachments to Main Document,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,. Exhibits 2e (Parts 5 of 5) and 2f - Attachments to MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 2 of 5 of 2e - ATTACHMENTS to ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, (Mar. 29, 2024), Ex parte P J Emerson Tendered to Texas Supreme Court Clerk, # 2 Exhibit Part 3 of 5 of 2e - ATTACHMENTS to ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, (Mar. 29, 2024), Ex parte P J Emerson Tendered to Texas Supreme Court Clerk, # 3 Exhibit Part 4 of 5 of 2e - ATTACHMENTS to ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, (Mar. 29, 2024), Ex parte P J Emerson Tendered to Texas Supreme Court Clerk, # 4 Exhibit Part 5 of 5 of 2e - ATTACHMENTS to ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, (Mar. 29, 2024), Ex parte P J Emerson Tendered to Texas Supreme Court Clerk, # 5 Exhibit 2f - 2nd Amended Motion for Temporary Relief of the Relator, IN RE: PHILIP J. EMERSON, JR., No. 18-1216 (Jan. 2, 2019))(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 74 | Jun 6, 2024 | Additional Attachments to Main Document: 73 Additional Attachments to Main Document,,,,,,,,,, 72 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,. Exhibits 2a, 2b (Parts 6 of 6), and 2e (there is no Exhibit 2c) Attached to MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT. (Attachments: # 1 Exhibit Part 1 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 2 |

Exhibit Part 2 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 3 Exhibit Part 3 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 4 Exhibit Part 4 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 5 Exhibit Part 5 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 6 Exhibit Part 6 of 6 of 2b - Mandamus Record for Petitioner, In re P J Emerson, No. 21-1055 (Dec. 7, 2021), # 7 Exhibit 2d - ORIGINAL PETITION APPLYING FOR WRITS OF HABEAS CORPUS of Petitioner & Applicant, Ex parte P J Emerson, (Mar. 29, 2024) Tendered to Texas Supreme Court Clerk (there is no Exhibit 2c))(Emerson, Philip) (Entered: 06/06/2024)

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 73 | Jun 6, 2024 | Additional Attachments to Main Document: 72 Additional Attachments to Main Document,,,,,, 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,,. Exhibits 1g (Parts 6 of 6) through 1i attached to Motion to Vacate the Court's June 14, 2023, Order & Final Judgment. (Attachments: # 1 Exhibit Part 2 of 6 of Exhibit 1g - FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, In re: Philip James Emerson Jr., No. 24-40107 (Feb 23, 2024), # 2 Exhibit Part 3 of 6 of Exhibit 1g - FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, In re: Philip James Emerson Jr., No. 24-40107 (Feb 23, 2024), # 3 Exhibit Part 4 of 6 of Exhibit 1g - FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, In re: Philip James Emerson Jr., No. 24-40107 (Feb 23, 2024), # 4 Exhibit Part 5 of 6 of Exhibit 1g - FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, In re: Philip James Emerson Jr., No. 24-40107 (Feb 23, 2024), # 5 Exhibit Part 6 of 6 of Exhibit 1g - FIRST AMENDED MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, In re: Philip James Emerson Jr., No. 24-40107 (Feb 23, 2024), # 6 Exhibit 1h - MOTION TO REINSTATE ERRONEOUSLY DISMISSED APPEAL & RECALL MANDATE for AppellantPetitioner, Philip James Emerson Jr. v. Jerry Parker, Janae Holland, Angela Albers, & Holly Lake Ranch Association, Inc., No. 24-40004 (5th Cir. May. 20, 2024), ECF Nos. 38-1, 38-2, 38-3, # 7 Exhibit 1i - CORRECTED FIRST SUPPLEMENT SECOND AMENDED PETITION FOR WRITS OF MANDAMUS of Petitioner, In re: Philip Emerson, 24-40170 (tendered to 5th Cir. Clerk May 20, 2024) (excerpt), # 8 Exhibit 1j - MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND)(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 72 | Jun 6, 2024 | Additional Attachments to Main Document: 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages), 71 Additional Attachments to Main Document,,,,,. Exhibits 1a thru Part 3 of 3 of Exhibit 1f attached to Motion to Vacate the Court's June 14, 2023, Order & Final Judgment. (Attachments: # 1 Exhibit 1b - FIRST AMENDED PETITION FOR WRITS OF MANDAMUS, of Petitioner, In re: Philip Emerson Jr., No. 24-40170 (5th Cir. Mar. 18, 2024), ECF No. 2-1., # 2 Exhibit 1c - FIRST AMENDED PETITION FOR WRITS OF MANDAMUS, of Petitioner, In re: Philip Emerson Jr., No. 24-40170 (5th Cir. Mar. 18, 2024), ECF No. 2-1., # 3 Exhibit 1d - NOTICE OF SERVICE OF DEMAND LETTER & RECOMMENDED FIRM TO BE APPOINTED AS RECEIVER FOR A CORPORATE ENTITY of Petitioner, Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White, No. 6:23-CV-453-JCB-KNM (E.D. Tex. Apr. 24, 2024), # 4 Exhibit 1e - Letter to To: Illegal Enterprise Personnel, and Counsel for Illegal Enterprise Personnel, RE: Settlement Demand (E.D. Tex. Apr. 24, 2024), # 5 Exhibit Part 1 of 3 of 1f - MOTION FOR LEAVE TO USE THE ORIGINAL RECORD for Petitioner, In re: Philip Emerson, No. 24-40170 (May 13, 2024), # 6 Exhibit Part 2 of 3 of 1f - MOTION FOR LEAVE TO USE THE ORIGINAL RECORD for Petitioner, In re: Philip Emerson, No. 24-40170 |

(May 13, 2024), # 7 Exhibit Part 3 of 3 of 1f - MOTION FOR LEAVE TO USE THE ORIGINAL
RECORD for Petitioner, In re: Philip Emerson, No. 24-40170 (May 13, 2024))(Emerson,
Philip) (Entered: 06/06/2024)

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 71 | Jun 6, 2024 | Additional Attachments to Main Document: 70 FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages). Exhibit 1.1 - Petitioner's Declaration Attached to Petitioner's Motion to Vacate the Court's June 14, 2023 Order & Judgment, among other requests for relief therein. (Attachments: # 1 Exhibit Part 2 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 2 Exhibit Part 3 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 3 Exhibit Part 4 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 4 Exhibit Part 5 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 5 Exhibit Part 6 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 6 Exhibit Part 7 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024), # 7 Exhibit Part 8 of 8 --> Exhibit 1.1 - Declaration of P J Emerson (6-6-2024))(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 70 | Jun 6, 2024 | FIRST MOTION for Leave to File MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT (having excess pages) by Philip James Emerson, Jr. (Attachments: # 1 Proposed Order On Petitioner's Motion for Leave to File Petitioner's Motion to Vacate Having Excess Pages, # 2 Exhibit A - Petitioner's MOTION TO VACATE THE COURTS JUNE 14, 2023, ORDER & FINAL JUDGMENT)(Emerson, Philip) (Entered: 06/06/2024) |

| Main Doc | | Leave to File Document |
|---|---|---|
| 69 | May 2, 2024 | USCA ORDER. The petition for a writ of mandamus is DENIED. Emersons motion to shorten the response time is likewise DENIED (Attachments: # 1 USCA Transmittal Letter) (wea) (Entered: 05/06/2024) |

| Main Doc | | Remark |
|---|---|---|
| 68 | Mar 12, 2024 | ORDER of USCA. Clerk Order dismissing appeal pursuant to 5th Circuit Rule 42 for failure to comply with the Court's notice of 02/07/2024. (Attachments: # 1 USCA Transmittal Letter) (wea, 6) (Entered: 03/12/2024) |

| Main Doc | | USCA Order |
|---|---|---|
| 67 | Jan 18, 2024 | THIRD Additional Attachments to Main Document: 64 FIRST MOTION for Preliminary Injunction Pending Appeal. APPELLANTS ORIGINAL MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE AND, OR ALTERNATIVELY, GRANT OTHER RELIEF Attached to P J Emerson's Declaration In Support of Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1. (Emerson, Philip) (Entered: 01/18/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 66 | Jan 18, 2024 | SECOND Additional Attachments to Main Document: 64 FIRST MOTION for Preliminary Injunction Pending Appeal. Document 11-7 Attached to P J Emerson's Declaration In Support of Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1. (Attachments: # 1 Additional Attachment(s) APPENDIX SUPPORTING: APPELLANTS ORIGINAL MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE AND, OR ALTERNATIVELY, GRANT OTHER RELIEF Attached to P J Emerson's Declaration In Support of Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1)(Emerson, Philip) (Entered: 01/18/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 65 | Jan 18, 2024 | FIRST Additional Attachments to Main Document: 64 FIRST MOTION for Preliminary Injunction Pending Appeal. Document 11-6 Attached to P J Emerson's Declaration In Support of Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1. (Emerson, Philip) (Entered: 01/18/2024) |

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 64 | Jan 18, 2024 | FIRST MOTION for Preliminary Injunction Pending Appeal by Philip James Emerson, Jr. (Attachments: # 1 Affidavit/Declaration P J Emerson's Declaration In Support of Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1 & Document 11-1, # 2 Affidavit/Declaration Document 11-3 Attached to P J Emerson's Declaration In Support of |

Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1, # 3
Affidavit/Declaration Document 11-4 Attached to P J Emerson's Declaration In Support of
Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1, # 4
Affidavit/Declaration Document 11-5 Attached to P J Emerson's Declaration In Support of
Injunctive Relief During Appeal or Alternatively, Certification Under Rule 62.1)(Emerson,
Philip) (Entered: 01/18/2024)

| Main Doc | Preliminary Injunction |
|---|---|

| 63 | Jan 11, 2024 | ACKNOWLEDGMENT OF RECEIPT by Philip James Emerson, Jr on 1/8/2024 as to 62 Order on Motion for Leave to Appeal In Forma Pauperis. (gsm) (Entered: 01/11/2024) |

| Main Doc | Acknowledgment of Receipt |
|---|---|

| | Jan 10, 2024 | USCA Notice of Docketing NOA |

| | Jan 8, 2024 | NOTICE of Docketing Notice of Appeal from USCA re 59 Notice of Appeal, 60 Notice of Interlocutory Appeal, filed by Philip James Emerson, Jr. USCA Case Number 24-40004 (wea, 6) |

| 62 | Jan 5, 2024 | ORDER denying 57, 58, 61 Motions for Leave to Appeal in forma pauperis. All future motions should be filed with the Clerk of the United States Court of Appeals for the Fifth Circuit. Signed by District Judge Jeremy D. Kernodle on 1/5/2024. (wea, 6) (Entered: 01/05/2024) |

| Main Doc | Order on Motion for Leave to Appeal In Forma Pauperis AND Order on Motion for Leave to Appeal In Forma Pauperis AND Order on Motion for Leave to Appeal In Forma Pauperis |
|---|---|

| 61 | Dec 31, 2023 | AMENDED MOTION for Leave to Appeal in forma pauperis to 1st Corrected Motion for Leave to Proceed in forma pauperis without payment by Philip James Emerson, Jr. (Attachments: # 1 Exhibit A - Dkt. #43 - Motion for Emergency Stay of State Proceedings - filed 5-9-2023, # 2 Exhibit B - Dkt. #52 - Petitioner's Rule 60 Motion - filed 11-17-2023, # 3 Affidavit/Declaration EXhibit C to 1st Amended 1st Corrected Motion - Form 4 - Affidavit in Support of Proceeding w out Payment of Fees - Executed 12-27-2023; and, Issues Intended to Present Included as Exhibit 1, # 4 Exhibit D - Table of Attachments to Dkt. #54 - NOTICE OF OCCURANCES AND STATE COURT FILING)(Emerson, Philip) (Entered: 12/31/2023) |

| Main Doc | Appeal In Forma Pauperis |
|---|---|

| 60 | Dec 30, 2023 | NOTICE OF INTERLOCUTORY APPEAL as to 50 Order Adopting Report and Recommendations, 56 Order on Motion to Amend/Correct,, Order on Motion to Alter Judgment,,, by Philip James Emerson, Jr. (Attachments: # 1 Additional Attachment(s) Dkt. #58 - FIRST CORRECTED MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS w/ Attached Exhibits A-D (Dkt. ##58-1 thru 58-4))(Emerson, Philip) (Entered: 12/30/2023) |

| Main Doc | Notice of Interlocutory Appeal |
|---|---|

| 59 | Dec 30, 2023 | NOTICE OF APPEAL as to 56 Order on Motion to Amend/Correct,, Order on Motion to Alter Judgment,,, by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 12/30/2023) |

| Main Doc | Notice of Appeal |
|---|---|

| 58 | Dec 29, 2023 | CORRECTED MOTION for Leave to Appeal in forma pauperis by Philip James Emerson, Jr. (Attachments: # 1 Exhibit A - Dkt. #43 - Motion for Emergency Stay of State Proceedings - filed 5-9-2023, # 2 Exhibit B - Dkt. #52 - Petitioner's Rule 60 Motion - filed 11-17-2023, # 3 Affidavit/Declaration Exhibit C to 1st Corrected Motion - Form 4 - Affidavit in Support of Proceeding w out Payment of Fees - Executed 12-27-2023; and, Issues Intended to Present Included as Exhibit 1, # 4 Exhibit D - Table of Attachments Included with Dkt. #54 - filed 11-28-2023)(Emerson, Philip) (Entered: 12/29/2023) |

| Main Doc | Appeal In Forma Pauperis |
|---|---|

| 57 | Dec 28, 2023 | FIRST MOTION for Leave to Appeal in forma pauperis as a right on denial of Rule 60 Motion & interlocutory as continued refusal to issue an injunction by Philip James Emerson, Jr. (Attachments: # 1 Exhibit A - Motion for Emergency Stay of State Proceedings - 5-9-2023, # 2 Exhibit B - Rule 60 Motion, # 3 Affidavit/Declaration Exhibit C - FORM 4 AFFIDAVIT |

ACCOMPANYING MOTION FOR - PERMISSION TO APPEAL IN FORMA PAUPERIS w/
Issues on Attached Exhibit 1, # 4 Exhibit D - Table of Attachments to Dkt. #54 - NOTICE OF
OCCURANCES AND STATE COURT FILING)(Emerson, Philip) (Entered: 12/28/2023)

| Main Doc | Appeal In Forma Pauperis | |
|---|---|---|

| 56 | Nov 30, 2023 | ORDER DENYING RELIEF FROM FINAL JUDGMENT. Petitioner's motions for relief from final judgment 52, 53, 54 are construed as a second or successive § 2254 petition and are DISMISSED for lack of jurisdiction. Petitioner is DENIED a certificate of appealability sua sponte. Signed by District Judge Jeremy D. Kernodle on 11/30/2023. (wea, 6) (Entered: 11/30/2023) |
|---|---|---|
| | | Main Doc — Order on Motion to Alter Judgment AND Order on Motion to Alter Judgment AND Order on Motion to Amend/Correct |
| 55 | Nov 29, 2023 | RESPONSE in Opposition re 54 SUPPLEMENTAL MOTION to Alter Judgment PETITIONERS RULE 60 MOTION filed by Anglea Albers, Janae Holland, Jerry Parker. (Attachments: # 1 Proposed Order)(Davis, Robert) (Entered: 11/29/2023) |
| | | Main Doc — Response in Opposition to Motion |
| 54 | Nov 28, 2023 | SUPPLEMENTAL MOTION to Alter Judgment Notice of Occurrences and State Court Filing by Philip James Emerson, Jr. (Attachments: # 1 Exhibit 54-1 - 9-18-2023 - PETITION FOR WRITS OF HABEAS CORPUS filed at Tex. Ct. Crimi. App. w/out attachments, # 2 Exhibit 54-2 - 9-20-2023 - Notices of Returned Filing - CCA, # 3 Exhibit 54-3 - Notices of eFileTX Problems, # 4 Exhibit 54-4 - GM Update 11-10-2023 - Sheriff to Appear, # 5 Exhibit 54-5 - Special Announcement HLRA - 11-14-2023, # 6 Exhibit 54-6 - HLRA v. Emerson, 2nd Amend. Petition Removing Request for Money, # 7 Exhibit 54-7 - Emailed Follow-up to Exhibit 54-5 Petition/Counterclaim Email Clarification - 11-16-2023, # 8 Exhibit 54-8 - 11-22-2023 - P J EMERSONS REQUEST FOR PERMISSION TO FILE PETITION FOR WRIT OF MANDAMUS AT THE SUPREME COURT OF TEXAS - Dallas County Ct at Law LAJ, # 9 Exhibit 54-9 - 11-25-2023 - Notice - Lodged Obj. and Erron. Cert. Svc., # 10 Exhibit 54-10 - Email to Local Administrative Judges - 11-26-2023, # 11 Exhibit 54-11 - REQUEST FOR PERMISSION TO FILE, # 12 Exhibit 54-12 - Proposed Order, # 13 Exhibit 54-13 - Email to Local Administrative Judges - 11-27-2023, # 14 Exhibit 54-14 - 11-27-2023 - 1st Amend. Req. Permission to File, # 15 Exhibit 54-15 Filing Returned for Envelope Number- 81935425 in Case- 2020-059 Return of Exhibit 54-9, # 16 Exhibit 54-16 - Texas Local Admin Judges - county-lajs.xlsx, # 17 Exhibit 54-17 - Texas Local Admin Judges - district-lajs, # 18 Exhibit 54-18 - Email to District Clerk 11-27-2023, # 19 Exhibit 54-19 - Acceptance of Notice of Lodged Objection, # 20 Exhibit 54-20 - Notice of Acceptance of 54-14, # 21 Exhibit 54-21 - Emails Received in Response to Request)(Emerson, Philip). (Entered: 11/28/2023) |
| | | Main Doc — Alter Judgment |
| 53 | Nov 20, 2023 | INTERIM MOTION to Alter Judgment Giving Notice During Rule 60 Judicial Proceeding by Philip James Emerson, Jr. (Attachments: # 1 Additional Attachment(s) Exhibit A - COMBINED OBJECTIONS, MOTION TO RULE ON MY MOTION FOR JOINDER, & MOTION TO STAY EXECUTION OF JUDGE GILBREATHS WRIT OF POSSESSION)(Emerson, Philip) (Entered: 11/20/2023) |
| | | Main Doc — Alter Judgment |
| 52 | Nov 17, 2023 | EMERGENCY MOTION to Amend/Correct 51 Judgment per Rule 60 FRCP by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 11/17/2023) |
| | | Main Doc — Amend/Correct |
| 51 | Jun 14, 2023 | FINAL JUDGMENT. Signed by District Judge Jeremy D. Kernodle on 6/14/2023. (wea, 6) (Entered: 06/15/2023) |
| | | Main Doc — Judgment |
| 50 | Jun 14, 2023 | ORDER ADOPTING 45 Report and Recommendations of the United States Magistrate Judge. Petitioner's emergency motion to stay state court proceedings 43 is DENIED. Petitioner's petition for habeas corpus is DENIED, and this case is hereby DISMISSED without prejudice. Signed by District Judge Jeremy D. Kernodle on 6/14/2023. (wea, 6) |
| | | Main Doc (/docket/59991426/50/emerson-v-parker/) — Order Adopting Report and Recommendations |

| 49 | Jun 11, 2023 | NOTICE of Amended Civil Cover Sheet w/ Attachment Exhibit A re 29 filed by Philip James Emerson, Jr. (Attachments: # 1 Exhibit A - Attachment to Civil Cover Sheet, # 2 Additional Attachment(s) Certificate of Service of Civil Cover Sheet w/ Exhibit A - Attachment to Civil Cover Sheet)(Emerson, Philip) Modified on 6/13/2023 (wea, 6). (Entered: 06/11/2023) |
| | | **Main Doc**      Response to Non-Motion |
| 48 | Jun 8, 2023 | Additional Attachments to Main Document: 47 Additional Attachments to Main Document.. (Emerson, Philip) (Entered: 06/08/2023) |
| | | **Main Doc**      Additional Attachments to Main Document |
| 47 | Jun 8, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Emerson, Philip) (Entered: 06/08/2023) |
| | | **Main Doc**      Additional Attachments to Main Document |
| 46 | Jun 8, 2023 | RESPONSE to 45 Report and Recommendations, Petitioner's Objection to Magistrate's Report & Recommendation filed by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 06/08/2023) |
| | | **Main Doc**      Response to Non-Motion |
| 45 | May 25, 2023 | REPORT AND RECOMMENDATIONS. It is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, without prejudice. It is further recommended that Petitioner's be denied a certificate of appealability sua sponte. Finally, the Court recommends that Petitioner's motion to stay 43 be denied. Signed by Magistrate Judge K. Nicole Mitchell on 5/25/2023. (wea, ) |
| | | **Main Doc**      Report and Recommendations (/docket/59991426/45/emerson-v-parker/) |
| 44 | May 17, 2023 | RESPONSE in Opposition re 43 Emergency MOTION to Stay State-Court Proceedings RESPONDENTS RESPONSE IN OPPOSITION TO PETITIONERS MOTION FOR EMERGENCY STAY OF STATE PROCEEDINGS filed by Anglea Albers, Janae Holland, Jerry Parker. (Davis, Robert) (Additional attachment(s) added on 5/18/2023: # 1 Text of Proposed Order) (wea, ). (Entered: 05/17/2023) |
| | | **Main Doc**      Response in Opposition to Motion |
| 43 | May 9, 2023 | Emergency MOTION to Stay State-Court Proceedings by Philip James Emerson, Jr. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit -1, # 3 Exhibit -2, # 4 Exhibit -3, # 5 Exhibit -4)(Emerson, Philip) (Entered: 05/09/2023) |
| | | **Main Doc**      Stay |
| 42 | Apr 18, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Civil Cover Sheet First Amended, # 2 Civil Cover Sheet Attachment Exhibit A - Respondents, # 3 Civil Cover Sheet Certificate of Service - Civil Cover Sheet (1st Amended))(Emerson, Philip) (Entered: 04/18/2023) |
| | | **Main Doc**      Additional Attachments to Main Document |
| 41 | Apr 18, 2023 | RESPONSE to 40 Acknowledgment of Receipt Date of Mar. 7 Order on Motion for Extension of Time to File Response/Reply filed by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 04/18/2023) |
| | | **Main Doc**      Response to Non-Motion |
| 40 | Apr 17, 2023 | ACKNOWLEDGMENT OF RECEIPT by Philip James Emerson, Jr as to 18 Order on Motion for Extension of Time to File Response/Reply. Date not provided. (ndc) (Entered: 04/17/2023) |
| | | **Main Doc**      Acknowledgment of Receipt |
| | Apr 17, 2023 | Notice of Deficiency |
| | Apr 17, 2023 | NOTICE of Deficiency regarding 29 submitted by Philip James Emerson, Jr. Incorrect PDF. (wea, ) |
| 39 | Apr 14, 2023 | RESPONSE to 5 Amended Petition for Writ of Habeas Corpus, 9 Response to Non-Motion RESPONDENT ANGELA ALBERS RESPONSE TO PETITIONERS FIRST SUPPLEMENTAL PETITION AND TO PETITIONERS RESPONSE TO THE COURTS ORDER OF JUNE 23, 2022 by Anglea Albers. (Davis, Robert) (Entered: 04/14/2023) |

| | | Main Doc | | Response to Non-Motion |
|---|---|---|---|---|

| 38 | Apr 12, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Appendix Certificate of Service of Index 3 & Additional Exhibits) (Emerson, Philip) (Entered: 04/12/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 37 | Apr 12, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Appendix Index 3, # 2 Exhibit Part 1 of 2 - Attachments Listed in Index 3 to First Amended Petition filed 4-4-2023_Redacted, # 3 Exhibit Part 2 of 2 - Attachments Listed in Index 3 to First Amended Petition filed 4-4-2023_Redacted)(Emerson, Philip) (Entered: 04/12/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 36 | Apr 12, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Supplement Notice of Corrected Certificate of Service (cd delivery to Carol Taylor))(Emerson, Philip) (Entered: 04/12/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 35 | Apr 10, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Appendix Certificate of Service of Index 2 and Supporting Documents)(Emerson, Philip) (Entered: 04/10/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 34 | Apr 9, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Appendix Index 2, # 2 Exhibit Evid. 43 Part 1 of 3, # 3 Exhibit Evid. 43 Part 2 of 3, # 4 Exhibit Evid. 43 Part 3 of 3 thru 46, Exhibit 122, Exhibit Evid. 48)(Emerson, Philip) (Entered: 04/10/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 33 | Apr 6, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Supplement Notice of Corrected Certificate of Services, # 2 Appendix of Notice)(Emerson, Philip) (Entered: 04/06/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 32 | Apr 4, 2023 | Received disks containing Plaintiff's Table-4-Non-Documentary Evidence [31-5]. One copy retained in Clerks office. One copy sent to Chambers. (wea, ) (Entered: 04/06/2023) |
|---|---|---|

| | | Main Doc | Remark |
|---|---|---|---|

| 31 | Apr 4, 2023 | Additional Attachments to Main Document: 30 Second MOTION for Leave to File Excess Pages.. (Attachments: # 1 Exhibit 17 thru 24, # 2 Exhibit Table 1, # 3 Exhibit Table 2, # 4 Exhibit Table 3, # 5 Exhibit Table 4 - non-documentary, # 6 Exhibit Table 5)(Emerson, Philip) (Entered: 04/04/2023) |
|---|---|---|

| | | Main Doc | Additional Attachments to Main Document |
|---|---|---|---|

| 30 | Apr 4, 2023 | Second MOTION for Leave to File Excess Pages by Philip James Emerson, Jr. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A - First Amended Petition, # 3 Appendix - Index of Exhibits Attached to Amended Petition, # 4 Exhibit First Filed Exhibits & Others, # 5 Exhibit B - Appellate Court Cases, # 6 Exhibit 1 thru 8, # 7 Exhibit 9 thru 16)(Emerson, Philip) (Entered: 04/04/2023) |
|---|---|---|

| | | Main Doc | Leave to File Document |
|---|---|---|---|

| 29 | Apr 4, 2023 | First MOTION to Amend/Correct 1 Petition for Writ of Habeas Corpus Civil Case Cover Sheet by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 04/04/2023) |
|---|---|---|

| | | Main Doc | Amend/Correct |
|---|---|---|---|

| 28 | Mar 20, 2023 | NOTICE of Service by Philip Emerson re 24 Notice of Pro Se Litigant's Acknowledgment of E-Filing Requirements (Other). (Attachments: # 1 Envelope(s))(wea, ) (Entered: 03/21/2023) |
|---|---|---|

| | | Main Doc | Notice (Other) |
|---|---|---|---|

| 27 | Mar 16, 2023 | ORDER denying 26 Motion for Sanctions. Signed by Magistrate Judge K. Nicole Mitchell on 3/16/2023. (gsm) (Entered: 03/17/2023) |
|---|---|---|

| | | Main Doc | Order on Motion for Sanctions |
|---|---|---|---|

| 26 | Mar 14, 2023 | MOTION for Sanctions and OBJECTION to 19 MOTION to Substitute Attorney by Philip Emerson. (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Envelope(s))(wea, ) (Entered: 03/14/2023) |
| | | Main Doc           Sanctions |
| 25 | Mar 14, 2023 | ORDER granting 23 Motion for Leave to Supplement. Further, it is ORDERED that Respondent's deadline for filing its answer is extended to the extent that Respondent shall file its answer, no later than May 1, 2023. Signed by Magistrate Judge K. Nicole Mitchell on 3/14/2023. (wea, ) (Entered: 03/14/2023) |
| | | Main Doc           Order on Motion for Leave to File |
| 24 | Mar 13, 2023 | NOTICE of Pro Se Litigant's Acknowledgment of E-Filing Requirements by Philip Emerson. (wea, ) (Entered: 03/14/2023) |
| | | Main Doc           Notice (Other) |
| 23 | Mar 13, 2023 | MOTION for Leave to Supplement Pleadings by Philip Emerson. (Attachments: # 1 Envelope(s))(wea, ) (Entered: 03/13/2023) |
| | | Main Doc           Leave to File Document |
| 22 | Mar 10, 2023 | ORDER granting 20 Motion to file by electronic means/electronic access. Signed by Magistrate Judge K. Nicole Mitchell on 3/10/2023. (wea, ) (Entered: 03/10/2023) |
| | | Main Doc           Order on Motion for Miscellaneous Relief |
| 21 | Mar 10, 2023 | ORDER granting 19 Motion to Substitute Attorney. Attorney David R. Herring Iglesias terminated. Signed by Magistrate Judge K. Nicole Mitchell on 3/10/2023. (wea, ) (Entered: 03/10/2023) |
| | | Main Doc           Order on Motion to Substitute Attorney |
| 19 | Mar 8, 2023 | MOTION to Substitute Attorney by Anglea Albers. (Attachments: # 1 Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 03/08/2023) |
| | | Main Doc           Substitute Attorney<br>(/docket/59991426/19/emerson-v-parker/) |
| | | Att 1           Text of Proposed Order Proposed Order<br>(/docket/59991426/19/1/emerson-v-parker/) |
| 20 | Mar 7, 2023 | MOTION FOR ORDER TO REGISTER PRO SE PETITIONER AS A FILING USER IN THE ELECTRONIC FILING SYSTEM by Philip Emerson. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Envelope(s))(jbe, ) (Entered: 03/09/2023) |
| | | Main Doc           Miscellaneous Relief |
| 18 | Mar 7, 2023 | ORDER granting 17 MOTION for Extension of Time, to the extent that Respondent shall file its answer no later than April 14, 2023. Signed by Magistrate Judge K. Nicole Mitchell on 3/7/2023. (wea, ) (Entered: 03/07/2023) |
| | | Main Doc           Order on Motion for Extension of Time to<br>File Response/Reply |
| 17 | Mar 6, 2023 | MOTION for Extension of Time to File Response/Reply as to 5 Amended Petition for Writ of Habeas Corpus, 9 Response to Non-Motion by Anglea Albers. (Attachments: # 1 Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 03/06/2023) |
| | | Main Doc           Extension of Time to File Response/Reply |
| 16 | Mar 6, 2023 | NOTICE of Attorney Appearance by David R. Herring Iglesias on behalf of Anglea Albers (Iglesias, David) (Entered: 03/06/2023) |
| | | Main Doc           Notice of Attorney Appearance |
| 15 | Feb 27, 2023 | NOTICE by Philip Emerson re 12 Order on Motion to Withdraw as Attorney. (Attachments: # 1 Envelope(s))(wea, ) (Entered: 02/28/2023) |
| | | Main Doc           Notice (Other) |
| 14 | Feb 24, 2023 | ORDER denying 6 Motion for Hearing; granting 7 Motion for Leave to File Excess Pages. Signed by Magistrate Judge K. Nicole Mitchell on 2/24/2023. (wea, ) (Entered: 02/24/2023) |

|     |     |     |
| --- | --- | --- |
|     | Main Doc | Order on Motion for Leave to File Excess Pages AND Order on Motion for Hearing |
| 13 | Feb 10, 2023 | ACKNOWLEDGMENT OF RECEIPT by Philip Emerson as to 12 Order on Motion to Withdraw as Attorney. Received 2/8/2023. (ndc) (Entered: 02/13/2023) |
|    |          | Main Doc          Acknowledgment of Receipt |
| 12 | Jan 26, 2023 | ORDER granting 11 Motion to Withdraw as Attorney. Attorney Erick Masten Platten terminated. Petitioner must, no later than February 28, 2023, file a notice with the Court that either identifies new counsel or announces his intention to proceed pro se. Signed by Magistrate Judge K. Nicole Mitchell on 1/26/2023. (wea, ) (Entered: 01/26/2023) |
|    |          | Main Doc          Order on Motion to Withdraw as Attorney |
| 11 | Jan 17, 2023 | First MOTION to Withdraw as Attorney by Philip Emerson. (Attachments: # 1 Text of Proposed Order Order on Motion to Withdraw)(Platten, Erick) (Entered: 01/17/2023) |
|    |          | Main Doc          Withdraw as Attorney |
| 10 | Jan 13, 2023 | ORDER FOR RESPONSE. The Clerk of Court shall issue process and District Attorney Albers shall have 60 days to respond to both the amended petition and response 5, in which to show cause why the writ should not be granted or to otherwise plead. Signed by Magistrate Judge K. Nicole Mitchell on 1/13/2023. (wea, ) (Entered: 01/13/2023) |
|    |          | Main Doc          Order to Answer |
| 9 | Aug 5, 2022 | RESPONSE to Court's June 23 Order filed by Philip Emerson. (Platten, Erick) (Entered: 08/05/2022) |
|    |          | Main Doc          Response to Non-Motion |
| 8 | Jun 23, 2022 | ORDER FOR RESPONSE. Petitioner shall, no later than August 5, 2022, explain to this Court how this civil proceeding is a habeas corpus proceeding under federal law. Signed by Magistrate Judge K. Nicole Mitchell on 6/23/2022. (wea, ) (Entered: 06/23/2022) |
|    |          | Main Doc          Order |
| 7 | Jun 22, 2022 | First MOTION for Leave to File Excess Pages by Philip Emerson. (Attachments: # 1 Text of Proposed Order)(Platten, Erick) (Entered: 06/22/2022) |
|    |          | Main Doc          File Excess Pages |
| 6 | Jun 22, 2022 | First MOTION for Hearing re 5 Amended Petition for Writ of Habeas Corpus, by Philip Emerson. (Attachments: # 1 Text of Proposed Order)(Platten, Erick) (Entered: 06/22/2022) |
|    |          | Main Doc          Hearing |
| 5 | Jun 22, 2022 | SUPPLEMENTAL HABEAS PETITION against Anglea Albers, Janae Holland, Holly Lake Ranch Association, Inc., Jerry Parker, filed by Philip Emerson. Related document(s): 1 Petition for Writ of Habeas Corpus filed by Philip Emerson.(Platten, Erick) Modified on 3/14/2023 (wea, ). (Entered: 06/22/2022) |
|    |          | Main Doc          Amended Petition for Writ of Habeas Corpus |
| 4 | Jul 8, 2021 | (Ex Parte) NOTICE Regarding Consent to Proceed Before U.S. Magistrate Judge filed by Philip Emerson (Platten, Erick) (Entered: 07/08/2021) |
|    |          | Main Doc |
|   | Jun 25, 2021 | Filing Fee Received |
|   | Jun 25, 2021 | Filing fee: $ 5.00, receipt number 6-57198 (mll, ) |
| 3 | Jun 23, 2021 | DEFICIENCY ORDER. Petitioner has 30 days from receipt of this order to either pay the $5 filing fee or submit an application to proceed in forma pauperis. Signed by Magistrate Judge K. Nicole Mitchell on 06/23/21. (mll, ) (Entered: 06/23/2021) |
|    |          | Main Doc          Order |
|   | Jun 17, 2021 | Notice of Magistrate Availability |
|   | Jun 17, 2021 | Add and Terminate Judges |
|   | Jun 17, 2021 | |

In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event Notice Regarding Consent to Proceed Before Magistrate Judge. (mll, )

| 2 | Jun 17, 2021 | CASE REFERRED to Magistrate Judge K Nicole Mitchell. (mll, ) (Entered: 06/17/2021) |
|---|---|---|
|   |   | Main Doc          Case Referred to Magistrate Judge |
|   | Jun 16, 2021 | District Judge Jeremy D. Kernodle and Magistrate Judge K. Nicole Mitchell added. (mll, ) |
| 1 | Jun 16, 2021 | First PETITION for Writ of Habeas Corpus, filed by Philip Emerson.(Platten, Erick) (Additional attachment(s) added on 6/23/2021: # 1 Civil Cover Sheet) (mll, ). (Entered: 06/16/2021) |
|   |   | Main Doc          Petition for Writ of Habeas Corpus |

# Exhibit Dkt_23-cv-453

*Philip James Emerson, Jr., v. Jerry Parker, Kelly Cole, & Kevin White*,
No. 6:23-cv-453, *Docket* (E.D. Tex. Feb. 2025), *ava*ilable at https://www.courtlistener.com/docket/67775724/parties/emerson-v-parker/

# Emerson v. Parker (6:23-cv-00453)

## District Court, E.D. Texas



Tags ▾ | 🔔 Get Alerts (/alert/docket/toggle/) | ▾ | ⬈ View on PACER (https://ecf.txed.uscourts.gov/cgi-bin/DktRpt.pl?224834) | ▾

Last Updated: Nov. 14, 2024, 10:55 p.m.

Assigned To: J. Campbell Barker (/person/8541/j-campbell-barker/)

Referred To: Katie Nicole Mitchell (/person/9562/katie-nicole-mitchell/)

Citation: Emerson v. Parker, 6:23-cv-00453, (E.D. Tex.)

Date Filed: Sept. 7, 2023

Date Terminated: May 7, 2024

Date of Last Known Filing: June 24, 2024

Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) (/?type=r&cause="28:2241 Petition for Writ of Habeas Corpus (federal)")

Nature of Suit: Habeas Corpus (General) (/?type=r&nature_of_suit="Habeas Corpus (General)")

Jury Demand: None (/?type=r&q=juryDemand:"None")

Jurisdiction Type: Federal Question

⊞ Docket Entries (/docket/67775724/emerson-v-parker/)     👥 Parties and Attorneys (/docket/67775724/parties/emerson-v-parker/)

Authorities (/docket/67775724/authorities/emerson-v-parker/)

| Search this docket | 🔍 (/?type=r&q=docket_id%3A67775724) |

**Filed**

MM/DD/YYYY

to

MM/DD/YYYY

**Documents**

to

↓¹₉ Asc. | ↓⁹₁ Desc. | ◂ Prev. | Next ▸

| | Date Filed | Description | ⬇ CSV |
|---|---|---|---|
| 47 | Jun 24, 2024 | ORDER of USCA DENYING THE PETITION FOR WIRT OF MANDAMUS as to 12 Notice of Appeal. (Attachments: # 1 USCA Cover Letter)(gsm) (Entered: 06/24/2024) | |
| | | Main Doc          USCA Order | |
| 46 | May 21, 2024 | ORDER STRIKING 45 Notice (Other) filed by Philip James Emerson, Jr. ORDERED that the Clerk shall remove Emersons designation as a Filing User in this case. Emerson shall not submit any documents to the Clerk for filing in this case other than a notice of appeal and a related motion to proceed in forma pauperis. If any other documents are submitted for filing in this case, the Clerk shall return them unfiled. Signed by Magistrate Judge K. Nicole Mitchell on 5/21/2024. (gsm) (Entered: 05/21/2024) | |
| | | Main Doc          Order | |
| 45 | May 20, 2024 | STRICKEN PER ORDER 46 SIXTH NOTICE Notice of Supplemented/Amended Petition for Writs by Philip James Emerson, Jr re 35 Notice (Other), 43 Notice (Other), 39 Notice (Other), 41 Notice (Other), 40 Notice (Other), (Emerson, Philip) Modified on 5/21/2024 (gsm). (Entered: 05/20/2024) | |
| | | Main Doc          Notice (Other) | |
| 44 | May 20, 2024 | | |

ORDER STRIKING Plaintiffs petition for panel rehearing (ECF 43). ORDERED that Plaintiff shall not file any further documents in this Court, other than a notice of appeal, that are intended for filing in the Fifth Circuit Court of Appeals. Failure to comply will result in the revocation of Plaintiffs designation as a Filing User. Signed by Magistrate Judge K. Nicole Mitchell on 5/20/2024. (gsm) (Entered: 05/20/2024)

Main Doc                Order

| 43 | May 17, 2024 | STRICKEN PER ORDER 44 FIFTH NOTICE Petition for Panel Rehearing - Service on Judge by Philip James Emerson, Jr re 39 Notice (Other), 41 Notice (Other), 40 Notice (Other), (Emerson, Philip) Modified on 5/20/2024 (gsm). (Entered: 05/17/2024) |
| | | Main Doc                Notice (Other) |
| 42 | May 14, 2024 | ORDER STRIKING 39 Notice (Other) filed by Philip James Emerson, Jr, 41 Notice (Other) filed by Philip James Emerson, Jr, 40 Notice (Other) filed by Philip James Emerson, Jr. Signed by Magistrate Judge K. Nicole Mitchell on 5/14/2024. (gsm) (Entered: 05/14/2024) |
| | | Main Doc                Order |
| 41 | May 13, 2024 | ***STRICKEN PER ORDER 42 *** FOURTH NOTICE Service of MOTION FOR LEAVE TO USE THE ORIGINAL RECORD on Clerk & Judge by Philip James Emerson, Jr re 35 Notice (Other), 39 Notice (Other), 40 Notice (Other) (Emerson, Philip) Modified on 5/14/2024 (gsm). (Entered: 05/13/2024) |
| | | Main Doc                Notice (Other) |
| 40 | May 9, 2024 | ***STRICKEN PER ORDER 42 *** THIRD NOTICE Service of MOTION FOR LEAVE TO SUPPLEMENT PETITION FOR WRITS OF MANDAMUS on Clerk & Judge - 24-40170 by Philip James Emerson, Jr re 35 Notice (Other), 39 Notice (Other) (Emerson, Philip) Modified on 5/14/2024 (gsm). (Entered: 05/09/2024) |
| | | Main Doc                Notice (Other) |
| 39 | May 9, 2024 | ***STRICKEN PER ORDER 42 *** SECOND NOTICE Service of MOTION FOR LEAVE TO AMEND PETITION FOR WRITS OF MANDAMUS on Clerk & Judge - 24-40170 by Philip James Emerson, Jr re 35 Notice (Other), (Emerson, Philip) Modified on 5/14/2024 (gsm). (Entered: 05/09/2024) |
| | | Main Doc                Notice (Other) |
| 38 | May 7, 2024 | FINAL JUDGMENT. This action is dismissed without prejudice. Any motion not ruled on is denied as moot. Signed by District Judge J. Campbell Barker on 5/7/2024. (ndc) (Entered: 05/07/2024) |
| | | Main Doc                Judgment |
| 37 | May 7, 2024 | ORDER ACCEPTING REPORT AND RECOMMENDATIONS for 17 Report and Recommendations. This action is dismissed without prejudice. Any motion not ruled on is denied as moot. Signed by District Judge J. Campbell Barker on 5/7/2024. (ndc) |
| | | Main Doc (/docket/67775724/37/emerson-v-parker/)    Order Adopting Report and Recommendations |
| 36 | Apr 24, 2024 | FIRST NOTICE of Service of Demand Letter & Recommendation of Appointment of Receiver for the Holly Lake Ranch Association, Inc., in any case pending at this Court or other Court by Philip James Emerson, Jr (Attachments: # 1 Exhibit 1 - Demand Letter)(Emerson, Philip) (Entered: 04/24/2024) |
| | | Main Doc                Notice (Other) |
| 35 | Mar 22, 2024 | FIRST NOTICE For Service on Clerk & Dist. J. J. Campbell Barker by Philip James Emerson, Jr re 10 Order on Motion for Leave to File, 9 Order, 19 Order, 3 Order, 17 Report and Recommendations, (Attachments: # 1 Additional Attachment(s) March 16 Email to Robert Davis, # 2 Affidavit/Declaration Financial Affidavit)(Emerson, Philip) (Entered: 03/22/2024) |
| | | Main Doc                Notice (Other) |
| 34 | Mar 8, 2024 | AMENDED MOTION Orders Directing Persons, Agencies, & Parties re 29 Additional Attachments to Main Document,,,,, 16 Additional Attachments to Main Document,,, 23 Application for Writ, 10 Order on Motion for Leave to File, 31 Additional Attachments to Main Document,,,, 28 Additional Attachments to Main Document,, 32 Notice (Other), 33 FIRST |

MOTION to Suspend Pacer Account Disability, 26 Notice (Other), 27 Notice (Other),,, 15
Additional Attachments to Main Document, 30 Additional Attachments to Main Document,,,,,
18 Response to Non-Motion,,,,,,,, 21 Response to Non-Motion, 9 Order, 2 MOTION for
Emergency Stay of Proceedings, Notice of Docket Correction, 7 MOTION for Leave to File,
24 Application for Writ, 14 Additional Attachments to Main Document, 13 Response to Order
to Show Cause, First Amended Motion to Stay State Court Proceedings by Philip James
Emerson, Jr. (Attachments: # 1 Exhibit 1 - Declaration of P J Emerson, # 2 Exhibit 2 - Email
Convo w/ Clerk RE_ Electronic Filing in Case No. 6_23-cv-00453-JCB-KNM, # 3 Exhibit 3 -
Email Convo with Comptroller RE_ Report ID 817740 RE_ Tangible Properties Due)
(Emerson, Philip) (Entered: 03/08/2024)

Main Doc                    Miscellaneous Relief

| 33 | Mar 8, 2024 | FIRST MOTION to Suspend Pacer Account Disability by Philip James Emerson, Jr. (Attachments: # 1 Exhibit ON Petitioner's Motion to Suspend Pacer Account Disability, # 2 Exhibit 1 - Declaration of P J Emerson, # 3 Exhibit 2 - IN RE PHILIP JAMES EMERSON JR., NO. 24-40107, MEMORANDA IN SUPPORT OF RELIEF REQUESTED LONG AGO) (Emerson, Philip) (Entered: 03/08/2024) |

Main Doc                    Miscellaneous Relief

|  | Mar 6, 2024 | Notice of Docket Correction |
|  | Mar 6, 2024 | ***FILE AS SEPARATE CASE. Document # 32, Notice of Removal. PLEASE IGNORE.*** (gsm) |
| 32 | Feb 28, 2024 | FIRST NOTICE of Removal from State Court by Philip James Emerson, Jr re 29 Additional Attachments to Main Document,,,,, 31 Additional Attachments to Main Document,,,, 2 MOTION for Emergency Stay of Proceedings, 28 Additional Attachments to Main Document,, 26 Notice (Other), 27 Notice (Other),,, 30 Additional Attachments to Main Document,,,,, (Attachments: # 1 Exhibit Plaintiff's Amended Petition)(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc                    Notice (Other)

| 31 | Feb 28, 2024 | Additional Attachments to Main Document: 29 Additional Attachments to Main Document,,,,, 28 Additional Attachments to Main Document,, 26 Notice (Other), 27 Notice (Other),,, 30 Additional Attachments to Main Document,,,,,. Attachment No. 3 (Part 8 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s). (Attachments: # 1 Additional Attachment(s) Attachment No. 3 (Part 8a of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 2 Additional Attachment(s) Attachment No. 3 (Part 8b of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); Online Article Published Identifying Fletcher & Cartel Problems in Wood County, # 3 Additional Attachment(s) Attachment No. 3 (Part 8c of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 4 Additional Attachment(s) Compilation of Emails Received in Response to Electronically Filing at State District Court, # 5 Additional Attachment(s) Compilation of Emails Received in Response to Electronically Filing at State County Court)(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc                    Additional Attachments to Main Document

| 30 | Feb 28, 2024 | Additional Attachments to Main Document: 29 Additional Attachments to Main Document,,,,, 28 Additional Attachments to Main Document,, 26 Notice (Other), 27 Notice (Other),,,. Attachment No. 3 (Part 2 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s). (Attachments: # 1 Additional Attachment(s) Attachment No. 3 (Part 3 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 2 Additional Attachment(s) Attachment No. 3 (Part 3a of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); OCA Published Dist. Clerk's Manual, # 3 Additional Attachment(s) Attachment No. 3 (Part 4 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 4 Additional Attachment(s) Attachment No. 3 (Part 5 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 5 Additional Attachment(s) Attachment No. 3 (Part 6 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 6 Additional Attachment(s) Attachment No. 3 (Part 7 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s))(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc                    Additional Attachments to Main Document

| 29 | Feb 28, 2024 | Additional Attachments to Main Document: 28 Additional Attachments to Main Document,, 26 Notice (Other), 27 Notice (Other),,,. Attachment No. 3 (Part 1 of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s). (Attachments: # 1 Additional Attachment(s) Attachment No. 3 (Part 1a of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); Email to Suzy Wright cc'd Margie at OCA, # 2 Additional Attachment(s) Attachment No. 3 (Part 1b of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); Letter from 12th CoA, Tyler, Acknowledging Receipt of Letter Contemplating Challenging Statement of Inability to Pay Ct. Costs (Texas), # 3 Additional Attachment(s) Attachment No. 3 (Part 1c of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); Letter to Suzy Wright - State 402nd District Court Clerk, # 4 Additional Attachment(s) Attachment No. 3 (Part 1d of 8) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s); Returning Notice of Nonsuit Local Admin. Judge LATER granted permission, as if, to file--leading to Court Granting Notice)(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc          Additional Attachments to Main Document

| 28 | Feb 28, 2024 | Additional Attachments to Main Document: 26 Notice (Other), 27 Notice (Other),,,. Attachment No. 2 (Part 1 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s). (Attachments: # 1 Additional Attachment(s) Attachment No. 2 (Part 2 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 2 Additional Attachment(s) Attachment No. 2 (Part 3 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s))(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc          Additional Attachments to Main Document

| 27 | Feb 28, 2024 | NOTICE Table of Memoranda Supporting Emergency Interim Relief by Philip James Emerson, Jr (Attachments: # 1 Additional Attachment(s) State Court Filings in 2020-059 by Counsel Not Approved by Lead Counsel Craig M. Daugherty Received 2-28-2024; The Holly Lake Ranch Association, Inc., Filing Seeking to Strike Dianne L. Weaver from State Court Case No. 2020-059, # 2 Additional Attachment(s) Objections and Motions for Orders, # 3 Additional Attachment(s) Attachment No. 1 (Part 1 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 4 Additional Attachment(s) Attachment No. 1 (Part 2 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s), # 5 Additional Attachment(s) Attachment No. 1 (Part 3 of 3) to "OBJECTIONS" Requesting Relief Prior to Gaining Relief From Federal Judge(s) or Justice(s))(Emerson, Philip) (Entered: 02/28/2024) |

Main Doc          Notice (Other)

| 26 | Feb 28, 2024 | NOTICE for service on the Clerk by Philip James Emerson, Jr (Emerson, Philip) (Entered: 02/28/2024) |

Main Doc          Notice (Other)

| 25 | Feb 27, 2024 | CORRECTED NOTICE of Proof of Service by Philip James Emerson, Jr re 23 Application for Writ, 24 Application for Writ (Emerson, Philip) (Entered: 02/27/2024) |

Main Doc          Notice (Other)

| 24 | Feb 27, 2024 | AMENDED APPLICATION for Writ of Mandamus @ 5th Circuitfor Service on Clerk by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 02/27/2024) |

Main Doc          Application for Writ

| 23 | Feb 27, 2024 | AMENDED APPLICATION for Writ of Mandamus @ 5th Circuitfor Service on Clerk by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 02/27/2024) |

Main Doc          Application for Writ

| 22 | Feb 9, 2024 | MOTION for Leave to Proceed in forma pauperis Subject to Severance Order, or Other Order, by Philip James Emerson, Jr. (Emerson, Philip) (Entered: 02/09/2024) |

Main Doc          Proceed In Forma Pauperis

| 21 | Feb 9, 2024 | RESPONSE to 19 Order, 18 Response to Non-Motion,,,,,,,, Objecting filed by Philip James Emerson, Jr. (Attachments: # 1 Affidavit/Declaration DECLARATION OF P J EMERSON (FEBRUARY 9, 2024))(Emerson, Philip) (Entered: 02/09/2024) |

Main Doc          Response to Non-Motion

| 20 | Feb 8, 2024 | Judgment issued as MANDATE of USCA as to 12 Notice of Appeal. Appeal is dismissed as of 2/5/2024. (Attachments: # 1 Cover Letter/Envelope)(gsm) (Entered: 02/08/2024) |
| | | Main Doc            USCA Mandate |
| 19 | Feb 7, 2024 | ORDER STRIKING 18 Response to Non-Motion,,,,,,, filed by Philip James Emerson, Jr. Signed by Magistrate Judge K. Nicole Mitchell on 2/7/2024. (gsm) (Entered: 02/07/2024) |
| | | Main Doc            Order |
| 18 | Feb 6, 2024 | ***STRICKEN PER ORDER 19 *** RESPONSE to 17 Report and Recommendations, by Philip James Emerson, Jr. (Attachments: # 1 Affidavit/Declaration of P J Emerson, # 2 Exhibit P_J_1 May 25 Report & Recommendation 6:21-CV-240, # 3 Exhibit P_J_2 DESNIQUE DESHAWN HERNDON v. UNITED STATES OF AMERICA Civil Action No. 6:22-219 Report and Recommendation, # 4 Exhibit P_J_3 DESNIQUE DESHAWN HERNDON v. UNITED STATES OF AMERICA Civil Action No. 6:22-219 Docket Report, # 5 Exhibit P_J_4 Herron Kent Duckett v. Director, TDCJ-CID Civil Action No. 6:23-cv-00394 Docket Report, # 6 Exhibit P_J_5 Herron Kent Duckett v. Director, TDCJ-CID Accepting Report and Recommendation, # 7 Exhibit P_J_6 Fifth Circuit Court of Appeals Office of the Clerk Letter to Emerson January 8, 2024, Docketing Notice / 1st Fee Demand, # 8 Exhibit P_J_7 Fifth Circuit Court of Appeals Office of the Clerk Letter to Emerson January 29, 2024, Docketing Notice / 2nd Fee Demand, # 9 Exhibit P_J_8 Magistrate Judges Order Adjudicating Request to Supplement Record Moot January 2, 2024, Docket No. 10, # 10 Exhibit P_J_9 Magistrate Judges Order Requiring Me to Replead December 27, 2024, Docket No. 9, # 11 Exhibit P_J_10 My August 5, 2022, Response to the Magistrate Judges June 23 Order, 6:21-CV-240 Docket No. 9, # 12 Exhibit P_J_11 My June 8, 2023, Objections to the Magistrate Judges May 25 Report and Recommendation, 6:21-CV-240 Docket No. 46, # 13 Exhibit P_J_12 Dianne L. Weaver Accepted Notice of Nonsuit in 2020-059, # 14 Exhibit P_J_13 Emails from Wood County Sheriffs Deputy Requiring me to Pick Up Items They Took Out of My Vehicle. Keeping Vehicle., # 15 Exhibit P_J_14 Online Harassment, # 16 Exhibit P_J_15 Notice of Hearing I was unable to attend due to NO VEHICLE, # 17 Exhibit P_J_15 Liberty Water Disconnect Notice 139 Grapevine After Detailed Complaint filed, # 18 Exhibit P_J_16 Election information for Road Paving, # 19 Exhibit P_J_17 Declaration of Dianne L. Weaver)(Emerson, Philip) Modified on 2/7/2024 (gsm). (Entered: 02/06/2024) |
| | | Main Doc            Response to Non-Motion |
| 17 | Jan 29, 2024 | REPORT AND RECOMMENDATIONS of the United States Magistrate Judge re 1 Petition for Writ of Habeas Corpus. It is recommended that the complaint be dismissed without prejudice for failure to comply with an order of the court and for lack of subject matter jurisdiction. Signed by Magistrate Judge K. Nicole Mitchell on 1/29/2024. (gsm) |
| | | Main Doc            Report and Recommendations (/docket/67775724/17/emerson-v-parker/) |
| 16 | Jan 29, 2024 | FOURTH Additional Attachments to Main Document: 13 Response to Order to Show Cause,. Mandamus Petitions & Records at Supreme Court of Texas - Part 5 of 6.. (Attachments: # 1 Exhibit Mandamus Petitions & Records at Supreme Court of Texas - Part 6 of 6, # 2 Exhibit Social Media Posts Indicating I am Irrelevant and that Kelly Cole's Actions Against Me Are Consequences for Not Paying Money to the Holly Lake Ranch Association, Inc.,, # 3 Exhibit Twelfth Court of Appeals Opinions, # 4 Exhibit Call to District Court Seeking to Flip Whatever Switch to Make the Court's December 27 Order Effective, # 5 Exhibit Faxes to Sheriff, D.A., & Auditor, # 6 Exhibit Notices Explaining Returned Filing Due to Vexatious Litigant Statute, # 7 Exhibit Constable Refusing to Comply w/ Statutes Requiring Him Take Complaint to Disinterested Magistrate)(Emerson, Philip) (Entered: 01/29/2024) |
| | | Main Doc            Additional Attachments to Main Document |
| 15 | Jan 29, 2024 | THIRD Additional Attachments to Main Document: 13 Response to Order to Show Cause,. Mandamus Petitions & Records at Supreme Court of Texas - Part 2 of 6. (Attachments: # 1 Exhibit Mandamus Petitions & Records at Supreme Court of Texas - Part 3 of 6, # 2 Exhibit Mandamus Petitions & Records at Supreme Court of Texas - Part 4 of 6)(Emerson, Philip) (Entered: 01/29/2024) |
| | | Main Doc            Additional Attachments to Main Document |
| 14 | Jan 29, 2024 | |

SECOND Additional Attachments to Main Document: 13 Response to Order to Show Cause,.
Texas Department of Public Safety Reports & Online Data Making Prima Facie Showing of
NO ADEQUATE OVERSIGHT. (Attachments: # 1 Exhibit Mandamus Petitions & Records at
Supreme Court of Texas - Part 1 of 6)(Emerson, Philip) (Entered: 01/29/2024)

| Main Doc | | Additional Attachments to Main Document |
|---|---|---|
| 13 | Jan 29, 2024 | FIRST RESPONSE TO ORDER TO SHOW CAUSE by Philip James Emerson, Jr. (Attachments: # 1 Exhibit Email to Attorney for Terry Bevill, # 2 Exhibit Asking for Response to Allegations, # 3 Exhibit Emerson & Weaver's Water Complaints, # 4 Exhibit TXPUC Explanation Letter that "Informal Complaint" is Resolved)(Emerson, Philip) (Entered: 01/29/2024) |
| | | Main Doc       Response to Order to Show Cause |
| 12 | Jan 12, 2024 | NOTICE OF APPEAL as to 3 Order by Philip James Emerson, Jr. (Attachments: # 1 USCA Cover Letter)(gsm) (Entered: 01/22/2024) |
| | | Main Doc       Notice of Appeal |
| 11 | Jan 11, 2024 | ACKNOWLEDGMENT OF RECEIPT by Philip James Emerson, Jr on 1/8/2024 as to 10 Order on Motion for Leave to File. (gsm) (Entered: 01/11/2024) |
| | | Main Doc       Acknowledgment of Receipt |
| 10 | Jan 2, 2024 | ORDER denying as moot 7 Motion for Leave to File. Signed by Magistrate Judge K. Nicole Mitchell on 1/2/24. (jbe, 6) (Entered: 01/02/2024) |
| | | Main Doc       Order on Motion for Leave to File |
| 9 | Dec 27, 2023 | ORDER. Plaintiff shall have thirty (30) days from receipt of this Order to file an amended complaint. Signed by Magistrate Judge K. Nicole Mitchell on 12/27/2023. (ndc) (Entered: 12/27/2023) |
| | | Main Doc       Order |
| 8 | Dec 27, 2023 | ORDER granting 6 Motion for leave to file by electronic means. Signed by Magistrate Judge K. Nicole Mitchell on 12/27/2023. (ndc) (Entered: 12/27/2023) |
| | | Main Doc       Order on Motion for Miscellaneous Relief |
| 7 | Dec 22, 2023 | MOTION for Leave to Supplement Petition by Philip James Emerson, Jr. (Attachments: # 1 Exhibit)(wea, 6) (Entered: 12/26/2023) |
| | | Main Doc       Leave to File Document |
| 6 | Dec 22, 2023 | MOTION to File Electronically by Philip James Emerson, Jr. (Attachments: # 1 Proposed Order)(wea, 6) (Entered: 12/26/2023) |
| | | Main Doc       Miscellaneous Relief |
| 5 | Nov 7, 2023 | RESPONSE in Opposition to 3 Order of Deficiency by Philip James Emerson, Jr. (gsm) (Additional attachment(s) added on 11/7/2023: # 1 Deficiency Order, # 2 Receipt, # 3 Envelope) (gsm, ). (Entered: 11/07/2023) |
| | | Main Doc       Response to Non-Motion |
| 4 | Oct 24, 2023 | ACKNOWLEDGMENT OF RECEIPT by Philip James Emerson, Jr as to 3 Order. No date provided. (ndc) (Entered: 10/24/2023) |
| | | Main Doc       Acknowledgment of Receipt |
| 3 | Oct 6, 2023 | ORDER OF DEFICIENCY re 1 Petition for Writ of Habeas Corpus, filed by Philip James Emerson, Jr. ORDERED that Petitioner has thirty days from the receipt of this Order to either pay the filing fee of $5.00 or submit a motion for leave to proceed in forma pauperis. Signed by Magistrate Judge K. Nicole Mitchell on 10/6/2023. (gsm) (Entered: 10/06/2023) |
| | | Main Doc       Order |
| 2 | Sep 7, 2023 | MOTION for Emergency Stay of Proceedings by Philip James Emerson, Jr. (gsm) (Entered: 09/08/2023) |
| | | Main Doc       Miscellaneous Relief |
| 1 | Sep 7, 2023 | |

PETITION for Writ of Habeas Corpus (Filing fee received, $ 5. Receipt 6-65502), filed by
Philip James Emerson, Jr. (Attachments: # 1 Exhibit - 1, # 2 Exhibit - 2, # 3 Exhibit - 3, # 4
Exhibit - 4, # 5 Exhibit - 5, # 6 Exhibit - 6, # 7 Civil Cover Sheet)(gsm) (Entered: 09/08/2023)

Main Doc            Petition for Writ of Habeas Corpus

# Exhibit Dkt_24-cv-82

*Holly Lake Ranch Association, Inc., v. Philip James Emerson, Jr.*,
No. 6:24-cv-82, *Docket* (E.D. Tex. Feb. 2025), *ava*ilable at https://www.courtlistener.com/docket/68322323/holly-lake-ranch-association-inc-v-emerson/

# Holly Lake Ranch Association, Inc. v. Emerson (6:24-cv-00082)

## District Court, E.D. Texas

| Tags ▾ | 🔔 Get Alerts (/alert/docket/toggle/) | ▾ | ⬈ View on PACER (https://ecf.txed.uscourts.gov/cgi-bin/DktRpt.pl?228531) | ▾ |

Last Updated: Nov. 21, 2024, 12:21 p.m.

Assigned To: J. Campbell Barker (/person/8541/j-campbell-barker/)

Referred To: Katie Nicole Mitchell (/person/9562/katie-nicole-mitchell/)

Citation: Holly Lake Ranch Association, Inc. v. Emerson, 6:24-cv-00082, (E.D. Tex.)

Date Filed: March 8, 2024

Date Terminated: July 29, 2024

Date of Last Known Filing: Nov. 21, 2024

Cause: 28:1441 Notice of Removal (/?type=r&cause="28:1441 Notice of Removal")

Nature of Suit: Civil Rights: Other (/?type=r&nature_of_suit="Civil Rights: Other")

Jury Demand: None (/?type=r&q=juryDemand:"None")

Jurisdiction Type: Federal Question

☰ Docket Entries (/docket/68322323/holly-lake-ranch-association-inc-v-emerson/)

👥 Parties and Attorneys (/docket/68322323/parties/holly-lake-ranch-association-inc-v-emerson/)

Authorities (/docket/68322323/authorities/holly-lake-ranch-association-inc-v-emerson/)

| Search this docket | 🔍 (/?type=r&q=docket_id%3A68322323) |

**Filed**

| MM/DD/YYYY |

to

| MM/DD/YYYY |

**Documents**

| |

to

| |

↓¹₉ Asc.   ↓⁹₁ Desc.          ◂ Prev.   Next ▸



| | Date Filed | Description | ⬇ CSV |
|---|---|---|---|
| 1 | Mar 8, 2024 | NOTICE OF REMOVAL by Philip J. Emerson, Jr from Wood County, case number 2020-059, filed by Philip J. Emerson, Jr. (Attachments: # 1 Exhibit)(gsm) (Entered: 03/08/2024) | |
| | | Main Doc            Notice of Removal | |
| 2 | Mar 8, 2024 | ORDER REGULATING PRACTICE for civil cases assigned to The Honorable J Campbell Barker. (gsm) (Entered: 03/08/2024) | |
| | | Main Doc            Order | |
| 3 | May 1, 2024 | ORDER TO SHOW CAUSE. Defendant shall show cause within fourteen days of receipt of this Order why this matter should not be remanded to state court for lack of subject matter jurisdiction. Signed by Magistrate Judge K. Nicole Mitchell on 5/1/2024. (wea) (Entered: 05/01/2024) | |
| | | Main Doc            Order to Show Cause | |
| 4 | May 28, 2024 | | |

Holly Lake Ranch Association, Inc. v. Emerson, 6:24-cv-00082 – CourtListener.com

Mail Returned as Undeliverable, Doc 3. Certified Mail 7020 1810 0000 1090 9866 sent to
Philip J. Emerson Jr. (jbe) (Entered: 05/30/2024)

| Main Doc | | Mail Returned | |
|---|---|---|---|
| 5 | May 30, 2024 | | REPORT AND RECOMMENDATION that the matter be REMANDED to the 402nd Judicial District Court, Wood County, Texas, Case No. 2020-059. Signed by Magistrate Judge K. Nicole Mitchell on 5/30/2024. (wea) |
| | | | Main Doc (/docket/68322323/5/holly-lake-ranch-association-inc-v-emerson/) — Report and Recommendations |
| 6 | Jun 4, 2024 | | ACKNOWLEDGMENT OF RECEIPT by Philip J. Emerson, Jr as to 5 Report and Recommendations. Received 6/1/2024. (wea) (Entered: 06/05/2024) |
| | | | Main Doc — Acknowledgment of Receipt |
| 7 | Jul 29, 2024 | | ORDER OF REMAND. For the reasons set forth by separate order, this case is remanded to the 402nd Judicial District Court in Wood County, Texas. Signed by District Judge J. Campbell Barker on 7/29/2024. (wea) (Entered: 07/29/2024) |
| | | | Main Doc — Order |
| | | Jul 29, 2024 | Acknowledgment of Receipt |
| 8 | Jul 29, 2024 | | ORDER ADOPTING 5 Report and Recommendation of the United States Magistrate Judge. The court remands this case to the court in which it originated. Any pending motions are denied as moot. The clerk of court is directed to close this case. Signed by District Judge J. Campbell Barker on 7/29/2024. (wea) |
| | | | Main Doc (/docket/68322323/8/holly-lake-ranch-association-inc-v-emerson/) — Order Adopting Report and Recommendations |
| | | Jul 29, 2024 | ACKNOWLEDGMENT OF RECEIPT by the 402nd Judicial District Court in Wood County, Texas as to certified copies of the 7 Order of Remand, and docket sheet. Received by S. Perez on 7/29/2024. (wea) |
| 9 | Aug 23, 2024 | | MOTION to Alter Judgment by Philip J. Emerson, Jr. (Attachments: # 1 Memorandum, # 2 Affidavit/Declaration, # 3 Envelope)(wea) (Entered: 08/28/2024) |
| | | | Main Doc — Alter Judgment |
| | | | Att 1 — Memorandum |
| | | | Att 2 — Affidavit/Declaration |
| | | | Att 3 — Envelope |
| 10 | Aug 23, 2024 | | MOTION to File Electronically by Philip J. Emerson, Jr. (wea) (Entered: 08/28/2024) |
| | | | Main Doc (/docket/68322323/10/holly-lake-ranch-association-inc-v-emerson/) — Miscellaneous Relief |
| 11 | Sep 13, 2024 | | REPORT AND RECOMMENDATION that Plaintiff's Motion for New Trial 9 be denied. Objections due within 14 days of receipt. Signed by Magistrate Judge K. Nicole Mitchell on 9/13/2024. (wea) (Entered: 09/13/2024) |
| | | | Main Doc — Report and Recommendations |
| 12 | Sep 20, 2024 | | Acknowledgment of Receipt by Philip J. Emerson, Jr on 9/18/2024 as to 11 REPORT AND RECOMMENDATIONS.(ndc) (Entered: 09/24/2024) |
| | | | Main Doc — Acknowledgment of Receipt |
| 13 | Nov 21, 2024 | | Main Doc — Order |

# Exhibit Sec_III_Plats

Holly Lake Development Company, Section III Parts 1 and 2 Plat Maps (1971)





# HOLLY LAKE RANCH

## WOOD COUNTY, TEXAS

### PART II
### SECTION III

HOLLY LAKE DEVELOPMENT COMPANY

# Exhibit Feb-16_Mot

MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF & MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND of Petitioner, No. 24-40004, *PHILIP EMERSON, v. JERRY PARKER, JANAE HOLLAND, ANGELA ALBERS, & HOLLY LAKE RANCH ASSOCIATION, INC.,*

U.S. COURT OF APPEALS
RECEIVED
**Feb 16, 2024**
FIFTH CIRCUIT

Case Number: 24-40004

---

# UNITED STATES COURT OF APPEALS *for the*

# *FIFTH* CIRCUIT

---

### *PHILIP EMERSON*

*Plaintiff-Petitioner–Petitioner Appellant,*

*v.*

### *JERRY PARKER, JANAE HOLLAND, ANGELA ALBERS, &*

### *HOLLY LAKE RANCH ASSOCIATION, INC.,*

*Respondent/Defendants–Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

---

## MOTION FOR WRITS OF MANDAMUS, OR ALTERNATIVE RELIEF

## &

## MOTION FOR DISQUALIFICATION OF ROBERT S. DAVIS, OR IN THE ALTERNATIVE, MOTION SHORTENING TIME TO RESPOND

P J EMERSON
*PRO SE PLAINTIFF–PETITIONER & PETITIONER–APPELLANT*
112 RED LEAF LANE
HOLLY LAKE RANCH, TEXAS  75765
(512) 763-7775

1

## I. ADOPTION BY REFERENCE

1. I adopt by this reference my statements made in my *OBJECTION TO THE CLERK'S JANUARY & FEBRUARY LETTERS, MOTION FOR JUDGMENT UNDER COMMON LAW, & MOTION FOR ISSUANCE OF WRITS OF IN REM ATTACHMENT, OR ALTERNATIVELY, PETITIONER—APPELLANT'S FIRST SUPPLEMENT TO MOTION FOR EMERGENCY RELIEF* here as if fully set forth in this paragraph.

## II. PRELIMINARY STATEMENTS

2. On the 15th day of February, and this day, I received two emails pertinent to yesterday's filing. Given each's relevance to the Court's inquiry:

   a. I respectfully apprise the Court of the content of the messages along with the information each delivered; and,

   b. I respectfully ask that the United States Bankruptcy Court and Texas office of the Comptroller of Public Accounts be added as parties due to each's interest in subject matter property.

3. Furthermore, that this venue is bound by its decisions and the jurisdiction that Congress has provided, relief against one of the named persons or

2

government offices may necessarily come under different titles.[1]  Thus, the writ

of mandamus offers its availability against federal and state actors.  *Bath County*

*v. Amy*, 80 U.S. 244, 251 (1871) (holding dismissal is appropriate course when

the "application for a mandamus was, therefore, an original proceeding, neither

necessary nor ancillary to any jurisdiction which the court then had"); *see*

*Anderson v. Beto*, 469 F.2d 1076, 1078 (5th Cir. 1972) (finding the source of this

Court's mandamus power at 28 U.S.C. § 1651); *see also In re the Application of*

*County Collector*, 96 F.3d 890, 903 n.20 (7th Cir. 1996) (citing to *Rosenbaum v.*

*Bauer*, 120 U.S. 450, 455 (1887) quoting *Bath County*, 80 U.S. at 251); *Haggard*

*v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (mandamus available

against federal and state when the mandate is ancillary to and in aid of

jurisdiction).

### III.      RELIEF SOUGHT

(A)   *Mandamus*

---

[1] To this point, my footnote using the language "In short" and "unconstitutional" in yesterday's filing should not be taken as the legal argument.  It was inadequately written to take hold of a layperson's thought process under circumstances where Congress gave authority to execute the Constitutional writ of habeas corpus, but in later addressing prisoner petitions or terror failed to express no intention to deprive U.S. Courts of their longstanding tradition under Congressional approval to protect individual liberty interests where circumstances are quite different than the motivations at the time of amending a Congressional Act relied on.

4.      In the alternative to the relief previously requested with regard to federal actors, I seek the writ of mandamus compelling each to administer each's ministerial duty.

5.      In the alternative to the relief previously requested with regard to state actors and private persons or corporations, I seek the writ of mandamus compelling each to administer each's ministerial duty to follow the law. *Ex Parte Royall*, 117 U.S. at 249 (spelling out: The person or court "by whose order he was arrested, and the officer who holds him in custody, are all, equally with individual citizens, **under a duty**, from the discharge of which the State could not release them, **to respect and obey the supreme law of the land** . . .") (emphasis necessary).[2]

### (1)   The Texas Comptroller of Public Accounts

6.      An order directed to the Texas Comptroller of Public Accounts restraining the government office from requesting something I cannot do in the face of the facts that Kelly Cole and the Holly Lake Ranch Association, Inc., have dispossessed me of Texas's property. *See* N.1_FEB_16_EXHIBIT (delivering

---

[2] To these points, it is likely the case that I, and others in similar circumstances, maintain a takings claim limited to the taking of the easements.

mandate upon which I cannot complete); N.2_FEB_16_EXHIBIT (identifying the *res* in issue).  Or in the alternative, directive by mandamus in support of this Court's jurisdiction, or as a necessary ancillary to effectuate other relief asked for.

7.      An order requiring the Bankruptcy Court to re-open the case of Kristina Horn for proper adjudication of the property subject to the flawed proceeding.

   **(2)      The Holly Lake Ranch Association, Inc.**

8.      An order requiring the throwing open of the easements in each Holly Lake Ranch Subdivision.

   **(3)      The 402nd District Court**

9.      An order requiring it set aside the orders signed by Senior Judge Lauren Parish.

   (B)     *Disqualification of Robert S. Davis*

10.     An order disqualifying counsel for Respondents.  During this entire ordeal, and during the suit against Jerry Parker (2019-327), his conduct constitutes assistance with crime.  That his partner gives money to the Holly Lake Ranch Association, Inc., when Wood County, the client to Mr. Davis, approves of clear violations of federal and state constitutional rights bolsters the need to remove

oneself from the proceedings. But he has not, so I ask that the Court do it for him.

11. In addition, Mr. Davis is a witness, and likely participant, in the theft of my vehicle and other property.

12. Furthermore, I ask that the time to respond be shortened under these circumstances.

### IV.    GROUNDS FOR RELIEF

13. State and federal law.

**(1)    The Texas Comptroller of Public Accounts**

14. I cannot produce the items in the face of Kelly Cole's threats to arrest me and anyone associated with me.

15. I cannot produce the items because I do not have the $20,000+ it will cost to transport them to the Comptroller's Office in Austin, Texas.

**(2)    The Holly Lake Ranch Association, Inc.**

16. The requirement to meet with anyone in order to get to one's home and property is repugnant to American traditions and values.

**(3)    The 402nd District Court**

17. The proceedings held to determine that I could afford court fees, and the proceeding held to determine me a vexatious litigant were improper; and as I

6

have maintained, void as a matter of Texas law for want of a qualified judge. *See* N.3_Feb_16_Exhibit (noticing hearing to pave the way for J. Brad McCampbell to violate more constitutional guarantees with an order granting foreclosure won by the HLRA, Inc.'s, third or fourth set of lawyers in the case).

## V.    PAPERS THIS DOCUMENT RESTS ON

18.    All of the papers on file at this Court; including this document and the documents attached to it.

Respectfully submitted this 16th day of February 2024,

/s/ P J EMERSON
P J EMERSON
*PRO SE PETITIONER*
112 RED LEAF LANE
HOLLY LAKE RANCH, TEXAS  75765
PHONE:        (512) 763–7775
EMAIL:        PJ@PJEMERSON.COM

## VI.    CERTIFICATE OF SERVICE

I certify that Albers' attorney has been served with this document and the documents attached on this day of transmission to the Court's Clerk.

/s/ P J Emerson

## VII.    CERTIFICATE OF WORD COUNT

I certify that this document contains 1,043 words according to the Word program used to create this document.

/s/ P J Emerson

## VIII.      CERTIFICATE OF CONFERENCE

I certify that this document is opposed by counsel for Albers.

/s/ P J Emerson

## IX.      TABLE OF EXHIBITS

N.0_Feb_16_Exhibit ............................................................................9
    DECLARATION OF P J EMERSON ...........................................9

N.1_Feb_16_Exhibit ..........................................................................10
    February 16, 2024, Email from Texas Comptroller of Public Accounts ... 10

N.2_Feb_16_Exhibit ..........................................................................12
    Attachment to Email from the Texas Comptroller of Public Accounts ..... 12

N.3_Feb_16_Exhibit ..........................................................................14
    Notice of Hearing to Solidify Foreclosure as Precedent ........................... 14

N.4_Feb_16_Exhibit ..........................................................................19
    Intent to Use Lot Owner Majority Vote as Reason for Buying Part of

    Common Areas ........................................................................... 19

**N.0_Feb_16_Exhibit**
DECLARATION OF P J EMERSON

I declare under the penalty of perjury that:

Each statement in the document this declaration is attached to is mine and

true to the best of my knowledge.

Each document accompanying this declaration is a true and correct copy of

the original, or a copy of the copy of the original.  I created a copy of the

email by printing it to PDF.

Dated: 2-16-2024

_____

Declarant – P J Emerson

# N.1_FEB_16_EXHIBIT

February 16, 2024, Email from
Texas Comptroller of Public
Accounts

## P J Emerson

| | |
|---|---|
| **From:** | no_reply@unclaimed.cpa.texas.gov |
| **Sent:** | Friday, February 16, 2024 1:20 AM |
| **To:** | P J Emerson |
| **Subject:** | Tangible Properties Due |
| **Attachments:** | PDF Attachment.pdf |

Tangible Properties Due

Safe Deposit Administrator:

Our records indicate **4** properties reported in **2023** and scheduled for delivery no later than **03/04/2024** have not been received for **P J EMERSON CO GRAPEVINE PROPERTIES** for Report ID **817740**.

Please deliver the **4** properties to the following address:

Texas Comptroller of Public Accounts
Unclaimed Property Safe Box
111 E 17th Street, Room #812
Austin, Texas  78774

Please do not use the United States Postal Service to ship valuables. All valuables must be sent by a courier service. If you do not use a courier service, your delivery will not be indemnified. Please ship all packages signature required upon delivery. When shipped, please send an email confirmation with tracking information to unclaimed.auction@cpa.texas.gov.

We would like to remind you that the Unclaimed Property law is intended to protect missing owners. Delinquent rent payments alone are not sufficient reason for determining abandonment. If you have other accounts for the owner or have other evidence that the owner can be contacted by mail or phone, please do not send the contents of the safe deposit box to this office.

If you have any questions, or need additional information, please feel free to call our Texas toll-free number, 1-800-321-2274, press option 2 then option 3.

Thank you,
Texas Comptroller
Unclaimed Property Division

1

# N.2_Feb_16_Exhibit

Attachment to Email from the

Texas Comptroller of Public

Accounts

02/16/2024

**Unclaimed Property Division**
**Safebox System**
**Uninventoried Boxes Holder Report**

**Report ID : 817740**

Page 1 of 1

**Holder Name:   P J EMERSON CO GRAPEVINE PROPERTIES**

| | PropertyID | | Owner Info | PropertyDescription |
|---|---|---|---|---|
| 1. | 89429537 | | SHELTON, LEE VAN<br>RT 1 BOX 761<br>BIG SANDY, TX | SKYLINE MANU. HOME |
| 2. | 89429538 | | HUSTON, P WOODROW<br>ROUTE 2 BOX 176<br>HAWKINS, TX 75765 | SKYLINE MANU. HOME |
| 3. | 89429539 | | RITCHEY, RONALD<br>RT 2 BOX 222<br>HAWKINS, TX 75765 | 1970 BROADMORE M. H. |
| 4. | 89429540 | | RITCHEY, PAIGE KRISTINA<br>8140 FM 49<br>FORMER NONREPORTING HOLDER<br>BIG SANDY, TX 75755 | WOOD FRM. STRG. BLDG. ON |

13

# N.3_FEB_16_EXHIBIT

Notice of Hearing to Solidify

Foreclosure as Precedent

Filed: 2/16/2024 2:21 PM
Suzy Wright, District Clerk
Wood County, Texas
By: Paige Brown

CAUSE NO. 2020-059

| | | |
|---|---|---|
| HOLLY LAKE RANCH ASSOCIATION, INC., | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § § | |
| v. | § § § | OF WOOD COUNTY, TEXAS |
| PHILIP J. EMERSON, JR., THE ESTATE OF ROBERT STEVEN MERRITT, & BARBARA FRANCES JOHNSON | § § § § § § | 402ND JUDICIAL DISTRICT[1] |
| *Defendants.* | § | |

## NOTICE OF ORAL HEARING

PLEASE TAKE NOTICE that Defendant Holly Lake Ranch Association, Inc.'s *Motion to Strike the Intervening & Or, Joining Plaintiffs' Original Petition for Injunction, Damages, Quieting Title, Application for Temporary Order* will be heard by the Court via oral, in-person, hearing on **February 29, 2024, at 9:00 a.m.** in the 402nd Judicial District Court of Wood County, Texas.

Signed on ___February 16, 2024___

_____
Court Coordinator

[*Signature block on following page*]

---

[1] Holly Lake Ranch has stated the style as it appears in the Court's record as opposed to how it appears in the Intervening Plaintiff's Original Petition for Injunction, Damages, Quieting Title, Application for Temporary Orders.

NOTICE OF ORAL HEARING                                                    PAGE 1 of 2

15

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER
HAILEY PC

LAURA M. CABUTTO
Texas State Bar No. 00797102
lcabutto@rmwbh.com
RICKA MARTIN-TIJERINA
Texas State Bar No. 24120993
rmartintijerina@rmwbh.com
1 Cowboys Way, Suite 585
Frisco, Texas 75034
Tel: (713) 840-1666
**ATTORNEYS FOR HOLLY LAKE
RANCH ASSOCIATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service, pursuant to the Tex. R. Civ. P. 21a on February 15, 2024.

Laura M. Cabutto

16

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stefanie Martinez on behalf of Laura Cabutto
Bar No. 797102
smartinez@rmwbh.com
Envelope ID: 84576372
Filing Code Description: Notice
Filing Description: Notice of Oral Hearing
Status as of 2/16/2024 2:21 PM CST

Associated Case Party: Holly Lake Ranch Association, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig M. Daugherty | 5404300 | craigd@daugherty.legal | 2/15/2024 6:09:10 PM | SENT |
| Ricka Martin-Tijerina | | rmartintijerina@rmwbh.com | 2/15/2024 6:09:10 PM | SENT |
| Laura M.Cabutto | | lcabutto@rmwbh.com | 2/15/2024 6:09:10 PM | SENT |
| Stefanie Martinez | | smartinez@rmwbh.com | 2/15/2024 6:09:10 PM | SENT |
| Lance Erickson | | lance@hoalegal.com | 2/15/2024 6:09:10 PM | SENT |
| Marisa Santoyo | | marisa@hoalegal.com | 2/15/2024 6:09:10 PM | SENT |
| Jack Manning | | jack@hoalegal.com | 2/15/2024 6:09:10 PM | SENT |

Associated Case Party: PhilipJEmerson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Philip JamesEmerson | | pj@pjemerson.com | 2/15/2024 6:09:10 PM | SENT |

Associated Case Party: Grapevine Partners

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Philip JamesEmerson | | pj@pjemerson.com | 2/15/2024 6:09:10 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda Ellis | | amanda.ellis@henderson-county.com | 2/15/2024 6:09:10 PM | SENT |
| Suzy Wright | | swright@mywoodcounty.com | 2/15/2024 6:09:10 PM | SENT |
| Cassey Condrey | | ccondreycsr@gmail.com | 2/15/2024 6:09:10 PM | ERROR |

17

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stefanie Martinez on behalf of Laura Cabutto
Bar No. 797102
smartinez@rmwbh.com
Envelope ID: 84576372
Filing Code Description: Notice
Filing Description: Notice of Oral Hearing
Status as of 2/16/2024 2:21 PM CST

Associated Case Party: Fred Riter

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Fred Riter | | fred_riter@yahoo.com | 2/15/2024 6:09:10 PM | SENT |

Associated Case Party: DianneLeeWeaver

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dianne LeeWeaver | | diannel.weaver@gmail.com | 2/15/2024 6:09:10 PM | SENT |

Associated Case Party: James Steed

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cindy Steed | | steed202@gmail.com | 2/15/2024 6:09:10 PM | SENT |

Associated Case Party: Cindy Steed

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cindy Steed | | steed202@gmail.com | 2/15/2024 6:09:10 PM | SENT |

18

# N.4_F<small>EB</small>_16_E<small>XHIBIT</small>

Intent to Use Lot Owner
Majority Vote as Reason for
Buying Part of Common Areas

**P J Emerson**

| | |
|---|---|
| **From:** | HLRA Admin(feedback@hollylakeinfo.com) <mailer@mail2.clubexpress.com> |
| **Sent:** | Friday, February 16, 2024 4:38 PM |
| **To:** | P J Emerson |
| **Subject:** | GM Update 2-16-24 |

View in your browser

Ladies and Gentlemen,

We are halfway through the first quarter of CY2024! It seems the old adage of 'time flies' gains a little more truth each year. I hope each of you are able to find time for relaxation, reflection, and enjoyment with this early spring weather.

- AED's: Thank you to the Holly Lake Volunteer Fire Department for their donation of (4) AEDs to the Ranch. The newly acquired AEDs are an important upgrade for HLR in several ways. Most notably, the electrode leads are compatible with local EMS AEDs meaning there is no need to remove and replace leads prior to transport via EMS. Additionally, the newly acquired AEDs allow the Ranch to expand availability/access to commonly utilized areas across the Ranch. We are in the process of purchasing the cabinets needed for installation of the AEDs. Once the cabinets are received and installed, AEDs will be available at the following locations across the Ranch: Golf Course Restrooms, Pro Shop, Restaurant, Greenbriar Fishing Deck, Fitness Center, and the West Side Pool House (mounted for general access outside of the pool gate). Thank you again to the Holly Lake Volunteer Fire Department for the donation of (4) AEDs to the Ranch!

- OwnTheRanch: In an effort to consolidate all questions/comments pertaining to the Common Area Property Transfer, please utilize the OwnTheRanch@hollylakeinfo.com email address. Emails received will be consolidated and addressed either during (1) of the scheduled town halls or via a mass distribution email.

- OwnTheRanch Town Halls: The following town halls are scheduled to discuss the Common Property Transfer: Saturday, February 24, 2024 at 10am in Holly Hall; and Tuesday, February 27, 2024 at 6pm in Holly Hall.

1

20

- OwnTheRanch General Information: All information pertaining to the Common Property Transfer can be found on the HLRA website (www.hollylakeranch.com). You must log-in to view the information. If you have never registered for an account, please contact Admin for assistance in establishing a new account. If you have previously registered but forgotten your password, please utilize the 'Forgot My Username/Password' option on the log-in screen. All information regarding the transfer has been consolidated under the 'Common Property Transfer' tab at the top of the website page.

- Ballots: Ballots for the member vote on the Common Area Property Transfer will be distributed on February 20, 2024. If you do not receive a ballot by February 29, 2024, please send an email to the Elections Committee (election@hollylakeinfo.com) to initiate the ballot replacement process. In addition to your ballot, you will also receive in the mailing a copy of the LOI, Exhibit A, map, and Member Announcement document.

- Holly Hall Renovations: Renovations to Holly Hall are expected to begin in March. Due to the extensive nature of the renovations, utilization of the Hall during this time will not be feasible. It is our intention to complete the project as efficiently as possible but we will not sacrifice thoroughness/quality of the renovation for the sake of speed. More information to follow as we refine contractor availability. Once complete, the renovations will include: lighting upgrades, new fans, new flooring, restroom renovations, installation of an accent wall, ceiling paint, wall and kitchen cabinet painting, relocation of the projector and screen, and installation of a new stage.

- The next Open BOD Meeting and Executive Session is scheduled for Tuesday, February 20, 2024. The Executive Session begins at 2pm when citation and ARA appeals will be heard. This portion of the meeting is closed with the exception of those appealing a case. The Open portion of the meeting will begin following the Executive Session. The duration of the Executive Session varies depending upon the number and nature of appeals. A general estimate for the beginning of the Open Meeting is 3pm; however, this is subject to change depending upon the length of the Executive Session. The location for both meetings is the Admin Conference Room.

I hope everyone has a very enjoyable and safe weekend.

Sincerely,

*Adam Ehlert*


General Manager

---

You have received this message from the mailing list of Holly Lake Ranch Association. If you would prefer not to receive these emails in the future, go to the opt-out page and modify your privacy settings. You can also request to be removed from our database completely.

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 19, 2024

Mr. Philip James Emerson Jr.
112 Red Leaf Lane
Holly Lake Ranch, TX 75765

    No. 24-40107   In re: Philip Emerson, Jr.

Dear Mr. Emerson,

We have docketed the petition for writ of mandamus and motion to disqualify Robert S. Davis, and ask you to use the case number above in future inquiries, **as a petition for writ of mandamus is docketed as a new, separate case and not docketed in your current, pending case – 24-40004.**

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure.  We cannot accept motions submitted under the Federal Rules of **Civil** Procedure.  We can address only those documents the court directs you to file, or proper motions filed in support of the appeal.  See Fed. R. App. P. and 5th Cir. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

Your petition is deficient for the reason(s) listed below.  **You must comply within 30 days of the date of this letter.  If you fail to comply we will dismiss your petition for writ of mandamus without further notice.**

    You failed to comply with Fed. R. App. P. 21 because your petition does not contain proof of service on all parties to the action in the trial court.  **You also must provide a copy to the trial court judge.**

    You have not paid the $600.00 docketing fee, or filed a motion and affidavit for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). A form is enclosed.

**Additionally, because leave of court is required to request to shorten the time for responding to a petition for writ of mandamus, we are taking no action on that request.**

ATTENTION:  If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's

electronic filing systems.  Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Rebecca L. Leto, Deputy Clerk
504-310-7703

Enclosure

cc:  Mr. David O'Toole

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

-----------

Case No. 24-40107

-----------

In re: Philip James Emerson, Jr.,

Petitioner

# UNITED STATES DISTRICT COURT

for the

_____ DISTRICT OF _____

| | |
|---|---|
| _____, | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| _____, | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

## AFFIDAVIT ACCOMPANYING MOTION
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _____ | Date: _____ |

My issues on appeal are: _____

_____

_____

_____

_____

1.  *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | **$** | **$** | **$** | **$** |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3.    *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.    *How much cash do you and your spouse have? $_____*

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5.    *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.    *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.    *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8.    *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) <br>     Are real estate taxes included?    [ ] Yes  [ ] No <br>     Is property insurance included?    [ ] Yes  [ ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |

| | | |
|---|---|---|
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ | $ |
|     Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
|     Motor Vehicle: | $ | $ |
|     Credit card (name): | $ | $ |
|     Department store (name): | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | **$** | **$** |

9.    *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    [ ] Yes [ ] No       If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* [ ] Yes [ ] No

   *If yes, how much?* $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *State the city and state of your legal residence.*

   *Your daytime phone number*: (_____) _____

   *Your age*: _____   *Your years of schooling*: _____

   *Last four digits of your social-security number*: _____

# Exhibit Correct_165-74

*In re Philip James Emerson, Jr.,*

No. 24-40556, *Pages Attached to Declaration* (5th Cir. 2024)

24.    In May 2021, Ms. Key recorded deeds signed in January 2019 made the subject matter of the property settlement part of her divorce from Mr. Greg Key.[39]

25.    In May 2021, Mr. Jeff Fletcher wrote an email to the TEXAS BOARD OF LAW EXAMINERS stating that nobody likes Mr. Emerson, and that Mr. Emerson should not be allowed entry into the legal profession as a Texas lawyer.[40]

---

[39] *See* SHAUNA KEY, *Special Warranty Deed* (signed Jan. 2019, filed May 2021) (conveying lots and 1 tract in the Holly Lake Ranch Development to G. Key).

[40] *Cf.* Events linking to Mr. Fletcher, and the local cartel you are a member of, depriving Mr. Emerson of constitutional rights below:

A.  Mr. Fletcher is closely tied to the owners of a commercial organization providing security equipment and, or, services to Wood Ct'y businesses and government departments.  *See* WOOD CT'Y MONITOR, *Fletcher prepares to meet challenges as district judge* (Dec. 28, 2016) (publicizing:

One of Fletcher's top concerns was courthouse security. He and Wood County Sheriff-elect Tom Castloo have worked with County Judge Bryan Jeanes and county commissioners for funding and plans for tighter security.

"The commissioners did a great job working security needs into the budget. With the way things have been going in our country the past few years, we saw the need to beef things up at the courthouse," Fletcher noted.

Implementing the security measures has been ongoing since late summer. "There are a lot of logistics to take care of as far as the courthouse goes. We have gotten the courthouse security staff put together and they have already started," Fletcher acknowledged.

Fletcher's security team consists of A.G. Sessions III, Lynn Bettis, Terry Altman and Don Fortner. Sessions has been working on the staff at Wood County Jail while Bettis, Altman and Fortner previously were Quitman Police Department officers. "These people are assigned strictly to the courthouse. We have created courthouse security underneath another subdivision of the sheriff's department," Fletcher said.

One of the changes will be in entering the courthouse. "There have been things posted on the courthouse door now saying as of Jan. 1 the only door which will

---

be accessible to the public is the back door on the west side where the wheelchair ramp is," Fletcher confirmed. "Everybody comes in there and goes out there… There are some bad elements here in the county and we must keep the courthouse safe."

Fletcher said he is looking forward to working with Castloo and District Attorney Jim Wheeler. "I am really encouraged about working with these men. The three of us have a good line of communication where there has not been any recently," Fletcher said. "The key is simply protecting Wood County. That's what it is all about and this is what we got elected to do."

The incoming judge noted that the court security system will require some adjustments. "The court security stuff is aggravating and inconvenient, but it is necessary for the safety of everybody," Fletcher continued.

), *available at* https://woodcountymonitor.com/stories/fletcher-prepares-to-meetchallenges-as-district-judge,153224 (last accessed Mar. 2, 2023); WOOD CT'Y COMMS. CT, *MITUTES OF MEETING-REGULAR SESSION*, at \*2 (Jan. 13, 2017) (approving "LEASE AGREEMENT WITH J.G. BOWEN & ASSOCIATES FOR WOOD COUNTY COURTHOUSE SURVEILLANCE SYSTEM UPGRADE"), *available at* https://www.mywoodcounty.com/page/open/1671/0/January%2013th%202017.pdf (last accessed Mar. 2, 2023); WOOD CT'Y COMMS. CT, *MITUTES OF MEETING-REGULAR SESSION*, at \*2 (Jan. 27, 2017) (approving "CONTRACT WITH J.G. BOWEN & ASSOCIATES FOR KEYSCAN ACCESS CONTROL SYSTEM") *available at* https://www.mywoodcounty.com/page/open/1671/0/January%2027th%202017.pdf (last accessed Mar. 2, 2023); *see also* P J EMERSON, *Records Linking Fletcher to the HLRA, Inc.* (compiled Mar. 2, 2023) (evidencing what the title states) below:

**9. CONSIDER APPROVAL OF LEASE AGREEMENT WITH J.G. BOWEN & ASSOCIATES FOR WOOD COUNTY COURTHOUSE SURVEILLANCE SYSTEM UPGRADE.**

Commissioner Holland made a motion to approve of the lease agreement with J.G. Bowen & Associates for Wood County Courthouse surveillance system upgrade. Commissioner Acker seconded the motion and all members voted "aye".

WHEREFORE it is ORDERED, ADJUDGED and DECREED that of the lease agreement with J.G. Bowen & Associates for Wood County Courthouse surveillance system upgrade is HEREBY APPROVED.

A copy of the upgrade agreement is attached to these minutes.

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

**8. CONSIDER APPROVAL OF CONTRACT WITH J.G. BOWEN & ASSOCIATES FOR KEYSCAN ACCESS CONTROL SYSTEM.**

Commissioner Simmons made a motion to approve of the contract with J.G. Bowen & Associates for Keyscan Access Control System. Commissioner Acker seconded the motion and all members voted "aye".

WHEREFORE it is ORDERED, ADJUDGED and APPROVED that the contract with J.G. Bowen & Associates for Keyscan Access Control System is HEREBY APPROVED.

A copy of the contract is attached to these minutes.

| | | | |
|---|---|---|---|
| The JC/OH Instruction Guide explains how to complete this form. | **1** Filer ID (Ethics Commission Filers) 00080239 | **2** Total pages filed: 9 | |

| **3** CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR The Honorable | FIRST Jeffrey L. | MI | **OFFICE USE ONLY** |
|---|---|---|---|---|
| | NICKNAME Jeff | LAST Fletcher | SUFFIX | Date Received ELECTRONICALLY FILED 01/31/2020 |

| **4** CANDIDATE / OFFICEHOLDER MAILING ADDRESS [ ] Change of Address | ADDRESS / PO BOX;  APT / SUITE #;  CITY; P.O. Box 447 Quitman, TX 75783 | ZIP CODE | Date Hand-delivered or Date Postmarked |
|---|---|---|---|
| | | | Receipt #         Amount |
| | | | Date Processed |
| | | | Date Imaged |

| **5** CAMPAIGN TREASURER NAME | MS / MRS / MR Ms. | FIRST Joanna | MI |
|---|---|---|---|
| | NICKNAME | LAST Bowen | SUFFIX |

| **6** CAMPAIGN TREASURER ADDRESS (Residence or Business) | STREET ADDRESS (NO PO BOX PLEASE); 1048 CR 3870 Mineola, TX 75773 | APT / SUITE #;   CITY;   STATE;   ZIP CODE |
|---|---|---|

| **7** CAMPAIGN TREASURER PHONE | AREA CODE (903) | PHONE NUMBER 857-2388 | EXTENSION |
|---|---|---|---|

| **8** REPORT TYPE | [ ] January 15    [X] 30th day before election    [ ] Runoff    [ ] 15th day after campaign treasurer appointment (officeholder only) |
|---|---|

J G Bowen & Associates 1048 County Road 3870 Mineola, TX Security Control Equipment & Systems-Wholesale - MapQuest          9/22/21, 11:45 AM

**J G Bowen & Associates**
1048 County Road 3870, Mineola, TX 75773
(903) 857-2388

**MapQuest**

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *Page* | **16**
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

---

**Property Details**

**Account**

Property ID:          16986

Legal Description:    ABS 0342; JONES S; TRACT 6; 33.82 ACRES

Geographic ID:        0342-0060-0000-25

Agent:

Type:                 Real

**Location**

Address:              1048 CR 3870 TX

Map ID:

Neighborhood CD:      0342

**Owner**

Owner ID:             174540

Name:                 THE MYERS/BOWEN FAMILY TRUST

Mailing Address:      1048 CR 3870
                      MINEOLA, TX 75773

% Ownership:          100.0%

Exemptions:           For privacy reasons not all exemptions are shown online.

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*
*Texas Bar Number 24073797.*

*P a g e | 17*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

First, I think it is important to state my professional credentials so that you may know and understand that I actually know what I'm talking about. I come from over 25 years experience as a Texas Peace Officer, half as an officer in Dallas, and roughly the other half as a Wood County Sheriff's Deputy. During that time I have also had the responsibility of serving as the Emergency Management Coordinator for our County, have held the position of Wood County Tactical Unit Commander, Sheriff's Department explosives and bomb technician and other duties and responsibilities that are technical in nature and too numerous to mention. Since 1982, I have also been the owner and manager of J G Bowen & Associates, a licensed, professional security company serving all of East Texas. We hold professional security licenses issued by the Texas Department of Public Safety for everything we do concerning professional security. We take our job and your security very seriously and always strive to provide you with reliable and professional services that you can depend on.

Now, to the issues at hand....

On or about April 23rd of this year, the aforementioned and recently resigned Board member, in her letter and recently posted "Explanation of Resignation" made numerous comments about many departments and services here at the Ranch. In that rather lengthy posting, about roughly half way through and after numerous dissertations on all of her perceived problems here at the Ranch, she finally got around to hacking on our services.

It seems that one of her main perceived gripes was about trying to interface the Jonas software used at the administration building with our highly reliable and perfectly functioning KEYSCAN gate access system. These are two completely different databases and sub-systems. Jonas is a piece of club management software which would be fine for what they are using if for. However, it would be quickly found to be completely inadequate to run a professional grade, high security and widely distributed dedicated access control system such as our applications here at the Ranch. In her letter she also mentioned it was a "broken system" and we "can't even get a simple report out of it"!! In correction of that statement, the system is working flawlessly and will produce any report that licensed, certified and trained security personnel might need. To reiterate, trying to have the Jonas software run the professional grade, widely distributed, Keyscan gate access system here at the Ranch is like asking a fourth grader to run in the Olympics! With over 4,000 gate card transactions per day across the Ranch, I think you can begin to understand the scope and scale of how important it is to have a dedicated and ultra stable platform for our gate system. Our Keyscan system is definitely NOT broken, as evidenced by every time we go through a gate, and I don't plan on letting it get sabotaged by some experimentation software! The reliable functioning of YOUR gate card is just too important for that.

It's ok to be ignorant about something, but a person shouldn't speak with a level of expertise that she simply does not have!

In closing, I want you the homeowners to know that your security concerns here at the Ranch are always at the pinnacle of our concerns. They are being handled by licensed security professionals, not amateurs.

J G "Greg" Bowen
General Manager
J G Bowen & Associates

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | 18*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

Company Details

Name                    HOLLY LAKE RANCH  SECURITY DEPARTM

License Number          516351

Company Code            5

Category

                        Guard Company

**Mailing Address**

177  OLD TRAIL EAST

HOLLY LAKE RANCH  TX 75765

**Insurance & Company Status**

Company Status          ACTIVE

Company Expiration Date  9 30 2018

Insurance Expiration Date  8/1/2019

Armed Guard Insurance   Yes

Guard Dog Insurance     No

Owner/Manager

| Name |
| --- |
| JAMES , ROBERT |
| SOUTH  BRIAN |

Employees (Former and Current)

| Name |
| --- |
| BARNEORD  DANIAL |
| DERRICO , JEREMY |
| DUMOND . DAVID |
| FENLAW  SCOTT |
| GANT  NATHANIEL |

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*          *P a g e | **19***
*Texas Bar Number 24073797.*

## FRED RITER & P J EMERSON
# GRAPEVINE PARTNERS

125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com



---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*
*Texas Bar Number 24073797.*

*P a g e* | **20**

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas 75765
(830) 515–8379 • fred_riter@yahoo.com • (210) 760–0023 pj@pjemerson.com



).

B. Apr. 2019 – Mr. Fletcher, Judge Jerry Parker, the Holly Lake Ranch Association, Inc., the Wood County Sheriff, the Wood County Criminal District Attorney, Mr. & Mrs. Bowen, Mr. Scott Fenlaw, Mr. Brian South, Mr. Joey Fenlaw, and other disclosed individuals entered into an agreement to seize Mr. Emerson. *See* Wood Cty Sheriff, *Probable Cause Affidavits* (Mar. 14, 16, 19, 29, 2019) (evidencing 24 hr surveillance of Mr. Emerson's movements), *& id.* (stating citations mailed when no citations were mailed in relevant parts as follows:

*FRED RITER & P J EMERSON*
## GRAPEVINE PARTNERS
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

---

CR11243-3

## AFFIDAVIT FOR PROBABLE CAUSE

THE STATE OF TEXAS
COUNTY OF WOOD

I, BRADLEY COX, BEING DULY SWORN, UPON OATH STATE THAT I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE BEFORE THE MAKING OF THIS STATEMENT, THAT: I AM A PEACE OFFICER EMPLOYED BY THE WOOD COUNTY SHERIFF'S OFFICE, AND WAS SO EMPLOYED AND ACTING IN THAT CAPACITY ON OR ABOUT THE 14TH    DAY OF MARCH, 2019, IN WOOD COUNTY, TEXAS, WHEN DEFENDANT Philip James Emerson, DOB: 03-30-1974, TX DL# 14922242, ADDRESS: 112 Red Leaf lane, Holly Lake Ranch, Tx. 75765 COMMITTED THE OFFENSE OF:

Criminal Mischief PC Sec  28.0(a)(1) C Msd

I BASE THIS BELIEF ON THE FOLLOWING:

On March 14, 2019 at approximately 143 pm I, Deputy Cox was dispatched to 177 Holly Trail East, Holly Lake Ranch Tx  75765 in reference to a Criminal Mischief.

Upon arrival I made contact with the complainant Officer Erica Thompson with Holly Lake Ranch security. Erica advised that someone had damaged the gate arm at section three at the trailer park. Erica has video of a dark colored Ford F250 driving through the gate while the arm was in the down position at approximately 119 pm on March 14, 2019. In the video you can see that the vehicle does not attempt to stop. In the video you can see the license plate is HNL 9675. It is possible that this is the same truck that ran through this same gate on March 7, at 2230. Erica advised they think it is P.J. Emerson at 112 Red Leaf Lane in Holly Lake Ranch. I spoke to a Lt. Tommy King he advised that P.J. had sued Holly Lake Ranch and lost. Lt. King advised that they have issued tickets in the past but the Judge did nothing. Lt. King also advised to just repair the broken board with the reflective tape and labor is $50.00. Lt. advised that if they had the technician come out that it could cost a lot more damage if the mechanism is damaged inside the unit.

THIS OFFENSE OCCURRED IN JUSTICE OF THE PEACE PRECINCT 3 OF WOOD COUNTY, TEXAS.

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME ON March 14, 2019.

NOTARY PUBLIC-STATE OF TEXAS
MY COMMISSION EXPIRES: 11/23/20

CHRISTOPHER E DAVIS
Notary Public
STATE OF TEXAS
ID #13091048-2
My Comm. Exp. November 22, 2020

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*                    *Page | 22*
*Texas Bar Number 24073797.*

*FRED RITER & P J EMERSON*
**GRAPEVINE PARTNERS**
125 Grapevine • Holly Lake Ranch, Texas  75765
(830) 515–8379 • fred_riter@yahoo.com •  (210) 760–0023  pj@pjemerson.com

On Friday, March 16, 2019, I, Deputy Rapp of the Wood County Sheriff's Office was dispatched to Holly Lake Ranch Section 3 in reference to criminal mischief.

Upon arrival, I made contact with Holly Lake Ranch Security. They advised a man by the name of Philip James "PJ" Emerson has once again crashed through their front gate. He stated the arm of the electronic gate is a wooden 1x4 board wrapped in red and white colored tape. He advised the board cost approximately $50.00 and advised that they charge people $300.00 if they run through the electronic gate. He advised they have charges PJ Emerson multiple times and he refuses to pay it. He stated PJ has broken through the front gate 3 times in the last 3 days. He stated he wants to press charges for criminal mischief. He advised they have surveillance footage of him breaking through the gate all three times. He then gave me a USB drive containing the three videos. He advised Mr. Emerson lives a 112 Red Leaf Lane and has a possible phone number of (903)-431-1823. He advised the truck is a 2014 Ford truck, black in color, with a light bar mounted on the front grill, and having LP# KNL9675.

I attempted to make contact with Mr. Emerson but was unable to make contact with him. Body cam, surveillance footage and photographs are available for this report.

-EOR-

THIS OFFENSE OCCURRED IN JUSTICE OF THE PEACE PRECINCT  3 OF WOOD COUNTY, TEXAS.

AFFIANT

*A. Rapp - 128*

SWORN TO AND SUBSCRIBED BEFORE ME ON 03/21/2019,

*Molli Taylor  3-21-19*

NOTARY PUBLIC-STATE OF TEXAS
MY COMMISSION EXPIRES: 7/13/2021

MOLLI TAYLOR
Notary Public
STATE OF TEXAS
ID#13120622-9
My Comm. Exp. July 13, 2021

---

*Letter to Ms. Kristina Paige Horn (formerly Ritchey), Esq.*                    P a g e | **23**
*Texas Bar Number 24073797.*